UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| | : | |
| | : | Judge Dlott |
| Plaintiff, | : | Magistrate Judge Sherman |
| | : | |
| vs. | : | **ANSWER OF THE OHIO** |
| | : | **DEFENDANTS TO PLAINTIFF'S** |
| | : | **FIRST AMENDED COMPLAINT** |
| JAMES DONOVAN, M.D., et al., | : | |
| | : | |
| Defendants. | : | |

For their answer to Plaintiff's First Amended Complaint in this matter,

Defendants the University of Cincinnati ("UC"), James R. Donovan, M.D. ("Donovan"),

James E. Lockey, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora

Jefferson-Gaynor, Ralph Charles Buncher, Judy Jarrell, Tracy Harrmann, and Andrew T.

Filak (collectively "the Ohio Defendants") state as follows:

**FIRST DEFENSE**

1.    The Ohio Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 1 of the First Amended

Complaint and so these allegations are denied.

2.    The Ohio Defendants admit the allegations in Paragraph 2 of the First

Amended Complaint.

3.    The Ohio Defendants admit the allegations in Paragraph 3 of the First

Amended Complaint.

4.      The Ohio Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5.      The Ohio Defendants admit the allegations in Paragraph 5 of the First Amended Complaint.

6.      The Ohio Defendants admit the allegations in Paragraph 6 of the First Amended Complaint.

7.      The Ohio Defendants admit that Dora Jefferson-Gaynor is an African-American female and was formerly an employee of UC.  The Ohio Defendants deny the remaining allegations in Paragraph 7 of the First Amended Complaint.

8.      The Ohio Defendants admit the allegations in Paragraph 8 of the First Amended Complaint.

9.      The Ohio Defendants admit that Judy L. Jarrell is a Caucasian female employed by UC.  The Ohio Defendants deny the remaining allegations of Paragraph 9 of the First Amended Complaint.

10.     The Ohio Defendants admit the allegations in Paragraph 10 of the First Amended Complaint.

11.     The Ohio Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12.     The Ohio Defendants admit that UC is a public university organized under the laws of the State of Ohio.  The Ohio Defendants deny the remaining allegations in Paragraph 12 of the First Amended Complaint.

13.    The Ohio Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint and so these allegations are denied.

14.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and so these allegations are denied.

15.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the First Amended Complaint and so these allegations are denied.

16.    The Ohio Defendants admit that Plaintiff purports to bring this action pursuant to various federal statutes, amendments to the United States Constitution, and the statutes, common law, and constitutions of the State of Ohio and the State of Texas. The Ohio Defendants deny any wrongdoing or any violation of these statutes, constitutional provisions or common law, and deny the remaining allegations in Paragraph 16 of the First Amended Complaint.

17.    The Ohio Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18.    The Ohio Defendants admit that Plaintiff was formerly enrolled in UC's Occupational and Environmental medicine residency training program. The Ohio Defendants deny the remaining allegations in Paragraph 18 of the First Amended Complaint.

19.    The Ohio Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

{W0054729.3}                    3

20.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint and so these allegations are denied.

21.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint and so these allegations are denied.

22.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the First Amended Complaint and so these allegations are denied.

23.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the First Amended Complaint and so these allegations are denied.

24.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint and so these allegations are denied.

25.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint and so these allegations are denied.

26.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint and so these allegations are denied.

27.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint and so these allegations are denied.

28.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint and so these allegations are denied.

29.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint and so these allegations are denied.

30.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the First Amended Complaint and so these allegations are denied.

31.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint and so these allegations are denied.

32.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the First Amended Complaint and so these allegations are denied.

33.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint and so these allegations are denied.

34.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the First Amended Complaint and so these allegations are denied.

35.    The Ohio Defendants deny that Dr. Claudia Miller informed them that the University of Texas program in which Plaintiff had been enrolled had been cancelled. The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the First Amended Complaint and so these allegations are denied.

36.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the First Amended Complaint and so these allegations are denied.

37.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the First Amended Complaint and so these allegations are denied.

38.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the First Amended Complaint and so these allegations are denied.

39.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the First Amended Complaint and so these allegations are denied.

40.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the First Amended Complaint and so these allegations are denied.

41.     The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning events and conversations that occurred between Plaintiff and others in Texas and so these allegations are denied. The Ohio Defendants deny the remaining allegations in Paragraph 41 of the First Amended Complaint.

42.     The Ohio Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43.     The Ohio Defendants admit that Plaintiff at some point submitted a handwritten document purporting to address his participation in the University of Texas program. The Ohio Defendants deny the remaining allegations in Paragraph 43 of the First Amended Complaint.

44.     The Ohio Defendants deny causing Plaintiff any mental, psychological, emotional, and/or physical trauma. The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the First Amended Complaint and so these allegations are denied.

45.     The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Complaint and so these allegations are denied.

46.     The Ohio Defendants admit that Plaintiff was placed on probation after he returned from Texas for his inappropriate conduct both at UC and in Texas during his participation in the University of Texas program. The Ohio Defendants deny causing Plaintiff any mental, psychological, emotional, and/or physical trauma and deny the remaining allegations in Paragraph 46 of the First Amended Complaint.

47.     The Ohio Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48.     The Ohio Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49.     The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint and so these allegations are denied.

50.     The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 49 of the First Amended Complaint as if fully rewritten herein.

51.     The Ohio Defendants deny that Plaintiff was exercising protected rights. The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the First Amended Complaint and so these allegations are denied.

52.     The Ohio Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53.     The Ohio Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54.     The Ohio Defendants incorporate the responses to the allegations contained in Paragraphs 1 through 53 of the First Amended Complaint as if fully rewritten herein.

55.     The Ohio Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56.     The Ohio Defendants deny the allegations in Paragraph 56 of the First Amended Complaint.

57.     The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 56 of the First Amended Complaint as if rewritten herein.

58.     The Ohio Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59.     The Ohio Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60.     The Ohio defendants incorporate their responses to the allegations contained in Paragraphs 1 through 59 of the First Amended Complaint as if fully rewritten herein.

61.     The Ohio Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62.     The Ohio Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63.     The Ohio Defendants incorporate their responses to the allegations if Paragraphs 1 through 62 of the First Amended Complaint as if fully rewritten herein.

64.     The Ohio Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65.     The Ohio Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 65 of the First Amended Complaint as if fully rewritten herein.

67.    The Ohio Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68.    The Ohio Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 68 of the First Amended Complaint as if fully rewritten herein.

70.    The Ohio Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71.    The Ohio Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

72.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 71 of the First Amended Complaint as if fully rewritten herein.

73.    The Ohio Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

74.    The Ohio Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 74 of the First Amended Complaint as if fully rewritten herein.

76.    The Ohio Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77.    The Ohio Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 77 of the First Amended Complaint as if fully rewritten herein.

79.    The Ohio Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

80.    The Ohio Defendants deny the allegations in Paragraph 80 of the First Amended Complaint.

81.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 80 of the First Amended Complaint as if fully rewritten herein.

82.    The Ohio Defendants deny the allegations in Paragraph 82 of the First Amended Complaint.

83.    The Ohio Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

84.    The Ohio Defendants deny the allegations in Paragraph 84 of the First Amended Complaint.

85.    The Ohio Defendants deny the allegations in Paragraph 85 of the First Amended Complaint.

86.    The Ohio Defendants deny the allegations in Paragraph 86 of the First Amended Complaint.

87.    The Ohio Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

88.    The Ohio Defendants deny the allegations in Paragraph 88 of the First Amended Complaint.

89.    The Ohio Defendants deny the allegations in Paragraph 89 of the First Amended Complaint.

90.     The Ohio Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91.    The Ohio Defendants deny the allegations in Paragraph 91 of the First Amended Complaint.

92.    The Ohio Defendants admit that Plaintiff was formerly enrolled in UC's Occupational and Environmental medicine training program.  The Ohio Defendants deny the remaining allegations in Paragraph 92 of the First Amended Complaint.

93.    The Ohio Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94.    The Ohio Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95.    The Ohio Defendants deny the allegations in Paragraph 95 of the First Amended Complaint.

96.     The Ohio Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97.     The Ohio Defendants deny the allegations of Paragraph 97 of the First Amended Complaint.

98.     The Ohio Defendants deny the allegations of Paragraph 98 of the First Amended Complaint.

99.     The Ohio Defendants deny the allegations of Paragraph 99 of the First Amended Complaint.

100.     The Ohio Defendants deny the allegations of Paragraph 99 of the First Amended Complaint.

101.     The Ohio Defendants deny the remaining allegations in Paragraph 101 of the First Amended Complaint.

102.     The Ohio Defendants deny the allegations in Paragraph 102 of the First Amended Complaint.

103.     The Ohio Defendants deny the allegations of Paragraph 103 of the First Amended Complaint.

104.     The Ohio Defendants deny the allegations of Paragraph 104 of the First Amended Complaint.

105.     The Ohio Defendants admit that Plaintiff was not appointed to the position of Chief Resident in occupational medicine.  The Ohio Defendants deny the remaining allegations of Paragraph 105 of the First Amended Complaint.

106.     The Ohio Defendants deny the allegations in Paragraph 106 of the First Amended Complaint.

107.    The Ohio Defendants deny the allegations in Paragraph 107 of the First Amended Complaint.

108.    The Ohio Defendants admit that Plaintiff was not hired for an adjunct faculty position at Raymond Walters College.  The Ohio Defendants deny the remaining allegations in Paragraph 108 of the First Amended Complaint.

109.    The Ohio Defendants deny the allegations in Paragraph 109 of the First Amended Complaint.

110.    The Ohio Defendants deny the allegations in Paragraph 110 of the First Amended Complaint.

111.    The Ohio Defendants deny the allegations in Paragraph 111 of the First Amended Complaint.

112.    The Ohio Defendants deny the allegations in Paragraph 112 of the First Amended Complaint.

113.    The Ohio Defendants admit that Plaintiff purports to rely upon numerous legal theories.  The Ohio Defendants deny the remaining allegations in Paragraph 113 of the First Amended Complaint.

114.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the First Amended Complaint and so these allegations are denied.

115.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's ancestry, race and origin and so these allegations are denied.  The Ohio Defendants deny the remaining allegations in Paragraph 115 of the First Amended Complaint.

116.    The Ohio Defendants deny the allegations in Paragraph 116 of the First Amended Complaint.

117.    The Ohio Defendants deny the allegations in Paragraph 117 of the First Amended Complaint.

118.    The Ohio Defendants deny the allegations in Paragraph 118 of the First Amended Complaint.

119.    The Ohio Defendants deny the allegations in Paragraph 119 of the First Amended Complaint.

120.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 to 119 of the First Amended Complaint as if fully rewritten herein.

121.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the First Amended Complaint and so these allegations are denied.

122.    The Ohio Defendants deny the allegations in Paragraph 122 of the First Amended Complaint.

123.    The Ohio Defendants deny the allegations in Paragraph 123 of the First Amended Complaint.

124.    The Ohio Defendants deny the allegations in Paragraph 124 of the First Amended Complaint.

125.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the First Amended Complaint and so these allegations are denied.

126.    The Ohio Defendants deny the allegations of Paragraph 126 of the First Amended Complaint.

127.    The Ohio Defendants deny the allegations of Paragraph 127 of the First Amended Complaint.

128.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 to 127 of the First Amended Complaint as if fully rewritten herein.

129.    The Ohio Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's ancestry, race and origin. The Ohio Defendants deny the remaining allegations in Paragraph 129 of the First Amended Complaint.

130.    The Ohio Defendants deny the allegations of Paragraph 130 of the First Amended Complaint.

131.    The Ohio Defendants deny the allegations of Paragraph 131 of the First Amended Complaint.

132.    The claims in Paragraph 132 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

133.    The claims in Paragraph 133 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

134.    The claims in Paragraph 134 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

135.    The claims in Paragraph 135 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

136.    The claims in Paragraph 136 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

137.    The claims in Paragraph 137 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

138.    The claims in Paragraph 138 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

139.    The claims in Paragraph 139 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

140.    The claims in Paragraph 140 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

141.    The claims in Paragraph 141 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

142.    The claims in Paragraph 142 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

143.    The claims in Paragraph 143 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

144.    The claims in Paragraph 144 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

145.    The claims in Paragraph 145 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

146.    The claims in Paragraph 146 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

147.    The claims in Paragraph 147 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

148.    The claims in Paragraph 148 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

149.    The claims in Paragraph 149 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

150.    The claims in Paragraph 150 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

151.    The claims in Paragraph 151 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

152.    The claims in Paragraph 152 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

153.    The claims in Paragraph 153 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

154.    The claims in Paragraph 154 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

155.    The Ohio Defendants incorporate their responses to the allegations contained in Paragraphs 1 to 154 as if fully rewritten herein.

156.    The Ohio Defendants deny the allegations in Paragraph 156 of the First Amended Complaint.

157.    The Ohio Defendants deny the allegations of Paragraph 157 of the First Amended Complaint.

158.    The Ohio Defendants deny the allegations of Paragraph 158 of the First Amended Complaint.

159.    The Ohio Defendants deny the allegations of Paragraph 159 of the First Amended Complaint.

160.    The claims in Paragraph 160 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

161.    The claims in Paragraph 161 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

162.    The claims in Paragraph 162 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

163.    The claims in Paragraph 163 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

164.    The claims in Paragraph 164 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

165.    The claims in Paragraph 165 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

166.    The claims in Paragraph 166 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

167.    The claims in Paragraph 167 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

168.    The claims in Paragraph 168 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

169.    The claims in Paragraph 169 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

170.    The claims in Paragraph 170 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

171.    The claims in Paragraph 171 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

172.    The claims in Paragraph 172 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

173.    The claims in Paragraph 173 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

174.    The claims in Paragraph 174 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

175.    The claims in Paragraph 175 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

176.    The claims in Paragraph 176 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

177.    The claims in Paragraph 177 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

178.    The claims in Paragraph 178 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

179.    The claims in Paragraph 179 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

180. The claims in Paragraph 180 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

181. The claims in Paragraph 181 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

182. The claims in Paragraph 182 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

183. The claims in Paragraph 183 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

184. The claims in Paragraph 184 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

185. The claims in Paragraph 185 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

186. The claims in Paragraph 186 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

187. The claims in Paragraph 187 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

188. The claims in Paragraph 188 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

189. The claims in Paragraph 189 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

190. The claims in Paragraph 190 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

191.    The claims in Paragraph 191 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

192.    The claims in Paragraph 192 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

193.    The claims in Paragraph 193 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

194.    The claims in Paragraph 194 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

195.    The claims in Paragraph 195 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

196.    The claims in Paragraph 196 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

197.    The claims in Paragraph 197 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

198.    The claims in Paragraph 198 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

199.    The claims in Paragraph 199 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

200.    The claims in Paragraph 200 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

201.    The claims in Paragraph 201 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

202.    The claims in Paragraph 202 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

203.    The claims in Paragraph 203 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

204.    The claims in Paragraph 204 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

205.    The claims in Paragraph 205 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

206.    The claims in Paragraph 206 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

207.    The claims in Paragraph 207 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

208.    The claims in Paragraph 208 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

209.    The claims in Paragraph 209 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

210.    The claims in Paragraph 210 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

211.    The claims in Paragraph 211 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

212.    The claims in Paragraph 212 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

213.    The claims in Paragraph 213 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

214.    The claims in Paragraph 214 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

215.    The claims in Paragraph 215 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

216.    The claims in Paragraph 216 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

217.    The claims in Paragraph 217 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

218.    The claims in Paragraph 218 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

219.    The claims in Paragraph 219 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

220.    The claims in Paragraph 220 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

221.    The claims in Paragraph 221 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

222.    The claims in Paragraph 222 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

223.    The claims in Paragraph 223 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

224.    The claims in Paragraph 224 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

225.    The claims in Paragraph 225 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

226.    The claims in Paragraph 226 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

227.    The claims in Paragraph 227 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

228.    The claims in Paragraph 228 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

229.    The claims in Paragraph 229 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

230.    The claims in Paragraph 230 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

231.    The claims in Paragraph 231 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

232.    The claims in Paragraph 232 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

233.    The claims in Paragraph 233 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

234.    The claims in Paragraph 234 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

235.    The claims in Paragraph 235 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

236.    The claims in Paragraph 236 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

237.    The claims in Paragraph 237 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

238.    The claims in Paragraph 238 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

239.    The claims in Paragraph 239 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

240.    The claims in Paragraph 240 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

241.    The claims in Paragraph 241 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

242.    The claims in Paragraph 242 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

243.    The claims in Paragraph 243 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

244.    The claims in Paragraph 244 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

245.    The claims in Paragraph 245 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

246.    The claims in Paragraph 246 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

247.    The claims in Paragraph 247 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

248.    The claims in Paragraph 248 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

249.    The claims in Paragraph 249 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

250.    The claims in Paragraph 250 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

251.    The claims in Paragraph 251 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

252.    The claims in Paragraph 252 were not allowed under this Court's Order of September 17, 2003, and thus no response to these allegations is required.

## SECOND DEFENSE

253.    Venue is not proper in this district.

## THIRD DEFENSE

254.    The First Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

255.    Some or all of Plaintiff's claims are barred by the Eleventh Amendment.

## FIFTH DEFENSE

256.    Some or all of Plaintiff's claims are barred by qualified immunity.

## SIXTH DEFENSE

257.    Any alleged act or omission of any of the Ohio Defendants was not the cause of any injury to Plaintiff.

## SEVENTH DEFENSE

258.    The Ohio Defendants would have taken the same actions as to Plaintiff even in the absence of any allegedly protected activity.

## EIGTH DEFENSE

259.    The Ohio Defendants did not treat Plaintiff differently than other similarly situated employees.

## NINTH DEFENSE

259.    The Ohio Defendants did not create a hostile work environment for the Plaintiff.

## TENTH DEFENSE

261.    The Ohio Defendants did not prevent or exclude Plaintiff from participation in educational and training programs on the basis of his race, color or national origin.

## ELEVENTH DEFENSE

262.    Plaintiff has failed to state facts sufficient to support an award of compensatory or punitive damages.

## TWELFTH DEFENSE

263.    Some or all of Plaintiff's claims are barred by his failure to exhaust administrative remedies.

## THIRTEENTH DEFENSE

264.    Some or all of Plaintiff's claims are barred by his failure to satisfy

applicable statutory prerequisites.


WHEREFORE, the Ohio Defendants pray for the dismissal of this action,

reasonable attorneys' fees and costs and any such other relief this Court may deem

proper.


Respectfully submitted,

Jim Petro
Attorney General of Ohio


By:    /s/ Justin D. Flamm
       Gregory Parker Rogers (0042323)
       Justin D. Flamm (0071575)
       Taft, Stettinius & Hollister LLP
       425 Walnut Street, Suite 1800
       Cincinnati, OH 45202-3957
       (513) 381-2838
       (513) 381-0205 (fax)

       Attorneys for the Ohio Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer of the Ohio Defendants to Plaintiff's First Amended Complaint has been served upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, OH 45206 and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and The University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548 via regular United States mail, postage prepaid, this 1ˢᵀ day of October, 2003.

/s/ Justin D. Flamm_____