UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU, : | |
| : | Case No. 1:01-cv-210 |
| Plaintiff, : | |
| : | Judge Dlott |
| v. : | Magistrate Judge Black |
| : | |
| JAMES R. DONOVAN, M.D., *et al.*, : | **OHIO DEFENDANTS' MEMORANDUM** |
| : | **IN OPPOSITION TO PLAINTIFF'S** |
| Defendants. : | **UNTIMELY MOTION TO FILE A** |
| : | **SECOND AMENDED COMPLAINT** |

### INTRODUCTION

Defendants The University of Cincinnati ("UC") James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak (collectively "the Ohio Defendants") oppose the untimely motion of Plaintiff Darlington Amadasu ("Plaintiff") to amend the complaint yet again, adding new parties and numerous new claims after more than three years of litigation. For the reasons discussed below, the motion should be denied in its entirety.

### PLAINTIFF'S MOTION IS UNTIMELY

Plaintiff's motion for leave to amend the complaint is untimely. Under this Court's June 21, 2004 Order, the deadline "to amend pleadings and add parties" was August 31, 2004. However, Plaintiff waited until September 1, 2004 to file his request for leave (styled "Motion for Filing Plaintiff's Amended/Supplemented Complaint with Joinder of Claims and Persons"). Accordingly, Plaintiff's motion is untimely and should be denied on that basis alone.

The Ohio Defendants note that Plaintiff was previously denied leave in a case pending in the Southern District of Ohio because of a similar untimely filing. In *Amadasu v. Health*

*Alliance of Greater Cincinnati, Inc. et al.*, No. C-1-01-284, Plaintiff sought leave to amend his complaint on June 19, 2002, just three days after the deadline. (Attachment A) The Court (Magistrate Sherman) denied leave on this basis:

> Plaintiff's Motion To Amend his Complaint is not timely because he failed to file it prior to the June 16, 2002 deadline for "Amended Complaint and adding parties." (Doc. 20) Although Plaintiff alleges that his hospitalization prevented him from complying with this deadline, he has not stated why he was hospitalized or why he could not have sought leave to extend the deadline at some earlier time. As a result, the fact that Plaintiff was apparently ill or injured does not establish good cause for excusing his dilatory filing. In addition, the fact that Plaintiff is proceeding pro se does not excuse him from complying with readily comprehensible deadlines such as this. *Jordan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

(Attachment B at 1-2)

Since initiating this action with voluminous claims against numerous parties, Plaintiff had approximately forty (40) months to add still more claims and parties as he now attempts; yet he failed to do so. Even after the Court imposed the August 31 deadline for amendments, Plaintiff had well over two full months to comply; he failed to do so, despite his knowledge of the consequences. Nor has he offered any explanation whatsoever for his untimely filing. Plaintiff had every opportunity to seek leave in a timely manner, and he should not now be heard to complain when such leave is denied for what would be his second amended complaint.

### GRANTING PLAINTIFF'S MOTION WOULD CONTRAVENE THIS COURT'S EARLIER ORDERS IN THE CASE

Granting Plaintiff's motion would contravene this Court's earlier orders in the case. On October 17, 2002, the Court (Magistrate Sherman) issued a Report and Recommendation in which he noted that Plaintiff's earlier complaint was a "'shotgun' pleading" in which "each Count constitutes an amalgamation of everything alleged and claimed before it in the proposed [First] Amended Complaint, making [it] nearly impossible to discern what individual claims

2

{W0259513.1}

Plaintiff seeks to raise." (Doc. 40 at 12-13) As a means of case management, Magistrate Sherman recommended that only new claims relating to Title VI or Title VII be added to the case at that earlier point, and that discovery be limited to those matters alone. (*Id.* at 15-16) Judge Dlott adopted the Report and Recommendation and explicitly re-stated the discovery limitation: "Discovery shall be limited to and focused on Plaintiff's Claims under Title VI and Title VII." (Doc. 50)

Thus, the Court has already shepherded this matter away from Plaintiff's extraneous, kitchen-sink claims, and properly directed attention to the core claims of discrimination. Despite the Court's expressed concern about the parameters of this case -- and the accompanying case-management limits -- Plaintiff would now add more extraneous claims under RICO, the Sherman Act, the Fair Debt Collection Practices Act, and others. The Ohio Defendants submit that, for this additional reason, Plaintiff's motion should be denied in its entirety.

### APPLICABLE CASE LAW SUPPORTS THE DENIAL OF PLAINTIFF'S MOTION

Applicable case law also supports the denial of Plaintiff's motion. As the Sixth Circuit held in *United States v. Midwest Suspension and Brake*, 49 F.3d 1197 (6th Cir. 1995), the liberal language of Rule 15(a) does not excuse delay such as Plaintiff's. In denying leave to amend an answer, the *Midwest Suspension* court stated: "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *Id.* at 1202. Likewise, the court in *Wade v. Knoxville Utilities Board*, 259 F.3d 452 (6th Cir. 2001) stated: "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id.* at 459. Plaintiff has made no such justification, and he has not acted with due diligence.

{W0259513.1}

Plaintiff's proposed amendment would also prejudice the Ohio Defendants by derailing the course of this case with the new parties, new claims, and the involvement of new counsel. The discovery period is well underway, and the Ohio Defendants have taken steps to schedule Plaintiff's deposition in the coming weeks. The introduction of these elements will either delay the course of discovery or needlessly require duplicative discovery after the new parties are up to speed and after the existing parties wade through the thicket of new allegations. This undue prejudice is an additional reason why Plaintiff's motion is without merit.

## CONCLUSION

As an author of legal claims, Plaintiff is prolific. With the Court already having taken steps to minimize the prejudice and confusion caused by the broad scope of those claims prior to the amendment now sought, the Ohio Defendants submit that undue prejudice would result if the amendment were permitted. Combined with Plaintiff's undue delay in seeking to assert these claims -- after the deadline for doing so -- and without even evaluating the questionable merits of the new claims, the motion should be denied in its entirety.

          Respectfully submitted,

          James Petro, Attorney General

          By: /s/ Justin D. Flamm
              Gregory Parker Rogers (0042323)
              Justin D. Flamm (0071575)

OF COUNSEL:          Taft, Stettinius & Hollister, LLP
Mitchell D. McCrate (0047403)    425 Walnut Street, Suite 1800
Associate General Counsel        Cincinnati, Ohio 45202-3957
University of Cincinnati          (513) 381-2838
Office of the General Counsel     (513) 381-0205 (fax)
300 Administrative Building
Cincinnati, Ohio 45221-0623      Attorneys for the Ohio Defendants
(513) 556-3483

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system and served copies upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548 via regular United States mail, postage prepaid, this __20th__ day of September, 2004.

James Petro, Attorney General

By:  /s/ Justin D. Flamm
     Gregory Parker Rogers (0042323)
     Justin D. Flamm (0071575)
     Taft, Stettinius & Hollister, LLP
     425 Walnut Street, Suite 1800
     Cincinnati, Ohio 45202-3957
     (513) 381-2838
     (513) 381-0205 (fax)

Attorneys for the Ohio Defendants