UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU | Case No: C - 1- 01 - 210 |
| Plaintiff | Black/Dlott |
| -V- | |
| JAMES R. DONOVAN, MD<br>et al | PLAINTIFF'S OMNIBUS RESPONSE TO THE OHIO<br>DEFENDANTS'OPPOSITIONS (DOCS. 65 & 67 ) |
| Defendants | |

Plaintiff submits this omnibus response to the Defendants--James R. Donovan, James E. Lockey, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrmann, Andrew T. Filak, University of Cincinnati (collectively "the Ohio Defendants")'oppositions to plaintiff's filing the amended complaint and plaintiff's "motion for default Judgment," Docs. 65 and 67 respectively.

### A. Ohio Defendants' Opposition to filing the amended complaint lacks merits and must be dismissed

The Ohio defendants' opposition to filing the amended complaint lacks merits and must be dismissed because: (1) Plaintiff did not move for leave to file but for judicial notice of filing certificate of service and original copy of the amended/supplemented complaint; (2) The amended/supplemented complaint is the actual first legitimate amended/supplemented complaint, which is timely; (3) Ohio defendants' opposition is moot and a nullity; and (4) Ohio defendants are barred by laches, forfeiture, waiver, equitable estoppels and judicial estoppels from opposing the granted leave to plaintiff to serve and file amended/supplement complaint.

### 1. Plaintiff did not move for leave to file but for judicial notice of filing certificate of service of the amended/supplemented complaint.

Following the Rule 16 preliminary pretrial or scheduling conference held on 6/18/04 with

plaintiff, Ohio defendants' and Texas defendants counsels participating, a Case Scheduling Order (CSO) was made by the court upon the court and parties adopting plaintiff's Rule 26(f) Report (Docs.60 & 61). Because by the CSO the Court had already granted plaintiff leave to serve the amended/supplement complaint by 8/31/04 , thus plaintiff did not move for leave to file it. Thus, such a motion for leave to serve it would be reduntant.

2. **The amended/supplemented complaint is the actual plaintiff's first legitimate amended/supplemented complaint, which is timely;**

The caption of plaintiff's motion for joinder of claims and party defendants did not indicate motion to amend the complaint under Rule 15 (Doc.26), thus, Doc 26 does not constitute plaintiff's first amended complaint. It is undisputed by defendants that they were timely served on 8/30/04 before the deadline pursuant to the CSO and Rule 5(a), 5(b)(1). The Certificate of Service and original copy of the amended/supplemented complaint were filed on 9/1/04 within a reasonable time pursuant to Rule 5(d & e). Thus the amended/supplemented complaint is first plaintiff's voluntary amended/supplemented complaint, which is timely and pre-granted under the CSO (Doc.61).

3. **Ohio defendants' opposition is moot and a nullity;**

Defendants' oppositions are moot and nullity because: (a) The plaintiff's joinder of claims (the purported first amended complaint) (Doc.26), the Report and Recommendation (Doc.40) and order (Doc.50) have expired and superseded by the CSO. (b) The CSO was made pursuant to Rule 16(b), which mandates the court to make the CSO after adopting the (Doc.60) and conferring with the parties, as well as under Rule 16(e), which provides that this order (CSO) shall control the subsequent course of the action unless modified by a subsequent order; and (c) The unopposed CSO had already granted plaintiff leave to amend/supplement, serve and file the complaint, which was timely. The order (Doc.50) had no basis in law, has died with Docs. 26 and 40, could not control the subsequent course of the action, and has been superseded by the CSO that was made with legal basis under Rule 16. Id. The pretrial order (CSO) supersedes all pleadings and controls the subsequent course of the case. See Miller v. Pfizer, Inc., 196 F. Supp.2d 1095 (D.C. Kan.2002). A pretrial order (CSO) may include amendments to the pleadings. See Deere v. Goodyear Tire and Rubber Co., 176 FRD 157, 164-65 (NDNY 1997).

4. **Ohio defendants are barred by laches, forfeiture, waiver, equitable estoppels and judicial estoppels from opposing the granted leave to amend/supplement, serve and file.**

(a) **Ohio defendants are barred by laches:** The CSO was made and entered 6/21/04 and defendants tacitly and collaterally challenging the CSO after three (3) months of its entry are barred by laches.

2

**(b) Ohio defendants are barred by forfeiture and waiver doctrines:** Defendants have Opportunities to challenge the CSO granting leave to amend/supplement serve and file the complaint but failed to challenge it. Thus, they are barred by forfeiture and waiver doctrines from opposing the filing of the amended/supplemented complaint.

**(c) Ohio defendants are barred by equitable estoppels:** Defendants and plaintiff adopted plaintiff's Rule 26(f) Report (Doc.60), which the court adopted into the CSO (Doc.61). By adopting the Docs. 60 and 61, defendants represented that the plaintiff could amend/supplement, serve and file the complaint without opposition from them, which plaintiff relied on to his detriment to amend/supplement, serve and file the complaint. Plaintiff would be prejudice if defendants' opposition should sustain. Thus, they are barred by equitable estoppels from opposing what they had adopted and agreed to.

**(d) Ohio defendants are barred by judicial estoppels:** During 6/18/04 Rule 16 judicial scheduling conference defendants expressly agreed that plaintiff could serve and file amended/supplemented complaint but now in their opposition brief they do not want plaintiff to file the amended/supplemented complaint. Therefore, they are barred by judicial estoppels from contravening their earlier positions.

### B. Ohio defendants' opposition to Plaintiff's motion for default judgment lacks basis in facts and law and must be stricken as impertinent or immaterial matter.

(a) During 6/18/04 Rule 16 judicial scheduling conference defendants expressly consented To filing of the amended/supplemented complaint by adopting Plaintiff's Rule 26(f) Report and accepting the entered CSO as controlling the subsequent course of proceedings of the action. The entered court's CSO had granted leave to plaintiff to serve and file amended/supplemented complaint (Docs.60 & 61) just as the court had granted leave to any party to serve and file dispositive motion by the CSO deadline, thus, no party need any other order directing serving and filing dispositive motion as long as the motion is served before the deadline.

Plaintiff's " Motion for filing plaintiff's amended/supplemented complaint with joinder of claims and persons"—i.e., his first actual voluntary amended complaint does not seek "an order directing the filling" of the amended complaint (Doc.63) because the entered CSO constituted "standing order directing serving and filing" of plaintiff's amended/supplemented complaint. Thus plaintiff's "Motion for filing plaintiff's amended complaint' serves only as judicial notice of the filing of the Certificate of Service and filing of the original amended/supplemented complaint pursuant to Rule 5. Id, supra.

3

**(b) Ohio defendants are opposing plaintiff's motion for default judgment, which Plaintiff did not serve and file and not before this court for consideration.** Accordingly, defendants' memorandum in opposition to plaintiff's motion for default judgment constitutes impertinent or immaterial motion warranting being stricken entirely because it is unwarranted by existing facts, proceedings and law. "...immaterial or impertinent matter are properly stricken...in order to avoid the time, effort, and expense necessary to litigate spurious issues. See <u>Estee Lauder, Inc. v. Fragrance Counter, Inc.</u>, 189 FRD 269, 272 (SDNY 1999). Such motions (to strike) may be granted when necessary to clean up the pleadings, streamline the litigation, or sidestep unnecessary efforts to immaterial issues. See <u>McInerney v. Moyer Lumber & Hardware, Inc.</u>, 244 F.Supp.2d 393, 402 (E.D. Pa.2002). The court may strike any defense that is legally insufficient under the controlling substantive law, or that contains matters that would confuse the issues in the case. See <u>United States v. Green</u>, 33 F. Supp.2d 203, 212 (WDNY 1998).

**(c) Defendants are jurisdictionally in default of the answer to amended/supplemented complaint because**: (i) they were undisputedly properly served on 8/30/04; (ii) their answers to the amended/supplemented complaint were due ten (10) days after service of the amended and supplemented complaint pursuant to **Rule 15(a), which provides in pertinent part: "A party shall plead in response to an amended pleading within...10 days after service of the amended pleading..."** The 10 days start to run from date of service but not the date of filing. Thus, defendants are in default. Plaintiff applied for and the court clerk had entered "entry of default" against the defaulting defendants pursuant to Rule 55(a) and 77(c). Accordingly, defaulting defendants and have been foreclosed or barred from further litigation.

(e) Defendants' oppositions constitute manipulative motions to circumvent their obligations under Rule 7(a), 8(b) and other applicable rules.

## CONCLUSION

Based on the foregoing, the defaulting Ohio defendants' oppositions must be denied in their entirety.

Respectfully submitted,

_____
Darlington Amadasu, Plaintiff, lay Pro se

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing Justin D. Flamm, by fax 513-381-0205 and Ramiro Canales by fax 512-320-0667 on 10/4/04

*[signature]*