UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

       Plaintiff,                                  Case No. 1:01-cv-210

                                                          Dlott, J.
vs.                                                        Black, M.J.

JAMES R. DONOVAN, M.D *et al.*,

       Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (doc. 63) BE DENIED; (2) PLAINTIFF'S MOTION FOR SERVICE OF PROCESS (doc. 64) BE DENIED; AND (3) PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (doc. 66) BE DENIED**

     Now before the Court are Plaintiff's motion for leave to file an amended complaint (doc. 63), Plaintiff's motion for service of process (doc. 64), and Plaintiff's motion for entry of default (doc. 66). Defendants have filed memorandums in opposition to Plaintiff's motions (docs. 65, 67), and Plaintiff has filed his reply memorandum (doc. 68).

     The Court has previously denied Plaintiff's requests to join additional parties and allege new claims in this matter. In its September 17, 2003 Order, the Court granted in part, and denied in part, Plaintiff's motion for joinder of additional claims. (Doc. 50). The Order permitted new claims relating only to Title VI and Title VII to be added, but the Court denied leave to add any non-Title VI and Title VII claims and/or any state law claims against additional defendants. *Id*. The Order also expressly stated that "[d]iscovery shall be limited to and focused on Plaintiff's Claims under Title VI and Title VII." *Id*. As a result, Plaintiff filed his amended complaint joining his new Title VI and Title VII claims on September 17, 2003. (Doc. 51).

     Now, a year later, and after the deadline to file for leave to amend, Plaintiff is again seeking to add new claims and new parties, including claims under RICO, the Sherman Act, the Fair Debt Collections Practices Act, and other state laws.

---

     [1]     Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice requires." Nonetheless, as a threshold matter, a party seeking to amend a pleading must act with due diligence, *see United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), and "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459 (6th Cir. 2001).

In this case, Plaintiff has neither acted with due diligence nor proffered sufficient justification. Moreover, the granting of Plaintiff's newest motion would contravene the previous Order of this Court and would undermine the Court's attempts to secure an expeditious adjudication of the case. In fact, amending the complaint at this late stage in the litigation would prejudice the Defendants by derailing the course of this already-three-years-old case with new parties, new claims, new counsel, and duplicative re-discovery. Under the circumstances of the present case, the law and this Court need not, and do not, so acquiesce. S*ee Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir.1999) (denial of leave to amend is proper if non-moving party demonstrates prejudice).

Plaintiff has had more than forty months to prosecute his civil action. His core claims for discrimination are pending and ripe. Discovery is nearly complete. Plaintiff's untimely motion to amend at this late stage is not well-taken, and it should be denied.

Plaintiff has also filed a motion for entry of default on the alleged basis that the Defendants have failed to answer the proposed amended complaint. (Doc. 66). However, Plaintiff was not granted leave by the Court to file the amended complaint as required by law pursuant to Fed. R. Civ. P. 15(a), and, therefore, Defendants were not required to file an answer. Accordingly, there is *no basis whatsoever* in the law and facts for entry of default.

**IT IS THEREFORE RECOMMENDED** that: (1) Plaintiff's motion for leave to amend the complaint (doc. 63) be **DENIED**; (2) Plaintiff's motion for service of process (doc. 64) be **DENIED** as **MOOT**; and (3) Plaintiff's motion for entry of default be **DENIED**.

Date: October 6, 2004                                              s/Timothy S. Black
                                                                              Timothy S. Black
                                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.

JAMES R. DONOVAN, M.D *et al.,*

    Defendants.

Case No. 1:01-cv-210

Dlott, J.
Black, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).