UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU | Case No: **C-1-01-210** |
| Plaintiff | [Dlott] |
| -V- | |
| JAMES R. DONOVAN, MD, et al<br>Defendants | PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S<br>REPORT AND RECOMMENDATIONS (Doc.70) |

Darlington Amadasu, plaintiff lay pro se submits his objections to the Magistrate Judge Black's Report and Recommendations (doc. 70) on Plaintiff's Amended/Supplemented Complaint with Joinder of Claims and Persons (doc. 63); plaintiff's motion for service of process (doc.64); and plaintiff's request for entry of default against the defendants (doc.66). Plaintiff requests de novo consideration of the issues. Plaintiff supports his objections in the following memorandum.

## MEMORANDUM

The Court should not adopt the report and recommendations (R&R) of Magistrate Judge Black (doc.70) because this court by Magistrate Judge had granted leave to serve and file amended complaint

I.  Plaintiff did not make a motion for leave to file amended complaint (doc.63) because the court by and through Magistrate Judge Black pursuant to Rule 16 made Case Scheduling Order (CSO), which already granted leave to plaintiff to amend, supplement, and join parties and claims to the complaint (doc.61).

II.  Plaintiff did not make a motion for order for entry of default but request to the court clerk to enter default under FRCP 55(a) and 77(c).

III.  Amendment, supplementation of, and joinder of parties and claims to the complaint are distinguishable, governed by separate and different Federal Rules of Civil Procedure (FRCP) and thus, are considered or analyzed under different distinct standards, which Magistrate failed to do.

IV.  The report and recommendations are laced with vacillation, inconsistencies and contradictions and violative of Rule 16.

V.  The report and recommendations are barred by doctrine of judicial estoppels

**Relevant Procedural Picture:**

This court converted plaintiff's joinder of persons and claims to amended complaint and directed the court clerk to file it as amend complaint against plaintiff's opposition (docs. 26, 44,

1

51). This court by Mag. Judge Black granted plaintiff's motion for Rule 26(f) parties' conference, preliminary pretrial conference and case scheduling order. (docs. 58, 59). Defendants failed to file Rule 26(f) Report but plaintiff served and filed his Rule 26(f) Report (doc.60), which with consent of defendants' counsels was adopted and made into the CSO by court (doc.61). Defendants accepted and acquiesce in the CSO.

Pursuant to the CSO and FRCP 5, plaintiff timely served and filed the amended, supplemented complaint with joinder of persons and claims. Defendants' answers were due 10 days after they were served on 8/30/04 pursuant to FRCP 15(a). When defendants failed to answer by the due date plaintiff's requested the court clerk to enter default against the defendants pursuant to FRCP 55(a) and 77(c). Texas defendants did not answer or oppose but only the Ohio defendants opposed plaintiff's filing of the amended/supplemented complaint with joinder of persons and claims. Plaintiff's never requested entry of default judgment (docs.65, 67).

**I. The plaintiff did not make motion for leave to serve and filed amended, supplemented complaint with joinder of persons and claims. Defendants consented & Court granted leave**

The Magistrate erred in construing plaintiff's filing of the amended, supplemented complaint with joinder of persons and claims as motion for leave to file because the defendants had consented to amendment, supplementation and joinder of complaint on 6/18/04 scheduling conference. It has been held that if the opposing party consents to an amendment, there is no need to obtain court approval. See <u>American States Insurance Co. v. Dastar Corp.</u>, 318 F.3d 881, 888 (9th Cir.2003)(parties who consent to amendment need not obtain court's approval). The court by the Magistrate had already expressly granted plaintiff leave to serve and file amended and supplemented complaint pursuant to 6/21/04 CSO (doc.61). The plain language of the CSO directs that "amended pleadings due by 8/31/04." A pretrial order (CSO) may include amendments to the pleadings. See <u>Deere v. Goodyear Tire and Rubber Co.</u>, 176 FRD 157, 164-65 (NDNY 1997). Here, the 6/21/04 CSO includes leave for plaintiff to amend, supplement, and join persons and claims to the complaint. (docs. 60 & 61).

**II. The Court by Magistrate 6/21/04 Case Scheduling Order supersedes the 9/17/03 Order**

The 9/17/03 order (doc. 50) was not the case scheduling order that controls subsequent course of this action, did not proscribe future amendment, supplementation, joinder of claims and persons, and was limited to 11/19/01 plaintiff's motion for joinder of additional claims and party defendants (doc.26). The 6/21/04 CSO supersedes the 9/17/03 order pursuant to FRCP 16(e), which provides that this order (CSO) shall control the subsequent course of the action unless modified by a subsequent

2

order. No subsequent order in the docket had been made modifying the CSO (doc.61). Any such subsequent order must be made with "good cause shown" by the court on notice to all parties. Id, R.16

The pretrial order (CSO) supersedes all pleadings and controls the subsequent course of the case. See Miller v. Pfizer, Inc., 196 F. Supp.2d 1095 (D.C. Kan.2002).

### III. The Magistrate should not have confabulated deadline to file for leave to amend in place of expressed order that amended complaint was due on 8/31/04.

The plain language of the CSO did not mandate deadline to file for leave to amend as confabulated by Magistrate but the CSO unambiguously expressly mandated that amended complaint was due on 8/31/04. Undisputedly, Plaintiff timely served defendants on 8/30/04 and filed timely the amended complaint pursuant to FRCP 5 et seq.

### IV. Plaintiff reserved the right to add new claims and new parties under FRCP 18, 19, 20 and pursuant to the 6/21/04 Case Scheduling Order by the deadline.

The court adopting plaintiff's Rule 26(f) Report (doc.60) and making CSO (doc.61) mandating serving and filing amended and supplemented complaint with joinder of persons and claims had permitted plaintiff to add new claims and new parties. Statutorily, FRCP 18, 19, or 20 gives plaintiff the right to add new claims and new parties. Rule 18 provides that a party asserting a claim to relief may join as many claims, legal, equitable, or maritime, as the party has against an opposing party. Rule 19 provides that person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over subject matter of the action shall be joined as a party in the action.

### V. Plaintiff did not make a motion for order for entry of default but requested the court clerk to enter default under FRCP 55(a) and 77(c). Legal and factual basis exist for entry of default against the defendants

Since the defendants consented to the amendment and supplementation of complaint on 6/18/04 and acquiesced in the CSO and since the court had approved plaintiff's serving and filing the amended and supplemented complaint by its CSO, the defendants were obligated to serve and file answers by the due date after they were timely served. Thus, basis in law, fact and court order exist for entry of default.

### VI. The Magistrate's conclusions that plaintiff had not acted diligently to serve and file the amended complaint; that litigation has reached late stage; and that Discovery is nearly complete are incorrect and are not supported by the record.

The CSO plain language directs that amended complaint is due on 8/31/04. Plaintiff diligently served the defendants the amended complaint on 8/30/04 and diligently filed the amended complaint

3

pursuant to Rule 5. Thus, contrary to the Magistrate's incorrect conclusion, plaintiff had acted diligently by serving and filing the amended complaint by the deadline pursuant to the CSO and Rule 5. Parties are at the early stage of litigation because CSO was recently made in June 2004; Rule 26(a)(1) initial disclosures are being delayed by defendants and other forms of discovery are prospective as they have not been done at the moment. An action is in late stage of litigation when after the CSO has been made, and the followings have been accomplished, *inter alia*, amended and supplemented complaint and answer pleadings; joinder of claims and parties; initial disclosures, discovery—interrogatory, requests for documents, requests for admission, and depositions; dispositive motions, final pretrial conference and order. But none of these had been accomplished to declare the stage of litigation in this action as late.

### VII. Amendment, supplementation of, and joinder of parties and claims to the complaint are distinguishable, governed by separate and different Federal Rules of Civil Procedure (FRCP) and thus, are considered or analyzed under different distinct standards, which Magistrate failed to do.

Pursuant to the 6/21/04 CSO, Plaintiff amended his complaint under FRCP 15(a); supplemented the complaint under FRCP 15(d); added new claims under FRCP 18; added new persons under FRCP 19. Joinder of claims and persons under FRCP 18 and 19 is not amendment of complaint under FRCP 15(a). Thus, joinder of claims and persons, amendment of complaint and supplemental complaint are governed by different provisions of different federal rules of civil procedure.

Amended pleading or complaint is a pleading or complaint that replaces an earlier pleading or complaint and that contains matters omitted from or not known at the time of the earlier pleading or complaint. "An amendment is the correction of an error or the supplying of an omission in the process or pleadings. An amended pleading differs from a supplemental pleading in that the true function of the latter is to spread upon the record matter material to the issue, which has arisen subsequent to the filing of a pleading, while matter of amendment purely is matter that might well have been pleaded at the time the pleading sought to be amended was filed, but which through error or inadvertence was omitted or misstated. It has been declared that the allowance of amendments is incidental to the ends of justice." Eugene A. Jones, Manual of Equity Pleading and Practice 68 (1916). See page 1173, <u>Black Law Dictionary,</u> 9th Ed. 1999. Thus, the Magistrate erred in considering amended, supplemented pleadings and joinder of claims and persons under FRCP 15(a).

The Sixth Circuit held that FRCP 19 provides guidance for the joinder of persons needed for just adjudication. See <u>Glancy v. Taubman Centers, Inc., et al</u>, 373 F.3d 656 (6th Cir.2003) citing FRCP 19. The current phrasing of Rule 19 reflects the 1966 amendment of the rule. The changes eschew rigid

application and adopt a more pragmatic approach, Id, quoting <u>Provident Tradesmens Bank & Trust Co. v. Patterson,</u> 390 U.S. 102, 116 n.12 (1968); and <u>Smith v. United Bhd. Of Carpenters,</u> 685 F.2d 164, 166 (6th Cir.1982) ("Ideally, all…parties would be before the court. Yet Rule 19 calls for a pragmatic approach…"). "Thus, the rule should be employed to promote the full adjudication of disputes with a minimum of litigation effort." Id. (citation omitted). In sum, "the essence of Rule 19 is to balance the rights of all those whose interests are involved in the action." Id.

### VIII. The report and recommendations are laced with vacillations, fabrications, Confabulations, inconsistencies and contradictions and violative of Rule 16.

**(a) Vacillations:** The court by Magistrate had granted leave to amend and supplement the complaint by directing serving and filing amended pleadings pursuant to 6/21/04 CSO (doc.60 & 61) but in 10/6/04 R&R the Magistrate is denying what he had already granted earlier.

**(b) Fabrications:** The Magistrate fabricated false facts that "discovery is nearly complete" and that "…at this late stage in litigation…" as basis for denying the plaintiff's amended/supplemented pleadings that he granted by CSO (doc.70 p.2). The record is barren with evidence to support these fabrications. The true fact is that discovery has scantly started with Rule 26(a) initial disclosures, which currently defendants have defaulted.

**(c) Confabulations:** The Magistrate has confabulated that "now, a year later, and after the deadline to file for leave to amend…" The CSO did not direct filing motion for leave to amend but had granted leave to serve and file amended/supplemented pleadings. No prior deadline had been set before 6/21/04 CSO, and undisputedly, plaintiff diligently served defendants before the deadline and timely filed pursuant to CSO and FRCP 5 et seq.

**(d) Inconsistencies:** The magistrate's R&R are inconsistent with the standard of discretion in deciding proposed amendment. FRCP 15(a) directs the court to grant leave to amend "when justice so required". See <u>Foman v. Davis,</u> 371 US 178, 83 S.Ct. 227 (1962) and <u>Rose v. Hartford Underwriters Insurance Co.</u>, 203 F.3d 417, 420 (6th Cir.2000). Neither the defendants nor the court successfully demonstrated that the amended/supplemented complaint caused or would cause undue delay and prejudice, was made in bad faith, and was futile so as to deny what had been granted by the CSO. See <u>US v. Mack,</u> 48 F.Supp.2d 708 (1999). The reasons given by the R&R are not tenable because the litigation is not in its late stage but in its earliest stage judging from the date of CSO and the ongoing Rule 26(a) initial disclosures; the course of the proceedings would not be derailed because the course was recently set by the CSO; new claims and new counsels are not enough to deny amended complaint; and no duplicative re-discovery as discovery scantly started.

(e) **Contradiction:** The R&R contradict the CSO because the CSO hand granted leave to serve and file the amended/supplemented complaint.

(f) **The Report and Recommendation are violative of FRCP 16(e):** District Court adopting the R&R would violate the provisions of FRCP 16(b & e) because these subsections mandate that the CSO shall control the course of the proceedings in this action absent subsequent modification with "good cause" and on notice to parties.

IX.    **The report and recommendations are barred by doctrine of judicial estoppels**

The 6/21/04 CSO had expressly granted leave to serve and file amended/supplemented complaint, which were timely done, thus, R&R would be barred by judicial estoppels doctrine.

X.    **Forty months to prosecute the action:** The forty months have been filled with intense litigation activities, inter alia, defendants collusive frivolous motions to move this action from its rightful Ohio venue to wrongful Texas venue and oppositions to plaintiff's motion for joinder of persons and claims; plaintiff's responses; withdrawals-substitutions of the district judges and magistrate judges in this action. Once the pleadings have closed, it becomes the duty, obligation and responsibility of the court to set the course of the proceedings in motion by following the provisions of FRCP 16 and 26. When the court neglected or failed to start the course of the proceedings, plaintiff moved for court order to start the course of the proceedings by way of CSO. (doc.58). Parties could proceed with litigation until the court starts it pursuant to FRCP 16 and 26(d).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that this court should not adopt the report and recommendation of the Magistrate Judge. On the contrary, plaintiff respectfully submits that this court should find that substantial evidence; the Rules and case scheduling order do <u>not</u> support the Magistrate's report and recommendation. This court should, therefore, reverse the Magistrate's decision and sustain plaintiff's amended/supplemented complaint.

Darlington Amadasu

Plaintiff Pro se

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing were served on Justin D. Flamm at his address on record and on Ramiro Canales at his address on record prepaid US-mail or by fax on 10/15/04