UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | |
| | : | Case No. 1:01-cv-210 |
| Plaintiff, | : | |
| | : | Judge Dlott |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES R. DONOVAN, M.D., *et al.*, | : | **OHIO DEFENDANTS' RESPONSE TO** |
| | : | **PLAINTIFF'S OBJECTIONS TO THE** |
| Defendants. | : | **OCTOBER 6, 2004 REPORT AND** |
| | | **RECOMMENDATION** |

Defendants The University of Cincinnati ("UC") James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak (collectively "the Ohio Defendants") hereby respond to the Plaintiff Darlington Amadasu's ("Plaintiff") objections to the October 6, 2004 Report and Recommendation of Magistrate Judge Black. Two basic issues are before the Court with these objections -- did Plaintiff have leave to file a second amended complaint and, if not, should such leave be granted? For the reasons set forth below, the answer to each question is, "No." Plaintiff's objections are entirely without merit and should be overruled.

### DEFAULT HAS NO BASIS BECAUSE THERE WAS NEITHER LEAVE NOR CONSENT FOR A SECOND AMENDED COMPLAINT

There is no basis whatsoever for a default judgment because Plaintiff had neither leave of Court nor consent of the defendants to file a second amended complaint. On September 17, 2003, the Court issued an Order directing the Clerk to docket Plaintiff's First Amended Complaint, which the Ohio Defendants timely answered. Thereafter, the explicit terms of

{W0292088.1}

Federal Rule of Civil Procedure 15 required Plaintiff to get either the written consent of his opposition or leave of Court before filing a second amended complaint. In relevant part, Rule 15 states:

> **(a) Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. **Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party**; and leave shall be freely given when justice so requires. . . .

Fed. R. Civ. P. 15(a) (emphasis added).

Plaintiff inaccurately states that the Ohio Defendants consented to filing of the second amended complaint. Plaintiff neither sought, nor was granted, consent from the Ohio Defendants to make another amendment. To the knowledge of the Ohio Defendants, the Texas Defendants likewise have not granted their consent. Even putting aside the credibility of Plaintiff's representations, however, he has not produced any <u>written</u> consent from any of the Defendants, as Rule 15(a) explicitly requires.

Nor did the Court grant Plaintiff leave to amend his complaint a second time. The June 21, 2004 scheduling Order contains no language whatsoever that would override the clear provisions of Rule 15(a). Plaintiff's own filings are consistent with this understanding -- in his "Motion for Filing Plaintiff's Amended/Supplemented Complaint With Joinder of Claims & Persons" (i.e., what would be his second amended complaint), he seeks "an order directing the filing" of the second amended complaint. (Doc. 63) The Ohio Defendants timely opposed that motion for leave. (Doc. 65)

Lest there be any doubt that Plaintiff had not been given permission to file a second amended complaint, Magistrate Black explicitly confirmed that no such leave was granted. In his Report and Recommendation now at issue, he stated:

> Plaintiff was not granted leave by the Court to file the amended complaint as required by law pursuant to Fed. R. Civ. P. 15(a), and, therefore, Defendants were not required to file an answer.

(Report & Recommendation at 2) Thus, Plaintiff essentially calls Magistrate Black's credibility into question. The Ohio Defendants respectfully submit that the Court's unambiguous confirmation of what happened here should trump Plaintiff's groundless assertions to the contrary.

For all of these reasons, the proposed second amended complaint was before the Court only as an attachment to Plaintiff's pending motion for leave to file it. Plaintiff's default motion is contrary to the express terms of Rule 15(a) and has needlessly increased the cost of defending against his already voluminous claims.

### PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT WOULD CONTRAVENE THE COURT'S EARLIER ORDERS IN THE CASE

Plaintiff's proposed second amended complaint would contravene this Court's earlier orders in the case. On October 17, 2002, the Court (Magistrate Sherman) issued a Report and Recommendation in which he noted that Plaintiff had filed a "'shotgun' pleading" in which "each Count constitutes an amalgamation of everything alleged and claimed before it in the proposed [First] Amended Complaint, making [it] nearly impossible to discern what individual claims Plaintiff seeks to raise." (Doc. 40 at 12-13) As a means of case management, Magistrate Sherman recommended that only new claims relating to Title VI or Title VII be permitted as additions to the case at that earlier point, and that discovery be limited to those matters alone. (*Id*. at 15-16) The District Court adopted Magistrate Sherman's Report and Recommendation

3

and explicitly re-stated the discovery limitation: "Discovery shall be limited to and focused on Plaintiff's Claims under Title VI and Title VII." (Doc. 50)

Thus, the Court has already shepherded this matter away from Plaintiff's extraneous, kitchen-sink claims, and properly directed attention to the core claims of discrimination. Despite the Court's expressed concern about the parameters of Plaintiff's allegations -- and the accompanying case-management limits that have been in place for over a year -- Plaintiff would now add still more extraneous claims under RICO, the Sherman Act, and Fair Debt Collection Practices Act, just to name a few of the wide-ranging areas of the law into which Plaintiff wants to steer this case. Thus, overturning Magistrate Black's Report and Recommendation would contravene the Court's earlier orders by essentially negating the sensible case-management limits that have been in place for over a year.

### APPLICABLE CASE LAW SUPPORTS THE DENIAL OF PLAINTIFF'S MOTION

Applicable case law also supports the denial of Plaintiff's motion. As the Sixth Circuit held in *United States v. Midwest Suspension and Brake*, 49 F.3d 1197 (6th Cir. 1995), the liberal language of Rule 15(a) does not excuse delay such as Plaintiff's. In denying leave to amend an answer, the *Midwest Suspension* court stated: "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *Id.* at 1202. Likewise, the court in *Wade v. Knoxville Utilities Board*, 259 F.3d 452 (6th Cir. 2001), stated: "When amendment it sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

Plaintiff has made no such justification, and he has not acted with due diligence. An examination of his proposed new claims demonstrates that they arose months or years before Plaintiff bothered to seek permission for a second amended pleading. Although this case has

4

been pending for over forth (40) months, Plaintiff has waited until this late stage to add numerous new claims -- based on facts and legal theories (such as antitrust law, debt collection statutes, and "Federal Mental Health Rights and Advocacy") that are vastly different from his core claims of discrimination -- and entirely new parties.

Plaintiff's proposed amendment would significantly prejudice the Ohio Defendants by derailing the course of this case with those new parties, new claims, and the necessary involvement of new counsel. The discovery period is well underway and will conclude in January 2005, just over three months from now. The Ohio Defendants have been seeking for weeks to take Plaintiff's deposition, which has now been set for October 29, 2004. The introduction of several brand new parties and an incredibly broad scope of new legal issues will either delay the course of discovery, or will needlessly require duplicative discovery after those new parties have been served, have answered, and have waded through the thicket of Plaintiff's claims.

## CONCLUSION

Plaintiff is a prolific author of legal claims, as the First Amended Complaint amply demonstrates. With the Court having taken steps in 2003 to minimize the confusion and difficulties presented by the already broad scope of the pending claims, the Ohio Defendants submit that undue prejudice would result if the amendment were permitted. Combined with Plaintiff's undue delay in seeking to assert those claims -- which motion was filed after the deadline set by the Court -- still more prejudice would result for the Ohio Defendants. Plaintiff's objections should be overruled, and the Report and Recommendation should be adopted in its entirety.

                                    Respectfully submitted,

                                    James Petro, Attorney General

                                    By: /s/ Justin D. Flamm
                                           Gregory Parker Rogers (0042323)
                                           Justin D. Flamm (0071575)

OF COUNSEL:                         Taft, Stettinius & Hollister, LLP
Mitchell D. McCrate (0047403)       425 Walnut Street, Suite 1800
Associate General Counsel            Cincinnati, Ohio 45202-3957
University of Cincinnati               (513) 381-2838
Office of the General Counsel        (513) 381-0205 (fax)
300 Administrative Building
Cincinnati, Ohio 45221-0623         Attorneys for the Ohio Defendants
(513) 556-3483

{W0292088.1}

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system and served copies upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548, via regular United States mail, postage prepaid, this 25th day of October, 2004.

James Petro, Attorney General

By: /s/ Justin D. Flamm
   Gregory Parker Rogers (0042323)
   Justin D. Flamm (0071575)
   Taft, Stettinius & Hollister, LLP
   425 Walnut Street, Suite 1800
   Cincinnati, Ohio 45202-3957
   (513) 381-2838
   (513) 381-0205 (fax)

   Attorneys for the Ohio Defendants

{W0292088.1}