UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DARLINGTON AMADASU**<br><br>Plaintiff<br><br>-v-<br><br>JAMES R. DONOVAN, MD, et al | Case No: **C - 1- 01 - 210**<br>Black/Dlott<br><br>PLAINTIFF'S MOTION TO STAY PROCEEDINGS;<br>STAY 10/2904 DEPOSITION &<br>FOR PROTECTIVE ORDER WITH CERTIFICATE |

Now comes, Darlington Amadasu, Plaintiff, lay Pro Se, and moves this Court for Order:

1. Staying the proceedings pending determination of plaintiff's filing of amended/supplemented complaint (docs.63, 68); motion for process service (doc.64); entry of default against Ohio and Texas defendants (doc.66); Ohio defendants' oppositions to filing the amended complaint and entry of default (docs.65, 67); Report & Recommendation and objections (docs.70, 71)

2. Staying taking of deposition on 10/29/04 (doc.69) pending defendants' compliance with Rule 26(a)(1) with Rule 26(a)(1)(B)

3. Protection against potential discovery (deposition) abuse of surprise and ambush

4. Tolling Scheduling Order (doc.61)

## MEMORANDUM

### Staying proceedings and 10/29/04 Deposition

At 6/18/04 scheduling conference, the parties and the court by Magistrate Judge Black adopted plaintiff's Rule (f) Report. On 6/21/04, Scheduling Order (SO) was entered (doc.61). Consistent with the SO, on 8/30/04 plaintiff timely served defendants and within a reasonably time filed certificate of service and original copy of the amended/supplemented complaint pursuant to Rule 5 et seq. Plaintiff moved for process service on the additional defendants (doc.64). Ohio and Texas defendants failed to serve answers to the amended complaint within 10 days after service pursuant to Rule 15(a). Consequently, plaintiff requested entry of default by the clerk pursuant to Rule 55(a) and 77(c), which the clerk entered (doc.66). Ohio defendants filed opposition to filing of the amended/supplemented complaint and entry of "default judgment" (docs.65, 67). Magistrate Judge Black made report and recommendation (R&R) denying plaintiff's motions and filing of the amended/supplemented complaint (doc.70) and plaintiff filed objections to the R&R (doc.71). These motions are pending,

1

hopefully, for district judge *de novo* review. Because the pleadings are hanging in balance thereby creating uncertainty as to the issues joined or subject matter for discovery, plaintiff moves for order staying the proceedings and deposition noticed for 10/29/04.

**Staying 10/29/04 Deposition & Protective Order:**

The Scheduling Order (SO) (doc.61) ordered parties to execute exchange of Rule 26(a) disclosures by 7/15/04. Plaintiff complied but Ohio and Texas defendants partially complied and failed to make full compliance, specifically, both Ohio and Texas defendants failed to provide plaintiff Rule 26(a)(1) with Rule 26(a)(1)(B), and Ohio defendants failed to provide to plaintiff Rule 26(a)(1) with Rule 26(a)(1)(D), documents, data compilations, and tangible things that are in their possession, custody or control. Ohio and Texas defendants in their initial disclosures stated that they had discoverable documents in their possessions but failed to provide those documents to plaintiff pursuant to Rule 26(a)(1) read with Rule 26(a)(1)(B) instead, contrary to the rule, they both want plaintiff to set dates for inspections.

> Rule 26(a)(1) read with Rule 26(a)(1)(B) provide in pertinent that
>
> party must, without awaiting a discovery request, provide to other parties...all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment

Rule Rule 26(a)(1) read with Rule 26(a)(1)(B) does not mandate inspections of the documents by other party to whom the documents are to be provided by disclosing parties before the disclosing party provide them to other parties. Plaintiff made his objections known to the defendants by letters and 10/21/04 conferring by phone with their counsels of record. See [Ex. 1, 2], which are Plaintiff's letters dated 10/11/04 and 10/21/04 respectively evidencing his extrajudicial good faith efforts to resolve the issues. See also [Ex. 6], which is plaintiff's letter dated 10/4/04. Mr Justin D. Flamm, Counsel for Ohio defendants remains adamant that Rule 26(a)(1) read with Rule 26(a)(1)(B) does not require him or his clients to provide the documents to plaintiff. See [Ex.3, 4, 5], which are Flamm's letters dated 10/6/04, 10/19/04 and 10/21/04 respectively, in which he affirmatively exposed his lack of knowledge, understanding and interpretation of Rule 26(a)(1) with Rule 26(a)(1)(B) and or deliberately misinterpreted the rule with intent to avoid complying with the rule and providing the documents to plaintiff. Plaintiff made extrajudicial good faith efforts by correspondence and conferring by phone with them in an attempt to make them comply with the rule requirements but they fail to provide them.

During 10/21/04 plaintiff's telephone conference with counsels for Ohio and Texas defendants, plaintiff asked them whether they would examine plaintiff on those non-privileged and non-

impeaching documents in their possessions that they refuse to provide, they affirmatively answered, "YES", thereby creating potential for "surprise and ambush" prejudicial to plaintiff.

In the light of pending motions on the pleadings and entry of default, the uncertainty of issues joined or subject matter of discovery, and the defendants' expressive potentials for surprise and ambush, plaintiff requested postponement of the deposition noticed for 10/29/04. When defendants counsels failed to cooperate to postpone, plaintiff advised them that he would be making motion to stay the deposition and for protective order against potential discovery abuse of surprise and ambush.

### Tolling Scheduling Order:

In the light of the foregoing, plaintiff moves for tolling the scheduling order pending the determination of the pending motions and resolution of the Rule 26(a)(1) read with Rule 26(a)(1)(B) & (D).

### CONCLUSION

Based on the foregoing, plaintiff prays the court to grant the relief sought.

Respectfully submitted,

Darlington Amadasu
Lay Pro se Plaintiff

**CERTIFICATE OF SERVICE**
This is to certify that a true copy of the foregoing Notice of Change of Address was served on Justin D. Flamm by fax 513-381-0205; and Ramiro Canales, by fax 512-320-0667 on 10/25/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU                    Case No: C - 1- 01 - 210
                                                      Black/Dlott
    Plaintiff

-v-                                   PLAINTIFF'S CERTIFICATE OF CONFERRING;
                                      SUPPORT OF PROTECTIVE ORDER MOTION

JAMES R. DONOVAN, MD, et al

Now comes, Darlington Amadasu, Plaintiff, lay Pro Se, and certifies as follows:

The Scheduling Order (SO) (doc.61) ordered parties to execute exchange of Rule 26(a) disclosures by 7/15/04. Plaintiff complied but Ohio and Texas defendants partially complied and failed to make full compliance, specifically, both Ohio and Texas defendants failed to provide plaintiff Rule 26(a)(1) with Rule 26(a)(1)(B), and Ohio defendants failed to provide to plaintiff Rule 26(a)(1) with Rule 26(a)(1)(D), documents, data compilations, and tangible things that are in their possession, custody or control. Ohio and Texas defendants in their initial disclosures stated that they had discoverable documents in their possessions but failed to provide those documents to plaintiff pursuant to Rule 26(a)(1) read with Rule 26(a)(1)(B) instead, contrary to the rule, they both want plaintiff to set dates for inspections.

Plaintiff made his objections known to the defendants by letters and 10/21/04 conferring by phone with their counsels of record. See [Ex. 1, 2], which are Plaintiff's letters dated 10/11/04 and 10/21/04 respectively evidencing his extrajudicial good faith efforts to resolve the issues. See also [Ex. 6], which is plaintiff's letter dated 10/4/04. Mr Justin D. Flamm, Counsel for Ohio defendants remains adamant that Rule 26(a)(1) read with Rule 26(a)(1)(B) does not require him or his clients to provide the documents to plaintiff. See [Ex.3, 4, 5], which are Flamm's letters dated 10/6/04, 10/19/04 and 10/21/04 respectively, in which he affirmatively exposed his lack of knowledge, understanding and interpretation of Rule 26(a)(1) with Rule 26(a)(1)(B) and or deliberately misinterpreted the rule with intent to avoid complying with the rule and providing the documents to plaintiff. Plaintiff made extrajudicial good faith efforts by correspondence and conferring by phone with them in an attempt to make them comply with the rule requirements but they fail to provide them.

D. Amadasu