BY FAX:

P. O. Box 6263
Cincinnati, OH 45206
10/11/04

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Ramiro Canales
Attorney General of Texas
P. O. Box 78711
Austin, TX 78711

   Re: Amadasu v. Donovan; & **DEMAND YOUR COMPLIANCE WITH RULE 26(a)(1)(B & D) DISCLOSURES:**

   On 7/16/04 in compliance with Rule 26(a)(1)(A & B) I sent you list of names of persons and entities likely to have discoverable materials, documents and things, and copies of documents relevant to this case but you failed to reciprocate in good faith. I hereby supplement by disclosing damages computation pursuant to Rule 26(a)(1)(C). Damages for emotional distress are susceptible to computation under this rule.

   In response to 10/6/04 Justin D Flamm's letter, Mr Flamm's assertion that Rule 26 explicitly provides that copies of the documents need not be produced with the initial disclosures is grossly incorrect. Mr Flamm misread, misunderstood and misapplied Rule 26 Initial Disclosure requirements. It may appear that Mr Flamm is confusing subsection (B) with subsection (E) of Rule 26(a)(1).

   Rule 26(a) mandates "Required Disclosure; Method to Discover Additional Matter"
   Rule 26(a)(1) provides: Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, **a party must, without awaiting a discovery request, provide to other parties**: a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment pursuant to Rule 26(a)(1)(B). You do not need the Supreme Court of the Unites States Justices to interpret the plain meaning of the plain language of this Rule 26(a)(1) and Rule 26(a)(1)(B) read together.

   Thus, Rule 26(a)(1) read together with Rule 26(a)(1)(B) provides that you or your clients **must** produce to me during the initial disclosure all documents, materials and things (except those for impeachment purposes) that are in your or your clients' possessions, custodies, or controls but you all (Ohio and Texas defendants combined) failed to comply with these requirements. You are professional lawyers presumed to know the laws and the rules but you are deliberately misreading, misapprehending and misapplying the rules purposefully and intentionally to avoid your duties, obligations and responsibilities imposed by the rules and your ethics to produce the documents to me.

   I hereby assert again that you and your clients have duty, obligation and responsibility to produce and **must produce** to me without further delay copies of documents that are in your and or your clients' possession, custody or control, which you stated you have in your Rule 26(a)(1) initial disclosure but you failed to produce them.

   Your or your clients' initial disclosures are not in compliance with the explicit requirements of Rule 26(a)(1), Rule 26(a)(1)(B), and Rule 26(a)(1)(D) read together. These Rules explicitly mandate that you or your clients must produce to me all documents in your possessions, custodies, or control as well as your clients' liability or indemnification insurance agreement(s).

   You must not depose me on any documents, materials or things, which you have failed to produce to me before deposition date. Your producing any of the documents on the day of deposition shall constitute prejudicial surprise, ambush, and sandbagging.

Ex. 1

You or your client must produce to me before or on **October 15, 2004** all the documents in your possessions, custodies or control that are relevant to this case and which you will use in defense of this action so as to avoid my motion for protective order and to compel and for sanctions. You may avail yourselves of the provisions of Rule 26(e)(1) to supplement and /or fully comply with Rule 26.

This is my ongoing extra-judicial good faith effort to make you comply fully and completely with the requirements of Rule 26. You must read, understand, comprehend and fully comply with the requirements of the Rules. You are already in violation of the rule thus you or your clients are subject to Rule 26(g) and 37 sanctions.

In summary, Rule 26(a)(1) requires disclosure of information and documents that the disclosing party may use to support its claims or defenses thus requires automatic initial disclosure of four categories of information: (A) Witnesses; (B) Documents; (C) Damages Computations; and (D) Insurance. You have failed to comply with (B) and (D).

Sincerely,

Darlington Amadasu

---

ACTIVITY REPORT

TIME : 10/11/2004 18:49
NAME :
FAX :
TEL :
SER. # : BROD4J504177

| NO. | DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|---|
| #001 | 10/11 | 18:46 | 3810205 | 57 | 03 | OK | TX ECM |
| #002 | 10/11 | 18:47 | 15123200667 | 57 | 03 | OK | TX ECM |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION / OUT OF MEMORY
CV : COVERPAGE
POL : POLLING
RET : RETRIEVAL
PC : PC-FAX

BY FAX:                                                                    P. O. Box 6263
                                                                           Cincinnati, OH 45206
                                                                           10/21/04

Justin D. Flamm                          Ramiro Canales
Taft, Stettinius & Hollister LLP         Attorney General of Texas
425 Walnut Street, Suite 1800            P. O. Box 78711
Cincinnati, OH 45202                     Austin, TX 78711

    Re: Amadasu v. Donovan; DEMAND YOUR COMPLIANCE WITH RULE 26(a)(1)(B & D) DISCLOSURES; and MEMORIAL OF MY TELEPHONE CONFERENCE TO RESOLVE THE ISSUES

    My 10/11/04 letter is incorporated by reference.
    This letter memorializes that to day at about 11.05 AM at my initiative I held a telephonic conference with Mr Justin D. Flamm and separately at about 12.05PM I conferred with Ms Kerry Ascher, associate attorney to Mr Ramiro Canales in good faith effort to resolve extra-judicially the defendants failure to comply with Rule 26(a)(1) et seq. automatic mandatory disclosures and the postponement of the deposition.

    On 7/16/04 in compliance with Rule 26(a)(1)(A & B) I sent you list of names of persons and entities likely to have discoverable materials, documents and things, and copies of documents relevant to this case but you failed to reciprocate in good faith. I supplemented my initial disclosures with disclosure of damages computation pursuant to Rule 26(a)(1)(C). Damages for emotional distress are not susceptible to computation under this rule.

    By 10/11/04 letter I re-asserted and reminded you that Rule 26(a)(1) with Rule 26(a)(1)(B) commands that you and your clients **"must provide to other parties,"** i.e., you or your client must provide to me the relevant documents, things and materials in your or your clients' possession, custody or control that are not for impeachment but you have continuously failed to comply.

    Contrary to the rule, by 11/19/04 Mr Flamm continues to assert that his clients are not required by the rule to provide to me the relevant documents in their possession, custody or control and that I have to come to his office to inspect those undescribed and uncategorized documents.

    To day, during my telephonic conference with Flamm, I disagreed with Flamm's assertion that Rule 26(a)(1) with Rule 26(a)(1)(B) provides that I come to his office to inspect before he chooses to provide them to me. To corroborate my disagreement, many times, I read to the ears of Flamm the unambiguous plain meaning language of the rule yet Flamm repeatedly continued to exhibit his ignorance, lack of understanding and misinterpretation of the rule. Flamm remains adamant that his clients are not required to and they will not provide to me the documents in his or his clients' possession, custody or control.

    I asked Flamm whether they would examine me on those documents that they refused to provide to me, he replied that they would examine me on those undisclosed and non-provided documents. When Flamm adamantly asserted that he and his clients would not produce the documents because he construes the rule does not mandate the production I demanded that he put his words in writing, sign it and send it to me but he refused. Flamm also asserted that he would not provide to me the documents because he would not bear the cost. Flamm asserted that he would only provide the description by category of the documents at his own discretion.

    On their non-compliance with Rule 26(a)(1)(D) disclosures, Flamm admitted that he had not asked his client to produce the insurance documents yet Flamm invited me to inspect the documents that are still in the possession of his clients. Flamm wants me to set a date for inspection of the insurance documents before he asks his clients to deliver them to him for my inspection and copying. I rejected the method. In response to my question, Flamm acknowledged that he has the duty, obligation and responsibility to obtain from his clients all

Ex. 2

pertinent, relevant and necessary documents, materials and things and produce them to other parties but he had failed to do so, at least with respect to this rule. Therefore, Ohio defendants have failed to comply with this rule.

    At about after noon, on the phone I attempted to confer with Mr Ramiro Canales but I was informed that he was on vacation I requested to and I did confer with Ms Kerry Ascher, associate attorney to Mr Canales. I reminded her that they have not fully complied with the Rule 26(a)(1) with Rule 26(a)(1)(B) requirements that they must provide to me documents in their possession, custody and control. She replied that Mr Canales have not authorized her to provide to me the documents. She informed that they would examine me on the documents that they have failed to provide to me then I told her that that would constitute surprise and ambush. I advised her that the deposition be postpone pending the determination of the motions regarding pleadings and entry of default, and the resolution of the defendants' failure and refusal to provide to me the documents on which they will examine me. Ms Ascher replied that she pass the request to Mr Canales.

    In sum, for more than 3 months since the deadline for Rule 26(a) initial disclosures, Ohio and Texas defendants continue to fail and refuse to comply fully and completely with Rule 26(a)(1) with Rule 26(a)(1)(B) mandatory disclosure requirements, and Ohio defendants continue to fail and refuse to comply fully and completely with Rule 26(a)(1)(D) disclosure requirements despite my good faith effort to resolve it extra-judicially. Defendants have refused to cooperate in the Rule 26(a) et seq. automatic mandatory disclosures and have refused to cooperate to postpone the deposition for the reasons above. I also inform them that I shall request a conference and or move for necessary relief from the court.

    Defendants are deliberately misinterpreting the rule purposefully to avoid mandatory disclosures and productions and are frustrating my efforts to obtain documents, information, materials and things in their possession, custody and control to enable me prepare and prosecute my claims.

    Sincerely,

Darlington Amadasu

## TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800

CINCINNATI, OHIO 45202-3957

513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

DAYTON, OHIO OFFICE
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

JUSTIN D. FLAMM
513-357-9667
flamm@taftlaw.com

6 October 2004

**CERTIFIED & REGULAR U.S. MAIL**

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

    Re:   <u>Amadasu v. Donovan, et al.</u>

Dear Mr. Amadasu:

    I write in response to your letter of 4 October 2004, and additionally to address your continuing failure to comply with Rule 26 of the Federal Rules of Civil Procedure.

    Your letter erroneously states that an entry of default has been entered in this case. As clearly set forth in our opposition to your frivolous motion for default judgment, your second amended complaint is before the Court not as such, but only as an attachment to your untimely motion for leave to amend. No answer is necessary unless and until the Court grants you leave to amend, which we have also opposed. Rule 15 of the Federal Rules of Civil Procedure very clearly sets forth the requirement that you obtain leave of court for an amendment, and nothing in Magistrate Judge Black's scheduling order nullifies that requirement. Nor did we consent.

    In your letter, you also assert that we "have a duty and obligation to produce to plaintiff copies of documents" in our possession. This assertion is incorrect. Rule 26 of the Federal Rules of Civil Procedure explicitly provides that copies of the documents need not be produced with the initial disclosures. In compliance with the Rule, we have stated that documents which the Ohio Defendants may use to support their claims or defenses, other than solely for impeachment, are available for inspection at the offices of Taft, Stettinius & Hollister LLP at a mutually agreeable time.

    <u>Your</u> initial disclosures, however, are not in compliance with the explicit requirements of Rule 26. As I have previously advised you in my letters of 23 July 2004 and 20 August 2004, you failed to include the required computation of your alleged damages, and you have also failed

{W0280677.1}

Ex 3

Darlington Amadasu
19 October 2004
Page 2

        extreme pain and suffering, flashbacks, nightmares, post traumatic
        stress disorder, headaches, constitutional and physical maladies.

This is but one example, and under Rule 26(a)(1)(C), you must provide (among other things that you have likewise failed to do) a computation of this category of damages that you are claiming, making available for inspection and copying documents and other evidentiary material that would allegedly support these claims. The Ohio Defendants, of course, have no such documents relating to your alleged injuries.

    Your initial disclosures still do not comply with the requirements of Rule 26. Please let us know when you will be providing this computation and making the supporting documents available for inspection and copying. Should you persist in this failure of compliance with your discovery obligations, the Ohio Defendants reserve all rights to seek sanctions from the Court, including an order barring you from seeking such damages or presenting any evidence relating to them.

                                                   Very truly yours,

                                                   Justin D. Flamm

JDF:srs

{W0289184.1}

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800

CINCINNATI, OHIO 45202-3957

513-381-2838

FAX: 513-381-0205

www.taftlaw.com

**COLUMBUS, OHIO OFFICE**
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

**NORTHERN KENTUCKY OFFICE**
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

**CLEVELAND, OHIO OFFICE**
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

**DAYTON, OHIO OFFICE**
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

JUSTIN D. FLAMM
513-357-9667
flamm@taftlaw.com

19 October 2004

**CERTIFIED & REGULAR U.S. MAIL**

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

Re:   Amadasu v. Donovan, et al.

Dear Mr. Amadasu:

I write in response to your letter dated 11 October 2004, which was not faxed to me until 9:59 a.m. on 12 October 2004. Your assertion that the Ohio Defendants are required to send you documents is not consistent with the plain language of Rule 26. As we have repeatedly advised you, copies of the documents enumerated as required initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure are located in the offices of Taft, Stettinius & Hollister LLP and are available for your inspection and review at a mutually agreeable time. Yet you have never requested to review these documents. Thus, to the extent that you have not seen documents that are subject to mandatory initial disclosure by the Ohio Defendants, you and you alone are responsible for that. Your failure to exercise diligence in seeking such a mutually agreeable time to review these documents means that you cannot claim anything approximating "prejudicial surprise, ambush, and sandbagging" as your letter groundlessly asserts.

Finally, the "supplement" to your own initial disclosures still falls short of Rule 26's requirements with regard to disclosure of "computation of any category of damages claimed" by you. Rule 26(a)(1)(C) explicitly "includ[es] materials bearing on the nature and extent of injuries suffered . . . .". You have alleged numerous injuries. For example, in ¶ 46 of your amended complaint, you allege as follows:

> The conspired, bad faith, arbitrary and capricious actions of Donovan and Miller pushed Amadasu to the brink of suicide, caused and/or aggravated his extreme depression, mental anguish, emotional distress, nervousness, insomnia, lack of appetite,

{W0289184.1}

Ex. 4

Darlington Amadasu
19 October 2004
Page 2

        extreme pain and suffering, flashbacks, nightmares, post traumatic
        stress disorder, headaches, constitutional and physical maladies.

This is but one example, and under Rule 26(a)(1)(C), you must provide (among other things that you have likewise failed to do) a computation of this category of damages that you are claiming, making available for inspection and copying documents and other evidentiary material that would allegedly support these claims. The Ohio Defendants, of course, have no such documents relating to your alleged injuries.

    Your initial disclosures still do not comply with the requirements of Rule 26. Please let us know when you will be providing this computation and making the supporting documents available for inspection and copying. Should you persist in this failure of compliance with your discovery obligations, the Ohio Defendants reserve all rights to seek sanctions from the Court, including an order barring you from seeking such damages or presenting any evidence relating to them.

                              Very truly yours,

                              Justin D. Flamm

JDF:srs

{W0289184.1}

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800

CINCINNATI, OHIO 45202-3957

513-381-2838

FAX: 513-381-0205

www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

DAYTON, OHIO OFFICE
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

JUSTIN D. FLAMM
513-357-9667
flamm@taftlaw.com

21 October 2004

**CERTIFIED & REGULAR U.S. MAIL**

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

    Re:    <u>Amadasu v. Donovan, et al.</u>

Dear Mr. Amadasu:

    I write in follow up to your telephone call from the morning of 21 October 2004. You interrupted me on a nearly constant basis during that telephone call, so I wanted to confirm what we had discussed. You raised for the first time in that telephone call an objection to the initial disclosures of the Ohio Defendants on the basis that you felt they had not sufficiently identified categories of documents that may be used to support their claims or defenses, unless solely for impeachment.

    Having considered this objection that you now raise, the Ohio Defendants are providing you with the enclosed supplemental initial disclosures. I trust that this supplement will remedy any of the issues that you raised on 21 October 2004. In our telephone conversation on the afternoon of 21 October 2004, I informed you repeatedly that we would be sending you this supplement today.

    I also asked you in our conversation this morning to confirm that you would be appearing for your 29 October 2004 deposition, which was noticed pursuant to Rule 30 over two weeks ago on 6 October 2004. You would not confirm your attendance, but you instead indicated that you planned to file a motion with regard to the deposition. When I asked you what would be the substance of that motion, you refused to provide me with that information. I now request again that you advise me what the substance of your proposed discovery motion would be. Absent such information, the Ohio Defendants simply cannot undertake, much less exhaust, extrajudicial means to resolve these differences. Also, I will remind you yet again that we offered to make

{W0294489.1}

EX. 5

Darlington Amadasu
21 October 2004
Page 2

documents available for your review (at a mutually agreeable time) back in July, but you chose not to review them.

    I also remind you (as I did on the telephone this afternoon) of the Court's 21 June 2004 order, which requires that after extrajudicial means have been exhausted (which they have not here, given your refusal to provide me with information), "in lieu of filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure, counsel must notify the Court seeking a conference." I enclose a copy of that Order with this letter so that you can review it.

    Thank you for your prompt attention to these matters, and I look forward to seeing you at your deposition next Friday, 29 October 2004.

                              Very truly yours,

                              Justin D. Flamm

JDF:srs
Enclosures
cc:    Ramiro Canales (enc)

{W0294489.1}

P. O. Box 6263
Cincinnati, OH 45206
10/4/04

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Re: Amadasu v. Donovan

On 7/16/04 plaintiff made good faith disclosures by sending you copies of documents relevant to this case but you failed to reciprocate in good faith. Pursuant to Rule 26(a)(1)(B) you have a duty and obligation to produce to plaintiff copies of documents that are in your and or your clients' possession, custody or control, which you stated in your Rule 26(a)(1) disclosure but you failed to comply with the rule.

The court clerk had entered 'entry of default' against your clients for failure to answer the amended/supplemented complaint thus, they are foreclosed or barred from further litigation of this case and your discovery is also foreclosed or moot by your clients' default and ongoing entry of default against them.

Sincerely,

*[signature]*
Darlington Amadasu


CC: Ramiro Canales.

Ex. 6