UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.

JAMES R. DONOVAN, M.D *et al.,*

    Defendants.

Case No. 1:01-cv-210

Dlott, J.
Black, M.J.

**ORDER**

This matter is before the Court on Plaintiff's motion to stay the proceedings and for a protective order. (Doc. 73). Plaintiff is seeking an Order from the Court: (1) staying the proceedings pending the determination of the Court's Report and Recommendation that Plaintiff's motion for default judgment and motion to amend the complaint be denied (doc. 70); (2) staying Plaintiff's October 29, 2004 deposition, pending compliance by the Ohio Defendants ("Defendants") with Rule 26(a)(1) with Rule 26(a)(1)(B); (3) for protection against potential discovery (deposition) abuse of surprise and ambush; and (4) tolling the Scheduling Order (Doc. 61). (*See* Doc. 73).

Plaintiff maintains that "because the pleading are hanging in the balance" (doc. 70), the proceedings in this matter should be stayed. Here, the discovery deadline is January, 31, 2005. (Doc. 61). Generally, discovery will not be stayed during the pendency of a dispositive motion unless there are exceptional circumstances. Here, the Court does not find any exceptional circumstances which would require a stay of the

proceedings and/or tolling of the Scheduling Order.

    Plaintiff is also seeking a protective order and a stay of his deposition as a result of the Ohio Defendants' alleged failure to provide him with copies of their Rule 26(a)(1) and Rule 26(a)(1)(B) disclosures. Plaintiff maintains that Defendants are planning to use these documents as exhibits at his deposition, "thereby creating potential for 'surprise and ambush' prejudicial to Plaintiff." (*See* Doc. 73, p. 3).

    Upon careful review of Plaintiff's motion and giving due consideration to his *pro se* status, the Court finds that Plaintiff is seeking an order compelling Defendants to produce their initial disclosures. Accordingly, the Court will construe Plaintiff's motion for a protective order as a motion to compel.

    Defendants maintain that Rule 26 explicitly provides that copies of the documents need not be produced with initial disclosures. (*See* Doc. 73, Exs. 3, 4). In a letter to Plaintiff dated October 6, 2004, Defendants stated "documents which the Ohio Defendants may use to support their claims or defenses, other than solely for impeachment, are available for inspection at the offices of Taft, Stettinius & Hollister LLP at a mutually agreeable time." (Doc. 73, Ex. 3)

    Fed. R. Civ. P. 26(a)(1)(B) provides a party must provide to other parties "a copy of, or a description by category and location of, all documents, date compilations, and tangible things that are in the possession . . . of the party. . . . " Thus, Plaintiff's assertion that Rule 26 "does not mandate inspections of the documents by [the] other party to whom the documents are to be provided . . ." is contrary to the explicit language of Fed.

-2-

R. Civ. P. 26(a)(1)(B).

Defendants have complied with Rule 26 be agreeing to make the documents available for Plaintiff's inspection. Plaintiff, however, has failed to make arrangements to inspect the documents. Thus, an order from the Court compelling the production of copies of these documents is neither required nor appropriate.

Finally, despite Plaintiff's *pro se* status, he is no stranger to the Court. Plaintiff is aware that he is required to attend his properly noticed deposition (*see* doc. 69), regardless of any alleged discovery disputes. Thus, Plaintiff's motion to stay his deposition, filed just three days before the deposition was to occur, is wholly without merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to stay the proceedings and toll the scheduling order (doc. 73) pending the outcome of the Court's Report and Recommendation is **DENIED**;

2. Plaintiff's motion to stay the taking of his deposition scheduled for October 29, 2004 (doc. 73) is **DENIED**;

3. Plaintiff's motion for a protective order is construed as a motion to compel discovery (doc. 73) and is **DENIED.**

*DATE: November 1, 2004*　　　　　　　　　　　　　　　s/ Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge