UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | Magistrate Judge Black |
| v. | : | |
| | : | **MOTION OF THE OHIO DEFENDANTS** |
| JAMES R. DONOVAN, M.D., *et al.*, | : | **FOR DISMISSAL OR OTHER** |
| | : | **SANCTIONS FOR PLAINTIFF'S** |
| Defendants. | : | **NONCOMPLIANCE WITH DISCOVERY** |

Defendants The University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak hereby move the Court for dismissal of Plaintiff Darlington Amadasu's ("Plaintiff") complaint, or in the alternative for other sanctions, under Rule 37 based on Plaintiff's noncompliance with his discovery obligations.

A memorandum in support is attached.

                                                  Respectfully submitted,

                                                  By: /s/ Justin D. Flamm
                                                      Gregory Parker Rogers (0042323)
                                                      Justin D. Flamm (0071575)
                                                      Taft, Stettinius & Hollister, LLP

OF COUNSEL:                                       425 Walnut Street, Suite 1800
                                                      Cincinnati, Ohio 45202-3957

Mitchell D. McCrate (0047403)              (513) 381-2838
Associate General Counsel                 (513) 381-0205 (fax)
University of Cincinnati
Office of the General Counsel              Special Counsel for the Attorney General of
300 Administrative Building                Ohio
Cincinnati, Ohio 45221-0623
(513) 556-3483                                 Trial Attorneys for the Ohio Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | Magistrate Judge Black |
| v. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| JAMES R. DONOVAN, M.D., *et al.*, | : | **MOTION OF THE OHIO DEFENDANTS** |
| | : | **FOR DISMISSAL OR OTHER** |
| Defendants. | : | **SANCTIONS FOR PLAINTIFF'S** |
| | : | **NONCOMPLIANCE WITH DISCOVERY** |

## I. INTRODUCTION

Defendants the University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak (collectively "the Ohio Defendants") have moved the Court for dismissal, or in the alternative for other sanctions, under Rule 37 of the Federal Rules of Civil Procedure based on Plaintiff Darlington Amadasu's ("Plaintiff") failure to fulfill his discovery obligations. As discussed below, Plaintiff willfully and intentionally failed to appear for his properly noticed deposition under circumstances that illustrate his bad faith and his intention to frustrate discovery and unjustifiably delay this action.

## II. BACKGROUND

On September 10, 2004, counsel for the Ohio Defendants sent Plaintiff a letter requesting that he provide dates in October and November 2004 for his deposition. (Declaration of Justin D. Flamm, ¶ 2 & Exh. A) Hearing no response from Plaintiff for over two weeks, on September 28, 2004 counsel wrote another letter to Plaintiff renewing the request for agreed dates and informing Plaintiff that his deposition would be set by unilateral notice if no dates were offered before October 4, 2004. (*Id.* at ¶ 3 & Exh. B) Plaintiff did not respond to this second letter, so

the Ohio Defendants on October 6, 2004 served and filed a Notice of Deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure. (*Id.* at ¶ 4 & Exh. C) Under the Notice, Plaintiff was to be deposed on October 29, 2004, which was over three weeks after the Notice issued. (*Id.*)

Plaintiff waited over two weeks after the Notice of Deposition and then asserted that his deposition should not go forward. On October 21, 2004, Plaintiff left a message for the Ohio Defendants' counsel stating that he would be asking the Court for a protective order concerning the deposition. (*Id.* at ¶ 5) Thereafter, Plaintiff waited another four days before raising the matter with the Court by filing a motion for protective order on October 25, 2004 -- just days before the deposition was scheduled. (Doc. 73) That motion itself violated this Court's June 21, 2004 Scheduling Order, which set forth the following requirement for discovery motions:

> After said [extrajudicial] means are exhausted, then, in lieu of filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure, counsel must notify the Court seeking a conference.

(Doc. 61 at 2) Plaintiff's deposition had been explicitly addressed in that same Order: "The Ohio defendants (collectively) shall be entitled to depose Plaintiff for up to seven hours." (*Id.* at 1)

At 9:00 a.m. on October 29, 2004, counsel appeared at the designated time and location for Plaintiff's deposition, with a court reporter present to transcribe his testimony. (Flamm Decl. at ¶ 6) Counsel waited until approximately 9:30 that morning before going on the record, but Plaintiff did not appear. (*Id.*) Other than to tell counsel that he was filing for a protective order, Plaintiff has not offered any explanation for his nonappearance either before or afterwards. (*Id.*) By order dated November 1, 2004, this Court denied Plaintiff's motion for a protective order in

its entirety and stated as follows:

> Finally, despite Plaintiff's *pro se* status, he is no stranger to the Court. Plaintiff is aware that he is required to attend his properly noticed deposition (*see* doc. 69), regardless of any alleged discovery disputes. Thus, Plaintiff's motion to stay his deposition, filed just three days before the deposition was to occur, is wholly without merit.

(Doc. 74 at 3)

### III. ARGUMENT

**A.   Plaintiff Intentionally Refused To Appear For His Properly Noticed Deposition.**

Plaintiff intentionally refused to appear for his properly noticed deposition. Plaintiff has offered counsel no reason why he could not have attended the deposition, and he has never claimed that he was unable to attend. (Flamm Decl. at ¶ 6) Only from the assertions made in his eleventh-hour motion for protective order can counsel divine the explanation for his nonappearance -- that he did not want to attend. Even that motion violated this Court's June 21, 2004 Order because Plaintiff (to counsel's knowledge) did not first contact the Court for a conference, and counsel for the Ohio Defendants reminded Plaintiff of this requirement just days before he filed his motion. (*Id.* at ¶ 5 & Exh. C) Had Plaintiff abided by the Court's directive, the matters raised in Plaintiff's motion could have been resolved immediately; instead, he filed a written motion that necessitated a written order.

Nor do Plaintiff's assertions in his motion for protective order justify his refusal to provide discovery. He first cites the pendency of his objections to Magistrate Judge Black's October 6, 2004 Report and Recommendation on Plaintiff's motion for leave to amend the complaint and motion for default judgment. (Doc. 70) As found in this Court's decision denying the protective order, there were no exceptional circumstances such as those that would be required to suspend discovery. (Doc. 74 at 1-2)

Plaintiff additionally argues in his motion that his deposition would have presented the potential of "surprise and ambush" because Plaintiff had taken the opportunity to review documents in the possession of the Ohio Defendants. (Doc. 73 at 3)  As Magistrate Judge Black found, however, the Ohio Defendants complied with Rule 26 by making documents available for Plaintiff's inspection. (*Id.*)  Thus, the reasons put forth by Plaintiff in his motion for protective order were without merit, and they should not excuse his intentional refusal to appear.

### B. Dismissal Is A Proper Sanction For Plaintiff's Noncompliance With Discovery, Which Is A Recurring Theme In Plaintiff's Lawsuits.

Rule 37(d) of the Federal Rules of Civil Procedure provides that a party's failure to appear for his own properly noticed deposition may be sanctioned by "such orders in regard to the failure as are just," including dismissal of the action. (Fed. R. Civ. P. 37(d) and (b)(2)(C))  The Sixth Circuit has set forth four factors for consideration on motion for dismissal under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

As discussed in Section III.A above, Plaintiff's refusal to attend his properly noticed deposition was intentional. Thus, the first factor is satisfied. With regard to the second factor, prejudice, Plaintiff's refusal to sit for deposition has deprived the Ohio Defendants of the opportunity to explore Plaintiff's Title VI and VII claims, identify witnesses in a timely fashion, and progress with discovery in a timely fashion before the January 2005 deadline so that they can prepare for trial.

The third factor is whether Plaintiff was warned that failure to cooperate in discovery could lead to dismissal of his claims. Although Plaintiff may not have received such an explicit warning in this case, he is a frequent *pro se* litigant and he has been advised previously in the Southern District of Ohio and elsewhere that nonappearance for deposition could lead to dismissal. For example, in *Amadasu v. Macheret*, No. 1:02-cv-263 (S.D. Ohio), plaintiff was advised by Magistrate Judge Novotny that his failure to appear for deposition in that case could lead to dismissal; nonetheless, a September 22, 2004 entry demonstrates that Plaintiff did not appear for deposition. (*Amadasu v. Macheret*, No. 1:02-cv-263 (S.D. Ohio), Doc. 88 at 9 (Attachment 1)) In *Amadasu v. Health Alliance of Greater Cincinnati*, No. 1:01-cv-284 (S.D. Ohio), the district court noted in January 2003 that Plaintiff had been "officially warned" his case could be dismissed if his bad-faith refusal to take part in discovery (which had included nonappearance for deposition) continued. (*Amadasu v. Health Alliance of Greater Cincinnati*, No. 1:01-cv-284 (S.D. Ohio), Doc. 34 at 2-3 (Attachment 2)) In *Amadasu v. University of Utah*, No. 02-4236, 92 Fed. Appx. 766 (10th Cir. 2004), the Tenth Circuit dismissed yet another action by Plaintiff for "willful and repeated discovery abuse," even after he was warned that the district court would consider dismissal unless he complied with discovery. *Id.* at 767-68 (Attachment 3). Likewise, in *Amadasu v. United Dairy Farmers*, No. A0106671 (Hamilton County Court of Common Pleas), a certified copy of a July 2002 entry reflects Plaintiff's nonappearance at deposition -- and the resulting dismissal -- in a case he initiated in Ohio state court. (Attachment 4)

In short, Plaintiff has every reason to know that his lawsuits can and will be dismissed if he does not show up for deposition.

The final factor is whether less drastic sanctions were imposed or considered. Given Plaintiff's willful noncompliance with his Notice of Deposition and his long history of similar

noncompliance, the Ohio Defendants respectfully submit that any sanction other than dismissal will have no effect on Plaintiff. He has been advised numerous times in other cases of the need for him to fulfill his discovery obligations, but he nonetheless persists to frustrate his opposition's efforts to take his deposition and explore the bases for his extensive and detailed allegations.

> C. **In The Alternative, Plaintiff Should Be Required To Reimburse The Fees And Expenses Incurred By The Ohio Defendants.**

Although the Ohio Defendants submit that no sanction short of dismissal is appropriate, they move in the alternative for other sanctions if the Court does not dismiss this action. Rule 37 also provides as follows:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Fed. R. Civ. P. 37(d)) Accordingly, if the action is not dismissed, Plaintiff should be required to pay the reasonable expenses and attorney's fees incurred in preparing for and attending his attempted deposition on October 29, 2004, and in preparing this motion.

## IV. CONCLUSION

Plaintiff is quick to file lawsuits, yet loath to appear for deposition. Based on his longstanding pattern of refusing to sit for depositions and his intentional failure to attend his properly noticed deposition in this case, the Ohio Defendants submit that this action should be dismissed under Rule 37 of the Federal Rules of Civil Procedure. In the alternative, Plaintiff should be sanctioned by awarding the Ohio Defendants their attorney fees and costs incurred over his deposition and this motion.

Respectfully submitted,

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Special Counsel for the Attorney General of Ohio

Trial Attorneys for the Ohio Defendants

OF COUNSEL:

Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administrative Building
Cincinnati, Ohio 45221-0623
(513) 556-3483

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system and served copies upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548, via regular United States mail, postage prepaid, this 16th day of November, 2004

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Special Counsel for the
Attorney General of Ohio

Trial Attorneys for the Ohio Defendants