UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | NO: C-1-01-284 |
| Plaintiff, | : | |
| v. | : | ORDER |
| | : | |
| HEALTH ALLIANCE OF GREATER CINCINNATI, et al., | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Objections to the Order of the Magistrate Judge that Defendants' Motion to Dismiss be Denied; Plaintiff's Cross Motion for Judgment on the Pleadings be Denied; and that Plaintiff pay the Reasonable Cost Incurred by Defendants in Bringing Their Motion to Dismiss (doc. 27) and Plaintiff's Objection to the Order of the Magistrate Judge denying Plaintiff's Motion to File Amended Complaint and Motion for Joinder of Additional Claims and Parties (doc. 30).

On May 8, 2001, Plaintiff filed a Complaint alleging employment discrimination (doc. 2). On December 7, 2001, Defendants filed a Motion for Dismissal with Prejudice (doc. 13). Plaintiff filed a Response to Defendants' Motion for Dismissal and

34

a Cross-Motion for Judgment on the Pleadings on January 29, 2001 (doc. 16). Defendants filed a Reply on February 11, 2002 (doc. 17). Plaintiff filed a Reply to Defendants' Response to Plaintiff's Cross Motion on February 13, 2002 (doc. 18). On September 4, 2002, the Magistrate Judge issued an Order denying Defendants' Motion to Dismiss, denying Plaintiff's Cross-Motion for Judgment on the Pleadings and ordering Plaintiff to pay the reasonable attorneys' fees incurred by Defendants in bringing their Motion to Dismiss (doc. 24). On October 17, 2002, the Magistrate Judge issued an Order denying Plaintiff's Motion to file an Amended Complaint (doc. 26). On October 18, 2002, Plaintiff filed an Objection to the Magistrate Judge's Order directing Plaintiff to pay Defendants' reasonable attorneys' fees (doc. 27). On November 20, 2002, Plaintiff filed an Objection to the Order of the Magistrate Judge denying Plaintiff leave to file an amended complaint (doc. 30).

Defendants filed their Motion to Dismiss pursuant to various discovery disputes between the Parties to this case. Defendants allege that Plaintiff refused to coordinate with them in regard to making arrangements for Plaintiff's deposition (doc. 13). Defendants further allege that Plaintiff failed to attend his properly noticed deposition on December 7, 2001 (<u>Id</u>.). Further, according to Defendants, Plaintiff failed to cooperate in drafting the Parties' Joint Preliminary Pretrial Conference Report (<u>Id</u>.).

2

Defendants allege that Plaintiff's refusal to take part in discovery was in bad faith and that Plaintiff acted egregiously in doing so (Id.). According to Defendants, such bad faith warrants dismissal of Plaintiff's Complaint (Id.). The Magistrate Judge agreed with Defendants that Plaintiff was acting in bad faith, warranting sanctions, and thus ordered Plaintiff to pay Defendants' reasonable attorneys' fees incurred in filing their Motion to Dismiss (doc. 27). According to the Magistrate Judge, the sanction of dismissal with prejudice is an extreme sanction and is to be used only in the most extreme cases of misconduct (Id.). The Magistrate Judge further noted that Plaintiff had received no warning from the Court that such actions could result in such a dismissal (Id.). The Magistrate Judge therefore denied Defendants' Motion to Dismiss but officially warned Plaintiff that future similar conduct on his part could lead to the dismissal of his case (Id.).

According to Rule 72 of the Federal Rules of Civil Procedure, this Court reviews the decisions of the Magistrate Judge on non-dispositive motions for clear error or mistake of law. Given this standard, the Court affirms the Magistrate Judge's Order that Plaintiff pay reasonable attorneys' fees, and his denial of leave to file an amended complaint.

The Court agrees with the Magistrate Judge that an order to pay Defendants' reasonable attorneys' fees is an appropriate

3

sanction for Plaintiff's actions. The Court further agrees with the Magistrate Judge that Plaintiff's actions do not warrant the extreme sanction of dismissal with prejudice. Thus, the Court will affirm the Magistrate Judge's denial of Defendants' Motion to Dismiss and his Order that Plaintiff pay reasonable attorneys' fees.

The Court further agrees with the Magistrate Judge's decision to deny Plaintiff leave to file an amended complaint. Plaintiff objects to the decision of the Magistrate Judge, stating that his hospitalization in early May prevented him from filing on time. However, the Magistrate Judge considered that hospitalization when making his decision and determined that Plaintiff had presented no explanation as to why he could not have sought an extension at an earlier time. The Court agrees with the Magistrate Judge; Plaintiff was hospitalized in early May, and was discharged almost one month before the deadline for filing amended complaints. Therefore, the Court does not find the decision of the Magistrate Judge to be clearly erroneous and will affirm the Magistrate Judge's denial of leave to file an amended complaint.

**CONCLUSION**

Therefore, the Court hereby DENIES Plaintiff's Objections (doc. 27, 30), DENIES Plaintiff leave to file an Amended Complaint and AFFIRMS the Order of the Magistrate Judge that Plaintiff pay the cost of attorneys' fees incurred by Defendants in submitting

4

their Motion to Dismiss.  The Court further SCHEDULES a status conference in this matter for January 30, 2003 at 9:30 A.M.

        SO ORDERED.

Dated:   1/14/03

S. Arthur Spiegel
United States Senior District Judge