UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | Magistrate Judge Black |
| v. | : | |
| | : | **DECLARATION OF JUSTIN D. FLAMM** |
| JAMES R. DONOVAN, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

I, Justin D. Flamm, truthfully state the following based on my own personal knowledge, and I further truthfully state that I am competent to testify if called:

1. I am counsel for Defendants the University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak (collectively "the Ohio Defendants") in this action.

2. On September 10, 2004, I sent Plaintiff a letter asking him to provide some dates in October and November 2004 for the Ohio Defendants to take his deposition. A true and accurate copy of that letter and its certified mail documentation is attached as Exhibit A to this Declaration.

3. I heard no response whatsoever from Plaintiff for over two weeks after sending that letter, so on September 28, 2004, I again wrote to Plaintiff renewing my request for proposed deposition dates and informing Plaintiff that I would set his deposition by unilateral notice if he did not offer any dates prior to October 4, 2004. A true and accurate copy of that letter and its certified mail documentation is attached as Exhibit B to this Declaration.

4. Plaintiff did not respond to my second letter either, so on October 6, 2004, I served and filed a Notice of Deposition pursuant to Rule 30 of the Federal Rules of Civil

{W0313767.1}

Procedure. A true and accurate copy of that letter and its certified mail documentation is attached as Exhibit C to this Declaration. The Notice of Deposition set Plaintiff's deposition for October 29, 2004. (*Id.*) The return receipt from that letter indicates that Plaintiff received it on October 7, 2004, which was over three weeks prior to the scheduled date for his deposition. (*Id.*)

5. For over two weeks, I did not hear anything from Plaintiff concerning his deposition. Then, on October 21, 2004, Plaintiff left me a voicemail message stating that he would be asking the Court for a protective order concerning the deposition. Thereafter, Plaintiff waited another four days before bringing the matter before the Court with a motion for protective order that he filed on October 25, 2004. (Doc. 73) To the best of my knowledge, Plaintiff never notified the Court seeking a conference prior to filing his motion for protective order, as required by the June 21, 2004 Scheduling Order. (Doc. 61 at 2) In my letter of October 6, 2004, I reminded Plaintiff of this requirement, as I had in a telephone conversation that we had that day. (Exh. C)

6. The place designated for Plaintiff's deposition was our firm's offices in downtown Cincinnati. At 9:00 a.m. on October 29, 2004, which was the designated time for Plaintiff's deposition, I appeared with a court reporter to transcribe Plaintiff's testimony. I waited until approximately 9:30 that morning before going on the record, but Plaintiff never appeared. (Exhibit D) Other than telling me on October 21, 2004 that he was filing for a protective order, Plaintiff has never offered me any explanation for his failure to appear at deposition or claimed that he was unable to attend.

7. The Ohio Defendants have incurred attorney fees as a result of Plaintiff's failure to appear for his deposition, yet they have not been able to obtain his testimony in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 29 U.S.C. § 1746.

{W0313767.1}                           2

Executed on November 16, 2004.

_____
Justin D. Flamm

{W0313767.1}                                          3