UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU<br><br>Plaintiff<br><br>-v-<br><br>JAMES R. DONOVAN, MD<br><br>et al<br>Defendants<br>Individually, personally, officially, & jointly | Case No: C-1-01-210<br><br>Magistrate: ~~Sherman~~ Black<br><br>PLAINTIFF'S OBJECTIONS<br>TO MAGISTRATE'S ORDER |

Now comes, Darlington Amadasu, Plaintiff, lay pro se, and objects to 11/01/04 Magistrate's Order denying plaintiff's motion (doc.73) to stay the proceeding, toll the scheduling order and for protective order. Plaintiff incorporates by reference plaintiff's motion to stay proceedings (doc.73)

Magistrate confused entry of default with default judgment. Entry of default governed by Rule 55(a) is distinguishable from default judgment governed by Rule 55(b). Pursuant to Rule 55(a) plaintiff applied to the court clerk to make entry of default, pursuant to Rule 77(c), against the defendants who failed to answer to the amended complaint by the due date.

## MEMORANDUM

**Staying of the proceedings and tolling the scheduling are warranted pending the Determination of Plaintiff's Objections to the Magistrate's Report and Recommendation (docs. 70 & 71) because issues had not been joined for discovery**

Issues are joined when a defendant serves responsive pleadings or answer to the complaint. Because defendants failed to serve answers to the amended/supplemented complaint, which was timely served upon them, issues have not been joined, and thus the de novo review of the issues of pleadings may determine whether or not issues had been joined.

Discovery is conducted on the issues that had been joined and because the issues had not been joined, staying of the proceedings pending the determination of whether issues had been joined is warranted before conducting discovery.

### Magistrate ignored Rule 26(a)(1), misinterpreted and misapplied Rule 26(a)(1)(B)

Rule 26(a)(1) provides that except in categories of proceedings specified in Rule 26(a)(E), or to the extent otherwise stipulated or directed by order, a party **must**, without awaiting a discovery request, provide to other parties:

Rule 26(a)(1)(B) provides that a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses, unless solely for impeachment.

Rule 26(a)(1)(B) read alone without Rule 26(a)(1) and vice versa, is meaningless and ineffective, therefore, for Rule 26(a)(1)(B) to have meaning and effect, it must be read together with Rule 26(a)(1) because they are mutually inclusive and supplementary.

This court should take judicial notice of the interrelatedness, inclusiveness and application of these rules in resolving the issue of Rule 26(a) initial disclosures and productions. These rules must be considered in relation to one another...must be adhered to. <u>Canister Co. v. Leahy</u>, 182 F.2d 510(C.A.Del.1950). Each separate rule of these rules is related to general plan of others and must be construed. <u>US v. Purdome</u>, 30 FRD 338(1962), and their interpretation that would make a rule superfluous should be avoided. <u>Gangemi v. Moor</u>, 268 F.Supp.19 (1967), and no single rule can consequently be considered in a vacuum. <u>Nasser v. Isthmian Lines</u>, 331 F.2d 124 (C.A.N.Y.1964).

### Magistrate Selectively misinterpreted, misanalysed and misapplied Rule 26(a)(1)(B):

A party can only provide a description by category and location of documents only if the documents are not in the possession, custody, or control of the party who is disclosing the documents, but, where the disclosing party has possession, custody and control of the documents, he or she must provide copies of the documents to the other party without waiting the other party to make discovery request. Here, both Ohio and Texas defendants' counsels admitted that they have possession, custody and control of the documents, therefore, pursuant to 26(a)(1)(B) read together with Rule 26(a)(1), the defendants and or their counsels must provide to plaintiff copies of the documents in their possession, custody and control. Plaintiff had provided defendants copies of documents without their inspection thereof. Equity and the law dictate that defendants must provide plaintiff the documents.

In selectively misinterpreting and misapplying the Rule 26(a)(1)(B), the Magistrate incompletely borrowed from Rule 26(a)(1) the key commanding words or phrase—"a party must provide to other parties" but tacitly omitted other key words—"without awaiting a discovery request"

in interpreting the Rule. The initial disclosures and production of documents are automatically required, without the need for inspection, a request or demand.

The explicit plain language of Rule 26(a)(1)(B) does not mandate or require a party to make inspection of the documents in the possession, custody and control of the disclosing and producing party. In fact, the words: "inspect" or "inspection" does not appear in the body language of this Rule 26(a)(1)(B).

Therefore, the Magistrate is grossly wrong in concluding that: "plaintiff's assertion that Rule 26 'does not mandate inspections of documents by the other party to whom the documents are to be provided...' is contrary to the explicit language of Fed. R. Civ. P. 26(a)(1)(B) because the explicit language of Rule 26(a)(1)(B) does not mandate inspection of documents before providing them to other party. The magistrate and the defendants are confusing Rule 26(a)(1)(B) with Rules 26(a)(1)(C, D) that explicitly require or mandate inspection of documents. Statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context. Meredith v. Federal Mine Safety and Health Review Com'n, 177 F.3d 1042, 336 US.App.D.C. 209 (C.A.D.C.1999). Court must interpret statute to give effect to all its parts. Estate of Magnin v. C.I.R., 184 F.3d 1074 (9th Cir.1999). Court is to give meaning to every word of a statute where possible. Smith v. Midland Brake, Inc., 180 F.3d 1154 (10th Cir.1999). See also Benson v. O'Brian, 179 F.3d 1014 (6th Cir.1999).

## CONCLUSION

This court should not adopt Magistrate's Order for the above reasons. Defendants have not complied with 26(a)(1)(B) read together with Rule 26(a)(1), thus, they must be compelled to provide copies of the documents to plaintiff consistent with the Rule's mandate. And the proceedings should be stayed pending the determination of the pleadings issues.

Respectfully submitted,

_____
Darlington Amadasu
Lay Pro se Plaintiff

**CERTIFICATE OF SERVICE**
This is to certify that a true copy of the foregoing Notice of Change of Address was served on Justin D. Flamm by fax 513-381-0205; and Ramiro Canales, by fax 512-320-0667 on 11/16/04

3