UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | Magistrate Judge Black |
| v. | : | |
| | : | |
| JAMES R. DONOVAN, M.D., *et al.*, | : | **MEMORANDUM OF THE OHIO** |
| | : | **DEFENDANTS IN OPPOSITION TO** |
| Defendants. | : | **PLAINTIFF'S MOTION FOR** |
| | : | <u>**ENLARGEMENT OF TIME**</u> |

On November 16, 2004, the Ohio Defendants[1] moved the Court for dismissal, or in the alternative for other sanctions, under Rule 37 of the Federal Rules of Civil Procedure. As discussed in that motion, Plaintiff Darlington Amadasu ("Plaintiff") willfully and intentionally failed to appear for his properly noticed deposition under circumstances that illustrate his bad faith and his intention to frustrate discovery and unjustifiably delay this action. Plaintiff now seeks to delay the case even further by seeking an extension of the time allowed for his opposition. For the reasons set forth below, the Ohio Defendants respectfully submit that no extension should be allowed.

The pending motion to dismiss presents a simple issue of law: should Plaintiff's case be dismissed as a sanction for his intentional refusal to appear at his properly noticed deposition? The applicable standard is a straightforward, four-part test enunciated by the Sixth Circuit in *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Furthermore, Plaintiff's behavior here is a recurring theme in many of the cases he has filed in recent

---

[1] The University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak.

years, several of which (as discussed in the Ohio Defendants' motion) have been dismissed for similar discovery abuses by Plaintiff.  Besides the possibility of alternative sanctions, no other legal issues are presented by the motion to dismiss.  The 21-day period afforded all responding parties under Local Rule 7.2(a)(2) should be more than sufficient for Plaintiff to prepare his response, and his assertion of "complex legal issues proferred by the defendants" has no basis whatsoever.

Plaintiff also claims that he is too busy preparing discovery requests to make a timely response to the motion to dismiss.  In the first instance, Plaintiff has already served several hundred requests for admission (including subparts) in flagrant violation of Local Rule 36.1, scores of document requests, and numerous interrogatories.  The written discovery requests served by Plaintiff to date are submitted to the Court as Attachments A, B, C, D, E, F, G, H, I, J, K, L, and M.  Plaintiff's motion suggests that he plans to continue propounding still more written requests on top of the grossly excessive requests that he has already served.  The Ohio Defendants respectfully submit that the Court should not countenance Plaintiff's abuse of the discovery process -- particularly when the pending motion to dismiss is based on Plaintiff's own failure to show up for his deposition.  Further, all of these requests will be mooted if the motion to dismiss is granted.

Rule 6(b) of the Federal Rules of Civil Procedure allows for enlargement of time limits "for cause shown." Plaintiff has not shown any such cause, and his request for more time should be denied in its entirety.

Respectfully submitted,

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Special Counsel for the Attorney General of Ohio

Trial Attorneys for the Ohio Defendants

OF COUNSEL:

Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administrative Building
Cincinnati, Ohio 45221-0623
(513) 556-3483

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing using the CM/ECF system and served copies upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548, via regular United States mail, postage prepaid, this 2nd day of December, 2004

                              By:  /s/ Justin D. Flamm