UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU | Case No: C - 1- 01 - 210 |
| Plaintiff | Black/Dlott |
| -V- | |
| JAMES R. DONOVAN, MD | PLAINTIFF'S FIRST REQUESTS FOR ADMISSION |
| Defendants | TO UNIV. TEXAS HLTH SCIEN.CTR. SAN ANTONIO |

Pursuant to FRCP 36 Plaintiff hereby serves on Defendant University of Texas Health Science Center at San Antonio, Texas Plaintiff first set of Requests for Admission set forth below to be answered by defendant within 30 days from the date of service.

### DEFINITIONS
"Defendant" refers to University of Texas Health Science Center at San Antonio, Texas ("UTHSCSA").

### INSTRUCTIONS
1. Provide a response to each request separately.
2. If there is an objection to a request, state the complete specific basis for every such objection.

### REQUESTS FOR ADMISSION

1. Admit: (a) you offered and plaintiff accepted a 4-week Environmental Medicine/Border Health Elective (EMBHE) in Laredo by the South Texas Environmental Educational and Research (STEER) Center and Department of Family Practice beginning from April 3 to 28, 2000; (b) you expected that plaintiff would reasonably rely on your promised 4-week EMBHE in accepting your offer; (c) plaintiff as bona fide medical doctor and STEER participant was entitled to all equal protections, privileges, immunities, rights and due process afforded by you to the participants and members of your medical staff.
ANSWER:


2. Admit or deny: that Defendant was and is recipient of federal funds and assistances.
ANSWER:


3. Admit or deny: you regularly and annually received/receives federal financial assistance for (a) the STEER; (b) Family Practice Program (FPP)
ANSWER:

1

4.   Admit: plaintiff was an intended beneficiaries of your STEER, Family Practice Residency Training Program (FPRP) and grants and assistances therefor from the federal funding agencies
ANSWER:

5.   Admit that your 09/07/99 letter to plaintiff: (a) was genuine; (b) its contents are true and accurate; (c) Your statement to plaintiff in the letter that: "we are committed to making your month with us one of the most valuable experiences of your training as a health professional" constitutes your promise to plaintiff; (d) you expected that plaintiff would reasonably rely on this promise in accepting your offer of EMBHE; (e) you failed to deliver upon this promise
ANSWER:

6.   Admit: (a) you committed to provide to plaintiff free housing expected to start from 03/31/00 and to end 04/28/00; (b) you expected that plaintiff would reasonably rely on this promise in accepting your free housing and not making other alternative housing; (c) you terminated your committed free housing on 04/19/00; (c) you failed to provide to plaintiff advance notice of termination of housing; (d) you evicted plaintiff from the free housing; (e) you breached your free housing tenure agreement; (f) you have no justification for termination of the housing.
ANSWER:

7.   Admit: (a) you lodged plaintiff in a house at 135 Ainsworth, Laredo Community College Campus, Laredo; (b) the house was archaic, desolate and isolated from the city; (c) the house was not completely furnished as you promised or represented; (d) the house was unsafe and unhealthful; (e) you had other modern, well furnished, safer and healthful houses that were vacant at the time you lodged plaintiff at 135 Ainsworth; (f) E.g., the house or apartment 6D at 101 W. Delmar Rd, Laredo was vacant then
ANSWER:

8.   Admit: you lodged similarly situated STEER's participants from non-protected class than plaintiff in your other modern, well furnished, safer, healthful and city located houses.
ANSWER

2

9. Admit: (a) on or about 04/18/00 three Caucasian medical residents from UTHSCSA arrived in Laredo for the EMBHE; (b) you through defendant Roger Perales (Perales) ordered plaintiff to vacate his housing apartment 6D at 101 W. Delmar Rd, Laredo for the Caucasian residents; (c) Perales abandoned plaintiff for preferential treatment of the Caucasians; (d) plaintiff complained of racial discrimination and refused to vacate the apartment; (e) on 04/19/00 Perales terminated plaintiff's EMBHE
ASNWER:

10. Admit: (a) you promised to offer free transportation for plaintiff for the entire duration of his EMBHE from and to Plaintiff's lodge to STEER Center; from STEER Center to every STEER's rotation sites thence to plaintiff's lodge; (b) you expected plaintiff to reasonably rely on your promises; (c) you failed to fulfilled your promises; (d) plaintiff had to provide his transportation without your reimbursing his cost thereof.
ANSWER:

11. Admit (a) STEER Center and its operators were ill prepared for plaintiff's participation; (b) STEER Rotation Calendar (SRC) for April 2000 were not made until it was hastily made on or about 04/07/00, i.e., about 8 days post plaintiff's arrival; (c) the hastily made April 2000 SRC had many gaps of non-rotations or inactivities; (d) the April 2000 SRC made for plaintiff lacked the essential components vi-sa-vis the January 2000 and February 2000 SRC made for similarly situated predecessors.
ANSWER:

12. Admit: your faculty members of the Department of Family Practice (DFP) and STEER have duty, obligation and responsibility: (a) to timely prepare the SRC for plaintiff; (b) supervise and precept plaintiff in all the STEER clinical and or practicum rotations; (c) they failed to supervise and or precept plaintiff
ANSWER:

13. Admit the DFP and STEER faculty, particularly, defendants Claudia Miller failed to perform her duties, obligations and responsibilities in the preceding Admission Request #12 owed to plaintiff in failing (a) to timely

3

make the SRC with all the essential components; (b) supervise and precept plaintiff during the EMBHE rotations.
ANSWER:

15. Admit: plaintiff (a) did not sexually harass any female at STEER Center or in Laredo; (c) you have no record of written complaint of sexual harassment against plaintiff from any female at STEER Center or in Laredo; (c) if there was any complaint such complaint was not noticed to plaintiff so as to have opportunity to respond; and (d) You have no proof that plaintiff sexually harassed any woman at STEER Center.
ANSWER:

16. Admit that: (a) UTHSCSA letter dated September 7, 1999 to plaintiff and your brochures/flyers, ID as [Pl.018-19] are genuine; (b) all the statements in the documents are true and accurate; (c) as per the Pl.018-19] your faculty, and not clerk, were to work with plaintiff during the EMBHE; (d) your faculty did not worked with plaintiff during the EMBHE as promised.
ANSWER:

17. Admit: (a) you suddenly and prematurely terminated plaintiff's EMBHE on 4/19/00; (b) you failed to follow the due process for terminating members of the medical staff as provided by the medical staff's bylaws, fair hearing plan, rules and regulations, policies and procedures ("Bylaws") of the UTHSCSA and of your DFP; (c) you had no founded justification (s) for terminating plaintiff's EMBHE;
ANSWER:

18. Admit: (a) as condition precedent for receiving federal assistance or funds, UTHSCSA gave assurances to federal funding agencies that it would not discriminate, exclude from participation or prevent from deriving benefits from your programs and activities against qualified intended beneficiaries of such federal assistance or funds; (b) plaintiff was an intended beneficiary of the federal financial assistance to UTHSCSA.
ANSWER:

4

19. Admit: as condition precedent for accreditation of UTHSCSA to provide health care services to the public, you (a) agreed to be bound by the accreditation requirements of the Joint Commission on Accreditation of Healthcare Organization (JCAHO); (b) you adopted JCAHO requirements; (c) plaintiff was entitled to the protection, privileges, immunities and due process under the JCAHO requirements; (d) you failed to afford plaintiff the JCAHO mandated due process
ANSWER:

20. Admit that as condition precedent for accreditation of UTHSCSA as a teaching hospital for postgraduate medical education and training of medical students, medical graduates, and residents, you (a) agreed to be bound by the accreditation requirements of Accreditation Council for Graduate Medical Education (ACGME); (b) plaintiff as an intended beneficiary was entitled to the protections, privileges, immunities and due process under the ACGME requirements; (c) you failed to afford plaintiff the ACGME mandated due process
ANSWER:

21. Admit: as condition precedent for accreditation of UTHSCSA for sponsoring Family Practice Residency Program (FPRP) and STEER thereunder, you (a) agreed to be bound by the accreditation requirements of American Board of Family Practice (ABFP); (b) plaintiff as an intended beneficiary was entitled to the protections, privileges, immunities and due process under the ABFP requirements; (c) you failed to afford plaintiff the ABFP mandated due process
ANSWER:

22. Admit: UTHSCSA: (a) read and fully understood the federal Health Care Quality Improvement Act (HCQIA), Title IV, 42 U.S.C. 11101 et seq.; (b) had adopted and is bound by the HCQIA; (c) plaintiff as a bona fide rotating member of your medical staff was entitled to all the protections, immunities, privileges and due process under the HCQIA; (d) you failed to comply with the HCQIA provisions when termination action against plaintiff was taken; (e) you failed to afford plaintiff the HCQIA mandated due process
ANSWER:

23. Admit: your publication through and by your employees and servants, particularly, defendants Perales and Miller to defendant UC employees and servants, particularly, defendant Donovan, that plaintiff sexually harassed women in Laredo was false.
ANSWER:

5

24. Admit: you (a) were/are aware of the federal, state and local governments' anti-discriminatory, anti-retaliatory and anti-exclusionary statutes as well as your policies and procedures against discrimination and retaliation; (b) failed to adhere to the requirements of Title VI, Title VII, Fair Housing Act; (c) you treated plaintiff unfavorably different than similarly situated; (d) you excluded plaintiff from participation in and deprived him of the benefits of your STEER without just cause when you terminated his EMBHE
ANSWER:

25. Admit: defendant Perales (a) was not a member of the faculty of UTHSCSA and DFP; (b) had no authority and competence to supervise plaintiff, particularly plaintiff's EMBHE clinical rotation; (c) had no authority and power to recommend and or terminate plaintiff's EMBHE; (d) had no authority and power to evict or direct Area Health Education Center (AHEC) to evict plaintiff from his lodge.
ANSWER:

26. Admit: Under the First Amendment to the Constitution of United States, Plaintiff (a) had/has the right of free speech; (b) had/has the right to peacefully associate and assemble with any gender or sex; (c) had/has the right to engage in protected activities.
ANSWER:

27. Regarding plaintiff's April 2000 4-week Environmental Medicine/Border Health Elective (EMBHE) offered in Laredo by the South Texas Environmental Educational and Research (STEER) Center and Department of Family Practice (DFP) of defendant UTHSCSA, admit: (a) UTHSCSA prematurely terminated plaintiff's EMBHE; (b) you did not send to UC written justification for the premature termination of plaintiff's EMBHE; (c) you failed to investigate the circumstances surrounding the UTHSCSA-STEER treatment of plaintiff; (d) your termination of plaintiff's EMBHE lacks basis in facts and evidence of plaintiff's causation of and contribution to the premature termination of EMBHE;
ANSWER:

..................................................
Darlington Amadasu
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE:**
I hereby certify that the foregoing was served on Justin D. Flamm by fax, and on Ramiro Canales, P.O. Box 12548, Capitol Station, Austin, TX 78711 by USPS mail and fax on 11/23/04.

7