UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DARLINGTON AMADASU

    Plaintiff

-v-

JAMES R. DONOVAN, MD
    Defendants

Case No: C - 1- 01 - 210

Black/Dlott

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
TO ROGER B. PERALES

---

Pursuant to FRCP 36 Plaintiff hereby serves on Defendant Roger B. Perales Plaintiff first set of Requests for Admission set forth below to be answered by defendant within 30 days from the date of service.

DEFINITIONS
"Defendant" refers to Roger B. Perales ("Perales").

INSTRUCTIONS
1. Provide a response to each request separately.
2. If there is an objection to a request, state the complete specific basis for every such objection.

**REQUESTS FOR ADMISSION**

1. Admit: (a) UTHSCSA offered and plaintiff accepted a 4-week Environmental Medicine/Border Health Elective (EMBHE) in Laredo by the South Texas Environmental Educational and Research (STEER) Center and Department of Family Practice beginning from April 3 to 28, 2000.
ANSWER:

2. Admit you were a STEER Center clerk during plaintiff's EMBHE at STEER Center, Laredo.
ANSWER:

3. Admit: you had no authority to offer EMBHE to residents seeking EMBHE at STEER Center
ANSWER:

4. Admit you had no authority to recommend termination of a resident from the EMBHE of STEER
ANSWER:

5. Admit: you had no authority to terminate a resident from STEER program
ANSWER:

1

6. Admit: (a) UTHSCSA-STEER committed to provide plaintiff with free housing from 03/31/00 and to end 04/28/00; (b) you expected that plaintiff would reasonably rely on this promise in accepting the free housing and not making other alternative housing
ANSWER:

7. Admit: (a) STEER Center lodged plaintiff in a house at 135 Ainsworth, Laredo Community College Campus, Laredo; (b) the house was archaic, desolate and isolated from the city; (c) the house was not completely furnished as STEER Center promised or represented; (d) the house was unsafe and unhealthful; (e) other modern, well furnished, safer and healthful houses were vacant and available for plaintiff at the time you lodged plaintiff at 135 Ainsworth; (f) E.g., the house or apartment 6D at 101 W. Delmar Rd, Laredo was modern, healthful, safe and vacant then
ANSWER:

8. Admit: you lodged similarly situated STEER's participants from non-protected class than plaintiff in your other modern, well furnished, safer, healthful and city located houses.
ANSWER

9. Admit: (a) on or about 04/18/00 three Caucasian medical residents from UTHSCSA arrived in Laredo for the EMBHE; (b) you ordered plaintiff to vacate his housing apartment 6D at 101 W. Delmar Rd, Laredo for the Caucasian residents; (c) you abandoned plaintiff for preferential treatment of the Caucasians; (d) plaintiff complained of racial discrimination and refused to vacate the apartment; (e) on 04/19/00 you terminated plaintiff's EMBHE; (f) the three residents completed their EMBHE
ASNWER:

10. Admit: (a) STEER Center promised to offer free transportation for plaintiff for the entire duration of his EMBHE from and to Plaintiff's lodge to STEER Center; from STEER Center to every STEER's rotation sites tience to plaintiff's lodge; (b) you expected plaintiff to reasonably rely on your promises; (c) you failed to fulfilled your promises; (d) plaintiff had to provide his transportation without your reimbursing his cost thereof.
ANSWER:

2

11. Admit (a) STEER Center and you were ill prepared for plaintiff's participation; (b) STEER Rotation Calendar (SRC) for April 2000 were not made until it was hastily made on or about 04/07/00, i.e., about 8 days post plaintiff's arrival; (c) the hastily made April 2000 SRC had many gaps of non-rotations or inactivities; (d) the April 2000 SRC made for plaintiff lacked the essential components vi-sa-vis the January 2000 and February 2000 SRC made for similarly situated predecessors-participants in STEER.
ANSWER:

12. Admit: (a) STEER Center faculty had duty, obligation and responsibility: (a) to timely prepare the SRC with all the essential components for plaintiff; (b) supervise and precept plaintiff in all the STEER clinical and cr practicum rotations;
ANSWER:

13. Admit (a) STEER Center faculty failed to perform their duties, obligations and responsibilities in the preceding Admission Request #12 that you owed to plaintiff; (b) in failing to timely make the SRC with all the essential components; (b) in failing to supervise and precept plaintiff during the EMBHE rotations.
ANSWER:

14. Admit: (a) you have no personal knowledge that plaintiff sexually harass any female at STEER Center or at Laredo; (b) you have no record of written complaint of sexual harassment against plaintiff from any female at STEER Center or at Laredo; (c) if you had any such complaint, such complaint was not noticed to plaintiff so as to have opportunity to respond; and (d) You have no proof that plaintiff sexually harassed any woman at STEER Center and at Laredo.
ANSWER:

15. Admit that: (a) UTHSCSA-STEER letter dated September 7, 1999 to plaintiff and its brochures/flyers, ID as [Pl.018 –19] are genuine; (b) all the statements in the documents are true and accurate; (c) as per the Pl.018-19] you were not the faculty to work with plaintiff during the EMBHE; (d) the faculty did not worked with plaintiff during the EMBHE as promised.
ANSWER:

16. Admit: (a) by phone from San Antonio defendant Miller suddenly and prematurely terminated

3

plaintiff's EMBHE on 4/19/00; (b) you instigated Miller to summarily terminate plaintiff's EMBHE; (c) you had no founded justification (s) for instigating Miller to terminate plaintiff's EMBHE; (d) offering and termination resident's EMBHE at STEER Center were outside the scope of your employment and job description
ANSWER:

17. Admit: (a) on 4/1/00 there was Laredo Coalition Health Fair (The Fair) at Martin High School; (b) plaintiff participated; (c) plaintiff was not supervised by faculty of UTHSCSA Dept of Family Practice (DFP); (c) you attempted at supervising plaintiff's clinical work at the fair; (d) you had neither the capacity, nor authority, nor the competence to supervise plaintiff's clinical work; (e) supervision of residents was outside your scope of employment.
ANSWER:

18. Continuing from preceding admission request #17, admit (a) during plaintiff's physical exam of the fair patients you intruded, interrupted, and interfered with plaintiff's work and patients' privacy; (b) you were unhappy when plaintiff asked you to stop interfering with his clinical work and patients' privacy;
ANSWER:

19. During the said fair, admit: (a) many adult White-Hispanic males and females friendly associated and interacted with plaintiff and vice versa; (b) you discountenanced and disfavored White-Hispanic females interacting, associating and communicating with plaintiff and vice versa; (c) you discouraged the White-Hispanic women from associating with plaintiff and vice versa because, according to you, white Hispanic females and black males should not associate and date
ANSWER:

20. Admit: at Laredo Dept. of Public Health where STEER Center was housed (a) many adult White Hispanic males and females friendly associated and interacted with plaintiff and vice versa; (b) you discountenanced and disfavored White-Hispanic females interacting, associating and communicating with plaintiff and vice versa; (c) you discouraged the White-Hispanic women from associating with plaintiff because, according to you, white Hispanic women and black should not associate, interact or make friendship or dating
ANSWER:

21. Admit: during plaintiff's clinical rotation at Nuevo-Laredo, Mexico Dept. of Public Health, you interrupted, hindered and interfered with (a) plaintiff's clinical work; (b) professional clinical discussion between a white-Hispanic female doctor and plaintiff

4

ANSWER:


22. Admit: (a) you wrote a letter dated 4/19/00 to AHEC; (b) by the said 4/19/00 letter you instigated America Health Education Center (AHEC), which lodged plaintiff at Delmar Rd Apt 6d to evict plaintiff summarily without advance notice to plaintiff; (b) you had no authority to terminate or direct termination of plaintiff's housing
ANSWER:


23. Admit: (a) on 4/19/00 you telephoned defendants, Miller and Donovan and informed them you terminated plaintiff and or why plaintiff should be terminated from the STEER program; (b) you wrote defendants, Miller and Donovan, a letter dated 4/19/00 in which you stated the reasons why you recommended termination of plaintiff from STEER
ANSWER:


24. Admit: in your said 4/19/00 letter to Miller and Donovan in the preceding admission request #23 (a) among other reasons for your termination of plaintiff from STEER, you stated plaintiff continuously engaged in sexual harassment of women in Laredo; (b) your publications to Miller and Donovan and other third parties that plaintiff sexually harassed women in Laredo were false.
ANSWER:


25. Admit: defendant Perales (a) was not a faculty member of UTHSCSA and DFP; (b) had no capacity, authority and competence to supervise plaintiff, particularly plaintiff's EMBHE clinical rotation; (c) had no authority and power to recommend and or terminate plaintiff's EMBHE; (d) had no authority and power to evict or direct Area Health Education Center (AHEC) to evict plaintiff from his lodge.
ANSWER:


26. Admit: Under the First Amendment to the Constitution of United States, Plaintiff, like citizens of the United States (a) had/has the right of free speech; (b) had/has the right to peacefully associate and assemble with any gender or sex; (c) had/has the right to engage in protected activities.
ANSWER:


27. Admit that your termination of plaintiff's EMBHE lacks basis in facts and evidence of plaintiff's causation of and contribution to the premature termination of EMBHE;
ANSWER:

5

28. Admit: during plaintiff's EMBHE (a) defendant Miller was in San Antonio from 3/31/00 to 4/12/00; (b) Miller came to STEER Center at Laredo on or about 4/13/00 and went back to San Antonio on or about 4/14/00; (c) while she was in Laredo plaintiff complained about your conduct and behavior towards, discrimination against and disparate treatment of plaintiff; (d) you were unhappy about plaintiff's complaint to Miller
ANSWER:

29. Admit: when plaintiff was lodged at 135 Ainsworth, Laredo Community College, (a) you entered plaintiff's premises in his absence and without his consent; (b) you conducted searches therein in his absence and without his consent
ANSWER:

30. Admit: during April 2000 (a) you were a student at University of Texas School of Public Health working towards Master degree in Public Health; (b) you told plaintiff you had difficulties in Statistics and Epidemiology; (c) you solicited plaintiff to tutor you in the Statistics and Epidemiology; (d) plaintiff declined your request and you were unhappy
ANSWER:

31. Admit: (a) white Hispanic females' associating, interacting and communicating with plaintiff and vice versa were private affair; (b) were between consenting and willing adults; (c) did not anyway interfered with, hinder, or disrupted STEER program or Plaintiff's EMBHE; (d) were absolutely constitutionally guaranteed to all citizens
ANSWER:

..................................................
Darlington Amadasu
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE:**
I hereby certify that the foregoing was served on Justin D. Flamm by dropping, and on Ramiro Canales, P.O. Box 12548, Capitol Station, Austin, TX 78711 by USPS mail and fax on 11/26/04.

6