UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

| | |
|---|---|
| DARLINGTON AMADASU | Case No: C-1-01-210 |
| Plaintiff | Black/Dlott |
| -v- | |
| JAMES R. DONOVAN, MD | PLAINTIFF'S FIRST REQUESTS FOR ADMISSION |
| Defendants | TO CLAUDIA S. MILLER |

---

Pursuant to FRCP 36 Plaintiff hereby serves on Defendant Claudia S. Miller Plaintiff first set of Requests for Admission set forth below to be answered by defendant within 30 days from the date of service.

DEFINITIONS
"Defendant" refers to Claudia S. Miller ("Miller").

INSTRUCTIONS
1. Provide a response to each request separately.
2. If there is an objection to a request, state the complete specific basis for every such objection.

REQUESTS FOR ADMISSION

1. Admit: (a) you offered and plaintiff accepted a 4-week Environmental Medicine/Border Health Elective (EMBHE) in Laredo by the South Texas Environmental Educational and Research (STEER) Center and Department of Family Practice beginning from April 3 to 28, 2000; (b) you expected that plaintiff would reasonably rely on your promised 4-week EMBHE in accepting your offer; (c) plaintiff as bona fide medical doctor and STEER participant was entitled to all equal protections, privileges, immunities, rights and due process afforded by UTHSCSA to the participants and members of your medical staff.
ANSWER:

2. Admit you received/receive federal financial assistance for (a) the STEER; (b) Family Practice Program (FPP)
ANSWER:

3. Admit: plaintiff was an intended beneficiary of your STEER, Family Practice Residency Training Program (FPRP) grants and assistances from the federal funding agencies
ANSWER:

1

4. Admit that your 09/07/99 letter to plaintiff: (a) was genuine; (b) its contents are true and accurate; (c) Your statement to plaintiff in the letter that: "we are committed to making your month with us one of the most valuable experiences of your training as a health professional" constitutes your promise to plaintiff; (d) you expected that plaintiff would reasonably rely on this promise in accepting your offer of EMBHE; (e) you failed to deliver upon this promise
ANSWER:

5. Admit: (a) UTHSCSA-STEER committed to provide plaintiff with free housing expected to start from 03/31/00 and to end 04/28/00; (b) you expected that plaintiff would reasonably rely on this promise in accepting your free housing and not making other alternative housing; (c) you terminated your committed free housing on 04/19/00 without advance notice of termination to plaintiff; (d) you evicted plaintiff from the free housing; (e) you breached your free housing tenure commitment; (f) you have no justification for termination of the housing.
ANSWER:

6. Admit: (a) you lodged plaintiff in a house at 135 Ainsworth, Laredo Community College Campus, Laredo; (b) the house was archaic, desolate and isolated from the city; (c) the house was not completely furnished as you promised or represented; (d) the house was unsafe and unhealthful; (e) you had other modern, well furnished, safer and healthful houses that were vacant at the time you lodged plaintiff at 135 Ainsworth; (f) E.g., the house or apartment 6D at 101 W. Delmar Rd, Laredo was modern, healthful, safe and vacant then
ANSWER:

7. Admit: you lodged similarly situated STEER's participants from non-protected class than plaintiff in your other modern, well furnished, safer, healthful and city located houses.
ANSWER

8. Admit: (a) on or about 04/18/00 three Caucasian medical residents from UTHSCSA arrived in Laredo for the EMBHE; (b) you through defendant Roger Perales (Perales) ordered plaintiff to vacate his housing apartment 6D at 101 W. Delmar Rd, Laredo for the Caucasian residents; (c) your staff abandoned plaintiff for preferential treatment of the Caucasians; (d) plaintiff complained of racial discrimination and refused to vacate the apartment; (e) on 04/19/00 Perales terminated plaintiff's EMBHE

2

ASNWER:

9. Admit: (a) you promised to offer free transportation for plaintiff for the entire duration of his EMBHE from and to Plaintiff's lodge to STEER Center; from STEER Center to every STEER's rotation sites thence to plaintiff's lodge; (b) you expected plaintiff to reasonably rely on your promises; (c) you failed to fulfilled your promises; (d) plaintiff had to provide his transportation without your reimbursing his cost thereof.
ANSWER:

10. Admit (a) STEER Center and you were ill prepared for plaintiff's participation; (b) STEER Rotation Calendar (SRC) for April 2000 were not made until it was hastily made on or about 04/07/00, i.e., about 8 days post plaintiff's arrival; (c) the hastily made April 2000 SRC had many gaps of non-rotations or inactivities; (d) the April 2000 SRC made for plaintiff lacked the essential components vi-sa-vis the January 2000 and February 2000 SRC made for similarly situated predecessors-participants in STEER.
ANSWER:

11. Admit: (a) you have duty, obligation and responsibility: (a) to timely prepare the SRC with all the essential components for plaintiff; (b) to supervise and precept plaintiff in all the STEER clinical and or practicum rotations;
ANSWER:

12. Admit (a) you failed to perform your duties, obligations and responsibilities in the preceding Admission Request #11 that you owed to plaintiff; (b) in failing to timely make the SRC with all the essential components; (b) in failing to supervise and precept plaintiff during the EMBHE rotations; in failing to work with plaintiff
ANSWER:

13. Admit: (a) you have no personal knowledge of plaintiff sexually harass any female at STEER Center or at Laredo; (b) you have no record of written complaint of sexual harassment against plaintiff from any female at STEER Center or in Laredo; (c) if you had any such complaint, such complaint was not noticed to plaintiff so

3

as to have opportunity to respond; and (d) You have no proof that plaintiff sexually harassed any woman at STEER Center or at Laredo.
ANSWER:

14. Admit that: (a) your letter dated September 7, 1999 to plaintiff and your brochures/flyers, ID as [Pl.018 -19] are genuine; (b) all the statements in the documents are true and accurate; (c) as per the Pl.018-19] you and faculty, and not clerk, were to work with plaintiff during the EMBHE; (d) you and the faculty did not worked with plaintiff during the EMBHE as promised.
ANSWER:

15. Admit: (a) by phone from San Antonio you suddenly and prematurely terminated plaintiff's EMBHE on 4/19/00; (b) you failed to follow the due process for terminating members of the medical staff as provided by the medical staff's bylaws, fair hearing plan, rules and regulations, policies and procedures ("Bylaws") of the UTHSCSA and of your DFP; (c) you had no founded justification (s) for terminating plaintiff's EMBHE;
ANSWER:

16. Admit: (a) as condition precedent for receiving federal assistance or funds, UTHSCSA gave assurances to federal funding agencies that it would not discriminate, exclude from participation or prevent from deriving benefits from your programs and activities against qualified intended beneficiaries of such federal assistance or funds; (b) plaintiff was an intended beneficiary of the federal financial assistance to UTHSCSA.
ANSWER:

17. Admit: (a) UTHSCSA agreed to be bound by the accreditation requirements of the Joint Commission on Accreditation of Healthcare Organization (JCAHO); (b) you were/are aware that UTHSCSA adopted JCAHO requirements; (c) plaintiff was entitled to the protection, privileges, immunities and due process under the JCAHO requirements; (d) you failed to afford plaintiff the JCAHO mandated due process
ANSWER:

4

18. Admit: (a) you are aware that as condition precedent for accreditation of UTHSCSA as a teaching hospital for postgraduate medical education and training of residents, UTHSCSA adopted and agreed to be bound by the accreditation requirements of Accreditation Council for Graduate Medical Education (ACGME); (b) you are also bound by the ACGME requirements; (c) plaintiff as an intended beneficiary was entitled to the protections, privileges, immunities and due process under the ACGME requirements; (c) you failed to afford plaintiff the ACGME mandated due process
ANSWER:

19. Admit: (a) you are aware that as condition precedent for accreditation of UTHSCSA for sponsoring Family Practice Residency Program (FPRP) and STEER thereunder, UTHSCSA adopted and agreed to be bound by the accreditation requirements of American Board of Family Practice (ABFP); (b) you are also bound by the ABFP requirements; (c) plaintiff as an intended beneficiary was entitled to the protections, privileges, immunities and due process under the ABFP requirements; (e) you failed to afford plaintiff the ABFP mandated due process
ANSWER:

20. Admit: (a) you are aware that UTHSCSA adopted and is bound by the federal Health Care Quality Improvement Act (HCQIA), Title IV, 42 U.S.C. 111101 et seq.; (b) you are thereby bound by the HCQIA requirements; (c) plaintiff as a bona fide rotating member of your medical staff was entitled to all the protections, immunities, privileges and due process under the HCQIA; (d) you failed to comply with the HCQIA provisions when termination action against plaintiff was taken; (e) you failed to afford plaintiff the HCQIA mandated due process
ANSWER:

21. Admit: your publications to UC and its employees and servants, particularly, defendant Donovan that plaintiff sexually harassed women in Laredo was false.
ANSWER:

22. Admit: (a) you were/are aware of the federal, state and local governments' anti-discriminatory, anti-retaliatory and anti-exclusionary statutes as well as UTHSCSA policies and procedures against discrimination and retaliation; (b) you failed to comply with the requirements of Title VI, Title VII, and Fair Housing Act; (c) you treated plaintiff unfavorably different than similarly situated in your housing and program; (d) you excluded plaintiff from participation in and deprived him of the benefits of your STEER without just cause and due process when you terminated his EMBHE on 4/19/00

5

ANSWER:

23. Admit: defendant Perales (a) was not a faculty member of UTHSCSA and DFP; (b) had no capacity, authority and competence to supervise plaintiff, particularly plaintiff's EMBHE clinical rotation; (c) had no authority and power to recommend and or terminate plaintiff's EMBHE; (d) had no authority and power to evict or direct Area Health Education Center (AHEC) to evict plaintiff from his lodge.
ANSWER:

24. Admit: Under the First Amendment to the Constitution of United States, Plaintiff, like citizens of the United States (a) had/has the right of free speech; (b) had/has the right to peacefully associate and assemble with any gender or sex; (c) had/has the right to engage in protected activities.
ANSWER:

25. Regarding plaintiff's April 2000 4-week Environmental Medicine/Border Health Elective (EMBHE) at (STEER) Center of Department of Family Practice (DFP) of defendant UTHSCSA, admit: (a) you prematurely terminated plaintiff's EMBHE; (b) you did not send to UC and or defendant Donovan written report of plaintiff' behavior and your justification for the premature termination of plaintiff's EMBHE; (c) your action was instigated and based on information feed to you by defendant Perales; (d) you failed to afford plaintiff pre and post termination due process;
ANSWER:

26. Admit: your termination of plaintiff's EMBHE was inconsistent with provisions, standards, or requirements of (a) Titles VI & VII; (b) HCQIA (c) JCAHO; (d) ACGME; (e) ABFP; (f) UTHSCSA Medical Staff Bylaws; (g) Policies and Procedures of UTHSCSA and your DFP.
ANSWER:

6

27. Admit that your termination of plaintiff's EMBHE lacks basis in facts and evidence of plaintiff's causation of and contribution to the premature termination of EMBHE;
ANSWER:


28. Admit: during plaintiff's EMBHE (a) you were in San Antonio from 3/31/00 to 4/12/00; (b) you came to STEER Center at Laredo on or about 4/13/00 and went back to San Antonio on or about 4/14/00; (c) while you were in Laredo plaintiff complained to you about discrimination against and disparate treatment of plaintiff by STEER Center staff..
ANSWER:


29. Admit: between 4/13-14/00 plaintiff complained to you about (a) housing, transport, STEER Rotation Calendar; (b) the obstructive, interfering, racist, hindering and trespassing behavior of defendant Perales
ANSWER:


30. Admit: (a) plaintiff as bona fide medical doctor and STEER participant was entitled to all equal protections, privileges, immunities, rights and due process afforded by UTHSCSA to the participants and members of your medical staff; (b) you excluded plaintiff from, denied him benefits, rights, privileges and immunities of your STEER program
ANSWER:

..../....................................................
Darlington Amadasu
Plaintiff, Pro Se


**CERTIFICATE OF SERVICE:**
I hereby certify that the foregoing was served on Justin D. Flamm by ~~fax~~ and on Ramiro Canales, P.O. Box 12548, Capitol Station, Austin, TX 78711 by USPS mail and fax on 11/26/04.