UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DARLINGTON AMADASU

    Plaintiff

-v-

JAMES R. DONOVAN, MD
    Defendants

Case No: C - 1- 01 - 210

Black/Dlott

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
DEFENDANT DEBRA ANN MIDDAUGH

---

    Pursuant to FRCP 36 Plaintiff hereby serves on Defendant Debra Ann Middaugh Plaintiff first set of Requests for Admission set forth below to be answered by defendant within 30 days from the date of service.

### DEFINITIONS
"Defendant" refers to Debra Ann Middaugh ("Middaugh").

### INSTRUCTIONS
1. Provide a response to each request separately.
2. If there is an objection to a request, state the complete specific basis for every such objection.

### REQUESTS FOR ADMISSION

1. Admit: Plaintiff was a 'practicum phase' Occupational Medicine Resident (OMR) beginning from July 1999 and expected to end June 2000 .
ANSWER:


2. Admit: plaintiff was not required to pay for any academic didactic courses and clinical practicum rotations during his occupational medicine residency; and was not a graduate student under the UC definition of a graduate student
ANSWER:


3. Admit: that when the only plaintiff's classmate and a third year practicum occupational medicine resident, Loren C. Tapp, MD ("Tapp") graduated in December 1999, plaintiff was the most senior and only third year practicum occupational medicine resident in the program; qualified for promotion to Chief Occupational Medicine Resident position and was similarly situated with Tapp as 3rd year practicum resident.
ANSWER:


4. Admit: that since Plaintiff satisfactorily and successfully completed all the requirements for graduation

1

from the Occupational Medicine Residency program (OMRP) at the end of June 2000, UC-UH should have graduated him at the end of June 2000 like other similarly situated residents.
ANSWER:

5. Admit: UC-UH has no justification for failing to graduate plaintiff from the OMRP at the end of June 2000 and is wholly responsible for plaintiff not graduating from OMRP in June 2000.
ANSWER:

6. Admit: you were/are a member of the occupational medicine faculty of the Division of Occupational and Environmental Medicine (DOEM) of the Department of Environmental Health (DEH) and have duty, obligation and responsibility to timely render and report correct grades for the didactic courses, clinical practicum rotations and written evaluation of the clinical practicum rotation completed by plaintiff under you
ANSWER:

7. Admit: you failed to perform your duties, obligations and responsibilities in the preceding Admission Request #6 owed to plaintiff in failing to make written evaluations of General Occupational Medicine clinical practicum rotations that plaintiff had under you.
ANSWER:

8. Admit: for the purpose of graduating a resident from OMRP, objective overall evaluation of entire record of reported grades and written clinical practicum evaluations on file of the resident is conducted by all faculty members of the DOEM and not subjectively conducted by a single member of the faculty
ANSWER:

9. Admit: recommendation to graduate or to not graduate a resident is made by the majority vote of the members of the faculty who had objectively evaluated the entire record of the resident; and final decision to not graduate a resident is made by the Medical Executive Board (MEB) of the University Hospital (UH) subject to the approval of the Board of Trustees (BT) of UH
ANSWER:

10. Admit: When UC-UH and or faculty member plan to impose corrective action, e.g., reducing 's clinical privileges, demotion and probation on medical staff appointee they are obligated to follow the due process for corrective action on members of the medical staff as provided by the medical staff's bylaws, fair hearing plan, rules and regulations, policies and procedures ("Bylaws") of the University Hospital and UC Hospital Graduate Medical Education Selected Information, Policies and Procedures-1994-95; requirements of the accreditation bodies,
ANSWER:

11. Admit: you read, understood and were/are bound by University of Cincinnati Dept. of Environmental Health Graduate Student Guidelines Handbook for Master of Science and Doctor of Philosophy Degree Students for Fall 1999 & Fall 2000 ("UC-DEH Graduate Handbook").
ANSWER:

12. Admit the only rules and regulations, policies and procedures, guidelines and criteria ("Graduate Policy") that you must follow regarding audit courses, audit course grades and audit course grading practices are those published in University of Cincinnati Dept. of Environmental Health Graduate Student Guidelines Handbook for Master of Science and Doctor of Philosophy Degree Students for Fall 1999 & Fall 2000 ("UC-DEH Graduate Handbook").
ANSWER:

13. Admit: that under the Audit Regulations of said Graduate Policy on courses for audit, grades and grading practices in the UC-DEH Graduate Handbook: a not-for-graduate-credit course taken for audit is reported in the form of letter "T", which is interpreted as course work in which a grade for credit purposes is deemed unnecessary.
ANSWER:

14. Admit: under the said Audit Regulations in the UC-DEH Graduate Handbook, a-not-for-graduate credit course taken for audit option and the report rendered in form of letter "F", which is interpreted as unsatisfactory work for graduate credit, is contrary to audit regulations and graduate policy on audit courses or courses taken for audit, grades and grading practices.
ANSWER

15. Admit: you rendered a report of "T" for the Basics of Occupational Medicine I course that plaintiff took for audit option in the Autumn quarter 1999-2000
ANSWER:

16. Admit: your rendering a report of "F" grade for the Basics of Occupational Medicine II that plaintiff took in the spring quarter of 1999-2000 academic year is contrary to and constituted a violation of the Audit Regulations of UC Graduate Policy on grading practices.
ANSWER:

17. Admit: your rendering a report of "F" grade for the Basics of Occupational Medicine II that plaintiff took in the spring quarter of 1999-2000 was/is interpreted as unsatisfactory work for graduate credit
ANSWER:

18. Admit: plaintiff took the Basics of Occupational Medicine II for audit option and never took it for graduate credit
ANSWER:

3

19. Admit: the presence of "F" grade on the transcript at the Office Student Records bars graduation from Program consistent with UC rules and regulations, policies and procedures
ANSWER:


20. Admit: audit regulations in the UC-DEH Graduate Handbook, Fall 1999 & 2000 provides that the audit option is intended for cases in which course work is desired but in which a grade for credit purposes is deemed unnecessary
ANSWER:


21. Admit: UC policy on grading system in the UC-DEH Graduate Handbook, Fall 1999 & 2000 provides that a letter "T" must be rendered and reported for courses taken for audit option and a grade in form of letter "F" must be rendered and reported for unsatisfactory work in courses taken for graduate credit.
ANSWER:


22. Admit: plaintiff took the Basics of Occupational Medicine II for audit option warranting letter "T", and plaintiff never took Basics of Occupational Medicine II for graduate credit warranting letter "F"
ANSWER:


23. Admit: you have no justification and no objective bases in fact and in rules & regulations, policies and procedures of UC-UH upon which you rendered and reported "F" grade instead of letter "T" for plaintiff's Basics of Occupational Medicine II. (BOM-II)
ANSWER:


24. Admit: you absolutely failed to render written evaluations of the General Occupation Medicine clinical practicum rotations that plaintiff took under you at the Center for Occupational Health (COH)
ANSWER:


25. Admit: your rendering of "F" for the BOM-II was subjective and deliberate
ANSWER:


26. Admit: your combined failures to render written evaluations of clinical practicum rotations and your rendering of "F" grade for the BOM-II taken for audit option were deliberately designed to prevent plaintiff from graduation from the residency program
ANSWER:


27. Admit: your combined failures to render written evaluations of clinical practicum rotations and your rendering of "F" grade for the BOM-II taken for audit option was calculated to restrain plaintiff's trade.
ANSWER:

4

28. Admit: your combined failures to render written evaluations of clinical practicum rotations and your rendering of "F" grade for the BCM-II taken for audit option contributed to failure of UC-UH to graduate plaintiff from the residency program in June 2000.
ANSWER:

29. Admit: your requirements for the Basics of Occupational Medicine I and II were the same and plaintiff satisfied those requirements
ANSWER:

30. Admit: you ignored many months of all relentless efforts of DEH administrative assistant and plaintiff to make you change the incorrect "F" grade to the correct letter "T" but, instead, as condition for removing the "F" grade, you demanded and insisted that plaintiff must withdraw the BOM-II for which plaintiff had expended time, effort, and energy.
ANSWER:

31. Admit: you rendered written evaluations of clinical practicum rotations and rendered correct grades for similarly situated residents from non-protected class that worked under you.
ANSWER:

32. Admit: UC-UH rules and regulations and policies and procedures, and American Board of Preventive Medicine (ABPM) mandated you to immediately at the end of rotation render written evaluations for clinical practicum rotations that plaintiff and other residents did under you
ANSWER:

33. Admit: you were/are aware that UC-UH adopted and agreed to be bound by the accreditation standards or requirements of the Joint Commission on Accreditation of Healthcare Organization (JCAHO); Accreditation Council for Graduate Medical Education (ACGME); American Board of Preventive Medicine (ABPM); federal Health Care Quality Improvement Act, Title IV, 42 U.S.C. 111101 et seq. (HCQIA); plaintiff was entitled to the protection, privileges, immunities and due process under the requirements; and you are bound by them.
ANSWER:

..................................................
Darlington Amadasu
Plaintiff, Pro se

**CERTIFICATE OF SERVICE:**
I hereby certify that the foregoing was served on Justin D. Flamm by personal delivery to his receptionist and on Ramiro Canales, P.O. Box 12548, Capitol Station, Austin, TX 78711 by USPS mail to his address on 11/29/04.

5