UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DARLINGTON AMADASU

    Plaintiff

-v-

JAMES R. DONOVAN, MD, et al
    Defendants

Case No: C-1-01-210

Black/Dlott

PLAINTIFF'S FIRST REQUESTS FOR COMBINED PRODUCTION OF DOCUMENTS TO OHIO DEFENDANTS OF UNIVERSITY OF CINCINNATI

---

Plaintiff hereby requests that Defendants James R. Donovan, James E. Lockey, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrmann, Andrew T. Filak, and the University of Cincinnati (collectively, "Ohio Defendants) serve the Plaintiff response, documents and things within thirty (30) days after service, strictly in accordance with Rule 34 of the Federal Rules of Civil Procedure to enable plaintiff prepare and prosecute this action

You are warned that all answers must be made separately and fully, and that an incomplete or evasive answer is a failure to answer pursuant to Rule 37.

Your documents and things in response to this Request must be organized and labeled to correspond with the categories in the request pursuant to FRCP 34(b).

### Documents and Things Requested

1. A copy of job descriptions and specifications of any and all positions, inter alia, second year Family Practice Resident and Adjunct Faculty in Health Promotions that Plaintiff applied for in your organization at the times relevant to the subject matter of this action

2. A copy of any report, memoranda, or other writings made by, on behalf of, or to the responding defendants, their agents, servants and employees about or relating to the plaintiff's employment, incidents or occurrences, which are the subjects of this action, and which were made in the regular course of business operations or practices of defendants.

3. A copy of any and all statements in the possession, control or custody of the responding defendant, his agents, servants, and subordinates, actually or allegedly made by or taken of plaintiff regarding the employment and occurrences which are the subjects of the Complaint, or related thereto, by any method and in any form. If responding defendant no longer has such statements in its possession, custody, and control, defendant must state the nature of said statement and its present location, possessor and custodian of said statements to the best of defendant's knowledge. If the plaintiff did not make any such statements, defendants must so state in response to this demand

4. (a) A copy of movies, videotapes, audiotapes, e-mails, electronic recordings, CDs, DVDs and photographs in the possession, custody or control of the defendants, their agents, servants, employees, and attorneys showing, portraying, containing or relating, or referring to the subject of the Complaint and the plaintiff.

    (b) If responding defendants no longer possess such movies, videotapes, audiotapes, emails,

1

electronic recordings, and photographs, a statement must be made identifying the present location, possessor, and custodian of such movies, videotapes, audiotapes, e-mails, electronic recordings, and photographs, to the best of defendants knowledge; or (c) If any such movies, videotapes, electronic recordings, and photographs do not exist, defendants must so state in response to this demand

5. (a) A statement of all applicable policies of insurance and policy limits, which would be liable to satisfy part, or all of a judgment entered against you for the occurrences, which is the subject matter of this action;

(b) A copy of each and every insurance agreement under which any person or Carrier carrying insurance business may be liable to satisfy part or all of a judgment, which may be entered in this action against you including a statement of the claim number, the name of the claim examiner, and the address of the claim office for all insurance carriers identified in (a) herein above with respect to said carriers handling of this plaintiff's claim; (c) If no insurance agreements exist, so state in your response to this demand

6. Produce documents of self-insurance coverage with limit of such coverage, if self-insured, state the limit of such coverage.

7. Copies of any, every, and all other evidences, statements, documents, testimonies, pictures, etc. that defendant intends to introduce as exhibits in the proceedings and at trial.

8. Copies of any, every, and all other evidences, statements, documents, and testimonies, etc, which responding defendant, in good faith, considers material and relevant to the instant action.

9. Copies of any, every, and all transcripts of meetings, reports, documents, data, statements, memoranda, information, etc. of the **Department of Environmental Health Faculty Staff Meetings** relating to, referring or concerning plaintiff, and any investigations of Plaintiff's job performance and Complaints. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, ethnicity, position, and job titles of persons in attendance; persons excused: persons absent; plaintiff's residency overall evaluations, investigation, review, issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for Human Resources Department, and professional review committee action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please explicitly state so in your response.

10. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Division of Occupational and Environmental Medicine Faculty Staff Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's residency overall evaluation and his complaints. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for the DEH and Human Resources Department Policy Committee, Peer Review Committee or Medical Staff action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please explicitly state so in your response.

11. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Professional Review Committee or Peer Review Committee Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's job performance or overall residency evaluations and his complaints or grievance. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions;

electronic recordings, and photographs, a statement must be made identifying the present location, possessor, and custodian of such movies, videotapes, audiotapes, e-mails, electronic recordings, and photographs, to the best of defendants knowledge; or (c) If any such movies, videotapes, electronic recordings, and photographs do not exist, defendants must so state in response to this demand

5. (a) A statement of all applicable policies of insurance and policy limits, which would be liable to satisfy part, or all of a judgment entered against you for the occurrences, which is the subject matter of this action;

(b) A copy of each and every insurance agreement under which any person or Carrier carrying insurance business may be liable to satisfy part or all of a judgment, which may be entered in this action against you including a statement of the claim number, the name of the claim examiner, and the address of the claim office for all insurance carriers identified in (a) herein above with respect to said carriers handling of this plaintiff's claim; (c) If no insurance agreements exist, so state in your response to this demand

6. Produce documents of self-insurance coverage with limit of such coverage, if self-insured, state the limit of such coverage.

7. Copies of any, every, and all other evidences, statements, documents, testimonies, pictures, etc. that defendant intends to introduce as exhibits in the proceedings and at trial.

8. Copies of any, every, and all other evidences, statements, documents, and testimonies, etc., which responding defendant, in good faith, considers material and relevant to the instant action.

9. Copies of any, every, and all transcripts of meetings, reports, documents, data, statements, memoranda, information, etc. of the **Department of Environmental Health Faculty Staff Meetings** relating to, referring or concerning plaintiff, and any investigations of Plaintiff's job performance and Complaints. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, ethnicity, position, and job titles of persons in attendance; persons excused; persons absent; plaintiff's residency overall evaluations, investigation, review, issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for Human Resources Department, and professional review committee action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please explicitly state so in your response.

10. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Division of Occupational and Environmental Medicine Faculty Staff Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's residency overall evaluation and his complaints. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for the DEH and Human Resources Department Policy Committee, Peer Review Committee or Medical Staff action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please explicitly state so in your response.

11. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Professional Review Committee or Peer Review Committee Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's job performance or overall residency evaluations and his complaints or grievance. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions;

2

recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please explicitly state so in your response.

    12. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Executive Committee of The Medical Staff Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's job performance, overall residency evaluations, graduation and his complaints or grievance. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please so state in your response

    13. Copies of any, every, and all transcripts of meetings, reports, documents, evaluations, data, statements, memoranda, notes, information, etc, of the **Board of Trustees Meetings,** relating to or referring to plaintiff, and or plaintiff's job performance, and or any investigations, reviews, recommendations, or any other matters concerning plaintiff, Plaintiff's job performance, overall residency evaluations, graduation and his complaints or grievance. This request includes, but is not limited to: date of any meetings; time of starting; the name, age, sex, race, national origin, national origin, ethnicity, and job titles of persons in attendance; persons excused; persons absent; issues discussed; findings; conclusions; recommendations; actions taken and proposed follow-up to assess the effectiveness of the action (once taken); issues for action; time of adjournment; sign-in sheet verifying attendance; and signature of the chairman attesting that the minutes were approved by the committee. If no such meetings were held, or if no such records exist, please so state in your response

    14. A copy of plaintiff's complete and entire employment and personnel file at the employment office

    15. A copy of plaintiff's complete and entire file at the Human Resources/Personnel Department

    16. A copy of plaintiff's complete and entire file at the Department of Environmental Health (DEH)

    17. A copy of Plaintiff's complete and entire file at the Division of Occupational & Environmental Medicine (DOEM)

    18. A copy of Plaintiff's complete and entire file at the Center for Occupational Health (COH)

    19. A copy of Plaintiff's complete and entire file at the Office of Graduate Medical Education

    20. A copy of Plaintiff's complete and entire file at the Office of the Medical Staff

    21. A copy of Plaintiff's complete and entire file at the Office of Registrar-Student Records

    22. A copy of Plaintiff's complete and entire file at the Student Account Office

    23. A copy of Plaintiff's complete and entire file at the Collections Office

    24. A copy of all records of all Vascular tests performed by plaintiff during the relevant period

    25. A copy of all interview notes, forms, blanks, writings, memos and emails made by any and all who reviewed plaintiff's applications for the job positions, *inter alia*, 2nd year Family Practice Resident and Adjunct faculty, applied for.

    26. A copy of notes, memos, emails, forms, jotters, statements, and writings made and maintained by Mr Donovan relating, referring to and concerning the plaintiff in any way and matter

    27. A copy of notes, memos, emails, forms, jotters, statements and writings made and maintained by Mr. Lockey relating to plaintiff in any way and matter.

3

28. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Mr Freeman relating, referring to and concerning the Plaintiff in any way and matter.

29. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Ms Middaugh relating, referring to and concerning the Plaintiff in any way and matter.

30. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Ms Pohl relating, referring to and concerning the Plaintiff in any way and matter

31. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Ms Jefferson-Gaynor relating, referring to and concerning the Plaintiff in any way and matter

32. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Mr Buncher relating, referring to and concerning the Plaintiff in any way and matter

33. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Ms Jarrell relating, referring to and concerning the Plaintiff in any way and matter

34. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Ms Herrmann relating, referring to and concerning the Plaintiff in any way and matter

35. A copy of all notes, memos, emails, forms, blanks, statements, writings, made and maintained by Mr Filak relating, referring to and concerning the Plaintiff in any way and matter

36. Copies of all documents regarding advertisement, recruiting, interviewing, evaluations, selection and hiring for the positions, to wit 2nd year Family Practice Resident and Adjunct Faculty in Health Promotion, which plaintiff applied for.

37. Manual of The University Hospital Medical Staff Bylaws, Fair Hearing Plan, Rules, Regulations, policies, procedures, guidelines and criteria that must be followed at UC and UH regarding, *inter alia*, (i) advertisement, recruiting, selection, interviewing, evaluation, hiring; (ii) objective job performance evaluations and remedies; (iii) disciplinary procedures; (iv) termination; (v) Grievance procedures; (vi) investigations of job performance; (vii) investigation of employee-resident complaints or grievances, (viii) professional or peers review; (ix) Correction Action

38. A copy of UC Department of Environmental Health Graduate Student Guidelines Handbook for Master of Science and Doctor of Philosophy Degree Students, Fall 1999 and Fall 2000

39. A copy of University of Cincinnati Hospital Graduate Medical Education Selected Information, Policies and Procedures that was effective 1999-2000

40. A copy of Division of Occupational & Environmental Medicine (DOEM) rules, regulations, policies, procedures, guidelines and criteria;

41. A copy of Center for Occupational Health rules, regulations, policies, procedures, guidelines and protocols

42. A copy of UC Faculty Handbook, rules, policies, procedures, guidelines, criteria, protocols etc;

43. Copies of all plaintiff's oral complaints and statements that were written and recorded by MR Filak

4

44. Copy of investigation report conducted by MR Donovan regarding premature termination of plaintiff elective at UTHSCSA-STEER-Laredo.

45. Copy of investigation report conducted Mr Filak on plaintiff's sexual harassment complaints.

46. A copy of the DOEM Manual specifying and describing duties, responsibilities of Occupational Medicine Resident operating at the relevant time period.

47. A copy of the DOEM Manual specifying duties, responsibilities and job specifications of Chief Occupational Medicine Resident.

48. A copy of Employee's manual or Handbook during the relevant period

49. Copies of Contracts between UC and debts collections firms, viz, General Revenue Corporation and National Enterprise Systems

50. Copies of notes, letters, emails, memos, statements and other communications exchanged between each and every one of the Ohio defendants relating, referring to or concerning plaintiff in any way and matter

51. A copy of Defendants' response to EEOC's charge regarding plaintiff's complaint to EEOC

52. A copy of job descriptions and specifications of Director of Occupational and Environmental Medicine Residency Program (OEMRP)

53. Copy of job descriptions and specifications of Assistant Director of OEMRP

54. Copy of job descriptions and specifications of Director of Graduate & Continuing Education, DEH

55. Copy of job descriptions and specifications of Dean of Graduate Medical Education

56. Copy of job descriptions and specifications of Chairperson of the Allied Health Department, Raymond Walters College, UC

57. Copy of job descriptions and specifications of the Faculty of the DOEM

58. Copy of job descriptions and specifications of defendant Dora Jefferson-Gaynor

59. Copies of all written communications between Donovan and Miller relating, referring to or concerning plaintiff in any way and matter

60. Copies of written communications between Kemme and the Human Resources Dept. relating, referring to and concerning plaintiff in any way

61. Copies of all completed applications that plaintiff submitted to UC for jobs he was not hired.

62. Documents of Means and methods of Enforcing and Monitoring Compliance with the bylaws, policies, rules, regulations, guidelines, procedures, and criteria" during the relevant period.

63. Copy of any, every, and all documents, memoranda, information, notes, e-mails, evaluations, statements, or letters in the personal or private files in possession, custody and control of each of the defendants, which directly, or indirectly, refer to, or allude to, or relate to plaintiff in any way and matter

64. All documents which reflect, or refer to, or discuss the allegations in plaintiff's Complaint, or the defendants' defenses thereto

65. Copies of all documents, notes, statements, writings, e-mails or memoranda describing or

5

summarizing any conversations or meetings between Donovan and Filak; between plaintiff and Donovan; between Donovan and Dr Marshal Anderson, Chair of DEH; between Donovan and Jarrell; between Donovan and Freeman; between Donovan and Lockey; between Donovan and Middaugh; Between Donovan and Pohl; between Donovan and Jefferson-Gaynor; and between Donovan and any of the UC-UH past or present employees, servants, agents, or officers, regarding any of the allegations in plaintiff's complaint.

66. Copies of all documentary reports describing or in any way pertaining to any investigations conducted by the defendants regarding the occurrences and incidents, which form the subject matter of plaintiff's Complaint.

67. Copies of all employment agreements, correspondence and documents by which the Defendants retained any person, corporation, or entity to act as an expert witness, advisor or consultant in the instant action.

68. A copy of document with complete list or roster of all employees of the DOEM for the years 1997, 1998, 1999, 2000, and 2001, which for each employee and for each year identifying the name, address, age, sex, race, qualifications, ethnicity, national origin, position, and job title, years in employment with defendant, and the number or proportion of the employees who are:

                                                                            **NUMBER/PROPORTION**

    a. Male
    b. Female
    c. Black
    d. Black male
    e. Black female
    f. Caucasian
    g. Caucasian male
    h. Caucasian female
    i. Nigerian
    j. Nigerian male
    k. Nigerian female
    l. Spanish
    m. Spanish male
    n. Spanish female
    o. All other minorities (Orientals, Native Americans, etc)
    p. All other male minorities
    q. All other female minorities.

69. Copies of the Department of Environmental Health annual financial statements showing or identifying all sources of funding, and the exact amount of Dollars originating from each such source so named and the distribution of the funds for each year from 1998 to the present.

70. Copies of any, every, and all other documents, data, information, letter, memoranda, etc, which are relevant to any and all legal and or factual issues in this case.

71. Copies of all documents listing all employees of DEH from 1998 to present included in this request, are for each employee in each year: (a) the name, age, sex, race, ethnicity, address, national origin, job titles, position, telephone number and date and years of employment with defendant; (b) proportion of the employee

6

who are: Male, female, black, black male, Black female, Nigeria Origin, Caucasian, Caucasian male, Caucasian female, Spanish, Spanish male, Spanish female, other minorities (Orientals, Native American, etc), other male minorities, other female minorities.

male over 40; and female over 40

72. A statement or documents of the amount of gross compensation, including salary, overtime pay, anticipated raises, commissions, bonuses and other elements of compensation, including fringe benefits, health insurance, books allowance, meals, holiday pay, pensions, retirement benefits, disability benefits, sick pay, conferences' allowances, continuing education, tuition reimbursement that UC-UH third year residents earned in each year from 1999 to 2004 and state the basis of your computation.

73. Produce all documents in your possession, including, but not limited to (a) the long list of all applicants for the 2nd year-Family Practice Resident and Adjunct Faculty in Health Promotions positions plaintiff applied for, showing age, sex, race, national origin, qualifications, years of experience; (b) short list of the applicants selected from (a) for interview; and (c) final list of the applicants/interviewees who were offered the respective positions in year 2000 and 2001. Produce a statement or document on the criteria used for making each list.

74. A copies each of complete and entire personnel files of each of the Defendants, to wit: James R. Donovan, James E. Lockey, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrmann, Andrew T. Filak

75. A copy of each documents in each of the categories, which defendants disclosed and described in their "Ohio Defendants' Supplemental Rule 26(a)(1) Disclosures" under Rule 26(a (1)(B) on 102104

**NB: Regards this as continuing requests for production of documents and things.**

_____
Darlington Amadasu, Plaintiff, Pro Se

**CERTIFICATE OF SERVICE:**

This is to certify that a true and accurate copy of the forgoing was served upon Justin D. Flamm to receptionist And on Ramiro Canales by fax/USPS mail on November 30, 2004
by

7