UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 DEC -6 PM 3:10

DARLINGTON AMADASU

Plaintiff

-v-

JAMES R. DONOVAN, MD, et al
Defendants

Case No: C - 1- 01 - 210

Judge: Dlott
Magistrate: Black

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO
OHIO DEFENDANTS' MOTION TO DISMISS

Plaintiff submits his Reply in support of his motion for enlargement of time to respond to Ohio defendants' motion to dismiss and in opposition to Ohio defendants' opposition thereto.

As **preliminary statement**: Defendants' opposition to plaintiff's motion for enlargement of time is not the proper vehicle for defendants (a) to revisit or offer argument in support of their motion to dismiss, which is separate from request for extension of time, and (b) to raise discovery issues, which are unrelated to request for extension of time. Thus, defendants are disingenuously misusing and abusing the process.

Ohio defendants' purported motion to dismiss was not only a nullity and premature in the light of this court Scheduling Order directing that parties must attempt to resolve their discovery dispute extrajudicially and or request conference with the Magistrate Judge before filing a discovery motion but also defendants' motion to dismiss is moot by defendants and plaintiff extrajudicial resolution of the deposition issue and parties had agreed that plaintiff will be deposed on December 13, 2004. Ohio defendants' 12/01/04 letter affirmatively setting December 13, 2004 to depose plaintiff is hereto annexed as Ex. 1, and plaintiff's Notice of Agreed 12/13/04 For Defendants' Deposition of Plaintiff has been served and filed and hereto annexed as Ex.2. Plaintiff has diligently and with good faith effort resolved the issue of deposition, upon which premised Ohio defendants' motion to dismiss, which is now moot.

**GOOD CAUSE EXIST FOR ENLARGEMENT OF TIME**

There are fourteen (14) defendants in this action. Plaintiff reserved the right to propound discovery requests upon each and every defendant in this action. Plaintiff is a one-army pro se. To propound 14 sets of interrogatories, 14 sets of admission requests, 14 sets of document production requests and 14 sets of depositions on each of the 14 defendants requires colossal amount of time and

1

efforts and the deadline for discovery is very near and plaintiff needs time to conduct and complete his discovery.

Ohio defendants' filed their motion to dismiss in violation of this court scheduling order and intentionally to impede, distract plaintiff from focusing on his discovery, and to run out the discovery period. Also Defendants' counsel file the motion to dismiss in order to increase his billing hours to his clients and dissipate the judicial economy and time.

**Rule 6(b)** provides in pertinent part that when by these rules or by a notice given…an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed.

## CONCLUSION

Based on the foregoing Plaintiff prays this Court to grant enlargement of time to respond to Ohio defendants motion for dismissal, which is now moot, not later than December 31, 2004, and pursuant to Rule 6(b) of Federal Rules of Civil procedure providing for enlargement of time. Parties' affirmative 12/13/04 date to depose plaintiff has resolved the deposition issues and mooted defendants' motion to dismiss.

Respectfully submitted,

Darlington Amadasu
Plaintiff Pro se

**CERTIFICATE OF SERVICE**
I hereby certify that true copy of the foregoing were served on Justin D. Flamm by delivery 513-381-0205 and on Ramiro Canales by fax 512-320-0667 on 12/06/04

2