UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

| | |
|---|---|
| DARLINGTON AMADASU | Case No: **1: 01 –cv- 210** |
| Plaintiff | Black/Dlott |
| -V- | |
| JAMES R. DONOVAN, MD, et al<br>Defendants | **(1) PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE OHIO DEFENDANTS' MOTION TO DISMISS &<br>(2) PLAINTIFF'S JUDICIAL NOTICE OF BOTH OHIO AND TEXAS DEFENDANTS' NON-COMPLIANCE WITH RULE 26(a)(1) and 26(a)(1)(B) & (D) PRODUCTION** |

Plaintiff pro se submits memorandum in opposition to the Ohio defendants' motion for dismissal (doc.76). Ohio defendants' motion should be denied in its entirety on the following grounds, inter alia:

1. The motion is premature
2. The motion constitutes violation of this Court' Scheduling Order (doc.61)
3. Ohio defendants failed to exhaust or avail themselves of other forms of discovery
4. Ohio defendants failed to describe the specific information or things they could not discover from plaintiff and the materiality thereof to their defenses
5. The motion is moot since the predicate reason for the motion has been resolve extra-judicially
6. The Ohio defendants are not blameless for their ongoing guilt of what they had erroneously accused plaintiff, thus, they are barred by "Unclean hands" doctrine.

Plaintiff supports his opposition to the motion to dismiss with this accompanying memorandum and plaintiff declaration, and also incorporates by reference plaintiff's motions to stay the proceedings, stay deposition and for protective order (doc.73).

**STATEMENT FACTS:**

By 6/21/04 Scheduling Order (doc.61) this court set 7/15/04 the deadline for parties to make the mandatory automatic FRCP 26(a) exchange of initial disclosures and production of documents. Plaintiff has fully and completely complied with both the Rule 26(a)(1)(A), 26(a)(1)(B) &(C) and the scheduling order by making initial disclosures and sending copies of documents to all the adverse

1

parties at no cost to them. But up to the moment of this memorandum the adverse parties have failed to provide to plaintiff any and all relevant documents in their possessions, custody, and control.

Pursuant to the scheduling order (SO) plaintiff served defendants amended/supplemented complaint (doc.63) on 8/30/04 and filed motion for process service of amended complaint upon the additional defendants. The current defendants (Ohio and Texas defendants) failed to answer, instead, Ohio defendants solely opposed the amended complaint. (doc.65). Plaintiff applied to the clerk to enter default against the current defendants. (doc.66) and Ohio defendants solely opposed the entry of default (doc.67), and plaintiff filed a Reply (doc.68). Without entered court's order, the court clerk sua sponte converted clearly captioned amended complaint to a motion to amend/supplement complaint without judicial jurisdiction to do so (doc.63).

At this juncture when the issues had not been joined and the court decision on the pleadings and motions were pending, Ohio defendants by letter requested from plaintiff suggested date for his deposition. Plaintiff advised Ohio defendants that parties should wait for the court's decision on the amended complaint and the pending motions but they refused and failed to cooperate with plaintiff.

On 10/6/04 simultaneously, Ohio defendants filed notice to take deposition of plaintiff (doc.69) and the court served plaintiff the Magistrate's Report and Recommendations (doc.70) to which objections were due within 10 days. Plaintiff's objections were filed 10/15/04 (doc.71) to which Ohio defendants solely responded (doc.72).

On 10/21/04 plaintiff initiated telephonic conferences with current defendants' counsels to extra judicially resolve discovery issues, *inter alia*, current defendants' absolute failure to provide plaintiff with copies of relevant documents in their possessions; rescheduling deposition of plaintiff from 10/29/04 to future dates suggested by plaintiff on the grounds among others, plaintiff's major depressive illness had decompensated to the extent that plaintiff would not be a competent deponent at his deposition thereby would medically unable to attend and the potential surprise and ambush that would happen at the deposition when defendants affirmatively told plaintiff that they would depose plaintiff on those documents in their possessions, which they had absolutely refused to provide to plaintiff in violation of Rule 26(a) et seq. Plaintiff gave clearly, timely (more than 7-days) and proper notice to defendants of his medically inability to attend deposition and his intent to move for protective order and to postpone the deposition when they refused to cooperate with him.

Plaintiff filed unopposed motions for protective order and motion to stay proceedings and deposition (doc.73), which the Magistrate denied (doc.74) without consideration of the Local Rule 7.2(a)(2).

Without complying with the scheduling order directives regarding discovery differences between

2

parties, Ohio defendants filed motion to dismiss (doc.76) to which this memorandum is addressed.

Upon the court adopting the R&R (doc.78), overruling plaintiff's objections (doc.79), and denying motions to stay deposition and for protective order, the plaintiff with diligence and good faith and in compliance with the SO directives, initiated, facilitated and made many voluntary scheduling suggested dates for his deposition to and by all the defendants (docs.80, 81, 82), which defendants ignored or rejected. However, Ohio defendants' letter dated 12/1/04 agreed to depose plaintiff any day from 12/13/04 to 12/17/04. See annexed (Exh.11). Parties finally resolved the deposition issue and agreed to hold the depositions of plaintiff on 12/13/04 and 12/15/04 (doc.87). Ohio and Texas defendants deposed plaintiff on 12/13/04 and 12/15/04 respectively thereby moot the motion to dismiss.

## ARGUMENT

1. **The Ohio Defendants' Motion Is Premature:** The defendants acknowledged that this court's June 21, 2004 Scheduling Order (doc.61) directed that parties (a) must first exhaust all extra-judicial means to resolve discovery matters and (b) must contact the court for a discovery conference before making any discovery motion, see Defendant's Memo. at 2-3 (doc.76). Because defendants failed to exhaust all the extra-judicial means and to contact the court for a discovery conference, the motion is premature, thus warranting being denied in its entirety. Motion for sanctions for failure to comply with discovery requests was appropriately denied by district court, where motion was made prior to any motion to compel discovery. Markham v. Colonial Mortg. Service Co., Associates, Inc., 605 F.2d 566, 106 U.S. App. D.C. 50(1979. Therefore, applying the reasoning in *Markham court* to this action, Ohio defendants' motion must be appropriately denied because motion was made prior to exhaustion of all extra-judicial means, initiating discovery conference with plaintiff and seeking court's conference as directed by this court scheduling order (doc.61).

2. **The motion constitutes violation of this Court' Scheduling Order (doc.61)**: The defendants' failure to exhaust all extra-judicial means and to contact the court for a discovery conference before filing a motion to dismiss constitutes flagrant disobedience and deliberate violation of this court's June 21, 2004 scheduling order (doc.61). Defendants failed their affirmative promise to not file motion to dismiss until they have exhausted all extra-judicial means and sought court's conference. See [doc.73 with Exh.5 at page 2]. "Court will not take under consideration any motions to compel discovery {to dismiss} where the party requesting discovery does not initiate a conference with the opposing party in an attempt to mediate their discovery differences". Meyers v. Ace Hardware, Inc., 95 FRD 145, appeal dismissed 812 F.2d 1407 (D.C. Ohio 1982). Here, defendants failed to initiate a conference with

3

plaintiff in an attempt to mediate issue of deposition of plaintiff as mandated by this court's Scheduling Order directives, thus, defendants' motion should be denied in its entirety.

    3. **Ohio defendants failed to exhaust or avail themselves of other methods of discovery:**

Defendants' argument that plaintiff's refusal to sit for deposition has deprived them of the opportunity to explore plaintiff's Title VI and VII claims, identify witnesses in a timely fashion, and progress with discovery in a timely fashion before January 2005 deadline so that they can prepare for trial lacks merits. Defendants neglected, failed, and refused to avail themselves of other discovery forms or devices to explore Title VI & VII and defendants had at least three (3) months to the discovery deadline to use other methods of discovery to explore the Title VI and VII and prepare for trial. Plaintiff had provided Defendants with list of possible witnesses and defendants had their own list of witnesses, all of which had been exchanged under Rule 26(a)(1)(A), thus, defendants argument about witnesses identity is baseless.

    4. **Ohio defendants failed to describe the specific information or things they could not discover from plaintiff and the materiality thereof to their defenses.**

Defendants failed to describe the specific information and things that they would have obtained and the materiality thereof from deposition but could not be obtained from other forms of discovery available to them. Various methods of discovery set out in rules 26-37 of these rules are intended to be cumulative rather than alternative or exclusive. <u>Taylor v. Atchison, T & S.F. Ry. Co.</u>, 33 FRD 283 (1962). Defendants failed to show that they could not explore Title VI & VII by utilizing other discovery methods rather than deposition, which is one of the discovery methods under rules 26-37 of these rules, thus, their motion should be denied.

    5. **The motion is moot since the predicate reason for the motion to dismiss has been resolved extra-judicially by all parties by deposing plaintiff on 12/13/04 and 12/15/04**

OhioDefendants' motion was premised on their purported inability to explore Title VI and VII at their proposed 10/29/04 deposition of plaintiff. Upon the court denial of plaintiff's motions to stay the deposition and for protective order, plaintiff with diligence and in good faith initiated, facilitated and made many voluntary scheduling suggested dates to defendants to depose him. (Docs. 80, 81, 82, 87). Defendants accepted plaintiff's voluntary scheduling of dates to be deposed. Ohio defendants deposed plaintiff on 12/13/04 and Texas defendants deposed plaintiff on 12/15/04, thus, parties have

extra-judicially resolved the deposition issue. Consequently, Ohio defendants' motion (doc.76) is moot and should be denied in its entirety and defendants cannot show any prejudice suffered.

**6. Judicial Notice of both Ohio and Texas defendants ongoing refusal to produce documents to plaintiff under Rule 26(a)(1), 26(a)(1)(B & D) that prejudices plaintiff; Ohio defendants are not blameless for their ongoing guilt of what they had erroneously accused plaintiff, thus, they are barred by "Unclean hands" doctrine.**

Before, on and after the Scheduling Order 7/15/04 deadline for Rule 26(a) initial automatic and mandatory exchanges of disclosures and documents, defendants have ongoing refused to comply fully and completely with Rule 26(a)(1) and Rule 26(a)(1)(B) and (D).

On 7/15/04 Ohio defendants made Rule 26(a)(1)(A) disclosures but failed to comply with Rule 26(a)(1)(B) by failing to provide copies of and or description by category of all documents, data compilations and tangible things that are in their possession, custody, or control and that they might use to support their defenses to plaintiff. They also failed to specify the dates the Rule 26(a)(1)(D) insurance agreement documents would be available for plaintiff to inspect and copy.

Without filing motion for default judgment against the defendants and in compliance with the court's scheduling order directives, plaintiff has been attempting to extra-judicially resolve with them their failure to comply with Rule 26(a) requirements as follows. Plaintiff made phone calls and letters dated 10/4/04, 10/11/04 and 10/21/04 to the defendants. See [doc.73 with Ex. 1, 2, 6]. Ohio Defendants by their counsel, purposefully to evade production of documents, erroneously asserted that Rule 26(a)(1) read with Rule 26(a)(1)(B) does not require them to provide the documents to plaintiff. See [doc.73 with Ex.3, 4, 5], which are Flamm's letters dated 10/6/04, 10/19/04 and 10/21/04 respectively, in which he affirmatively exposed his lack of knowledge, understanding, and misinterpretation of Rule 26(a)(1) with Rule 26(a)(1)(B) and or deliberately misinterpreted the rule with intent to avoid complying with the rule and providing the documents to plaintiff. Plaintiff made extra-judicial good faith efforts by correspondence and conferring by phone with them in an attempt to make them comply with the rule requirements but they fail to provide them.

During 10/21/04 plaintiff's telephone conference with counsels for Ohio and Texas defendants, plaintiff reminded them to comply with the Rule. Sequel to the 10/21/04 plaintiff initiated conference, 3 months past the 7/15/04 deadline for initial disclosures, Ohio defendants made purported Rule 26(a)(1) supplemental initial disclosures on 10/21/04 by simply stating and failing to describe the documents in their possession. Again instead of producing copies of documents to plaintiff pursuant to Rule 26(a)(1), Ohio defendants imposed their own rule that plaintiff must only inspect or review the

5

documents at their counsel's office without specifying or suggesting what dates the documents would be available for inspection and producing them to plaintiff.

On 10/22/04 Ohio defendants confirmed their refusal to produce copies of documents to plaintiff. See hereto annexed [Exh.7]. On 11/22/04 plaintiff served and filed notice to inspect and obtain copies of documents in defendants' possessions, and voluntarily suggested or scheduled dates for his deposition. (doc.80).

Ohio defendants rejected or ignored plaintiff's good faith and diligence by their letter dated 11/23/04, hereto annexed as [Exh.8] and made baseless excuses that they never proposed the date 11/26/04 in doc.80; the dates were unilaterally set by plaintiff; and Defendants' counsel had made plans with his family. Ohio Defendants counter-proposed 11/30/04 to 12/3/04 for plaintiff to inspect only but not to obtain copies and they affirmatively asserted that they were/are not obligated to provide plaintiff with copies of their documents.

On 11/29/04 again, Plaintiff served and filed proper second notice to inspect and obtain copies of documents (doc.82) pursuant to (Exh.8), Id; and a proper second notice of plaintiff's voluntary suggested scheduled dates for his deposition. (doc.81). Ohio defendants considered plaintiff's 11/29/04 notice (doc.82) a very short notice to them for plaintiff to inspect and obtain copies of their disclosed documents in spite of their affirmatively proposed 11/30/04 for plaintiff to inspect and obtain copies of their documents.

On 11/30/04 without waiving his rights, when plaintiff appeared at Ohio defendants' counsel, Mr Justin D. Flamm office to inspect and obtain copies of their documents, Mr. Flamm obstructed, interrupted and hindered plaintiff's inspection of their documents by surprisingly sua sponte organizing court's conference with Magistrate Judge Black. Plaintiff objected because the conference constituted surprise, ambush and sandbagging to plaintiff who went there solely to inspect and obtain copies of documents and not for any unexpected and un-noticed conference. Mr Flamm presented disarrayed 8 pieces of documents in duplicates or triplicates for plaintiff to inspect only and to not obtain copies thereof. Mr Flamm refused to present Insurance documents under Rule 26(a)(1)(D) for inspection and coping. Plaintiff went home frustrated and empty handed without any documents in spite of plaintiff's properly noticed intent to inspect and obtain copies of their documents under Rule 26(a)(1), 26(a)(1)(B) & (D).

Plaintiff memorialized defendants' and their counsel deliberate refusal to provide to plaintiff copies of all their disclosed documents. See hereto annexed (Exh.9). On 11/30/04 defendants by Mr Flamm demanded from plaintiff pre-payment of 15 cents per page as precondition for allowing him to obtain copies of their disclosed documents. See hereto annexed (Exh.10).

6

The Rules 26(a)(1), and 26(a)(1)(B) do not mandate pre-inspection of and Rules 26(a)(1), 26(a)(1)(B) and 26(a)(1)(D) do not mandate pre-payment for defendants disclosed documents by plaintiff before defendants provide to plaintiff copies of the documents in their possession, custody and control. Defendants have absolutely refused and failed to provide to plaintiff copies of documents that defendants have been mandated to provide to plaintiff under the Rules. "[Defendants'] conduct evidenced deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur sanctions of [default judgment]…and in context, gave the appearance of further stalling tactic rather than good-faith effort at compliance". Mark v. Kelly, Hart & Hallman, P.C., 929 F.2d 8 (1st Cir.1991). Defendants by their counsels are willfully and knowing stalling and hindering discovery.

Plaintiffs…were entitled to discover the contents of insurance agreement under which insurer might be liable to satisfy part or all of a judgment against defendant insured. Grise v. Crownover 57 FRD 210 (D.C. Tenn.1971). Here, defendants have hindered, stonewalled and prevented the discovery of defendants' insurance agreement as mandated under Rule 26(a)(1)(D).

Mutual knowledge of all relevant facts by parties to litigation is essential to the preparation of one's case; either party may, in good faith, compel the other to disclose whatever relevant facts he has in his possession, if otherwise privileged. Hickman v. Taylor, 67 S.Ct.385, 329 U.S. 495 (1947), thus, defendants are obligated to provide to plaintiff all relevant documents in their possessions.

**Defendants and their counsel ongoing obstruction of discovery prejudices plaintiff's case**

Continuous pattern of delay and obfuscation on part of employer's counsel during discovery warranted order precluding employer from introducing evidence in opposition to former employee's claims. Jankins v. TDC Management Corp., Inc., 131 FRD 629 (1989). Where noncompliance with pretrial discovery order is result of dilatory conduct by counsel, court should investigate attorney's responsibility as officer of court and, if appropriate, impose sanctions. Here, counsels are failing in their responsibilities, duties and obligations as officers of the court.

Broad purpose of rules 26-37 of these rules is to enable parties to prepare for trial, and it is not their purpose to give one party strategic advantage over other. Cooper v. Stender, 30 FRD 389 (1962)

A trial is not a sporting event, and discovery is founded upon policy that search for truth should be aided. Tiedman v. American Pigment Corp., 253 F.2d 803 (C.A.Va.1958).

**Plaintiff giving timely and reasonable notice of his inability to attend deposition & seeking protective order staying deposition notice did not constitute willful failure to attend deposition**

Failure of party or his attorneys to give reasonable notice of their inability to comply with notice of taking deposition or to seek protective order vacating notice violated duty to make to

discovery and constituted willful failure to attend deposition. Marriott Homes, Inc., v. Hanson, (50 FRD 396(1970).

**Plaintiff's major depressive illness decompensated creating inability to attend deposition**

Dismissal is abuse of discretion, under rule governing failure to make or cooperate in discovery, if party does not have ability to comply with request. Beil v. Lakewood Engineering. & Mfg. Co., 15 F.3d 546 (6th Cir.1994; Also see Hinson v. Michigan Mut. Liability Co., (C.A.La.1960) 275 F.2d 537.

**Balancing of needs:** "…the court must balance the needs of the plaintiff to obtain the information against the nature of that information…" Kenyatta v. Kelly, 375 F.Supp.1175 (D.C.Pa.1974).

## CONCLUSION

Ohio defendants rush to filing motion to dismiss is not only premature, but also constitutes deliberate, bad-faith, willful and intentional disobedience of this court's scheduling order directives, which mandates exhaustion of all extra-judicial means, initiation of conference with opposing parties and seeking court's discovery conference to mediate discovery differences prior to filing discovery motion. Defendants have, ongoing to the present, been obstructing, obfuscating, hindering and preventing discovery and therefore barred by equitable doctrine of unclean hands. Plaintiff diligently and in good faith initiated, facilitated and presented himself for depositions by both Ohio and Texas defendants on 12/13/04 and 12/15/04 respectively thereby eliminated the premise upon which defendants' motion was based, thereby warranting denial of their motion in its entirety.

Respectfully submitted,

*/s/ Darlington Amadasu*

_____
Darlington Amadasu
Plaintiff Pro se

**CERTIFICATE OF SERVICE**
I hereby certify that true copies of the foregoing were served on Justin D. Flamm by delivery to receptionist and on Ramiro Canales by fax/USPS mail to his address on record on 12/20/04

*/s/ Darlington Amadasu*