UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____

| | |
|---|---|
| DARLINGTON AMADASU | Case No: **1: 01 –cv- 210** |
| Plaintiff | Black/Dlott |
| -V- | **DECLERATION OF PLAINTIFF IN SUPPORT OF** |
| JAMES R. DONOVAN, MD, et al<br>Defendants | **(1) PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE OHIO DEFENDANTS' MOTION TO DISMISS &<br>(2) PLAINTIFF'S JUDICIAL NOTICE OF BOTH OHIO AND TEXAS DEFENDANTS' NON-COMPLIANCE WITH RULE 26(a)(1) and 26(a)(1)(B) & (D) PRODUCTION** |

_____

I, Darlington Amadasu, lay pro se plaintiff, declare the following based on my personal knowledge, competence to testify to the facts herein and under penalty of perjury under 28 USC 1746 that the foregoing is true and correct

    1. By 6/21/04 Scheduling Order (doc.61) this court set 7/15/04 the deadline for parties to make the mandatory automatic FRCP 26(a) exchange of initial disclosures and production of documents. Plaintiff has fully and completely complied with both the Rule 26(a)(1)(A), 26(a)(1)(B) &(C) and the scheduling order by making initial disclosures and sending copies of documents to all the adverse parties at no cost to them.

    2. But up to the moment of this memorandum the adverse parties have failed to provide to plaintiff any and all relevant documents in their possessions, custody, and control.

    3. Pursuant to the scheduling order (SO) plaintiff served defendants amended/supplemented complaint (doc.63) on 8/30/04 and filed motion for process service of amended complaint upon the additional defendants. The current defendants (Ohio and Texas defendants) failed to answer, instead, Ohio defendants solely opposed the amended complaint. (doc.65).

    4. Plaintiff applied to the clerk to enter default against the current defendants. (doc.66) and Ohio defendants solely opposed the entry of default (doc.67), and plaintiff filed a Reply (doc.68).

    5. Without entered court's order, the court clerk sua sponte converted clearly captioned amended complaint to a motion to amend/supplement complaint without judicial jurisdiction to do so (doc.63).

    6. At this juncture when the issues had not been joined and the court decision on the pleadings

1

and motions were pending, Ohio defendants by letter requested from plaintiff suggested date for his deposition. Plaintiff advised Ohio defendants that parties should wait for the court's decision on the amended complaint and the pending motions but they refused and failed to cooperate with plaintiff.

7. On 10/6/04 simultaneously, Ohio defendants filed notice to take deposition of plaintiff (doc.69) and the court served plaintiff the Magistrate's Report and Recommendations (doc.70) to which objections were due within 10 days. Plaintiff's objections were filed 10/15/04 (doc.71) to which Ohio defendants solely responded (doc.72).

8. On 10/21/04 plaintiff initiated telephonic conferences with current defendants' counsels to extra-judicially resolve discovery issues, *inter alia*, current defendants' absolute failure to provide plaintiff with copies of relevant documents in their possessions; rescheduling deposition of plaintiff from 10/29/04 to future dates suggested by plaintiff on the grounds among others, plaintiff's major depressive illness had decompensated to the extent that plaintiff would not be a competent deponent at his deposition thereby would medically unable to attend; and the potential surprise and ambush that would happen at the deposition when defendants affirmatively told plaintiff that they would depose plaintiff on those documents in their possessions, which they had absolutely refused to provide to plaintiff in violation of Rule 26(a) et seq.

9. Plaintiff gave reasonable, clearly, timely (more than 7-days) and proper notice to defendants of his medically inability to attend deposition and his intent to move for protective order and to postpone the deposition when they refused to cooperate with him.

10. Plaintiff filed unopposed motions for protective order and motion to stay proceedings and deposition (doc.73), which the Magistrate denied (doc.74) without consideration of the Local Rule 7.2(a)(2).

11. Without complying with the scheduling order directives regarding discovery differences between parties, Ohio defendants filed motion to dismiss (doc.76) to which this memorandum is addressed.

12. Upon the court adopting the R&R (doc.78), overruling plaintiff's objections (doc.79), and denying motions to stay deposition and for protective order, the plaintiff with diligence and good faith and in compliance with the SO directives, initiated, facilitated and made many voluntary scheduling suggested dates for his deposition to and by all the defendants (docs.80, 81, 82), which defendants ignored or rejected.

13. However, Ohio defendants' letter dated 12/1/04 agreed to depose plaintiff any day from

2

12/13/04 to 12/17/04. See annexed (Exh.11). Parties finally resolved the deposition issue and agreed to hold the depositions of plaintiff on 12/13/04 and 12/15/04 (doc.87). Ohio and Texas defendants deposed plaintiff on 12/13/04 and 12/15/04 respectively thereby moot the motion to dismiss.

14. Before, on and after the Scheduling Order 7/15/04 deadline for Rule 26(a) initial automatic and mandatory exchanges of disclosures and documents, defendants have ongoing refused to comply fully and completely with Rule 26(a)(1) and Rule 26(a)(1)(B) and (D).

15. On 7/15/04 Ohio defendants made Rule 26(a)(1)(A) disclosures but failed to comply with Rule 26(a)(1)(B) by failing to provide copies of and or description by category of all documents, data compilations and tangible things that are in their possession, custody, or control and that they might use to support their defenses to plaintiff. They also failed to specify the dates the Rule 26(a)(1)(D) insurance agreement documents would be available for plaintiff to inspect and copy.

16. Without filing motion for default judgment against the defendants and in compliance with the court's scheduling order directives, plaintiff has been attempting to extra-judicially resolve with them their failure to comply with Rule 26(a) requirements as follows. Plaintiff made phone calls and letters dated 10/4/04, 10/11/04 and 10/21/04 to the defendants. See [doc.73 with Ex. 1, 2, 6].

17. Ohio Defendants by their counsel, purposefully to evade production of documents, erroneously asserted that Rule 26(a)(1) read with Rule 26(a)(1)(B) does not require them to provide the documents to plaintiff. See [doc.73 with Ex.3, 4, 5], which are Flamm's letters dated 10/6/04, 10/19/04 and 10/21/04 respectively, in which he affirmatively exposed his lack of knowledge, understanding, and misinterpretation of Rule 26(a)(1) with Rule 26(a)(1)(B) and or deliberately misinterpreted the rule with intent to avoid complying with the rule and providing the documents to plaintiff.

18. Plaintiff made extra-judicial good faith efforts by correspondence and conferring by phone with them in an attempt to make them comply with the rule requirements but they fail to provide them.

19. During 10/21/04 plaintiff's telephone conference with counsels for Ohio and Texas defendants, plaintiff reminded them to comply with the Rule. Sequel to the 10/21/04 plaintiff initiated conference, 3 months past the 7/15/04 deadline for initial disclosures, Ohio defendants made purported Rule 26(a)(1) supplemental initial disclosures on 10/21/04 by simply stating and failing to describe the documents in their possession.

20. Again instead of producing copies of documents to plaintiff pursuant to Rule 26(a)(1), Ohio defendants imposed their own rule that plaintiff must only inspect or review the documents at their counsel's office without specifying or suggesting what dates the documents would be available for inspection and producing them to plaintiff.

21. On 10/22/04 Ohio defendants confirmed their refusal to produce copies of documents to

plaintiff. See hereto annexed [Exh.7]. On 11/22/04 plaintiff served and filed notice to inspect and obtain copies of documents in defendants' possessions, and voluntarily suggested or scheduled dates for his deposition. (doc.80).

22. Ohio defendants rejected or ignored plaintiff's good faith and diligence by their letter dated 11/23/04, hereto annexed as [Exh.8] and made baseless excuses that they never proposed the date 11/26/04 in doc.80; plaintiff unilaterally set the dates; and Defendants' counsel had made plans with his family. Ohio Defendants counter-proposed 11/30/04 to 12/3/04 for plaintiff to inspect only but not to obtain copies and they affirmatively asserted that they were/are not obligated to provide plaintiff with copies of their documents.

23. On 11/29/04 again, Plaintiff served and filed proper second notice to inspect and obtain copies of documents (doc.82) pursuant to (Exh.8), Id; and a proper second notice of plaintiff's voluntary suggested scheduled dates for his deposition. (doc.81). Ohio defendants considered plaintiff's 11/29/04 notice (doc.82) a very short notice to them for plaintiff to inspect and obtain copies of their disclosed documents in spite of their affirmatively proposed 11/30/04 for plaintiff to inspect and obtain copies of their documents.

24. On 11/30/04 without waiving his rights, when plaintiff appeared at Ohio defendants' counsel, Mr Justin D. Flamm office to inspect and obtain copies of their documents, Mr. Flamm obstructed, interrupted and hindered plaintiff's inspection of their documents by surprisingly sua sponte organizing court's conference with Magistrate Judge Black.

25. Plaintiff objected because the conference constituted surprise, ambush and sandbagging to plaintiff who went there solely to inspect and obtain copies of documents and not for any unexpected and un-noticed conference.

26. Mr Flamm presented disarrayed 8 pieces of documents in duplicates or triplicates for plaintiff to inspect only and to not obtain copies thereof. Mr Flamm refused to present Insurance documents under Rule 26(a)(1)(D) for inspection and coping.

27. Plaintiff went home frustrated and empty handed without any documents in spite of plaintiff's properly noticed intent to inspect and obtain copies of their documents under Rule 26(a)(1), 26(a)(1)(B) & (D).

28. Plaintiff memorialized defendants' and their counsel deliberate refusal to provide to plaintiff copies of all their disclosed documents. See hereto annexed (Exh.9). On 11/30/04 defendants by Mr Flamm demanded from plaintiff pre-payment of 15 cents per page as precondition for allowing him to obtain copies of their disclosed documents. See hereto annexed (Exh.10).

29. The Rules 26(a)(1), and 26(a)(1)(B) do not mandate pre-inspection of and Rules 26(a)(1),

4

26(a)(1)(B) and 26(a)(1)(D) do not mandate pre-payment for defendants disclosed documents by plaintiff before defendants provide to plaintiff copies of the documents in their possession, custody and control.

    30. Defendants have absolutely refused and failed to provide to plaintiff copies of documents that defendants have been mandated to provide to plaintiff under the Rules.

Executed December 20, 2004.



                                            */s/ Darlington Amadasu*

                                            Darlington Amadasu

Please attach the following documents already in your possessions as following exhibits:

1. Exh.7        Mr Justin D. Flamm's letter dated 22 October 2004 to plaintiff
2. Exh.8        Mr Justin D. Flamm's letter dated 23 November 2004 to plaintiff
3. Exh.9        Plaintiff's letter dated 11/30/04 to Mr Flamm
4. Exh.10      Mr Justin D. Flamm's letter dated 30 November 2004 to plaintiff
5. Exh.11      Mr Justin D. Flamm's letter dated 1 December 2004 to plaintiff.