UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES R. DONOVAN, M.D., *et al.* | : | **REPLY MEMORANDUM OF THE** |
| | : | **OHIO DEFENDANTS IN SUPPORT** |
| Defendants. | : | **OF THEIR MOTION TO DISMISS** |

The Motion to Dismiss filed by Defendants the University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, James Lockey, and Andrew T. Filak (collectively "the Ohio Defendants") should be granted in its entirety.  Nothing in Plaintiff Darlington Amadasu's  ("Plaintiff") opposition memorandum suggests otherwise; rather, Plaintiff simply restates his skewed view of this case's procedural history and his disagreement with various rulings of the Court before he attempts -- unsuccessfully -- to absolve himself of his discovery sins.

Plaintiff ignored his discovery obligations by choosing not to appear for his properly noticed deposition.  This Court has already held as follows in this case:

> Plaintiff is aware that he is required to attend his properly noticed deposition (*see* doc. 69), regardless of any alleged discovery disputes.

(Doc. 74 at 3)  As amply demonstrated by his history of failing to show up for depositions in numerous other cases he has filed (which are detailed in the Ohio Defendants' Motion), Plaintiff is indeed aware of the fundamental requirement that he sit for deposition.

{W0344030.1}

Yet Plaintiff has again chosen to ignore that requirement. Prior to the original date of his properly noticed deposition, Plaintiff offered undersigned counsel no reason why he could not have attended the deposition. (Nov. 16, 2004 Declaration of Justin D. Flamm at ¶ 6) Accordingly, his post-hoc excuses on motion should be disregarded -- as should his procedural objections. After attempting unsuccessfully to first contact Plaintiff on the morning of November 5, 2004 to bring this matter before the Court informally, undersigned counsel left a message in the chambers of Magistrate Judge Black concerning this discovery issue. Undersigned counsel received a return call that afternoon and was advised that the Ohio Defendants should proceed to file their Motion, which they did. Attempts at extrajudicial resolution were beside the point because the only appropriate resolution is dismissal.

Plaintiff's "mootness" argument is merely a red herring. The fact that Plaintiff subsequently agreed to privilege the Ohio Defendants with his deposition testimony -- <u>after</u> the instant motion was filed -- is not relevant to either of the dual objects served by dismissal under Rule 37. As the Supreme Court held in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976):

> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, **not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent**.

*Id.* at 643 (emphasis added). Plaintiff has been admonished and sanctioned in his other cases, as discussed in the pending Motion of the Ohio Defendants, yet he has not learned his lesson. Further sanctions on Plaintiff are not merely appropriate, they are an absolute necessity if Plaintiff is ever to understand that he cannot simply file lawsuit after lawsuit and then flaunt his duty to sit for deposition.

Deterrence, the other aim cited by the Supreme Court in *National Hockey League*, would also be grossly disserved by allowing Plaintiff's case to proceed. With Plaintiff's lengthy trail of litigation -- and discovery violations -- in the public record, other litigants could conclude that they are free to undertake lawsuits, but that they too need not appear for deposition unless and until they feel like it. The Ohio Defendants respectfully submit that the Court should not countenance such an outcome.

Plaintiff's case should be dismissed.

Respectfully submitted,

By: ___/s/ Justin D. Flamm___
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
LaQuita S. Wilson (0076883)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
rogers@taftlaw.com
flamm@taftlaw.com
wilsonl@taftlaw.com

Special Counsel for the Attorney General of Ohio

Trial Attorneys for the Ohio Defendants

OF COUNSEL:

Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administrative Building
Cincinnati, Ohio 45221-0623
(513) 556-3483

{W0344030.1}    3

## CERTIFICATE OF SERVICE

  I hereby certify that I served copies of the foregoing upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, via regular United States mail, postage prepaid, this 3rd day of January, 2005.

                By:    /s/ Justin D. Flamm
                   Gregory Parker Rogers (0042323)
                   Justin D. Flamm (0071575)
                   LaQuita S. Wilson (0076883)
                   Taft, Stettinius & Hollister, LLP
                   425 Walnut Street, Suite 1800
                   Cincinnati, Ohio 45202-3957
                   (513) 381-2838
                   (513) 381-0205 (fax)
                   rogers@taftlaw.com
                   flamm@taftlaw.com
                   wilsonl@taftlaw.com

                   Special Counsel for the
                   Attorney General of Ohio

                   Trial Attorneys for the Ohio Defendants