UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,   Case No. 1:01-cv-210

        Dlott, J.
vs.        Black, M.J.

JAMES R. DONOVAN, M.D., *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT:**
**(1) DEFENDANTS' MOTION TO DISMISS (doc. 76) BE DENIED; AND**
**(2) PLAINTIFF'S MOTION TO STRIKE (doc. 90) BE DENIED**

This matter is before the Court on a motion by the Ohio Defendants[2] to dismiss, or, in the alternative, for other sanctions under Rule 37 of the Federal Rule of Civil Procedure based on Plaintiff's failure to fulfill his discovery obligations. Plaintiff has filed a response in opposition to the motion (doc. 88), and the Ohio Defendants have filed a reply memorandum. (Doc. 89). Plaintiff has also filed a motion to strike the Ohio Defendants' reply, and the Ohio Defendants have filed a response in opposition to Plaintiff's motion.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The "Ohio Defendants" are The University of Cincinnati, James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrmann, James Lockey, and Andrew Filak.

**I.**

On October 6, 2004, the Ohio Defendants served and filed a Notice of Deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure, stating that Plaintiff's deposition was scheduled to take place on October 29, 2004. (Doc. 76, Ex. C). On October 21, 2004, Plaintiff left a message with defense counsel stating that he would be asking the Court for a protective order relating to his deposition. (Flamm Decl. ¶ 5). Accordingly, on October 25, 2004, Plaintiff filed a motion for a protective order and did not appear at his deposition on October 29, 2004. On November 1, 2004, the Court denied Plaintiff's motion for a protective order. (Doc. 74).

On November 16, 2004, the Ohio Defendants filed a motion to dismiss or for other sanctions due to Plaintiff's noncompliance with discovery. (Doc. 76). The Ohio Defendants argued that dismissal is an appropriate sanction because Plaintiff willfully and intentionally failed to appear for his properly noticed deposition, illustrating his bad faith and his intention to frustrate discovery and unjustifiably delay this action.

However, Defendants deposed Plaintiff on December 14 and December 15, 2004. Plaintiff, therefore, maintains that Defendants' motion to dismiss should be denied as moot.[3] The Court agrees.

---

[3] The Ohio Defendants also filed a reply memorandum in support of their motion on January 3, 2005. (Doc. 91). In response, Plaintiff filed a motion to strike the Ohio Defendants' response because it was untimely. (Doc. 90). Plaintiff argued that he served the Ohio Defendants with his opposition memorandum on December 20, 2004, and, therefore, the Ohio Defendants' reply was due on or before December 31, 2004. *Id.* However, Friday, December 31, 2005, was a designated federal holiday. Thus, the Ohio Defendants' reply filed on Monday, January 3, 2005, was not untimely. *See* Fed. R. Civ. P. 6(a).

## II.

Under Fed.R.Civ.P. 37(d), when a party fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just. Further, subdivision (b)(2)(c) of Rule 37 specifically authorizes the imposition of sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(c).

A trial court, in exercising its discretion in the imposition of sanctions for such violation, must do so in light of the particular facts of the case before it. To determine the proper sanction, the Court must look to the party's reasons for such failure to comply. Central to the determination of the appropriate sanction is the willfulness or good faith manifested by the party's conduct. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958). Willful failure has been defined as any intentional or conscious failure as distinguished from involuntary non-compliance. *United States v. 3963 Bottles, More or Less*, 265 F.2d 332, (7th Cir.), *cert. denied*, 360 U.S. 931 (1959). This requirement of willfulness is particularly essential when the Court is faced with the possibility of imposing the harsh sanction of dismissing an entire action. *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974); *see also Moore v. Island Creek Coal Co.*, 375 F.2d 732 (4th Cir. 1967) (dismissal warranted where plaintiff failed to appear at time and place designated for taking of deposition and plaintiff failed to appear at hearing on defendant's motion to dismiss).

### III.

The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future. *National Hockey League,* 427 U.S. at 642-43. Dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order. *Id.*

Four factors should be considered when deciding whether to dismiss under Rule 37(b)(2): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Bass,* 71 F.3d at 241; *Bank One of Cleveland,* 916 F.2d at 1073.

Here, it is unclear from the evidence whether Plaintiff's failure to appear at the deposition was due to willfulness or bad faith. Plaintiff filed a motion for a protective order and to stay his deposition pending the decision of the Court on the pending Report and Recommendation. (Doc. 73). Although the Court found that Plaintiff's motion was not well-taken, it appears that Plaintiff's failure to cooperate in discovery was due to his

improper interpretation of the Federal Rules of Civil Procedure, rather than bad faith.

As noted above, Defendants have deposed Plaintiff, and, therefore, the alleged prejudice suffered by Defendants as a result of Plaintiff's failure to appear at his deposition, (*i.e.* the inability to explore Plaintiff's Title VI and VII claims, identify witnesses, and complete discovery), has been alleviated.  Furthermore, although the Ohio Defendants cite other lawsuits initiated by Plaintiff to show that he has been warned that his failure to comply with discovery could result in dismissal, the Court must focus on the fact of this case.

Here, after Plaintiff filed a motion for protective order and did not appear at his deposition, the Ohio Defendants immediately filed a motion to dismiss, rather than a motion to compel Plaintiff's deposition.  Accordingly, in light of the facts and circumstances of this case, the undersigned determines that dismissal and/or other sanctions are premature and improper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss (doc. 76) should be **DENIED**; and
2. Plaintiff's motion to strike (doc. 90) should be **DENIED**.


Date:   April 18, 2005                             s/ Timothy S. Black
                                                                                 Timothy S. Black
                                                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.

JAMES R. DONOVAN, M.D., *et al.,*

    Defendants.

Case No. 1:01-cv-210

Dlott, J.
Black, M.J.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).