UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES R. DONOVAN, M.D., et al. | : | **MOTION OF THE OHIO** |
| | : | **DEFENDANTS TO STRIKE** |
| Defendants. | : | **EXHIBITS TO PLAINTIFF'S** |
| | : | **DECLARATION** |
| | : | |
| | : | **DECLARATION OF JAMES** |
| | : | **DONOVAN, M.D. ATTACHED** |
| | : | |
| | : | **HEARING REQUESTED** |

The Ohio Defendants move to strike Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-08, and 110-130 to the May 27, 2005 Declaration that Plaintiff Darlington Amadasu submitted to the Court in opposition to summary judgment. As set forth in the accompanying memorandum in support, these exhibits were not produced or identified in the initial disclosures of Amadasu or in response to discovery requests -- and at least two of the exhibits appear to be forgeries.

                                                Respectfully submitted,

                                                By:  /s/ Justin D. Flamm
                                                      Gregory Parker Rogers (0042323)
                                                      Justin D. Flamm (0071575)
                                                      Taft, Stettinius & Hollister LLP

OF COUNSEL:                         425 Walnut Street, Suite 1800
                                                      Cincinnati, Ohio 45202-3957
Mitchell D. McCrate (0047403)        (513) 381-2838
Associate General Counsel            (513) 381-0205 (fax)
University of Cincinnati
Office of the General Counsel         Special Counsel for the Attorney
300 Administrative Building            General of Ohio
Cincinnati, Ohio 45221-0623
(513) 556-3483
                                                      Trial Attorneys for the Ohio Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES R. DONOVAN, M.D., et al. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **OHIO DEFENDANTS' MOTION TO** |
| Defendants. | : | **STRIKE EXHIBITS TO PLAINTIFF'S** |
| | : | **DECLARATION** |
| | : | |

## I. INTRODUCTION

The Ohio Defendants have moved to strike Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-08, and 110-130 to the May 27, 2005 Declaration that Plaintiff Darlington Amadasu submitted to the Court in opposition to summary judgment. As discussed below, Amadasu failed to provide any of these documents as part of his initial disclosures or to produce them in response to Rule 34 document requests. Additionally, at least two of the exhibits appear to be forgeries.

## II. ARGUMENT

**A.     Amadasu Failed To Produce The Vast Majority Of The Exhibits Either As Part Of His Requires Initial Disclosures Or In Response To Rule 34 Requests.**

On July 16, 2004, Amadasu served his initial disclosures pursuant to Rule 26(a)(1). Among other things, Rule 26(A)(1) requires that the party produce "a copy of, or a description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment . . . ." (Fed. R. Civ. P. 26(A)(1)(B))  Amadasu produced a total of 21 documents with his initial disclosures. He did not describe by category or

location any additional documents; rather, the only related statement he included in his initial disclosure filing was that "Plaintiff produces 21 documents marked as **PL.001-021**, which may be used to support his claims." These documents consisted primarily of materials relating to Amadasu's unpaid balance that he owes the University. These initial disclosure documents correspond with the following Exhibits to Amadasu's recent declaration: 4, 70, 76, 78, 80, 82, 85, 88, 92, 94, 105, 106, and 109. The other 117 of Amadasu's declaration exhibits were not identified or disclosed.

Further, on January 6, 2005, the University of Cincinnati served Rule 34 document requests on Amadasu. Among other documents requested, the University sought "any and all documents that refer to, reflect, comment upon, or tend to prove or disprove any of the contentions in the First Amended Complaint relating to Plaintiff's Title VI or Title VII claims" and "any and all documents and things that Plaintiff expects to submit to the Court in this matter." (Attachment A) The discovery cutoff was not until January 31, 2005, and the Court's June 2004 scheduling Order required only that "[a]ll discovery shall be requested by the discovery cutoff date." (Doc. 61) Yet Amadasu failed to serve written responses to these requests and failed to produce any documents whatsoever.

Amadasu's discovery deficiencies are compounded by his sworn acknowledgement that one or both of two documents purportedly sent to Amadasu by Defendant Donovan (Exhs. 26-27 to Amadasu Declaration) were subject to production. Amadasu testified in his December 2004 deposition that he had such writing(s) in his possession and would produce it to the Ohio Defendants. Amadasu testified:

> Q. You have referred to a writing that you claim contained an admission that the sex harassment allegations against you were what you call a hoax.
>
> A. Yes.

> Q. Where is that writing?
>
> A. Say where?
>
> Q. Yes.
>
> A. I have it -- I have it at home.
>
> Q. Have you produced a copy of that writing to the Ohio [D]efendants in this litigation?
>
> A. I intend to produce it, because I just discovered it.
>
> Q. When did you discover that document?
>
> A. About two days ago.
>
> Q. And where did you discover that?
>
> A. In -- in one of my books.

(Amadasu Dep. at 143-44) Despite his acknowledgement that the document was subject to production and that he would produce it, he never did. (As discussed below, Amadasu's belated "discovery" of that document in his books is explained by the fact that the document is apparently a forgery.)

Under Rule 37, Amadasu should not now be permitted to rely on these documents that he withheld from discovery altogether. With respect to initial disclosures, Rule 37 provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

(Fed. R. Civ. P. 37(c)(1)) As for written document requests, Rule 37 provides that a party's failure "to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request" can be addressed by, *inter alia*, "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." (Fed. R. Civ. P. 37(d) and 37(b)(2)(B))

{W0452666.1}   3

Amadasu's failure to produce the documents on which he would now rely compels the conclusion that those documents should be excluded. Amadasu should not be permitted to ambush the Ohio Defendants, and Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-08, and 110-130 to Amadasu's declaration should be stricken.

### B. Exhibits 26 And 27 Appear To Be Forgeries, And The Ohio Defendants Request A Hearing To Determine Whether Amadasu Fabricated Evidence.

Even more troubling are Amadasu's Exhibits 26 and 27, both of which appear to be forgeries. Exhibit 26 purports to be a December 20, 1999 letter from Donovan to Amadasu, and Exhibit 27 purports to be a similar May 31, 2000 letter. However, Donovan's Declaration submitted with this Motion makes clear that he neither authored nor signed either document, and that Donovan had not seen either document until Amadasu submitted them to this Court. Exhibit 27 in particular bears Amadasu's own hallmarks, such as his misspelling of the word "chaperone"; in Amadasu's Exhibit 27, Donovan supposedly wrote "chaperon" -- the same spelling used repeatedly by Amadasu in his own admitted handiwork. (*See, e.g.*, Amadasu Decl. at ¶ 42 and Exh. 47)

Accordingly, the Ohio Defendants call this matter to the Court's attention and respectfully submit that the Court consider whether sanctions against Amadasu are appropriate under either 28 U.S.C. § 1927 or, alternatively, the inherent power of the Court. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-47 (1991). The Ohio Defendants further request an evidentiary hearing to demonstrate that Amadasu forged these documents. In addition to the testimony of Donovan, the Ohio Defendants will submit evidence that Amadasu has previously altered documents that he submitted to the Court in this action.

## III. CONCLUSION

For each and all of the foregoing reasons, the Ohio Defendants submit that Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-08, and 110-130 to Amadasu's Declaration should be stricken because he failed to produce them, and that the Court should hold a hearing to determine whether Amadasu forged Exhibits 26 and 27.

Respectfully submitted,

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

OF COUNSEL:

Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administrative Building
Cincinnati, Ohio 45221-0623
(513) 556-3483

Special Counsel for the Attorney
General of Ohio

Trial Attorneys for the Ohio Defendants

{W0452666.1}    5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served copies of the foregoing upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon John Grey, Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, counsel for Claudia Miller and the University of Texas Health Science Center at San Antonio, via regular United States mail, postage prepaid, this 13th day of June, 2005.

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Special Counsel for the
Attorney General of Ohio

Trial Attorneys for the Ohio Defendants