UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Dlott |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES DONOVAN, et al., | : | **UNIVERSITY OF CINCINNATI'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |
| Defendants. | : | |

Defendant The University of Cincinnati ("the University") propounds the following Requests for Production of Documents upon Plaintiff Darlington Amadasu ("Plaintiff") to be responded to in writing within thirty (30) days after the date of service. The University requests Plaintiff to produce for inspection and copying the following designated documents at the office of Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202, within thirty (30) days after service of these requests.

## DEFINITIONS

The terms used herein have the following meaning:

1. "Person" or "persons" means a natural person, a corporation, an unincorporated association, a partnership, or any other form of business, commercial or governmental.

2. "Document" or "documents" refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original and each nonidentical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof,

of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: resumes, employment applications, papers, e-mails, books, letter, correspondence, telegrams, cables, telex messages, memoranda, communications, notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earning records, W-2's, 1099's, employee benefit records, summary plan descriptions of employee benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other conversations or of interviews or of conferences or other meeting, affidavits, statements, manuscripts, statutes, regulation, ordinances, media articles, legal papers, transcripts, summaries, opinions, reports, desk calendars, appointment books, telephone logs, diaries, lists, tabulations, sound recordings, audio recordings, video recordings, computer printouts, data processing input recordings, charts, accounts, financial statements and reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

3. Documents "relating to" any given matter means documents which constitute, contain, discuss, embody, comment upon, record, refer to, identify, concern or are otherwise pertinent to that matter.

4. "Title VI" means Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. "Title VII" means Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

INSTRUCTIONS

1. Each paragraph below shall operated and be construed independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2. The documents designated in this Request shall be produced in accordance with the requirements of Rule 34 of the Federal Rules of Federal Procedure, including the requirement that the documents be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Request.

3. These Requests should be deemed continuing and you are requested to provide pursuant to Federal Rule of Civil Procedure 26(e)(2), by the way of supplementary responses thereto, such additional information or documents as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your responses now given to the Requests below. Supplemental responses and documents are to be served upon the Ohio Defendants' counsel pursuant to Rule 26(e) promptly after receipt of such information or documents.

4. Wherever Plaintiff has a document responsive to a particular request which he believes is privileged from production for any reason, please identify the document by (a) date; (b) author; (c) addressee; (d) subject matter; (e) type of document; (f) all persons who received, handled or saw a copy of the document at any time, or to whom its contents were communicated at any time, either advertently or inadvertently; (g) why the document is claimed to be privileged from production; and (h) if the privilege asserted arises under Rule 26(b)(3) of the Federal Rules of Civil Procedure, the litigation for which the document was prepared.

REQUESTS FOR PRODUCTION

1. Produce any and all documents that refer to, reflect, comment upon, or tend to prove or disprove any of the contentions in the First Amended Complaint relating to Plaintiff's Title VI or Title VII claims.

2. Produce any and all documents supporting Plaintiff's claims for damages under Title VI or Title VII, or which reflect, comment on, or tend to prove or disprove such claims.

3. Produce any and all tape recordings, photographs, videotapes, or any other such recordings that refer to, reflect, or comment upon the Title VI or Title VII allegations in Plaintiff's First Amended Complaint.

4. Produce any and all written reports, grievances, complaints, or similar documents that refer to, reflect, or comment upon any Title VI or Title VII allegation in Plaintiff's First Amended Complaint.

5. Produce any and all documents and things that Plaintiff expects to identify as exhibits at the trial of this matter.

6. Produce any and all documents prepared in whole or in part by any expert witness retained by Plaintiff in connection with this litigation.

7. Produce any and all documents which have been provided to any expert witness who will testify on behalf of Plaintiff at the trial of this matter, regardless of the source of such documents.

8. Produce any and all diaries, journals, or calendars of appointments, or notes that Plaintiff has maintained since January 1, 1999.

9. Produce any and all documents that refer to, reflect, or comment upon conversations that relate in any way to Plaintiff's Title VI and Title VII claims between Plaintiff and any of the Ohio Defendants or any employee or former employee of the University.

10. Produce any and all documents that refer to, reflect, or comment upon Plaintiff's physical or emotional health or condition, including but not limited to all correspondence, opinions, and reports from present and prior physicians, psychiatrists, psychologists,

psychoanalysts, social workers, therapists, counselors or any other professional commenting upon Plaintiff's physical or emotional health, including tests, test results and evaluation reports for the MMPI or any other test taken by Plaintiff.

11. Produce any and all documents generated during Plaintiff's efforts, if any, to obtain earnings since January 1, 2000, including but not limited to (a) applications for employment; (b) letters of rejection; (c) letters requesting employment; (d) offers of employment; (e) resumes; (f) personal appointment books and calendars; (g) personal diaries or journals; (h) documents generated in connection with Plaintiff's self-employment or whole or part ownership of business enterprises, if any, or other income-seeking activities by Plaintiff.

12. Produce any and all documents that refer to, reflect, or comment upon Plaintiff's earnings, including, but not limited to: (a) Plaintiff's state and federal income tax returns with all schedules and supporting documents from 2000 to the present; and (b) documents concerning employment and pay records, all related tax returns, profit distribution reports, employer tax forms, and employee W-2's. This request does not include documents that refer to, reflect, or comment upon unearned income of Plaintiff, if any.

13. Produce any and all documents obtained by Plaintiff, or by anyone acting on Plaintiff's behalf, from the University or any of the Ohio Defendants.

14. Produce any and all documents sent by Plaintiff, or by anyone acting on Plaintiff's behalf, to the University or any of the Ohio Defendants.

15. Produce any and all notes that Plaintiff took while reviewing the Ohio Defendants' initial disclosure documents on November 30, 2004.

16. Produce any and all notes that Plaintiff took during his deposition by the Ohio Defendants on December 13, 2004.

17. Produce any and all documents and things that Plaintiff expects to submit to the Court in this matter.

Respectfully submitted,

By: ______________________________

Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838

Special Counsel for the
Attorney General of Ohio

Trial Attorneys for the Ohio Defendants

OF COUNSEL:

Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administration Building
Cincinnati, Ohio 45221-0623

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, via regular United States mail, postage prepaid, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548 via regular United States mail, postage prepaid, this 6th day of January, 2005.