FILED
JAMES BONINI
CLERK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

05 JUN 27  AM 9: 31

|  |  |  |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| *Plaintiff,* | : | |
|  | : | |
| v. | : | Judge Dlott |
|  | : | Magistrate Judge Black |
|  | : | |
|  | : | **MOTION OF THE TEXAS** |
|  | : | **DEFENDANTS TO STRIKE** |
|  | : | **EXHIBITS TO PLAINTIFF'S** |
|  | : | **DECLARATION** |
|  | : | |
|  | : | **DECLARATION OF ROGER** |
| JAMES R. DONOVAN, M.D. *et al.,* | : | **PERALES ATTACHED** |
| *Defendants.* | : | |
|  | : | **HEARING REQUESTED** |

The Defendants, University of Texas Health Science Center at San Antonio ("UTHSC"), Claudia S. Miller, and Roger Perales (collectively, the "Texas Defendants") move to strike Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-108, and 110-130 to the May 27, 2005 Declaration of Amadasu in Support of Plaintiff's Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment & Exhibits. As set forth in the accompanying memorandum in support, the Plaintiff did not produce or identify these exhibits in his initial disclosures or as part of his responses to the Texas Defendants' written discovery requests. Moreover, at least one of the exhibits included in the Plaintiff's Declaration appears to be forged.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE
Chief, General Litigation Division


CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served as indicated below on this 24th day of June, 2005, on:


*Regular Mail & Certified Mail, Return
Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202


CHRISTOPHER COPPOLA
Assistant Attorney General

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,                    :        Case No. 1:01-cv-210
                                       :
    *Plaintiff,*                        :
                                       :
v.                                     :        Judge Dlott
                                       :        Magistrate Judge Black
                                       :
JAMES R. DONOVAN, M.D. *et al.,*       :        **MEMORANDUM IN SUPPORT**
                                       :        **OF TEXAS DEFENDANTS'**
    *Defendants.*                      :        **MOTION TO STRIKE**
                                       :        **EXHIBITS TO PLAINTIFF'S**
                                       :        **DECLARATION**

## I. INTRODUCTION

The Texas Defendants have moved to strike Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-108, and 110-130 to the May 27, 2005 Declaration that the Plaintiff, Darlington Amadasu (the "Plaintiff"), submitted to the Court in opposition to summary judgment. The Plaintiff failed to provide any of these documents as part of initial disclosures or to produce them in response to the Texas Defendants' written discovery requests. Furthermore, at least one of the Plaintiff's Exhibits, Exhibit 118, appears to be a forgery.

## II. ARGUMENT

### A.    The Plaintiff Did Not Produce Exhibits 110-123 To The Texas Defendants

On July 16, 2004, the Plaintiff served his initial disclosures under Rule 26(a)(1). Rule 26(a)(1) requires the parties to produce "a copy of, or a description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment ..." Fed. R. Civ. P. 26(a)(1)(B). The Plaintiff produced a total of 21 documents with

his initial disclosures. He did not describe any other documents or evidence by category and location. The documents disclosed by the Plaintiff as part of his Rule 26 disclosures correspond with Exhibits 4, 70, 76, 78, 80, 82, 85, 88, 92, 94, 105, 106, and 109 in the Plaintiff's Declaration. The remainder of the Exhibits in the Plaintiff's Declaration were not identified or disclosed by the Plaintiff.

The Plaintiff also failed to produce documents in response to the Texas Defendants' Rule 34 Request for Production. Among other requests, the Texas Defendants asked the Plaintiff to "produce all documents that you will use to substantiate your claims in this lawsuit." In his response, the Plaintiff did not object, but merely asserted that all such documents were already in the control of the Texas and Ohio Defendants. A true and correct copy of the Plaintiff's Response to Texas Defendants' First Request for Production is attached hereto as Exhibit 1. The Plaintiff did not produce any documents in his response to the Texas Defendants' Rule 34 discovery request, nor did he specify a time and place where the Texas Defendants could receive any responsive documents.

**B.    The Plaintiff's Exhibit 118 Appears To Be a Forgery**

The Plaintiff's Exhibit 118 appears to be a forgery. Exhibit 118 purports to be a fax cover sheet and letter from Defendant Perales to Defendant Miller, with a carbon copy to Defendant Donovan, dated April 19, 2000. Defendant Perales, however, never authored this letter nor sent this fax. *See* Second Affidavit of Roger Perales, attached hereto as Exhibit 2. Furthermore, the letter is not written in Defendant Perales' style and Defendant Perales, as a general practice, did not send carbon copies of correspondence to people outside of the STEER program. In fact, Defendant Perales never saw this document until after the Plaintiff submitted it to the Court. *Id.*

The Texas Defendants respectfully request an evidentiary hearing to demonstrate that the

Plaintiff forged Exhibit 118. If the Court finds that the Plaintiff did forge this purported evidence,

the Texas Defendants ask that the Court impose sanctions, including dismissal of the present lawsuit,

on the Plaintiff under 28 U.S.C. § 1927 or under the inherent power of the Court.

### III. CONCLUSION

For the foregoing reasons, the Texas Defendants respectfully request that the Court strike

Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-108, and 110-130 from

the Plaintiff's May 27, 2005 declaration. The Texas Defendants also respectfully request that the

Court find that the Plaintiff's Exhibit 118 is a forgery, and that the Court impose appropriate

sanctions on the Plaintiff, including dismissal of the present lawsuit.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE
Chief, General Litigation Division

CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded

as indicated below on this, the 24th day of June, 2005, to:

*Regular Mail & Certified Mail, Return*
*Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

CHRISTOPHER COPPOLA
Assistant Attorney General