FILED
JAMES BONINI
CLERK

05 JUN 27 AM 9:30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| *Plaintiff,* | : | Judge Dlott |
| v. | : | Magistrate Judge Black |
| JAMES R. DONOVAN, M.D. *et al.*, | : | **MOTION OF THE TEXAS DEFENDANTS TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDUM** |
| *Defendants.* | : | |

The Texas Defendants move to strike the Plaintiff's "Supplemental Memorandum in Support of Plaintiff's Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment; & Supplemental Declaration Motion to Strike Declaration of Donovan." As set forth in the accompanying memorandum in support, the Plaintiff's supplemental motion is untimely and exceeds the Court's 20 page limit. Accordingly, the Plaintiff's Supplemental Memorandum should be stricken.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE
Chief, General Litigation Division

_____
CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded as indicated below on this, the 24th day of June, 2005, to:

*Regular Mail & Certified Mail, Return Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

_____
CHRISTOPHER COPPOLA
Assistant Attorney General

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| *Plaintiff,* | : | |
| | : | Judge Dlott |
| v. | : | |
| | : | Magistrate Judge Black |
| JAMES R. DONOVAN, M.D. *et al.,* | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **THE TEXAS DEFENDANTS' MOTION** |
| *Defendants.* | : | **TO STRIKE PLAINTIFF'S** |
| | : | **SUPPLEMENTAL MEMORANDUM** |

## I. INTRODUCTION

The Texas Defendants have moved to strike the Plaintiff's Supplemental Memorandum in Support of Plaintiff's Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment; & Supplemental Declaration Motion to Strike Declaration of Donovan (hereinafter, the "Supplemental Memorandum".) The Plaintiff's Supplemental Memorandum is untimely and exceeds the Court's 20 page limit for briefs and memoranda filed with the Court.

## II. FACTS & PROCEDURAL HISTORY

On June 21, 2004, United States Magistrate Judge Timothy Black entered an Order setting out the schedule and parameters for the above-styled and named lawsuit (hereinafter, the "Scheduling Order"). (Doc. 61). The Scheduling Order required all parties to file dispositive motions with the Court no later than March 31, 2005. The Scheduling Order also forbid the parties from filing briefs or memoranda exceeding 20 pages without first seeking leave of the Court. On April 22, 2005, the Court permitted the Plaintiff to file his response to the Texas and Ohio Defendants' summary judgments no later than May 30, 2005. (Doc. 102). On June 1, 2005 – two

months after the expiration of the dispositive motion deadline – the Plaintiff filed a cross-motion for summary judgment and response against the Texas and Ohio Defendants. (Doc. 106). On June 10, 2005, the Plaintiff filed his Supplemental Memorandum. (Doc 107). The Plaintiff's Supplemental Memorandum is 38 pages in length. The Plaintiff did not seek leave of Court to file his 38 page Supplemental Memorandum. The Plaintiff's Supplemental Memorandum purports to supplement his original 73 page cross motion for summary judgment. (Doc. 106).

## II. ARGUMENT & AUTHORITIES

The Court should strike the Plaintiff's Supplemental Memorandum. Although pro se plaintiffs are held to less stringent standards than attorneys, the lenient treatment afforded to a pro se litigant has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, when "a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.*, *citing Jourdan v. Gabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Plaintiff has failed to comply with "easily understood court-imposed deadline[s]."[1]

In the present case, the Court's deadline for filing dispositive motions expired on March 31, 2005. Despite the fact that this readily understandable deadline was clearly set out by the Court in its Scheduling Order, the Plaintiff did not file his cross-motion for summary judgment until June 1, 2005 – two months after the March 31, 2005 deadline passed. The Plaintiff also filed his Supplemental Memorandum on June 10, 2005 – again, more than two months after the deadline for

---

[1] In any event, the Plaintiff is not an inexperienced naif when it comes to the judicial system. As noted by Judge Beckwith, who recently dismissed one of the Plaintiff's cases, the Plaintiff "has also filed nine other actions over the past four years in the Southern District of Ohio." (Jan. 24 2005 Order in *Amadasu v. Universtiy Hospital, Inc. et al.*, No. 1:05cv45, at p.3 n.1).

dispositive motions. To the extent that the Supplemental Memorandum applies to the Plaintiff's putative response to the Texas Defendants' summary judgment, the Supplemental Memorandum is also untimely. By its April 22, 2005 Order, the Court gave the Plaintiff until May 30, 2005 to respond to the defendants' summary judgments. The Plaintiff did not file his Supplemental Memorandum until June 10, 2005, well after the Court's extended deadline for a response had expired.

The Court should also strike the Plaintiff's Supplemental Memorandum because it exceeds – by 18 pages – the 20 page limit set by the Court in its scheduling order. As with the Court imposed deadline for filing dispositive motions and responses to the defendants' summary judgments, the Court's 20 page limit is readily understandable to lay litigants. Nonetheless, the Plaintiff filed a brief or memorandum that exceeds the limit by 18 pages. He also never sought leave of the Court to exceed the page limit. The Plaintiff's Supplemental Memorandum is especially egregious because it comes on the heels of the Plaintiff's 73 page cross motion for summary judgment. Permitting the Plaintiff to grossly exceed the court-mandated page limit would place the Texas Defendants at a significant disadvantage by requiring the Texas Defendants to sort through and respond to a total of over 100 pages of rambling argument and unfounded allegations. Thus, the Plaintiff's Supplemental Memorandum should be stricken.

### III. CONCLUSION & PRAYER

WHEREFORE, the Texas Defendants respectfully request that the Court strike the Plaintiff's Supplemental Memorandum in Support of Plaintiff's Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment; & Supplemental Declaration Motion to Strike Declaration of Donovan because the Plaintiff's Supplemental Memorandum was untimely filed and exceeded the Court's 20 page limit.

3

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE
Chief, General Litigation Division

_____
CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded as indicated below on this, the 24th day of June, 2005, to:

*Regular Mail & Certified Mail, Return Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

_____
CHRISTOPHER COPPOLA
Assistant Attorney General

4