FILED
JAMES BONINI
CLERK

05 JUN 27 AM 9: 30

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01-cv-210 |
| | : | |
| *Plaintiff,* | : | Judge Dlott |
| | : | |
| v. | : | Magistrate Judge Black |
| | : | |
| JAMES R. DONOVAN, M.D. *et al.,* | : | **MEMORANDUM OF THE** |
| | : | **TEXAS DEFENDANTS IN** |
| *Defendants.* | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **UNTIMELY CROSS MOTION** |
| | : | **FOR SUMMARY JUDGMENT** |

NOW COME Defendants, University of Texas Health Science Center at San Antonio ("UTHSCSA"), Claudia S. Miller, and Roger Perales (collectively, the "Texas Defendants"), and present their Memorandum in Opposition to Plaintiff's Untimely Cross Motion for Summary Judgment:

**I.**
**FACTS & PROCEDURAL HISTORY**

On June 21, 2004, United States Magistrate Judge Timothy Black entered an Order setting out the schedule and parameters for the above-styled and named lawsuit (hereinafter, the "Scheduling Order"). (Doc. 61). The Scheduling Order required all parties to file dispositive motions with the Court no later than March 31, 2005. The Scheduling Order also forbid the parties from filing briefs or memoranda exceeding 20 pages without first seeking leave of the Court. On June 1, 2005 – two months after the expiration of the dispositive motion deadline – the Plaintiff filed a cross-motion for summary judgment against the Texas and Ohio Defendants. (Doc. 106). The Plaintiff's cross-motion for summary judgment is 73 pages in length.

On April 22, 2005, the Court granted the Plaintiff additional time to respond to the summary

judgment motions filed by the Texas and Ohio Defendants. (Doc. 102). The Plaintiff did not seek, nor did the Court grant, additional time to file a dispositive motion.

## II.
## ARGUMENT & AUTHORITIES

The Court should strike or deny the Plaintiff's cross-motion for summary judgment. Although pro se plaintiffs are held to less stringent standards than attorneys, the lenient treatment afforded to a pro se litigant has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, when "a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id.*, *citing Jourdan v. Gabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Plaintiff has failed to comply with "easily understood court-imposed deadline[s]."[1]

In the present case, the Court's deadline for filing dispositive motions expired on March 31, 2005. Despite the fact that this readily understandable deadline was clearly set out by the Court in its Scheduling Order, the Plaintiff did not file his cross-motion for summary judgment until June 1, 2005 – two months after the March 31, 2005 deadline passed. Furthermore, the Plaintiff did not receive additional time from the Court to file a dispositive motion. Accordingly, the Plaintiff's cross-motion for summary judgment should be stricken or denied in its entirety.[2]

---

[1] In any event, the Plaintiff is not an inexperienced naif when it comes to the judicial system. As noted by Judge Beckwith, who recently dismissed one of the Plaintiff's cases, the Plaintiff "has also filed nine other actions over the past four years in the Southern District of Ohio." (Jan. 24 2005 Order in *Amadasu v. Universtiy Hospital, Inc. et al.*, No. 1:05cv45, at p.3 n.1).

[2] The full title of the Plaintiff's pleading is "Plaintiff's Initial Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgments." Although the Plaintiff has attempted to combine his dispositive motion with his response to the Defendants' dispositive motions, he makes no distinction within his brief or memorandum between his dispositive motion and his response. Thus, the Plaintiff has apparently attempted to get the Court to consider his cross-motion for summary judgment by "piggybacking" it onto his purported response. Because it is impossible to separate the Plaintiff's dispositive motion from his response, the whole pleading should be denied or stricken.

The Court should also strike or deny the Plaintiff's cross-motion for summary judgment because it exceeds – by 53 pages – the 20 page limit set by the Court in its scheduling order. As with the Court imposed deadline for dispositive motions, the Court's 20 page limit is readily understandable to lay litigants. Nonetheless, the Plaintiff filed a brief or memorandum that exceeds the limit by 53 pages. The Plaintiff also never sought leave of the Court to exceed the page limit. Permitting the Plaintiff to grossly exceed the court-mandated page limit would place the Texas Defendants at a significant disadvantage by requiring the Texas Defendants to sort through and respond to 73 pages of rambling argument and unfounded allegations. Thus, the Plaintiff's cross-motion for summary judgment should be struck in its entirety.

### III.
### CONCLUSION & PRAYER

WHEREFORE, the Texas Defendants respectfully request that the Court deny or strike the Plaintiff's Initial Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment because the Plaintiff's motion was untimely filed and exceeded the Court's 20 page limit.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE

3

Chief, General Litigation Division

CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been

forwarded as indicated below on this, the 24th day of June, 2005, to:

*Regular Mail & Certified Mail, Return*
*Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

CHRISTOPHER COPPOLA
Assistant Attorney General

4