UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 JUL 11 PM 4:50

FILED
JAMES BONINI
CLERK

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff | Case No: C - 1- 01 -210<br>Black/Dlott |
| -V- | |
| JAMES R. DONOVAN, MD, et al<br>Defendants | REPLY IN SUPPORT OF<br>PLAINTIFF'S MOTION TO STRIKE DECLARATION<br>OF JAMES R. DONOVAN and for CONTEMPT<br>AGAINST OHIO DEFENDANTS; and IN RESPONSE TO<br>OHIO DEFENDANTS' OPPOSITION THERETO<br>AND THIRD DECLARATION OF AMADASU |

Amadasu submits his Reply in support of Plaintiff's Motion To Strike Declaration of James R. Donovan and for Contempt against Ohio Defendants (Doc.108, p.36) and in response to Ohio defendants' memorandum in opposition thereto (Docs.112), which should be rejected in its entirety because it lacks merits and basis in facts, law and evidence. Amadasu will now reply in seriatim to defendants' baseless opposition:

1. **Defendants's contention that Amadasu fails to cite any evidence whatsoever that Donovan's Declaration is perjurious not only lacks merits but also misleads the court:**

Amadasu has set forth specific facts and cited and presented corroborating best evidentiary documentations why declaration of James R. Donovan is perjurious, contemptuous and should be stricken. Amadasu did not opine but, rather, set forth specific facts with preponderance of evidentiary support—that Donovan's Declaration is 'perjurious and contemptuous' thereby subject to strike and sanctions. See (Docs.104, 105, 106 and 108), which are hereby incorporated by reference.

2. **Amadasu's Supplemental Declaration (Doc.108) is not subject to strike because it was not in violation of Local Rule 7.2(d), but sustained and permitted under FRCP 56(e)**

Amadasu's Supplemental Declaration is not subject to strike because: (a) it was not in violation of Local Rule 7.2(d) in that it was not 'correspondence with the court', which the Rule forbids or disfavors; and (b) it is sustained and permitted under FRCP 56(e), which authorizes the court to permit

1

affidavits (declarations) to be supplemented or opposed by…further affidavits (declarations). Thus, Defendants and their attorney, Mr Justin Flamm, not only misunderstood the language, interpretation and applicability of the Local Rule 7.2(d) but also deliberately and intentionally attempt to mislead and work fraud upon the court.

3. **The 'Supplemental Declaration' itself does not consist of Amadasu's own views on how Donovan and other Ohio defendants should have conducted their organization but, rather, it consists of the national standard requirements mandated by accreditation bodies--ACGME, ABPM, JCAHO—on how Donovan and other Ohio defendants were <u>obligated to conduct the OMRP and Treat Amadasu as a bona fide resident medical staff</u>**

As condition precedent for accreditation of sponsoring and conducting Occupational Medicine Residency Program (OMRP) and federal funding thereof at and by the University of Cincinnati Medical Center (UCMC), Donovan and other Ohio defendants contracted and agreed to strictly adhere to the national standard requirements of the accreditation bodies—ACGME, ABPM, JCAHO, as well as the federal statutory requirements of the federal funding agency to conduct the OMRP and treat Amadasu according to those national standard requirements as set forth in Exhibits 97, 98 and 100 attached to Doc.104. The supplemental declaration also consists of revelation of inconsistencies, contradictions, deliberate falsehood, lies, fraud, misrepresentations, perjury and contempt of Donovan and other Ohio and Texas defendants. The negligence, failure and refusal of Donovan and other defendants to comply with the standard requirements are the direct and proximate cause of Amadasu's injuries.

4. **In his 'Supplemental Declaration' Amadasu relies not only on two letters but also on his <u>other uncontroverted exhibits in the record</u>**

Because Amadasu's revelation remains uncontroverted that Donovan and other Ohio defendants are unbelievable, self-inconsistent and self-contradictory liars, their speculation, conjecture, surmise or guessing that Donovan's two letters were purportedly forged without evidentiary proof lacks credence and thus subject to rejection by this court.

2

5. **Pursuant to S.D. Ohio Civ. R.7.2 (e) Amadasu hereby submit further evidentiary proof of Donovan and other Ohio defendants' lies and perjury in Donovan's Declaration and in their memorandum for summary judgment**

In addition to his uncontradicted sets of facts and uncontroverted preponderance of evidentiary proof of Donovan and other Ohio defendants' lies and perjury already cited and presented by way of attachment to Decalaration of Amadasu (Doc.104) pursuant to FRCP 56(e), Amadasu hereby submits, pursuant to **S.D. Ohio Civ. R.7.2 (e)** Exhibits 131-148 as further evidence that Donovan lied and perjured in his declaration and to rebut Ohio defendants' argument in their opposing memorandum that Amadasu failed to cite any evidence whatsoever that Donovan's declaration was 'perjurious' (Doc.112, paragraph 1).

The exhibits below and other exhibits are attached to Third Declaration of Amadasu to be filed at the court.

**Ex.131** is an excerpt from the brochure on University of Cincinnati College of Medicine (UCCM) Department of Environmental Health (DEH) sent to Amadasu

**Ex.132** is an excerpt from the brochure on OMRP at the Division of Occupational and Environmental Medicine (DOEM) evidencing that: the OMRP is and must be conducted through the ACGME accredited OMRP; funding of the OMRP is by federal agency—NIOSH, and by The University Hospital ("TUH").

**Ex.133** is a true and accurate copy of 'University of Cincinnati New Hire Personnel Action Form' executed by UC evidencing that Amadasu was employed by UC from 7/1/1999 to 6/30/2000 and showing Donovan as Amadasu's supervisor and that Amadasu was an employee-resident but not a student.

**Ex.134** is a true copy of State Medical Board of Ohio ("SMBO") acknowledgment of application for training certificate evidencing that the SMBO recognizes that the OMRP was based at TUH but not based at UC

**Ex.135** is a true copy document evidencing UC/TUH as employers and Amadasu as employee resident-medical staff

**Ex.136** is true copy of document by which Amadasu as employee and UC as employer executed agreement for payroll direct deposit.

**Ex.137** is a true copy of 8/2/99 letter document by which UC offered Amadasu as its employee Choice Benefits Enrollment

**Ex.138** is a true copy of 'Employee Orientation Reference Data Report' showing UC employed plaintiff Amadasu

**Ex.139-140** are true copies documents evidencing that Amadasu as employee of UC became public employee of the State of Ohio was thereby entitled to Public Employees Retirement System of Ohio ("PERS") as well as other rights, privileges, immunities, equal rights and equal protections

**Ex.141-148** are true copies of documents evidencing PERS and Amadasu's enrollment therein as public new employee by UC.

Donovan lied and perjured in his declaration that Amadasu was not employee of UC; was a 'accelerated track student'; failed to cite evidence that Donovan's declaration was 'perjurious', etc, but the above evidentiary documentations and those other exhibits (Doc.104) contradict his positions argued in memoranda in opposition to Plaintiff's Motion To Strike Donovan's Declaration and for Contempt.

The originals of above exhibits are in the possession and control of Donovan, other Ohio defendants and their attorney but they have absolutely failed and refused to disclose and produce them during discovery and to the present in spite of Amadasu relentless requests and demands for them.

For all of the foregoing reasons, Amadasu's motion to strike Donovan's declaration and for contempt has merits and should be granted; and defendants' opposition should be rejected entirely.

Respectfully submitted,

Darlington Amadasu, Lay pro se plaintiff

**CERTIFICATE OF SERVICE:**
I certify that the true copies of the foregoing was served upon Justin D. Flamm and Christopher Coppola by regular USPS mail to their addresses on record on 7/11/05

4