UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 AUG 15 AM 11:03

DARLINGTON AMADASU
   Plaintiff

Case No: C - 1- 01 - 210
Black/Dlott

-v-

JAMES R. DONOVAN, MD, et al
   Defendants

REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT, and IN RESPONSE TO
OHIO and TEXAS DEFENDANTS' OPPOSITION THERETO

**THIS REPLY IS SUPPORTED BY THIRD OMNIBUS DECLARATION
OF AMADASU THAT IS INSTANTLY FILED SEPARATELY**

Amadasu submits his Reply in support of Plaintiff's cross-motion for summary judgment (Docs.104, 105, 108) and in response to Ohio and Texas defendants' memoranda in opposition thereto (Docs.109, 116), which should be rejected in their entirety because they lack merits and basis in facts, law and evidence. Amadasu will now reply in seriatim to defendants' baseless memoranda:

### I.

### FACTS & PROCEDURAL PICTURE CONTRA

Ohio and Texas defendants and their attorneys have established patterns and schemes of collusion, conspiracy and deception that pervert the judicial process and obfuscate the due process right of plaintiff as evidenced by their multiplicity of inconsequential and frivolous motions to dismiss and or transfer this action from Ohio proper venue to improper Texas venue, which this court overruled against them (Docs.4, 6, 7, 17, 23, 30, 32, 36). Their responsive pleadings or answers were collusively filed simultaneously (Docs.37, 38, 52, 53).

It was Amadasu's motion (Doc.58) that set the discovery in motion. Amadasu filed, but defendants failed to file Rule, 26(f) Report, which resulted in Scheduling Order ("SO") [Doc.61]. Amadasu made both Rule 26(a)(1) and 26(a)(1)(B) disclosures and production of copies of documents to defendants.

1

**Defendants belatedly made Rule 26(a)(1) and (B) disclosures but failed to produce copies of documents to plaintiff.** (Amadasu's Third Decln. at 18-21, Ex.149-151). With diligence, Amadasu made relentless good faith efforts to obtain documents from defendants from July 2004 to late January 2005 and continuing to the present time. (Amadasu's Third Decln. at 18-21) Defendants have discoverable information and documents before and after the commencement of this action on 4/1/01 but neglected, failed, refused, or delayed disclosing and or producing the materials until late January 2005 when they produce partial documents in the last-minute of discovery deadline. (Amadasu's Third Decln. at 18-21, Ex.149-151).

When defendants and their attorneys failed to produce documents required by FRCP 26(a)(1)(B), answer interrogatories submitted under FRCP 33, permit inspection and copying of documents required under FRCP 34, answer sufficiently requests for admission submitted under FRCP 36, and or when defendants made evasive, incomplete disclosure, answers, or response constituting failure to disclose, produce, answer, or respond under FRCP 37(a)(3), (Amadasu Third Decln. at 34-36, Ex.165-167), in compliance or consistent with FRCP 37(a)(2)(B), Local Rule 37.2 and the Scheduling Order (Doc.61) Amadasu in good faith employed extrajudicial means of resolution of the discovery differences as set forth in Third Declaration of Amadasu (Amadasu Third Decln. at 22-30, Ex.152-161). However, Texas defendants by their attorney, Mr Grey, and Ohio defendants by Mr Flamm, made last minute production of partial documents requested under FRCP 34 in late January 2005

Amadasu waited, reasonably and rightfully expected the court to convene the all parties conference so that the court could direct outstanding defendants' answers and production of documents be made available to Amadasu in order for him to prepare, file his cross-motion for summary judgment and oppose defendants' motions for summary judgments.

Amadasu made and the court granted his motion for extension of time (Docs.100, 102).

The above conducts of defendants constituting collusive, conspiratorial, deliberate, intentional, knowing, reckless and egregious dilatory tactics, litigation abuse, violations of discovery rules and court's order, discovery abuses, stonewalling and obstructing discovery and concealment of documents wholly caused, contributed to and prevented plaintiff from filing motion for summary judgment before the deadline. Defendants' dilatory tactics were intended to and did run out plaintiff's time to file his dispositive motion.

Ohio and Texas defendants' collusive last-minute or eleventh-hour production of numerous documents to plaintiff prejudiced plaintiff by preventing plaintiff from preparing his case, timely filing dispositive motion, and timely opposing defendants' motions.

## II.
## ARGUMENT & AUTHORITIES

**A. The court should not strike or deny Plaintiff's cross-motion for summary judgment but the court should deny defendants' motion (Docs.109, 116) to strike cross-motion because:**

**1. This court has discretion to consider an untimely motion for summary judgment**

The court has discretion to consider an untimely filed motion for summary judgment, Brinkman v. Toledo, 81 Ohio App.3d 429, 611 NE2d 380 (1992), especially if the case is amenable to resolution by summary judgment and there is lack of prejudice to the non-moving party, White v. McGill, 67 Ohio App.3d 1, 585 NE2d 945 (1990). [NB: Ohio Rules of Civil Procedure are patterned on Federal Rules of Civil Procedure]

3

2. **The precedents or case laws of this court and other federal courts in the Sixth Circuit pro scribe striking or denying the cross-motion with merits & are binding on this court**

This court's Jan. 7, 2004 ruling in <u>Amadasu v. The Christ Hospital, et al</u>, Case No. C-1-01-284, at p.2, (S.D.Ohio, 2004) is controlling in and applicable to this instant action. In denying plaintiff's motion to strike defendants' untimely motion for summary judgment filed after the expiration of the dispositive motion deadline, this court ruled: "while the court acknowledges the untimeliness of defendants's motion, the efficient administration of justice requires the court to consider the merits of the motion," citing, <u>R.J. Wilder Contracting Co., Inc. v. Ohio Turnpike Comm'n</u>, 913 F.Supp.1031, 1338 (N.D.Ohio, 1996)(stating that the Court is not required to deny the motion simply because it is untimely, the efficient administration of justice requires that the Court consider the merits of the motion); and <u>Gould v. Sullivan</u>, 131 FRD 108, 110 (S.D.Ohio 1989)(denying plaintiff's motion to strike untimely pleading because of the importance of the question presented, and lack of prejudice to plaintiffs). Thus, plaintiff's cross-motion should not be stricken or denied under these case laws.

3. **Ohio and Texas defendants failed to show any prejudice suffered due to the cross-motion**

Defendants failed to demonstrate any prejudice suffered as a result of filing of plaintiff's cross motion for summary judgment thereby precluding striking or denying the plaintiff's cross-motion for summary judgment but thereby warrants denying defendants' motions to strike. These court rulings in <u>Amadasu</u> and Gould, Id, supra, are applicable as herein modified: "[defendants] have failed to show that they have suffered any prejudice as a result of [plaintiff] untimely response. Thus, failure to consider [plaintiff's] cross-motion judgment would merely postpone this matter for another day at great expense to the parties and to the Court. [Defendants'] motion to strike [plaintiff's] cross-motion for summary judgment is therefore denied." Thus, defendants' motion to strike or deny should be denied.

**4. Assuming cross-motion was untimely (which is not) the defendants wholly caused it:**

Defendants' last minute production of partial documents in the eleventh-hour of the dispositive motion deadline and their continuing deliberate and intentional withholding, concealing, and stonewalling documents even to the present moment wholly cause the filing of the cross-motion at the time it was filed. Thus, they prevented plaintiff from filing his motion earlier.

**5. Doctrines of equity and unclean hands bar defendants' motion to strike**

The bulk of the documents and information that plaintiff needed and still needs to prepare his case, file timely dispositive motion and opposition to defendants' summary judgment motions were and are still in the possession, custody and control of the defendants. The defendants' violations of discovery Rules 26-37, litigation abuses, bad faith, neglect, discovery abuses, concealment of documents constitute "unclean hands." Thus, defendants are barred by the doctrines of equity and unclean hands from moving to strike the very cross-motion, whose delay was caused by them or their misconduct. Federal District courts are courts of equity. A court of equity is a court of conscience. It seeks to do justice and equity between parties. See Franklin v. Jones, 191 SW2d 835; May v. Midwest Refining Co. (C.C.A.Me) 121 F.2d 431, certiorari denied 62 S.Ct.129, 314 US 668, and Bollinger & Boyd Barge Service, Inc. v. Motor Vessel, Captain Claude Bass, (C.A.La.) 576 F.2d 595. It is a maxim of courts of equity that he who seeks equity must do equity. Koster v. (American) Lumbermen's Mut. Cas. Co., N.Y., 67 S.Ct. 828, 330 US 518; and is applicable to all classes of cases whenever necessary to promote justice. Selle v. Selle, 88 SW2d 877. The party who seeks relief must do what it is equitable to be done by him; El Paso Natural Gas Co. v. Western Bldg. Associates (C.A.N.M.) 675 F.2d 1135, or what good conscience demands in the particular case as condition precedent to relief. Singer v. New Belfort Apts., 79 NYS2d 464. Defendants have failed to do what is equitable to be done by them or what good faith and conscience demand in this case as a condition

5

precedent to the relief sought by them, thus, they cannot ask the court to become an instrument of inequity, Patsourakos v. Kolioutos, 26 A.2d 882, 132 N.J.Eq.87 and cannot be permitted to obtain any advantage in a court of equity by inequitable conduct. Welshire, Inc. v. Harbison, 91 A.2d 404, 408. The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief. It is invoked to protect the integrity of the court. He who comes into equity must come with clean hands. Keystone Driller Co. v. General Excavator Co., Ohio, 54 S.Ct. 146, 290 US 240; Christman v. Christman, 160 NE2d 419, 111 Ohio App. 25, affirmed 171 Ohio St. 152. Other maxims and principles inherent within the clean hands maxim are that a right cannot arise to anyone out of his own wrong, Murmanill Corp. v. Simkins, (C.A.Tex.) 251 F.2d 33, and no one should be permitted to profit by, or take advantage of, his own wrong, R.H. Stearns Co. of Boston, Mass. V. U.S., Ct. Cl., 54 S.Ct.325, 291 U.S. 56.

### 6. Defendants' discovery violations & last-minute tender of documents prejudiced plaintiff

Defendants' discovery violations, noncompliance with rules of discovery and last-minute tender of incomplete documents prejudice plaintiff in that plaintiff was unable to prepare, prosecute his case, file timely and adequate dispositive motion and to adequately oppose their summary judgment motions. Courts have squarely rejected the notion that a failure to comply with rules of discovery is purged by belated compliance. See Henry, 983 F.2d at 947; see also North Am. Watch Corp., 786 F.2d at 1451(holding "last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts."); G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)(holding "last-minute tender" of relevant documents does not cure effects of discovery misconduct. Thus, defendants' last-minute tender of partial documents does not erase or cure the prejudice to plaintiff, and defendants are not entitled to relief sought.

7. **Plaintiff's cross-motion for summary judgment and opposition to defendants' summary judgment motions are inextricable entwine and supported by the same affidavit/evidence**

Texas defendants acknowledged that there is no distinction between and it is impossible to separate plaintiff's dispositive motion and response to defendants' dispositive motions. (Doc.116, p.2, footnote n.2). Plaintiff's meritorious and supported dispositive motion and his opposition to defendants' dispositive motion constitute combined responses to defendants' meritless and unsupported dispositive motions. For the reasons and this court's precedents set forth above, plaintiff's dispositive motion and his response should be sustained and defendants' motion denied.

8. **This Court should not strike or deny the plaintiff's cross-motion for summary judgment because each of its composition or component parts does not exceeds the 20-page limit**

First, Texas defendants' attorney, Mr Coppola, purporting to be a licensed attorney and officer of the court knew or should have known that motion is not pleading under FRCP 7(b) or pleading is not motion under FRCP 8 but Mr Coppola unintelligently and improperly characterized plaintiff's cross-motion as pleading. (Doc.116, p.2, footnote n.2). Second, the full title of plaintiff's motion-- "Plaintiff's Initial Combined Cross-Motion for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment" evidently and unambiguously shows that it is a combination of, at least, four (4) motions, to wit: (i) plaintiff's cross-motion for summary judgment against Ohio defendants; (ii) Plaintiff's cross-motion for summary judgment against Texas defendants; (iii) Plaintiff's motion in opposition to Ohio defendants' summary judgment motion; (iv) Plaintiff's motion in opposition to Texas defendants' summary judgment motion. Dividing the 73 pages of the combined motions by the 4-component or composite motions a dividend of 18.25-pages per each of the component motions is arithmetically obtained, thus, the twenty (20) page limit has not been exceeded. Opposition to a motion is a motion under the plain language of FRCP 7(b). Thus, defendants' argument that the Court should strike or deny the plaintiff's cross-motion for summary judgment

because it exceeds the 20-page limit lacks merits and should be rejected in its entirety, and thus, plaintiff's cross-motion for summary judgment should be sustained. Even, assuming arguendo that plaintiff's motion exceeded 20-page limit (which is not) still plaintiff has not violated the page limit because: (a) the 20-page limit is not absolute under Local Rule 7.2(a)(3); (b) plaintiff complied with requirements of Local Rule 7.2(a)(3) by including a table of contents indicating the main sections of the memorandum, principal arguments and citations of authorities, pages on which each section and any sub-sections may be found pursuant to the **Local Rule 7.2(a)(3)**, which provides that "In all cases in which memoranda exceed twenty (20) pages, counsel must include a table of content" Thus, Local Rule 7.2(a)(3) permits or authorizes one to exceed 20-page limit, although plaintiff has not exceeded the 20-page limit per each motion.

### 9. Equitable tolling bars striking or denying plaintiff's cross-motion

Equitable tolling is applicable where plaintiff shows he has been injured but is unable to obtain evidence to determine who may be liable for his injury or to support his claim. See, e.g., White v. Cooper, 55 F.Supp.2d 848 (N.D.Ill.1999). Faults of defendants in last-minute production of documents and continuing withholding and concealing other outstanding documents invoke equitable tolling. Equitable tolling is applicable when plaintiff has been prevented from filing in timely manner due to sufficient inequitable circumstances (i) where the court has misled plaintiff to believe that she has done everything required of her; or (ii) where defendant's affirmative misconduct lulled plaintiff into inaction. See, e.g., McHenry v. Pennsylvania State System of Higher Edu. 50 F.Supp.2d 401 (E.D. Pa.1999); Galvis v. HGO Services, 49 F.Supp.2d 445 (1999).

### 10. "After-Acquired Evidence Doctrine" shields against strike/denial of the cross-motion

Plaintiff was unable to learn of the facts and obtain evidence so as to timely move for summary judgment until defendants' last-minute tender of partial documents that enable plaintiff to cross-move for summary judgment. It has been held: "after-acquired evidence doctrine" shields plaintiff from strike, when after-acquiring the documents plaintiff learns of facts to support claims. See, e.g., Armani

8

v. Maxim Healthcare Services, Inc., 53 F.Supp.2d 1120. Further, defendants' summary judgment motions expanded factual record, provided plaintiff with new facts and evidence of their lack of specific facts and evidentiary documentations in support of their defenses, motions or their proof of lack of genuine issue of material facts for trial thereby prompted plaintiff's cross-motion for summary judgment. The district court may permit subsequent (untimely) motion for summary judgment where new evidence has become available or the factual record has otherwise expanded through discovery, brief, or where a clear need arises to correct a manifest injustice. See, e.g., Kovacevich v. Kent State Univ., 224 F.3d 806, 835 (6th Cir.2000)(permitting renewed or successive motions where factual record has expanded); Enlow v. Tishomingo County, 962 F.2d 501, 506 (5th Cir.1992)(successive summary judgment motion allowed when new facts were presented by amended pleadings); Gulezian v. Drexel Univ., 1999 WL200675, at *2 (E.D.Pa.1999)(noting that courts may entertain successive summary judgment motions, particularly when parties have expended factual record on which summary judgment is sought.)

11. **FRCP 56(a) permits plaintiff or claimant to move for summary judgment at any time**

FRCP 56(a) provides that a party seeking to recover upon a claim…may, **at any time after** the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. Thus, plaintiff's cross-motion is not untimely according to this Rule. See, e.g., Brill v. Lante Corp., 119 F.3d 1266, 1275 (7th Cir.1997)(holding "…a party can file a motion for summary judgment at any time, indeed, even before discovery has begun")

B. **Ohio and Texas defendants forfeited, waived their opposition to plaintiff's cross-motion for summary judgment, have failed to satisfy the statutory and case law requirements of party opposing a properly supported motion for summary judgment as set forth below:**

1. **Defendants forfeited and waived their rights and opportunity to oppose plaintiff's cross-motion by relying solely on their baseless and futile motion to strike or deny plaintiff's cross-motion for summary judgment**

9

Defendants collusively based their rambling and futile opposition to plaintiff's cross-motion for summary judgment solely on their baseless and futile theory of untimeliness of the cross-motion and by so doing, they forfeited and waived other defenses that they might have against plaintiff's well-supported cross-motion for summary judgment, thus, in effect, plaintiff's cross-motion for summary judgment remains unopposed, and thus, warranting granting summary judgment to plaintiff.

2. **Defendants failed to satisfy or meet the statutory requirements of a party opposing summary judgment in order to preclude granting the summary judgment against him/her**

Other than their motion based on theory of untimeliness to strike plaintiff's summary judgment cross-motion, defendants proffered no other defenses to defeat plaintiff's well-supported cross-motion for summary judgment. FRCP 56(c) states in part that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to the material fact and that the moving party is entitled to a judgment as a matter of law." Only those documents listed in FRCP 56(c) may be considered by the court in deciding a motion for summary judgment. Waldeck v. North College Hill, 24 Ohio App.3d 189, 493 NE.2d 1375 (1985). However, FRCP 56(e) permits the court to consider sworn or certified copies of all papers or part thereof referred to in and attached to an affidavit and the Rule states in part that "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment if appropriate, shall be entered against the adverse party." Here, defendants have failed to satisfy the requirements of these rules, thus, plaintiff is entitled to summary judgment.

3. **Defendants have satisfied the controlling legal and case law standards for denying them, and granting plaintiff, summary judgment as a matter of law.**

Defendants are a non-moving party and plaintiff is the moving party with respect to plaintiff's

cross-motion for summary judgment. The purpose of summary judgment is to isolate, and then terminate defenses that are factually unsupported. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53 (1986). The United States Supreme Court held that the standard for granting summary judgment mirrors the standard for a directed verdict and that moving parties—here, e.g., plaintiff, do not have the burden of proof under Rule 56 but a burden of persuasion to show that no genuine issues of material fact exist. A moving party—here, plaintiff, needs only show that the opposing side did not make a showing sufficient to establish the existence of an element essential to that party's case (defense), i.e., defenses have no factual and evidentiary basis.

Summary judgment motions must be resolved not only with an appropriate regard for the rights of those asserting claims and defenses to have their positions heard by a fact finder, but also with due regard for the rights of persons opposing such claims and defenses to demonstrate, under this Rule and *before* trial, that the claims and defenses have no factual basis. Id, at 327. Thus, a party plaintiff cross-moving for summary judgment forces defendants to come forward with a least one sworn averment of specific fact essential to their defenses, before the time-consuming process of litigation will continue. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990), and the defendants to produce evidence on any issue for which that party bears the burden of production at trial, regardless of whether plaintiff supports the motion with affidavits. See Wing v. Anchor Media, Ltd of Texas, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991)(Ohio Supreme Court adopting the *Celotex* case).

Summary judgment is to be rendered "forthwith" when after an adequate period for discovery, defendants are unable to show a genuine issue as to a material fact on which they will bear the burden of proof at trial, so long as judgment against them is appropriate as a matter of law. Id, Celotex, also see Dept of Commerce v. U.S. House of Representatives, 525 U.S. 316, 327, 119 S.Ct. 765, 772 (1999).

For examples, *inter alia*: Ohio defendants bear the burden of producing but they failed to

11

produce evidence to prove: that they had contract with plaintiff to provide him with instructional courses and clinical rotations for payment of tuition fees; that plaintiff actually owed them tuition fees; that they have the legal standing to withhold plaintiff's transcript and graduation from the residency program; that they have legal standing to impose disciplinary action on plaintiff that they conceded was not their employee and had no contract with them; that they have legal standing and authority to act on purported patient's complaint that allegedly happened at the Center for Occupational Health (COH) that was under the ownership, authority and control of The University Hospital (TUH), the legitimate sponsor of the Occupational Medicine Residency Program. The Texas defendants also failed to produce evidence and prove that they have legitimate non-discriminatory reason for excluding plaintiff from their federally assisted program.

**Defendants failed to establish genuine issue to defeat summary judgment against them:**

A "genuine issue" exists where the evidence before the court is of such a nature that a reasonable jury could return verdict in favor of defendants. A mere "scintilla" of evidence that is only "colorable" or is not sufficiently probative, is not enough to defeat summary judgment. Instead, there must be evidence upon which a jury could reasonably find for defendants' favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52. Cf. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(commenting that where factual context of claim or defense is implausible, the non-moving party must come forward with more persuasive evidence than would otherwise be necessary). Here, defendants presented absolutely no opposing factual and evidentiary matter in the record either in support of their positions or in opposition to plaintiff's position.

**Defendants presented briefs, memoranda predicated upon their discrediting perjured declarations and or affidavits laced with inconsistencies, lies, misrepresentations, etc.**

When the moving party supplements the motion by affidavit or other materials listed in Rule

56, the non-moving party cannot respond with mere allegations or denials. See First Nat'/ Bank v. Cities Serv. Co., 391 U.S. 253, 389 (1968). Instead, the non-moving party must show, by affidavit, documents, deposition testimony, or otherwise, that a genuine issue of material fact remains for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

**Defendants' briefs and memoranda of law by their attorneys are not evidence:**

The court may consider concessions in a party's brief whether a genuine issue of material fact exists; otherwise, however, the parties' briefs are not evidence. See Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1372 (3rd Cir.1996)(legal memoranda and oral argument are not evidence and cannot independently create a factual dispute or a genuine issue of disputed fact that prevents summary judgment). Ordinarily, statements of counsel in a memorandum of law are not competent to support or oppose a motion for summary judgment. Id. The briefs of parties, memoranda of law, and unsworn, undated statements of parties and witnesses are not properly considered evidence under Rule 56. See Hickman v. Ford Motor Co., 52 Ohio App.2d 327, 370 N.E.2d 494 (1977).

**Absent plaintiff's cross-motion, plaintiff is still entitled to summary judgment**

This court may grant summary judgment to plaintiff despite absence of a cross-motion by plaintiff. See, e.g., In re McMahon, 235 B.R. 527 (1998).

**Summary judgment in favor of plaintiff is appropriate as a matter of law:** Judgment is appropriate for plaintiff "as a matter of law" when the non-moving party (defendants) have failed to make an adequate showing on an essential element of (their defense), as to which they have the burden of proof. See Celotex, Id, at 323; see also Young Dental Mfg. Co., Inc. v. Q3 Special Prods. Inc., 112 F.3d 1137, 1141 (Fed.Cir.1997)(even if material facts remain disputed, summary

13

judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law.

### III.

### CONCLUSION & PRAYER

For the above reasons, plaintiff requests that the Court deny or reject the Ohio and Texas defendants' memoranda in opposition to plaintiff's cross-motion for summary judgment in their entirety, and grant plaintiff's cross-motion for summary judgment as a matter of law

Respectfully submitted,

Darlington Amadasu, Lay pro se plaintiff

**CERTIFICATE OF SERVICE:**
I certify that the true copies of the foregoing was served upon Justin D. Flamm by delivery to his receptionist and Christopher Coppola by regular USPS mail to their addresses on record on 8/15/05