UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

'05 AUG 15 AM 11: 03

DARLINGTON AMADASU
                    Plaintiff

Case No: **C - 1- 01 - 210**
Black/Dlott

-V-

JAMES R. DONOVAN, MD, et al
                    Defendants

**PLAINTIFF'S COMBINE OPPOSITION TO OHIO & TEXAS
DEFENDANTS' MOTIONS TO STRIKE PLAINTIFF'S
SUPPLEMENTAL BRIEF & DECLARATION**

**THIS COMBINED OPPOSITION IS SUPPORTED BY MEMORANDUM
AND THIRD OMNIBUS DECLARATION WITH EXHIBITS OF AMADASU
THAT IS INSTANTLY FILED SEPARATELY**

Amadasu submits memorandum and third declaration of Amadasu in combined opposition to Ohio and Texas defendants' Motions (Docs.113, 115) To Strike Plaintiff's Supplemental Brief and Declaration (Doc.108) in support of his cross-motion for summary judgment and in support of opposition to defendants' motions for summary judgment (Docs.104. Defendants' motion should be rejected in their entirety because they lack merits and basis in facts, law and evidence. Amadasu will now reply in seriatim to defendants' baseless memoranda:

**I.**

**FACTS & PROCEDURAL PICTURE CONTRA**

**The specific relevant procedural picture, specific relevant facts and relevant corroborating evidentiary documentations are set forth in and/or attached to Third Omnibus Declaration of Amadasu in support. To avoid redundant or reduplicative narration of the procedural picture, specific facts and the exhibits, plaintiff respectfully refers the Court to the said declaration.**

Ohio and Texas defendants and their attorneys have established patterns and schemes of collusion, conspiracy and deception that pervert the judicial process and obfuscate the due process

1

right of plaintiff as evidenced by their multiplicity of inconsequential and frivolous motions to dismiss and or strike. It was Amadasu's motion (Doc.58) that set the discovery in motion. Defendants failed to file but Amadasu filed file Rule, 26(f) Report, which resulted in Scheduling Order ("SO") [Doc.61]. Amadasu made both Rule 26(a)(1) and 26(a)(1)(B) disclosures and production of copies of documents to defendants. Defendants belatedly made Rule 26(a)(1) and (B) disclosures but failed to produce copies of documents to plaintiff. (Amadasu's Third Decln. at 18-21, Ex.149-151). With diligence, Amadasu made relentless good faith efforts to obtain documents from defendants from July 2004 to late January 2005 and continuing to the present time. (Amadasu's Third Decln. at 18-21) Defendants have discoverable information and documents before and after the commencement of this action on 4/1/01 but neglected, failed, refused, or delayed disclosing and or producing the materials until late January 2005 when they produce partial documents in the last-minute of discovery deadline. (Amadasu's Third Decln. at 18-21, Ex.149-151).

When defendants and their attorneys failed to produce documents required by FRCP 26(a)(1)(B), answer interrogatories submitted under FRCP 33, permit inspection and copying of documents required under FRCP 34, answer sufficiently requests for admission submitted under FRCP 36, and or when defendants made evasive, incomplete disclosure, answers, or response constituting failure to disclose, produce, answer, or respond under FRCP 37(a)(3), (Amadasu Third Decln. at 34-36, Ex.165-167), in compliance or consistent with FRCP 37(a)(2)(B), Local Rule 37.2 and the Scheduling Order (Doc.61) Amadasu in good faith employed extrajudicial means of resolution of the discovery differences as set forth in Third Declaration of Amadasu (Amadasu Third Decln. at 22-30, Ex.152-161). However, Texas defendants by their attorney, Mr Grey, and Ohio defendants by Mr Flamm, made last minute production of partial documents requested under FRCP 34 in late January 2005 (Amadasu Third Decln. at 37, 45, Ex.168, 172).

After extrajudicial efforts and means of resolving the discovery differences failed, Amadasu alerted the court to take judicial notice of defendants' discovery abuses and requested discovery conference

2

with the Magistrate Judge by filing unopposed notices and requests with the court consistent with the SO (Amadasu Decln. at 48-51; Docs.80-82, 87, 88, 92, 96) but the court did not convene the conference. Thus, in lieu of motion to compel under Rule 37, Amadasu requested discovery conference to be convened by the court pursuant to the SO.

Amadasu waited, reasonably and rightfully expected the court to convene the all parties conference so that the court could direct outstanding defendants' answers and production of documents be made available to Amadasu in order for him to prepare, file his cross-motion for summary judgment and oppose defendants' motions for summary judgments.

Ohio and Texas defendants separately filed motions for summary judgment, that is two separate motions requiring two separate responses from plaintiff.

Amadasu made and the court granted his motion for extension of time (Docs.100, 102).

The above conducts of defendants constituting collusive, conspiratorial, deliberate, intentional, knowing, reckless and egregious dilatory tactics, litigation abuse, violations of discovery rules and court's order, discovery abuses, stonewalling and obstructing discovery and concealment of documents wholly caused, contributed to and prevented plaintiff from filing motion for summary judgment before the deadline. Defendants' dilatory tactics were intended to and did run out plaintiff's time to file his dispositive motion.

Ohio and Texas defendants' collusive last-minute or eleventh-hour production of numerous documents to plaintiff prejudiced plaintiff by preventing plaintiff from preparing his case, timely filing dispositive motion, and timely opposing defendants' motions.

## II.

## ARGUMENT & AUTHORITIES

**A. The court should not strike or deny Plaintiff's supplemental memorandum and declaration but the court should deny defendants' motion (Docs.113, 115) to strike because:**

**1. Statutory/Legal Controlling Standards for Supplemental Briefs and Affidavits**

3

Rule 56(e) of the Federal Rules of Civil Procedure ("FRCP" or "Rule") authorizes the court to permit and allow plaintiff to avail himself with supplemental affidavits or declarations. Local Rule 7.2(a)(3) permits or authorizes one to exceed 20-page limit under certain conditions that plaintiff has satisfied.

**2.  This court has discretion to consider an untimely motion for summary judgment**

The court has discretion to consider an untimely filed motion for summary judgment, Brinkman v. Toledo, 81 Ohio App.3d 429, 611 NE2d 380 (1992), especially if the case is amenable to resolution by summary judgment and there is lack of prejudice to the non-moving party, White v. McGill, 67 Ohio App.3d 1, 585 NE2d 945 (1990). [NB: Ohio Rules of Civil Procedure are patterned on Federal Rules of Civil Procedure]

**3.  The precedents or case laws of this court and other federal courts in the Sixth Circuit pro scribe striking or denying briefs and declarations for summary judgment**

This court's Jan. 7, 2004 ruling in Amadasu v. The Christ Hospital, et al, Case No. C-1-01-284, at p.2, (S.D.Ohio, 2004) is controlling in and applicable to this instant action. In denying plaintiff's motion to strike defendants' untimely motion for summary judgment filed after the expiration of the dispositive motion deadline, this court ruled: "while the court acknowledges the untimeliness of defendants's motion, the efficient administration of justice requires the court to consider the merits of the motion," citing, R.J. Wilder Contracting Co., Inc. v. Ohio Turnpike Comm'n, 913 F.Supp.1031, 1338 (N.D.Ohio, 1996)(stating that the Court is not required to deny the motion simply because it is untimely, the efficient administration of justice requires that the Court consider the merits of the motion); and Gould v. Sullivan, 131 FRD 108, 110 (S.D.Ohio 1989)(denying plaintiff's motion to strike untimely pleading because of the importance of the question presented, and lack of prejudice to plaintiffs). Thus, plaintiff's cross-motion should not be stricken or denied under these case laws.

4

**4. Ohio and Texas defendants failed to show any prejudice suffered due to the supplemental brief and declaration**

Defendants failed to demonstrate any prejudice suffered as a result of filing of plaintiff's supplemental brief and declaration for summary judgment thereby precluding striking or denying the plaintiff's supplemental brief and declaration for summary judgment but thereby warrants denying defendants' motions to strike. These court rulings in Amadasu and Gould, Id, supra, are applicable as herein modified: "[defendants] have failed to show that they have suffered any prejudice as a result of [plaintiff] untimely response. Thus, failure to consider [plaintiff's] cross-motion judgment would merely postpone this matter for another day at great expense to the parties and to the Court. [Defendants'] motion to strike [plaintiff's] cross-motion for summary judgment is therefore denied." Thus, defendants' motion to strike or deny should be denied.

**5. Assuming supplemental brief was untimely (which is not) the defendants wholly caused it:**

Defendants' last minute production of partial documents in the eleventh-hour of the dispositive motion deadline and their continuing deliberate and intentional withholding, concealing, and stonewalling documents even to the present moment wholly cause the filing of the supplemental brief and declaration at the time it was filed. Thus, they prevented plaintiff from filing his brief earlier.

**6. Doctrines of equity and unclean hands bar defendants' motion to strike**

The bulk of the documents and information that plaintiff needed and still needs to prepare his case, file timely dispositive motion and opposition to defendants' summary judgment motions were and are still in the possession, custody and control of the defendants. The defendants' violations of discovery Rules 26-37, litigation abuses, bad faith, neglect, discovery abuses, concealment of documents constitute "unclean hands." Thus, defendants are barred by the doctrines of equity and unclean hands from moving to strike the very brief, whose delay was caused by them or their misconduct. Federal District courts are courts of equity. A court of equity is a court of conscience. It

5

seeks to do justice and equity between parties. See <u>Franklin v. Jones,</u> 191 SW2d 835; <u>May v. Midwest Refining Co.</u> (C.C.A.Me) 121 F.2d 431, certiorari denied 62 S.Ct.129, 314 US 668, and <u>Bollinger & Boyd Barge Service, Inc. v. Motor Vessel, Captain Claude Bass,</u> (C.A.La.) 576 F.2d 595. It is a maxim of courts of equity that he who seeks equity must do equity. <u>Koster v. (American) Lumbermen's Mut. Cas. Co., N.Y.</u>, 67 S.Ct. 828, 330 US 518; and is applicable to all classes of cases whenever necessary to promote justice. <u>Selle v. Selle,</u> 88 SW2d 877. The party who seeks relief must do what it is equitable to be done by him; <u>El Paso Natural Gas Co. v. Western Bldg. Associates</u> (C.A.N.M.) 675 F.2d 1135, or what good conscience demands in the particular case as condition precedent to relief. <u>Singer v. New Belfort Apts.</u>, 79 NYS2d 464. Defendants have failed to do what is equitable to be done by them or what good faith and conscience demand in this case as a condition precedent to the relief sought by them, thus, they cannot ask the court to become an instrument of inequity, <u>Patsourakos v. Kolioutos,</u> 26 A.2d 882, 132 N.J.Eq.87 and cannot be permitted to obtain any advantage in a court of equity by inequitable conduct. <u>Welshire, Inc. v. Harbison,</u> 91 A.2d 404, 408. The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief. It is invoked to protect the integrity of the court. He who comes into equity must come with clean hands. <u>Keystone Driller Co. v. General Excavator Co., Ohio,</u> 54 S.Ct. 146, 290 US 240; <u>Christman v. Christman,</u> 160 NE2d 419, 111 Ohio App. 25, affirmed 171 Ohio St. 152. Other maxims and principles inherent within the clean hands maxim are that a right cannot arise to anyone out of his own wrong, <u>Murmanill Corp. v. Simkins,</u> (C.A.Tex.) 251 F.2d 33, and no one should be permitted to profit by, or take advantage of, his own wrong, <u>R.H. Stearns Co. of Boston, Mass. V. U.S., Ct. Cl.</u>, 54 S.Ct.325, 291 U.S. 56.


7. **Defendants' discovery violations & last-minute tender of documents prejudiced plaintiff**

   Defendants' discovery violations, noncompliance with rules of discovery and last-minute

tender of incomplete documents prejudice plaintiff in that plaintiff was unable to prepare, prosecute his case, file timely and adequate dispositive motion and to adequately oppose their summary judgment motions. Courts have squarely rejected the notion that a failure to comply with rules of discovery is purged by belated compliance. See Henry, 983 F.2d at 947; see also North Am. Watch Corp., 786 F.2d at 1451(holding "last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts."); G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)(holding "last-minute tender" of relevant documents does not cure effects of discovery misconduct. Thus, defendants' last-minute tender of partial documents does not erase or cure the prejudice to plaintiff, and defendants are not entitled to relief sought.

8. **Plaintiff's supplemental memorandum and declaration for summary judgment and opposition to defendants' summary judgment motions are inextricable entwine and supported by the same affidavit/evidence**

Texas defendants acknowledged that there is no distinction between and it is impossible to separate plaintiff's dispositive motion and response to defendants' dispositive motions. (Doc.116, p.2, footnote n.2). Plaintiff's meritorious and supported dispositive motion and his opposition to defendants' dispositive motion constitute combined responses to defendants' meritless and unsupported dispositive motions. For the reasons and this court's precedents set forth above, plaintiff's dispositive motion and his supplemental response should be sustained and defendants' motion denied.

9. **This Court should not strike or deny the plaintiff's supplemental memorandum or brief for summary judgment because each of its composition or component parts does not exceeds the 20-page limit**

Plaintiff's supplemental memorandum for Summary Judgment & Oppositions to all Defendants' Motions for Summary Judgment" evidently and unambiguously shows that it is a combination of, at least, four (4) memoranda, to wit: (i) plaintiff's supplemental memorandum for summary judgment

against Ohio defendants; (ii) Plaintiff's supplemental memorandum for summary judgment against Texas defendants; (iii) Plaintiff's supplemental memorandum in opposition to Ohio defendants' summary judgment motion; (iv) Plaintiff's supplemental memorandum in opposition to Texas defendants' summary judgment motion. Dividing the 38 pages of the combined memorandum by the 4-component or composite memoranda, a dividend of 9.5-pages per each of the component memoranda is arithmetically obtained, thus, the twenty (20) -page limits has not been exceeded. Opposition to a motion is a motion under the plain language of FRCP 7(b). Thus, defendants' argument that the Court should strike or deny the plaintiff's supplemental memorandum for summary judgment because it purportedly exceeds the 20-page limit lacks merits and should be rejected in its entirety, and thus, plaintiff's supplemental memorandum for summary judgment should be sustained. Even, assuming arguendo that plaintiff's motion exceeded 20-page limit (which is not) still plaintiff has not violated the page limit because: (a) the 20-page limit is not absolute under Local Rule 7.2(a)(3); (b) plaintiff complied with requirements of Local Rule 7.2(a)(3) by including a table of contents indicating the main sections of the memorandum, principal arguments and citations of authorities, pages on which each section and any sub-sections may be found pursuant to the **Local Rule 7.2(a)(3)**, which provides that "In all cases in which memoranda exceed twenty (20) pages, counsel must include a table of content" Thus, Local Rule 7.2(a)(3) permits or authorizes one to exceed 20-page limit, although plaintiff has not exceeded the 20-page limit per each motion.

### 10. Equitable tolling bars striking or denying plaintiff's supplemental memorandum

Equitable tolling is applicable where plaintiff shows he has been injured but is unable to obtain evidence to determine who may be liable for his injury or to support his claim. See, e.g., White v. Cooper, 55 F.Supp.2d 848 (N.D.Ill.1999). Faults of defendants in last-minute production of documents and continuing withholding and concealing other outstanding documents invoke equitable tolling. Equitable tolling is applicable when plaintiff has been prevented from filing in timely manner due to sufficient inequitable circumstances (i) where the court has misled plaintiff to believe that she has done

everything required of her; or (ii) where defendant's affirmative misconduct lulled plaintiff into

inaction. See, e.g., <u>McHenry v. Pennsylvania State System of Higher Edu</u>. 50 F.Supp.2d 401 (E.D.

Pa.1999); <u>Galvis v. HGO Services</u>, 49 F.Supp.2d 445 (1999).

### 11. "After-Acquired Evidence Doctrine" shields against strike/denial of the supplemental memorandum

Plaintiff was unable to learn of the facts and obtain evidence so as to timely move for summary

judgment until defendants' last-minute tender of partial documents that enable plaintiff to cross-move

for summary judgment. It has been held: "after-acquired evidence doctrine" shields plaintiff from

strike, when after-acquiring the documents plaintiff learns of facts to support claims. See, e.g., <u>Armani</u>

<u>v. Maxim Healthcare Services, Inc</u>., 53 F.Supp.2d 1120. Further, defendants' summary judgment

motions expanded factual record, provided plaintiff with new facts and evidence of their lack of

specific facts and evidentiary documentations in support of their defenses, motions or their proof of

lack of genuine issue of material facts for trial thereby prompted plaintiff's supplemental memorandum

for summary judgment. The district court may permit subsequent (untimely) motion for summary

judgment where new evidence has become available or the factual record has otherwise expanded

through discovery, brief, or where a clear need arises to correct a manifest injustice. See, e.g.,

<u>Kovacevich v. Kent State Univ</u>., 224 F.3d 806, 835 (6th Cir.2000)(permitting renewed or successive

motions where factual record has expanded); <u>Enlow v. Tishomingo County</u>, 962 F.2d 501, 506 (5th

Cir.1992)(successive summary judgment motion allowed when new facts were presented by amended

pleadings); <u>Gulezian v. Drexel Univ</u>., 1999 WL200675, at *2 (E.D.Pa.1999)(noting that courts may

entertain successive summary judgment motions, particularly when parties have expended factual

record on which summary judgment is sought.)

### 12. FRCP 56(a) permits plaintiff or claimant to move for summary judgment at any time

FRCP 56(a) provides that a party seeking to recover upon a claim…may, **at any time after** the

9

expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. Thus, plaintiff's supplemental memorandum is not untimely according to this Rule. See, e.g., Brill v. Lante Corp., 119 F.3d 1266, 1275 (7th Cir.1997)(holding "...a party can file a motion for summary judgment at any time, indeed, even before discovery has begun")

### III.

### CONCLUSION & PRAYER

For the above reasons, plaintiff requests that the Court deny or reject the Ohio and Texas defendants' motions to strike plaintiff's supplemental memorandum and declaration in their entirety, and should sustain plaintiff's supplemental memorandum or brief and declaration for summary judgment as a matter of law

Respectfully submitted,

Darlington Amadasu, Lay pro se plaintiff

**CERTIFICATE OF SERVICE:**
I certify that the true copies of the foregoing was served upon Justin D. Flamm by delivery to his receptionist and Christopher Coppola by regular USPS mail to their addresses on record on 8/15/05

10