UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 AUG 15 AM 11:03

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff | Case No: C - 1- 01 - 210<br>Black/Dlott |
| -V- | **PLAINTIFF'S OMNIBUS CROSS-MOTION<br>TO STRIKE OHIO & TEXAS DEFENDANTS' ANSWERS,<br>SUMMARY JUDGMENT MOTIONS, FOR DEFAULT** |
| JAMES R. DONOVAN, MD, et al<br>Defendants | **JUDGMENT & SANCTIONS; SUPPORTED, inter alia, BY<br>THIRD OMNIBUS DECLARATION OF AMADASU** |

**A.         OMNIBUS CROSS-MOTION**

Plaintiff, lay Pro Se, submits this omnibus cross-motion pursuant to FRCP 16(f), 26(g) and 37 et seq., 28 USC 1927 and Inherent Power of the court for default judgment and other sanctions against Ohio and Texas defendants and their attorneys, Messrs Justin D. Flamm and Christopher Coppola (collectively, "Defendants") for reasons of: *inter alia*: (i) their discovery abuses in failing to provide and delaying responses to plaintiff's discovery requests; (ii) litigation abuses in engaging in obstructionist behavior; (iii) legal system and judicial process abuses in violating federal and local rules of civil procedure and court orders; (iv) bad faith and fraud in concealing evidence, omitting, misrepresenting facts, fabricating blanket excuses & misleading and working fraud upon the court.

Accordingly, plaintiff cross-moves this court for Orders:
1. Striking defendants' answers, summary judgment motions and all their related motions
2. For Default judgment pursuant to Rules 16(f) and 37 et seq.
3. For sanctions under Rules 16(f), 26(g) and 37 et seq. against the defendants and their attorneys for bad faith; concealments; litigation, discovery and legal system abuses and violations of the rules and court's orders under Court Inherent power and 28 USC 1927.

The grounds are set forth in the proceedings had the memorandum below

**MEMORANDUM**

**B.     Judicial Notice of Plaintiff's Motions and Declarations (Docs.104, 105, 108) Incorporated**

1

This court should take judicial notice that there are pending before it plaintiff's motions, inter alia, (i) cross-motion for summary judgment; (ii) motion to strike Declaration of Donovan; (iii) supplemental memorandum for summary judgment; [Docs.104, 105, 108]. These said motions and their supporting memoranda, declarations and exhibits set forth the grounds upon which this instant plaintiff's cross-motion is based. It would be needless to repeat or delineate those facts and arguments further herein, therefore, plaintiff hereby incorporates by reference (Docs.104, 105, 108) as if restated herein because the facts, and evidences therein are relevant to this instant motion for default judgment and other sanctions against defendants and their attorneys.

The litigation and discovery abuses as well as the unconscionable disobedience of the rules and this Court's Orders by all the defendants have prejudiced and continue to prejudice plaintiff by their incomplete, evasive, or non-responses to plaintiff's discovery request.

**C.     Relevant Procedural History and Statement of Facts:**

To avoid redundancy, plaintiff respectfully refers this court to the procedural history and set of facts contained in Plaintiff's Declaration, Supplemental Declaration (Docs.104, 105, 108) and the Third Omnibus Declaration of Amadasu that is instantly filed separately, all of which are incorporated by reference.

**D.     Undisputed Facts:**

(a) Defendants failed to comply with court order and directives in the Scheduling Order ("SO") (Doc.61) regarding discovery issues before making Rule 37 motion for sanctions;

(b) Defendants failed to comply with requirements of S.D. Ohio Civ.R.37.1 & 37.2 before making Rule 37 motion for sanctions

(c) Defendants failed to comply with requirements of Rule 26(f) for discovery planning

(d) Defendants failed to comply with requirements of Rule 33(b)(5), and 34(b)(5) before making Rule 37 motion for sanctions

(e) Defendants failed to comply with requirements of Rule 37(a) before making Rule 37 motion for sanctions

(f) Defendants violated Rules 26(a), (e), (f) and (g); 33(b), 34(b), 36(a), and 37(a); violated court's orders (Docs.61); violated FRCP 16(b, e, & f); and violated FRCP 11.

(g) Before and at the time of their summary judgment motions and their subsequent motions related thereto, Defendants have in their possession, custody and control the vast majority of Exhibits 1-172 but they withheld from plaintiff and the court the material documents that bear upon the truth of the matter before this court.

E. **ARGUMENT, LAWS, RULES, CASE LAWS**

1.  **Defendants failed to confer and participate in development of a proposed discovery plan—Rule 26(f) Report (Doc.60), upon which the Scheduling Order ("SO") was made.**

Rule 26(f) places a joint obligation on the attorneys and unrepresented parties to schedule the discovery conference and make the report outlining the plan. The defendants failed to seek and the court did not grant them leave to be absent from Rule 26(f) conference, thus, defendants have committed sanctionable procedural violation under Rule 16(f) and Rule 37(b)(B), (C), and (D).

Rule 16(f) provides in pertinent part:

> If a party or party's attorney fails to obey scheduling or pretrial order...or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regards thereto as are just, and among others any of the orders provided in Rule 37(b)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule.

The court should impose sanctions upon the defendants. See, e.g., Sanders v. Union Pacific Railroad Co., 154 F.3d 1037, 1042 (9th Cir.1998)(imposing monetary sanctions on attorney can appropriately punish the one responsible). Court may consider deterrence as well as compensation when assessing sanctions under Rule 16(f). Media Duplication Services, Ltd v. HDG Software, Inc., 928 F.2d 12228, 1242 (1st Cir.1991). The court may impose sanctions against the party and/or any attorney of the party. Nick v. Morgan' Foods, Inc., 270 F.3d 590, 597 (8th Cir.2001). The nature of sanctions is, inter alia, are those authorized under Rule 37(b)(B), (C), and (D), *Id.* Court may initiate disciplinary action against the sanctionable party—defendants. Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir.1997). The court does not need to find bad faith or willfulness to impose sanctions. Rice v. Barnes, 201 FRD 549, 551 (M.D. Ala.2001).

3

2.  **Defendants and Their Attorneys Made Improper Certification In Violation of Rule 26(g) Without Any Justification**

Defendants' attorneys have patterns, habit and practice of making false and improper certification of the legal papers, *inter alia*, (Docs.4, 6, 8-10, 17, 76, 84, 97-98, 109-116) because: (a) the documents were imposed for improper purpose, such as to harass, delay, or cause needless expense for plaintiff. See, e.g., United States v. Kouri-Perez, 187 F.3d 1, 6 (1st Cir.1999); (b) the documents were incomplete, incorrect, and were served for improper purposes within the Rules; (c) defense attorneys improperly answered and signed purported responses to plaintiff's interrogatories propounded upon defendant parties, see, e.g., (Doc.105, attached responses to interrogatories); (d) discovery responses were evasive, incomplete, incorrect and or non-answers at all; (e) signing discrediting perjured declarations or affidavits, see, e.g., (Doc.97, Memo, & Decln of Donovan); (f) signing incomplete Rule 26(a)(1) initial disclosure; etc.

> Rule 26(g) provides in pertinent part:
>> If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanctions, which may include an order to pay the amount of the reasonable expenses incurred because of the violation

Where defendant parties fail to answer and/or sign answers to plaintiff's interrogatories, such documents will be stricken. It has been held that certifying attorney must make a reasonable effort to ensure that the client has provided all responsive information and documents to a discovery request, Id, Legault, supra. Certification signifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to it that are responsive to the discovery. Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Intern, Union, 212 FRD 178, 218-22 (SDNY 2003) But, here, defense attorneys failed to performed their duty, thus, attorney will be sanctioned for knowing improper certification and violation of the discovery Rules. See, e.g., Maynard v. Nygren, 332 F.3d 462 (7th Cir.2003); and "sanctions should be

4

assessed against counsel absent evidence that the party was aware of the wrongdoing" <u>McCoo v. Denny's Inc.</u>, 192 FRD 675 (D.Kan.2000). However, here, defendants and counsels are aware of the wrongdoing of making certification without substantial justification thus, warranting sanctions against defendants and their counsels. Id, <u>Maynard</u>.

3. **Defendants Failed to Obey Rule 26(f) Court Orders and Rule 16(b) Scheduling Order**

Defendants failed to participate in making Rule 26(f) Report (Doc.60) and failed to comply with the court order and directives in the scheduling order regarding discovery issues before making Rule 37(b) motion for sanctions thereby violated the court orders.

> Rule 37(b) provides in pertinent part:
> If a party fails to obey an order entered under Rule 26(f), the court may make such orders in regard to the failure as are just, and among others the following 37(b)(2)(A), (B), (C), and (D)

It has been held that disobedience of court order is egregious and serious misconduct warranting harsh sanctions, e.g., default judgment. See, e.g., <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 45-46 (1st Cir.2002)(Court may impose dismissal of action [default judgment] as a sanction for violation of court orders without consideration of lesser sanctions because disobedience of court orders constitutes extreme conduct). Here, defendants and their counsels have clear record of delay, disobedience, deliberateness of misconduct, harassment, and prejudice to both the court and plaintiff thereby precluding lesser sanctions. See, e.g. <u>Gripe v. City of Enid, Okl.</u>, 312 F.3d 1184, 1188 (10th Cir.2002)

4. **Defendants Delayed and Failed To Make Full Disclosure and Production of Documents and Failed to Amend or Supplement Under Rule 26(a) & 26(e)(1)**

Defendants acknowledged that they had materials not disclosed or produced in their initial disclosure but failed to supplement or produce the materials (Amadasu Third Omni Decln, Ex159-159/a-b, 161). Defendants failed to disclose and produce such documents, e.g., (Exhibits 131, 133, 135, 137-139, 141-148). It is the affirmative duty of counsels to obtain documents from their clients for production to their opponents and to the court.

> Rule 37(c)(1) provides in pertinent part:

> A party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(1), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion…may impose appropriate sanctions. In addition to requiring payment of reasonable expenses…cause by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), (C)

5.  **Defendants Failed To Admit The Genuineness of Documents and Admits True Facts**

In their purported response to plaintiff's Requests for Admission **Defendants** failed to admit genuineness of certain documents that they even authored and delivered, *inter alia*, Exhibits 2, 4, 28-29, 107) thus, they are subject to Rule 37(c)(2) sanctions.

> Rule 37(c)(2) provides in pertinent part:
>> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay reasonable expenses incurred in making the proof

6.  **Defendants Tendered Evasive, Incomplete, Incorrect, Ambiguous, or Non-Answers or Responses To Rule 33, 34 and 36 Discovery Requests Constituting Failure To Disclose, Answer or Respond Under Rule 37(a)(3)**

Defendants failed to answer interrogatories, fully produce documents and sufficient response to Admission requests. See (Doc.105, Attachments-Answers to Pltf Interrogatories and Admissions), and Exhibit 166, 167-167(a).

> Rule 37(d) provides in pertinent part:
>> If a party…fails to serve answers or objections to interrogatories under Rule 33 after proper service of the interrogatories, or to serve a written response to request for inspection under Rule 34, after proper service of the request, the court…on motion may make such orders in regard to the failure as are just, including action authorized under Rule 37(b)(2)(A), (B), (C)

"This court has never 'opted out' of the foregoing Rule, which applied at all times during the pendency of this case in this court. More over, parties are obligated to produce to their opponents not only favorable relevant items, but also unfavorable relevant items.) MMAR Group, Inc., v. Dow Jones & Co., Inc. et al, 187 FRD 282 (SD Tex.1999), 1999 U.S. Dist. LEXIS 14941, citing United States v. Procter & Gamble Co., 356 US 677, 78 S. Ct. 983, 986-87 (1958)(As observed by the United States Supreme Court, pretrial discovery in this modern era is to make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent)

6

F.  **Case Law Standard of Determination:**

"Courts have inherent power to impose variety of sanctions on both litigants and attorneys." Mann v. University of Cincinnati, 152 F.R.D. 119 (S.D. Ohio 1993).

> In deciding which sanction to impose for discovery violation, "the trial court should examine the following factors: (1) the history of the case; (2) all the facts and circumstances surrounding the noncompliance, if any, including the number of opportunities and length of time which the faulting party had to comply with the discovery or order to comply; (3) what efforts, if any, were made to comply; (4) the ability or inability of the faulting party to comply; and (5) such other factors as may be appropriate."
> Russo v. Goodyear tyre & Rubber Co., (Ohio App.1987) 36 App.3d 175, 521 NE.2d 1116

The United States Supreme Court in Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 553 (1991), concludes that the imposition of sanctions depends… on how the parties conduct themselves during the litigation. Here, defendants have shown misconduct.

Due process requires notice and an opportunity to respond before sanctions are imposed. FDIC v. Daily, 972 F.2d 1525, 1531 (10th Cir. 1992). The right to respond, however, "does not necessarily require an adversarial, evidentiary hearing . . . [and] the sanction inquiry may be limited to the record." Id. The court should consider and address the relevant factors on the record before imposing the sanction of dismissal (default judgment). Ehrenhaus v. Reynolds, 965 F.2d 916, 921-22 (10th Cir. 1992)

In Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit Court of Appeals enumerated five factors that a court must consider before choosing the sanction of dismissal [default judgment]. Id. at 921 & 922 (upholding dismissal as sanction for discovery abuse). Those factors are: (1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default judgment] would be a likely sanction for noncompliance; and *(5)* the efficacy of lesser sanctions. Id. The court emphasized, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate

sanction." Id. Nevertheless, the court stated, "[t]hese factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing [default judgment]." Id.[3]

---

Similarly, the Sixth circuit has identified four factors, which should be considered in imposing sanctions including default judgment under Rule 37: (1) whether the defendants' failure to cooperate in discovery is due to willfulness, bad faith or fault; (2) whether plaintiff was prejudiced by defendants' failure to cooperate in discovery; (3) whether defendants were warned that failure to cooperate would lead to the sanction; and (4) in regard to default judgment, whether less drastic sanctions were first imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277, (6th Cir.1997) citing Regional Refuse Systems, 842 F.2d at 154-155 Applying the Ehrenhaus and or Freeland factors to Defendants and counsels' behavior in this case strongly supports the conclusion that default judgment and other sanctions are appropriate.

### G.    Defendants and Counsels' Obstructionist Conduct Warrants Default Judgment/Sanctions

#### 1.    Defendants and Their Attorneys's Obstructionist Conduct Warrants Striking Their Answers, Motions, Discovery Responses; and Default Judgment and other sanctions

Rule 37(d) of the Federal Rules of Civil Procedure provides:
> If a party.., fails.. . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others, it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

F. R. Civ. P. 37(d)(2) & (3). Defendants have failed to answer plaintiff's sets of discovery requests properly served upon them. See (Docs.105, Answers to Plft. Interrogatories annexed thereto). Rule 37(b)(2)(C) authorizes "an order...imposing default judgment...." See Rule 37(b)(2).[2] Thus, Rule 37(d) authorizes this Court to impose default judgment and other sanctions in this action.[3]

#### 2.    Defendants and Their Counsels Obstructionist Conduct Has Prejudiced Plaintiff By Preventing

8

### Him From Filing Appropriate Dispositive Motions, By Requiring Him To File And Respond To Many Frivolous Motions, and By Hampering His Ability To Prepare Adequately For Trial

Plaintiff has been severely prejudiced by Defendants and their counsels (Collectively Defendants)'s by obstructionist conduct in several ways. First, without answers or adequate answers to his written discovery requests, Plaintiff has been unable to prepare dispositive motions on many of his claims. In spite of good faith and diligent effort to meet the dispositive motion deadlines plaintiff was unable to file his own dispositive motions let alone respond to defendants' frivolous summary judgment motions. Plaintiff's Rule 56(c) motion would have relied primarily on information and materials that plaintiff should have obtained from the defendants. Without defendants' discovery responses, plaintiff has been unable to obtain relevant documents and marshal undisputed facts to support a challenge to any of defendants' assertions and contentions on their merits. See (Third Omni Declaration of Amadasu) in support of this motion.

In particular, plaintiff has been unable to adequately prepare a summary judgment motion on his claims against defendants on the merits. Defendants have not provided full, complete, non-evasive responses to this day in spite of plaintiff's diligent and good faith efforts. As a result, defendants have deprived plaintiff of the opportunity to resolve his claims expeditiously by motion. See FDIC v. Daily, 973 F.2d 1525, 1529 (10th Cir. 1992) (upholding entry of default judgment as sanction under Rule

---

[2]Other sanctions authorized by Rule 37(b)(2) include: (A) an order establishing designated facts for the purposes of the action; (B) an order prohibiting a party from supporting or opposing designated claims or defenses or introducing designated matters into evidence; and (C) an order dismissing the action or proceeding. See F. R. Civ. P. 37(b)(2).

[3]In addition, this Court may grant default judgment in this case under Rule 16(f), Rule, or the court's inherent powers. See F. R. Civ. P. 16(f) ("If a party... fails to obey a scheduling or pretrial order..., the judge, upon motion or the judge's own initiative may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."); 4 1(b); Roadway Exp., Inc. v. Piper, 447 U.S. 752 (1980) (discussing court's inherent powers).

[3]Although the dismissal in Ehrenhaus was based on Rule 37(b)(2), the court has applied the same five-factor analysis to default judgment under Rules 16(f), 41(b), and 37(d). See Jones v. Thompson, 996 F.2d 261, (10th Cir. 1993) (affirming dismissal under Rule 16(f), 37(b)(2), and 4 1(b)); Mobley v. McCormick, 40 F.3d 337, 340-41 (10th Cir. 1994) (reviewing dismissal under Rule 41(b), stating "we see no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders."); Rule 37(d)); Thus, default judgment against defendants is appropriate.

9

37(b)(2) and (d), where defendant's "strategy had prejudiced [the plaintiffs] because discovery had closed..., but they did not have sufficient responses to their discovery requests to enable them to prepare a meritorious summary judgment motion, adequately prepare for trial, or adequately depose witnesses.").

Plaintiff needs to have defendants' responses before preparing the motions was especially critical given defendants' failure to comply with the initial disclosure requirements and their obstructionist conduct in their evasive and incomplete responses (Doc.105, attached Discovery Responses). Plaintiff's sets of requests for production of documents sought relevant documents that defendants had failed to disclose but stated they exist. Second, defendants' behavior has prejudiced plaintiff by magnifying the cost of an already expensive litigation process. Their behavior has required plaintiff to prepare and file multiple motions or notices for protective order, evidentiary hearing, to determine sufficiency of responses, and to defend against their groundless motions.

Moreover, the stigmatizing nature of defendants' criminally accusing plaintiff of non-existent sexual harassment compounds the prejudicial effect of their obstructionist behavior. Defendants have prejudiced Plaintiff by depriving him of a timely opportunity to clear his name of such unfounded allegations. See Ehrenhaus, 965 F.2d at 921 (noting that a "lawsuit containing serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending.").

Finally, defendants' behavior has prejudiced plaintiff by hampering his ability to prepare adequately for trial. For example, as a result of defendants' inadequate disclosures, refusal to answer questions in Admission requests, and failure to respond to plaintiff's written interrogatories and document production requests, Plaintiff still has (1) no information concerning his comparators for the positions applied for. Again, the Tenth Circuit has frequently upheld dismissals based on similar conduct. See e.g., Archibeque v. Atchison, Topeka and Santa Fe R.R. Co., 70 F.3d 1172, 1175 (10th

Cir. 1995) (upholding dismissal under Rule 37(d) where the district court had "noted.., the impact [the defendants] actions had with regard to [the plaintiff's] ability to prepare for trial.").

Thus, the prejudicial impact of defendants' misconduct on plaintiff is severe and fully supports the imposition of default judgment and other sanctions.

3. **Defendants' Obstructionist Conduct Has Seriously Interfered With the Judicial Process**

The second Ehrenhaus factor also weighs heavily in favor of default judgment and other sanctions. In Brown v. U.S. Elevator Corp., (D.C.D.C. 1984), 102 F.R.D. 526 the court held, "Defendant and its counsel were liable for plaintiff's reasonable expenses, including attorney fees, caused by defendants failure to comply with magistrate's discovery order...where defendant and its counsel failed to carry their burden of establishing that their failure was substantially justified ..." In Quonset Hut, Inc. v. Ford Motor Co. (1997) 80 Ohio St.3d 46; 684 N.E.2d 319 the Ohio Supreme Court affirmed the dismissal of an action [default judgment] when "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal [default judgment] with prejudice for failure to prosecute or obey a court order." Many courts have granted default judgments where such conduct was found. See Hutt v. Garret, 1997 Ohio App. LEXIS 900. See, e.g., Tingler v. Buckeye Fireworks Mfg. Co. 12 Ohio App.3d 58, 465 N.E.2d 1336 (1983) (imposition of sanction of default for defendants' continual defiance of trial courts' orders by refusing to provide discovery material crucial to plaintiff's case was not unduly harsh or unreasonable) Similarly, defendants' conduct has interfered with the judicial process by undermining the purpose of scheduling orders and the discovery rules, by wasting valuable judicial resources in proceedings to enforce those orders and rules and for plaintiff to challenge frivolous defenses.

Defendants disobeyed this court's Orders, *inter alia*, (a) Scheduling Order (Doc.61) by failing to make extrajudicial efforts to resolve discovery issues and to alert the court for discovery conference. "Under the circumstances, default judgment warranted" Graines v. Strozier, 1989 Ohio App.LEXIS

11

1297; Milligan v. B.G. Caps 1989 Ohio App.LEXIS 2582. (default judgment warranted).

Defendants failed to answer interrogatories by providing evasive, incomplete responses, baseless objections, or non-answers. In Feltner v. Petrie Store 1982 Ohio App. LEXIS 11744 (trial court should have granted motion to strike defendant's answer and enter default judgment for failure to comply with order to answer interrogatories). This Court should not countenance such behavior.

4.  **Defendants Are Represented By Professional Highly Experienced Lawyers Whose Pattern Of Misconduct Demonstrates A Culpability That Fully Warrants Default Judgment and Other Sanctions**

The third Ehrenhaus factor, the culpability of the litigant, also supports default judgment and other sanctions. Defendants' obstructionist conduct cannot be explained as simply isolated incidents or the inadvertent mistakes of a disadvantaged litigant. To the contrary, supposedly highly experienced licensed lawyers whose pattern of misconduct demonstrates a willfulness that fully warrants default judgment and other sanctions represent the defendants. That pattern of willful misconduct includes their behavior in: (a) refusing to answer questions, providing evasive incomplete answers, and making false statements in their interrogatories, memoranda or briefs; (b) making and filing discrediting perjured declarations or affidavit (c); willfully, flagrantly violating Rules 11(b); 16(f); 26(a), 26(g); 37 et seq., 28 U.S.C.1927; and (d) failing to obey Rules 33 and 34.

Defendants and their lawyers, like lay pro se litigants, "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) ("We have repeatedly upheld dismissal [default judgment] in situations where the parties themselves neglected their cases or refused to obey court orders."). Defendants and their lawyers cannot claim ignorance of the Rules. Lawyers are presumed to know the laws, rules and the process. "These rules have the same effect as a statute and are as binding upon the court as upon counsel." Barrezyeta v. Sword S.S. Line, (D.C.N.Y.1939), 27 F.Supp.935. Defendants and their lawyers intentionally and consciously failed to obey the court's orders (Docs.61). "willful" implies conscious or intentional failure to act, as

distinguished from accidental or involuntary noncompliance" Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I Blackbird Bend Area, (C.A.8 1991) 933 F.2d 1462, certiorari denied 1122 S.Ct. 379. The burden of proof is on the party to be sanctioned to establish that its failure to comply was not due to willfulness, bad faith, or any fault of the party. Taylor v. Medtronics, Inc., 861 F.2d 980, 987 (6th Cir.1988), citing Adkins v. U.S., 816 F.2d 1580, 1582 (Fed.Cir.1987). Defendants and their counsels cannot overcome this burden because they are aware of Docs.61, 104, 105, 108; Rules 11(b), 16(b, e, f), 26(a), 26(g), 33, 34, 36-37; and 28 USC 1927. Defendants and their lawyers' misconduct have "threatened the reliability of the fact-finding process." Bratka, 164 FRD at 460.

The extent and nature of defendants' misconduct shows that it is both intentional and willful. Accordingly, the culpability factor also strongly supports default judgment and other sanctions.

5. **Defendants and Counsels Had Advance Warning That Weigh For Default Judgment Because Defendants and Counsels Well Aware of the Court's Power to Impose Default Judgment as a Sanction When They Disobeyed Court Order.**

This case satisfy the third Freeland or the fourth Ehrenhaus' factor of prior warnings, even though it is not required for imposing Rule 37 or Rule 16(f) sanctions including default judgment. See Jackson by Jackson v. Nissan Motor Corp. in U.S.A., 121 FRD 311, 320 (M.D.Tenn.1988; Coon v. Froehlick, 573 F.Supp.918 (SD Ohio 1983); Wright & Miller, Section 2291 at 807.

On 6/21/04 the court explicitly and repeatedly gave warnings to defendants that should they failed to fully cooperate in and respond to discovery requests sanctions against defendants and their counsels. Defendants and counsels ignored these warnings. In Mark v. Kelly, Hart & Hallman, P.C., 929 F.2d 8 (C.A.1.1991) the court held that "the client's conduct contumacious evidenced deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur sanctions...client had failed to respond to production of request or to court's statements that objections to request had been waived, ...and in context, gave the appearance of further stalling tactic rather than good faith effort at compliance."

13

The Tenth Circuit has explicitly recognized that an advance warning is not a prerequisite to the imposition of even as extreme a sanction as a default judgment. In FDIC v. Daily, 973 F.2d 1525, 1532 (10th Cir. 1992), the court affirmed the entry of a default judgment as a sanction against a pro se defendant for discovery abuse. In so doing, the court declined to follow Ninth Circuit precedent that the district court was required to warn parties that a default judgment was a possible sanction, stating that the district court's "failure to warn [the defendant] of the possibility of sanctions is of no consequence." Id.

While a warning before the imposition of sanctions is not necessary, the magistrate did issue such a warning on 6/21/04. Defendants served evasive, incomplete responses or answers laced with " falsehood to plaintiff's discovery in noncompliance with the magistrate's order; this Court may order default judgment on the additional ground that Defendants and counsels have violated the Scheduling Order. See F. R. Civ. P. 37(b)(2)(C) (authorizing sanctions "[i]f a party... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule [concerning motions to compel]

Under the circumstances of this case, existence or lack of advance warnings does weigh for the imposition of default judgment.

### 6. Defendants' Conduct Demonstrates That No Lesser Sanction than Default Judgment Would Serve the Interests of Justice

The fifth Ehrenhaus or fourth Freeland's factor the efficacy of lesser sanctions -- also weighs in favor of default judgment because defendants and counsels' misconduct forms a pattern in this case. Although default judgment is an "extreme sanction," Ehrenhaus, 956 F.2d at 920, defendants' conduct demonstrates extreme bad faith, willfulness, contumaciousness, egregiousness, and carelessness. Moreover, as discussed above, defendants and counsels have incurred previous warnings, and have not ceased their abusive conduct. Consequently, only default judgment will adequately serve the interests of justice. It is appropriate to reject lesser sanctions where the court anticipates continued deceptive

14

conduct. See, e.g., TeleVideo Sys., Inc. Heidenthal, 826 F.2d 915, 017 (9th Cir. 1987).

### H. Default Judgment and Other Sanctions Against Defendants & Counsels Under Court Inherent Power and 28 U.S.C. 1927 Warranted.

Defendants and their attorneys have engaged in obstructionist conduct during the discovery phase of this litigation that fully warrants the extreme sanction of striking answers, motions, default judgment and heavy pecuniary sanctions. Among other things, they have: (a) failed to answer any of the plaintiffs' written discovery requests; (b) provided evasive, incomplete or non-answers; (c) purposefully raising baseless objections contrary to the discovery rules; (d) refused to engage in good faith in plaintiffs' attempts to informally resolve discovery disputes; (e) filed various frivolous motions, calculated to delay the proceedings and harass plaintiff; (e) purposefully stonewalling discoveries; (f) Counsels answering interrogatories for defendants and feigning them to have been answered by defendants in violation of discovery rules; (g) willfully and flagrantly disobeying Scheduling Order; (h) deliberately engaging in dilatoriness, concealment, misrepresentations, omissions; (i) defendants providing false answers to interrogatories, admissions requests and production of documents; (j) defendants knowingly making discrediting perjured declarations or affidavits, etc.

Plaintiff has been severely prejudiced by defendants and their attorneys' conduct, which has escalated the time, energy, expense of prosecuting his claims; prevented him from resolving serious, stigmatizing accusations within a reasonable time; prevented him from filing appropriate summary judgment motions; and prevented him from adequately preparing for trial.

Furthermore, defendants' conduct has seriously interfered with the judicial process by undermining the purpose of the spirits of the Rules, discovery rules, court's orders, scheduling orders and by wasting valuable judicial resources by unreasonably and vexatiously multiplying the

proceedings by putting up frivolous defense to a meritorious claims and to obfuscate due process of the law.

Attorneys who are very familiar with the litigation process, the rules and have no justification for their behaviors represent defendants. No lesser sanction than default judgment and heavy sanctions will adequately serve the interests of justice or deter defendants' continued abuse of the judicial process.

The litigation and discovery abuses as well as the unconscionable disobedience of the FRCP and this Court's Orders by all the defendants and their attorneys have prejudiced and continue to prejudice plaintiff by preventing him from preparing his case for dispositive motions and for trial.

28 USC 1927 provides that "any attorney or other person admitted to conduct cases in any court of the United States…who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by court to satisfy personally such excess costs."

Defendants and counsels have manifested subjective bad faith thus, "sanctions pursuant to Section 1927 must be supported by a finding of subjective bad faith." New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir.1989) " Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." Id. (citing *Estate of Bias*, 792 F.2d 858, 860 (9th Cir.1986)

Defendants and counsels concealed probative documents from, omitted probative material facts from, submitted perjured declarations/affidavits to the court for purposes of working fraud upon the court, etc, thus invoking default judgment under the inherent power of the court. See, e.g., North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451(9th Cir. 1986)(affirming dismissal of defendant's counterclaim under court's inherent power for concealing documents and violating court's discovery order.). "It is firmly established that the courts have inherent power to …enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." Phoceene Sous-Marine, S.A., 682 F.2d at 806.

## CONCLUSION

For the foregoing reasons and the totality of the aggravating circumstances surrounding Defendants and counsels' behavior outweigh the courts' strong predisposition to resolve cases on their merits. Accordingly, this Court should grant plaintiff's Rule 37(b), (c), (d), Rule 16(f) and 26(g) Motion for Default Judgment and other sanctions under court inherent power and 28 USC 1927..

Respectfully submitted

_____
Darlington Amadasu,
Plaintiff, lay Pro se

**CERTIFICATE OF SERVICE**
I certify that true copies of the foregoing were served on Justin D. Flamm by delivering to his receptionist and upon Christopher Coppola by USPS mail on 8/15/05