BY FAX:

P. O. Box 6263
Cincinnati, OH 45206
10/21/04

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Ramiro Canales
Attorney General of Texas
P. O. Box 78711
Austin, TX 78711

   Re: Amadasu v. Donovan; DEMAND YOUR COMPLIANCE WITH RULE 26(a)(1)(B & D)
DISCLOSURES; and MEMORIAL OF MY TELEPHONE CONFERENCE TO RESOLVE THE ISSUES

  My 10/11/04 letter is incorporated by reference.
  This letter memorializes that to day at about 11.05 AM at my initiative I held a telephonic conference with Mr Justin D. Flamm and separately at about 12.05PM I conferred with Ms Kerry Ascher, associate attorney to Mr Ramiro Canales in good faith effort to resolve extra-judicially the defendants failure to comply with Rule 26(a)(1) et seq. automatic mandatory disclosures and the postponement of the deposition.

  On 7/16/04 in compliance with Rule 26(a)(1)(A & B) I sent you list of names of persons and entities likely to have discoverable materials, documents and things, and copies of documents relevant to this case but you failed to reciprocate in good faith. I supplemented my initial disclosures with disclosure of damages computation pursuant to Rule 26(a)(1)(C). Damages for emotional distress are not susceptible to computation under this rule.

  By 10/11/04 letter I re-asserted and reminded you that Rule 26(a)(1) with Rule 26(a)(1)(B) commands that you and your clients "**must provide to other parties,**" i.e., you or your client must provide to me the relevant documents, things and materials in your or your clients' possession, custody or control that are not for impeachment but you have continuously failed to comply.

  Contrary to the rule, by 11/19/04 Mr Flamm continues to assert that his clients are not required by the rule to provide to me the relevant documents in their possession, custody or control and that I have to come to his office to inspect those undescribed and uncategorized documents.

  To day, during my telephonic conference with Flamm, I disagreed with Flamm's assertion that Rule 26(a)(1) with Rule 26(a)(1)(B) provides that I come to his office to inspect before he chooses to provide them to me. To corroborate my disagreement, many times, I read to the ears of Flamm the unambiguous plain meaning language of the rule yet Flamm repeatedly continued to exhibit his ignorance, lack of understanding and misinterpretation of the rule. Flamm remains adamant that his clients are not required to and they will not provide to me the documents in his or his clients' possession, custody or control.

  I asked Flamm whether they would examine me on those documents that they refused to provide to me, he replied that they would examine me on those undisclosed and non-provided documents. When Flamm adamantly asserted that he and his clients would not produce the documents because he construes the rule does not mandate the production I demanded that he put his words in writing, sign it and send it to me but he refused. Flamm also asserted that he would not provide to me the documents because he would not bear the cost. Flamm asserted that he would only provide the description by category of the documents at his own discretion.

  On their non-compliance with Rule 26(a)(1)(D) disclosures, Flamm admitted that he had not asked his client to produce the insurance documents yet Flamm invited me to inspect the documents that are still in the possession of his clients. Flamm wants me to set a date for inspection of the insurance documents before he asks his clients to deliver them to him for my inspection and copying. I rejected the method. In response to my question, Flamm acknowledged that he has the duty, obligation and responsibility to obtain from his clients all

1

Ex. 151

pertinent, relevant and necessary documents, materials and things and produce them to other parties but he had failed to do so, at least with respect to this rule. Therefore, Ohio defendants have failed to comply with this rule.

    At about after noon, on the phone I attempted to confer with Mr Ramiro Canales but I was informed that he was on vacation I requested to and I did confer with Ms Kerry Ascher, associate attorney to Mr Canales. I reminded her that they have not fully complied with the Rule 26(a)(1) with Rule 26(a)(1)(B) requirements that they must provide to me documents in their possession, custody and control. She replied that Mr Canales have not authorized her to provide to me the documents. She informed that they would examine me on the documents that they have failed to provide to me then I told her that that would constitute surprise and ambush. I advised her that the deposition be postpone pending the determination of the motions regarding pleadings and entry of default, and the resolution of the defendants' failure and refusal to provide to me the documents on which they will examine me. Ms Ascher replied that she pass the request to Mr Canales.

    In sum, for more than 3 months since the deadline for Rule 26(a) initial disclosures, Ohio and Texas defendants continue to fail and refuse to comply fully and completely with Rule 26(a)(1) with Rule 26(a)(1)(B) mandatory disclosure requirements, and Ohio defendants continue to fail and refuse to comply fully and completely with Rule 26(a)(1)(D) disclosure requirements despite my good faith effort to resolve it extra-judicially. Defendants have refused to cooperate in the Rule 26(a) et seq. automatic mandatory disclosures and have refused to cooperate to postpone the deposition for the reasons above. I also inform them that I shall request a conference and or move for necessary relief from the court.

    Defendants are deliberately misinterpreting the rule purposefully to avoid mandatory disclosures and productions and are frustrating my efforts to obtain documents, information, materials and things in their possession, custody and control to enable me prepare and prosecute my claims.

Sincerely,

[signature]

Darlington Amadasu

*Ramiro Cani: 512-320-0662*
*Ramiro Cani: 513-381-0205*

2.

Ex. 151(a)

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
11/23/04

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Re: Amadasu v. Donovan

Your 11/18/04 letter referred. Your conclusory statement that my requests for admission, including your alleged all subparts, exceeded forty lacks merits. You failed to provide the legal definition of "subparts" to enable me consider your conclusory statement. I propounded 33 requests for admissions less than the forty under Local Rule 36.1. My numbered 33 requests for admission is consistent with the Ginn Standard and Kendall Standard, which are equally applicable to request for admission. Before you argue that my requests exceeded forty, you must show that my requests failed the Ginn and Kendall Standards. Under the said standards, purported "subparts" are to be counted as part of but one request if they are logically or factually subsumed within and necessarily related to the primary request. Further, Request for Admission, like an interrogatory, containing "subparts" directed at eliciting details concerning the common theme should be considered a single request, while a request with subparts inquiring into discrete areas or non-common theme is more likely to be counted as more than one for the purposes of the limitation.

Therefore, it is your burden to make particularized showing of which, what, how and why each of the requests and their purported subparts do not concern the common theme of each request, or you must show with specificity that each request purported "subparts" do not together concern the same subject or instead concern different, separate, or discrete matters. But you had not shown, inter alia, that each request and its "subparts" concerned different, separate, or discrete matter or theme of the request.

It is well established that each request for admission typically concern singular facts, matter or theme and each request parts or subparts are directed at eliciting details concerning the common matter or theme of the request. Accordingly, each of my request containing parts or subparts are directed at eliciting details concerning the singular facts, matter or theme of the request. For example, my request for admission #18 concern singular facts, matter or theme about my registration for courses and the billing thereof and the subparts therein concern the same facts, matter or theme. Also, my request for admission #19 concern singular facts, matter or theme about the purported debt of $4513 upon which predicated the blockage against release of my official transcript. Because the request subparts concern the same subject matter of the predicate debt and the consequential blockage and are related, logically and factually subsumed within the same theme of the request, they are counted as part of but one request.

Your statement that my requests for admission concern matters that are outside the scope of discovery in Title VI & VII is conclusory and lacks merits because it is your burden to make particularized showing of which, what, how and why a specific and particular request for admission was/is out the scope of discovery in Title VI & VII but you had failed to show, inter alia, which, what, how and why requests for admissions are outside the scope of discovery in Title VI & VII. Once you satisfy your burden I will consider your concern.

If you have statutory and or case law definition of the scope of discovery in Title VI & VII, please graciously send me copies or references.

Sincerely,

Darlington Amadasu

CC: Ramiro Canales.

Ex. 152

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
11/30/04

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Re: Amadasu v. Donovan

    On 11/30/04, without waiver of my rights, I came to your office solely to inspect and obtain copies of the eight (8) categories of documents that you disclosed, described and confirmed were in your possession, custody and control but I saw disarrayed uncategorized eight pieces of documents only. After inspection, I demanded to obtain but you absolutely refused to give me copies of the documents, in spite of the fact, that the documents were either in duplicate or triplicate that eliminated the necessity of having to copy them before giving me copies. I re-assert that Rule 26(a)(1) read with or separately from Rule 26(a)(1)(B) does not provide for inspection of documents or mandates plaintiff to inspect but they provide that defendants must give me copies of documents without awaiting me to demand for them.

    You deliberately interfered with and hinder my inspection of the documents when, without notice and prior mutual agreement, you sua sponte attempted to coerce me into informal telephonic conference with the magistrate judge, to which I was unprepared. This constitutes surprise and ambush.

    You have continued to obstruct, stonewall and impede my discovery efforts to obtain documents, things and information from you. You, your clients and the Texas defendants have failed to comply with the Rule 26(a)(1) and Rule 26(a)(1)(B and or D) by failing and refusing to provide me with your documents. Plaintiff has continued to make extrajudicial good faith efforts by correspondence, phone and in person to make you and your clients comply with the rule requirements but you continued to fail and refuse to provide me with the documents.

    You presented to me for inspection only disarrayed eight (8) pieces of documents not in the eight categories you described and being in your possession ready for inspection and you failed to provide all your supplemental Rule 26(a)(1) disclosures and Rule 26(a)(1)(D) for inspection let alone allowed plaintiff to obtain copies thereof.

    The following documents were the ones you made available to plaintiff to inspect but not to obtain:
1. Letter dated April 19, 2000 signed by Donovan in triplicate copies
2. Letter dated April 28, 2000 signed by Donovan in triplicate copies
3. Hand written notes with respective dates 2/16/00 and 3/22/00, Donovan's signature, and a name, Keiana Rogers, on The University Hospital Progress Notes sheet in triplicates
4. Handwritten notes with a date 3/21/00, M. Pohl's signature, and a name, Kevina Rogers, on The University Hospital Progress Notes sheet in triplicate copies
5. Plaintiff's complaint to EEOC in duplicate copies
6. Email from voodoo825 @aol.com to voodoo825 @aol.com dated Dec. 14, 1999 in triplicate copies
7. Email from Gaynor, Dora (JEFFERDL) to DRGOODHEALTHY2K@aol.com dated Dec. 15, 1999 with Jefferson-Gaynor's UC address in triplicate copies
8. One Resident handbook

These eight documents were not alphabetized for the purpose of identifying and citing defendant Documents in motions and or at trial.

    You failed to provide these categories of documents in your supplemental Rule 26(a)(1) disclosures, to

EX. 153

1

wit, (ii) documents pertaining to plaintiff's evaluation, discipline and dismissal; (iii) correspondence sent to and from plaintiff to employees of the university; (iv) documents pertaining to plaintiff's background and qualifications; (v) documents pertaining to plaintiff's application for enrollment in the university; (vi) documents provided by plaintiff to the university; (vii) documents provided to plaintiff by the university; and (viii) other documents on file with the university pertaining to plaintiff. These documents constitute "ghost" documents because you failed to describe specifically and particularly the author, nature, title and date of these documents. E.g., documents provided to plaintiff by the university are meaning less because you failed to say what they are by nature.

In your 11/30/04 letter you disingenuously made baseless excuse for failing to present documents for inspection and copying under Rule 26(a)(1)(D) such as "because you have given us less than 24 hours notice of your intention to review documents, we will not be able to provide you with a copy of this agreement for your review on today's date (sic)". You know your statement or excuse is false because you had proper timely days-to-weeks notice of more than 24 hours to provide the documents to plaintiff as evidenced by plaintiff's letter dated 10/21/04, plaintiff's 11/22/04 and 11/29/04 notices served and filed. Your letter dated 11/23/04 should also put you on notice when you suggested 11/30/04 to 12/03/04 for plaintiff to inspect your disclosures.

To sum, you and your clients are engaging in continuing obstruction of discovery that is prejudicial to plaintiff.

Sincerely,

Darlington Amadasu

CC: Ramiro Canales.

Ex. 153

2

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
01/15/05

Ramiro Canales
P.O. Box 12548
Austin, TX 78711

Re: Amadasu v. Donovan

    This is a memorial of my attempted fruitless telephonic conference with you on Friday, 01/14/05 in my good faith effort to resolve extrajudicially your clients' insufficient, evasive, incomplete and or non-responses to the mandatory automatic Rule 26(a)(1)(B) initial disclosures requirements, and my Rules 33, 34 and 36 discovery requests.
    In your clients' response to my Rules 33, 34 and 36 discovery requests you stated that you have documents for my inspection and copying. I left message with Ms Cathy Richardson on voicemail that you produce those documents for inspection and copying and either that you send me copies of the documents directly and send them to care of Mr Flamm to enable me inspect and copy them at Cincinnati, OH.
    I also left message that you are invited to participate personally at Cincinnati, OH or by phone in 01/21/05 conference.
    Please take notice that all parties conference shall hold at Mr Justin D. Flamm's office on **Friday, January 21, 2005 at 10:00 am** to attempt to resolve extrajudicially your clients' insufficient, incomplete, evasive and non-responses to my discovery requests and for plaintiff to obtain copies of the documents. You are being advised and invited to attend in person or by telephone.
    It is your duty and responsibility to obtain from your clients every, any and all documents and things that are responsive to plaintiff's Rule 33, 34 and 36 discovery requests and Rule 26(a)(1)(B) and (D) requirements and make them available for plaintiff's inspection and copying.
    Your statement that my Rules 33, 34, and 36 discovery requests concern matters that are outside the scope of discovery in Title VI & VII is conclusory and lacks merits because it is your burden to make particularized showing of which, what, how and why a specific and particular request for admission was/is out the scope of discovery in Title VI & VII but you had failed to show, inter alia, which, what, how and why requests for admissions and production are outside the scope of discovery in Title VI & VII. Once you satisfy your burden I will consider your concern.
    If you have statutory and or case law definition of the scope of discovery in Title VI & VII, please graciously made them available to enable parties resolve the discovery differences.

Sincerely,

Darlington Amadasu

CC: Justin D. Flamm [By fax].

Ex. 154

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
01/15/05

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

      Re: Amadasu v. Donovan

      This is a memorial of my initiated fruitless telephonic conference with you on Friday, 01/14/05 in my good faith effort to resolve extrajudicially your clients' insufficient, evasive, incomplete and or non-responses to the mandatory automatic Rule 26(a)(1)(B) initial disclosures requirements, and my Rules 33, 34 and 36 discovery requests.
      In your clients' response to my Rule 34 production you promised that they would produce them in uncertain future. When I suggested 01/18/05 for my inspection and copying of the documents you said that the bulk of the documents were with your clients and that the date was not good for you. Then, when I asked you to state the date that would be good for you, you affirmed that 01/21/05 would be good for the conference.
      Please take notice that all parties conference shall hold at your office on **Friday, January 21, 2005 at 10:00 am** to attempt to resolve extrajudicially your clients' insufficient, incomplete, evasive and non-responses to my discovery requests and for plaintiff to obtain copies of the documents. Texas defendants have been advised and invited to attend in person or by telephone.
      It is your duty and responsibility to obtain from your clients every, any and all documents and things that are responsive to plaintiff's Rule 33, 34 and 36 discovery requests and Rule 26(a)(1)(B) and (D) requirements and make them available for plaintiff's inspection and copying.
      Your statement that my Rules 34 and 36 discovery requests concern matters that are outside the scope of discovery in Title VI & VII is conclusory and lacks merits because it is your burden to make particularized showing of which, what, how and why a specific and particular request for admission was/is out the scope of discovery in Title VI & VII but you had failed to show, inter alia, which, what, how and why requests for admissions and production are outside the scope of discovery in Title VI & VII. Once you satisfy your burden I will consider your concern.
      If you have statutory and or case law definition of the scope of discovery in Title VI & VII, please graciously made them available to enable parties resolve the discovery differences.

                                                             Sincerely,

                                                           Darlington Amadasu

CC: Ramiro Canales.

Ex. 155

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
01/21/05

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Ramiro Canales
P.O. Box 12548
Austin, TX 78711

Re: Amadasu v. Donovan

    My letters dated 01/15/05 to you respectively refer. Pursuant to those said letters, today Friday 21, 2005 at 10:00 am I arrived at Mr Flamm's office for inspection, copying and obtaining copies of documents identified in my said letters, my Rule 34 production requests, your Rule 26(a)(1)(B) disclosed but not provided documents, and your identified documents in your Rule 34 incomplete responses. Mr Justin Flamm kept me waiting for more than 20 minutes before he lead me to his room. Mr Canales, the attorney of record for Texas defendants did not participate in the properly scheduled extrajudicial conference to resolve defendants' evasive or non-responses to my discovery requests.
    The conference began at about 10:30 am. Mr Flamm acknowledged that he failed to obtain from his clients relevant documents that are still in the possession of his clients. The Texas defendants failed to produce their documents via care of Mr Flamm for my inspection and copying. At about 12.45 pm in the middle of my inspection Mr Flamm stopped my inspection and refused to give me copies or copy those documents that I had inspected, some of which were in duplicates, triplicates or quadruplicates.
    Mr Flamm had prevent, hindered, frustrated and obstructed my inspection, copying and obtaining copies of documents and my good faith effort to resolve the discovery differences.
    Take notice that you and your clients have conspired, connived and willfully obstructed my discovery efforts. You have absolutely refused to provide me with any document in your and your clients' possession.

Sincerely,

Darlington Amadasu

Ex. 156

BY FAX

P. O. Box 6261
Cincinnati, OH 45206
01/22/05

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Ramiro Canales
P.O. Box 12548
Austin, TX 78711

Re: Amadasu v. Donovan

    I initiated the 01/21/05 all parties' conference in my ongoing good faith efforts (a) to extra-judicially resolve your incomplete, evasive and/or non-responses to my discovery requests; (b) inspect and copy your documents; (c) obtain copies of your clients' documents; and (d) to obtain complete, full and adequate responses to my discovery requests. But you conspiratorially aborted the conference, prevented me form inspecting, copying the documents and obtaining copies thereof.

    **PLEASE TAKE NOTICE THAT** your conducts constitute willful, deliberate, intentional and knowing obstruction of discovery, obstruction of justice, and frustration of my right to obtain relevant documents and things in your and your clients' possessions to enable me prosecute my case.

    DEMAND:

    **PLEASE TAKE NOTICE THAT** I hereby demand upon you and your clients to send to me on or before 01/26/05 copies of every, any and all the documents in your and your clients' possessions. The documents without limitation include those copies of documents that I had and had not inspected on 01/21/05, copies of documents identified in my 01/13/05 letters; copies of the documents in my Rule 34 production requests, copies of documents in your Rule 26(a)(1)(B) disclosures not yet provided, copies of documents that and your clients identified their Rule 33, 34 and 36 incomplete, evasive and inadequate responses to my discovery requests.

    **PLEASE TAKE NOTICE THAT** if you and your clients shall fail to send the copies of documents and provide complete, full and adequate responses to my discovery requests on or before 01/26/05, I shall move to compel discovery and/or other relief.

Sincerely,

Darrington Amadasu

Ex. 157

BY FAX

P. O. Box 6263
Cincinnati, OH 45206
01/30/05

Justin C. Fiacco
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

John Grey
P.O. Box 12548
Austin, Texas 78711

Re: Amadasu v. Donovan

Your letter dated 01/24/05 is full of pathologic falsehood. Your statement that I unilaterally set 01/21/05 conference is pathologically false. When I initiated 01/14/05 telephonic conference to resolve your clients' defaults in response to my discovery requests I suggested 01/18/05 for all parties' conference: (a) to extra-judicially resolve your incomplete, evasive and or non-responses to my discovery requests; (b) inspect and copy your documents; (c) obtain copies of your clients' documents; and (d) to obtain complete, full and adequate responses to my discovery requests but you said that that date was not good for you then you personally set 01/21/05 (or 01/26/05) for the conference, which you Mr. John M. Grey, Texas defendants' counsel conspiratorially terminated abruptly thereby prevented me from inspecting, copying the documents and obtaining copies thereof. You have no personal knowledge of when I timely arrived there but it took you about fifteen minutes to come from your hideout to lead me to your conference room.

It is your and your clients' duty, obligation and responsibility to produce the documents for my inspection and copying at your office during the conference. It is your affirmative duty and obligation to obtain all the documents from your clients for production to me but you failed to do so. For more than three (3) years you have failed and neglected to secure all relevant documents from your clients.

At the start and at the abrupt end of the 01/21/05 conference I told you that I would need to copy and obtain copies of every, any and all the documents you produced and those documents that you claimed were still in the possession of your clients but you violently seized from me those documents that I was inspecting and prevented me from obtaining copies.

You have established a pattern of obstructionist attitude to my discovery effort. You refused to provide me with copies of your belatedly Rule 26(a)(1) disclosures, even during and after my 11/30/04 inspection thereof and at 01/21/05 conference. You know that Magistrate Black's 01/11/04 Order was wrong and contrary to the Rule 26(a)(1) and (B) and you are improperly trying to use the erroneous Order to shield against providing me with copies as mandated by the Rule 26(a).

**PLEASE TAKE NOTICE THAT** at the time of this letter you still have absolutely failed to send to me copy(ies) of the documents that you promised in your 01/24/05 letter to send to me, and which I had requested from you and your clients in my Rules 33 and 34. Your conducts constitute willful, deliberate, intentional and knowing obstruction of discovery, obstruction of justice, and frustration of my right to obtain relevant documents and things in your and your clients' possessions to enable me prosecute my case, and you are purposefully engaging in dilatory tactics in order to satisfy your pecuniary billing expediency.

As to your and your clients purported **responses to my discovery requests and Rule 26(a) mandates**:

**PLEASE TAKE NOTICE THAT:**
1. You and your clients have failed to send to me copy (ies) of every, any and all the documents in your and your clients' possessions that I had and had not inspected on 01/21/05; copies of documents identified in my 01/15/05 letters; copies of the documents in my Rule 34 production requests; copies of documents in your Rule 26(a)(1)(B) disclosures not yet provided; copies of documents that you had identified in your incomplete, evasive and inadequate responses to my Rule 33 interrogatory requests; Thus, all your clients are in default of production of documents.
2. As of today's date 01/30/05 your clients, to wit, Donovan, Lockey, Freeman, Middaugh, Jefferson-Gaynor, Buncher, Jarrell, Filak, and University of Cincinnati, are in default of responses to my Rule 33

Ex. 158

interrogatory requests because (a) None of them answered, signed under oath and notarized their respective individual purported response in violation of Rule 33(b) et seq. requirements; (b) the answers were illegitimately made and signed and un-notarized by Mr Flannin who is not a party litigant upon whom the interrogatories were propounded to be answered in violation of Rule 33(b) requirements; (c) each of the purported answer contained incomplete, vague, ambiguous, evasive and/or non-response to the interrogatories. For example, each of the purported answer contained such vague, ambiguous and confusing response as: "he/she/it can produce ... documents ... if such exist". Therefore, your clients are in default of answers and you and your clients are in violation of the Rules 11, 26(g), 33(b) and 37 requirements.

3. As to Rule 36 Admission Requests, you or your clients provided insufficient, ambiguous, vague, evasive, inconsistent and incomplete responses, attorney mental impressions, opinions and conclusions, instead of admitting or denying propounded statements of fact therein, thus, in violation of Rules 11, 26(g), 36 and 37 et seq.

4. In my 11/23/04 letter to you and Mr. Canales, I asked you and Texas defendants' counsel to provide me with definitional scope of discovery in Title VI and VII by law, Order, Rules and case laws but you failed to provide it. Therefore, you could not and cannot hide behind the court order directing discovery to focus on Title VI and VII to evade discovery because the Order did not define the scope of discovery in the Titles. However, Title VI and Title VII cover employments, trainings, programs, and activities, the terms, conditions, compensations, rights, immunities, privileges, circumstances, impermissible conducts, etc. thereof, all my discovery requests were so focused thereon.

PLEASE TAKE NOTICE THAT because your clients failed to admit or deny several of the numbered Admission Requests, the unanswered numbered Admission Requests were deemed admitted pursuant to Rule 36. You and/or your clients are not and could not be your own judge to adjudicate the number of and what constitutes distinct subparts of my Requests for Admission. It is only the judicial officer of the court, and not Mr Flannin, Mr Grey or defendants, who shall determine the number and subparts of Requests for Admission.

Sincerely,

/s/ Darlington Amadisu

Darlington Amadisu

Ex. 158