# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800
CINCINNATI, OHIO 45202-1967
513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2121
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-0205

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

DAYTON, OHIO OFFICE
SUITE 370
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

JUSTIN D. FLAMM
(513) 357-9367
flamm@taftlaw.com

1 February 2005

**CERTIFIED MAIL**

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

Re:    Amadasu v. Donovan et al.

Dear Mr. Amadasu:

I write in response to your letter dated 30 January 2005, which was not actually faxed until 31 January 2005. As a general matter, I disagree with the statements in your letter. I will address several of the specifics you raised.

As I have stated before, I disagree with your assertion that Magistrate Judge Black was "wrong" about our initial disclosures. The Court has unequivocally ruled on that issue, and your position was rejected. Regardless of that, however, this continued discussion of the initial disclosures is puzzling because you have already reviewed the documents that were subject to initial disclosure by the Ohio Defendants.

You are also incorrect that the Ohio Defendants have not provided you with discovery documents. I previously advised you that, during the week of 24 January 2005, I would send you copies of the documents you marked in our conference on 21 January 2005. Copies of these documents were indeed mailed to you on 27 January 2005. I sent these via the United States Postal Service, as I have done with all correspondence to you because you have only given us a P.O. Box for an address. You have refused to provide me with a fax number even though it seems that you have a fax machine of your own; for example, your recent letter was sent via fax and it bears the legend "Darlington Amadasu" at the very top edge of each page, which appears to be a legend placed there by a fax machine. Should you wish to receive documents more quickly, you should provide me with your fax number.

Ex 159

(W0216441)

Darlington Amadasu
1 February 2005
Page 2

With respect to the additional documents being produced by the Ohio Defendants, I have on numerous occasions made clear to you that we were willing to meet with you again either last week of this week to review the rest of the documents currently located at our offices, as well as to set up a time when we can review additional documents that reside at the University of Cincinnati. To date, you have declined to take advantage of this offer. As a result, your unilateral declaration that we are somehow in "default" regarding the production of documents is untenable. The offer for you to meet and review documents remains open, subject to my availability and our agreement to a mutually acceptable time for doing so.

With respect to interrogatory responses, as I have advised you previously that the Ohio Defendants will be providing you with signed declarations verifying those interrogatory responses. At present, I have already begun sending you such verifications. More will follow.

In your most recent letter, you again ignored my repeated requests that you provide specifics as to which discovery responses you believe are insufficient, along with the reasons why. You speak only in generalities concerning your subjective belief that all of our responses are somehow insufficient. Your blanket assertion does not provide anywhere near the specificity that is needed if we are to address your concerns. You have served more than twenty (20) sets of discovery on the Ohio Defendants with the tally of individual requests exceeding seven hundred (700), not including the numerous subparts contained in almost every one of those requests. The discovery responses served by the Ohio Defendants to date comprise more than 400 pages. This extraordinary volume of discovery requests aggravates your failure and/or refusal to provide specifics about the particular requests that you believe should merit some additional response from us.

As I have told you before, I remain willing to consider any particular requests that you believe are insufficient. I only ask that you provide me with details concerning which particular requests those are and why it is you think that the particular responses are insufficient. You have not done so at this point.

With respect to the Court's limitation of discovery to Title VI and Title VII, we have abided by that limitation. You have not. Many of your requests go well beyond the issues subject to those claims. We decline your request to perform legal research for you concerning the scope of discovery under Title VI and Title VII. If you will simply direct my attention to those requests where we have objected on the basis of the Court-ordered limitation of discovery and then let me know the reasons why you think that each such request actually does relate to Title VI and Title VII issues, I am entirely willing to consider your position and we will serve supplemental discovery responses at that point if it is necessary or appropriate. Until you take those steps, however, it is not possible to understand your position concerning this matter.

With respect to your requests for admission to the Ohio Defendants, parties are not authorized by the Federal Rules of Civil Procedure to declare such requests to be deemed admitted. Your requests grossly exceeded the limitation set forth in Local Rule 36.1 concerning requests for admission. This rule states that, absent leave of court or agreement from the responding party (neither of which are present here), "no party shall serve more than forty (40)

Ex. 15 9a

Darlington Amadasu
1 February 2005
Page 3

requests for admission (including all subparts) upon any other party." In your letter, you incorrectly import language from Federal Rule of Civil Procedure 33, which speaks to "discrete" subparts only in interrogatories. The Local Rule regarding requests for admissions is different because it does not contain the "discrete" qualifier. Nonetheless, if there are any requests that we have answered as subparts which you feel are not properly considered subparts, please let me know which ones they are so that I can consider your position on the matter. As for your requests exceeding 40 for each set of requests for admissions, you will note that all of these excess requests have been <u>denied</u> on the basis that you have violated Local Rule 36.1.

Indeed, it is ironic that you would attempt to prohibit me from observing the many subparts in your requests for admission in the same letter where you ask that I disregard the on-point order of the Court because you think Magistrate Judge Black was wrong. I also note that when you were in our offices on 30 November 2004 to review our initial disclosure documents, I attempted to contact the Court to have an informal conference concerning your grossly excessive requests which had been served up to that time. As you will recall, you vehemently refused to participate in such a conference.

We remain willing to work with you toward resolution of the discovery issues in this case. Your most recent letter, however, does not provide any of the specifics that I have requested from you time and time again. Instead, you have again asserted blanket claims concerning the 700+ discovery requests that you have served on the Ohio Defendants to date. We are trying to work through these issues with you, but your cooperation is necessary as well.

Very truly yours,

Justin D. Flamm

JDF:srs
Enclosure
cc: John M. Grey

Ex. 15 ?

P. O. Box 6263
Cincinnati, OH 45206
2/15/05

Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Re: Amadasu v. Donovan

Your letter dated 2/11/05 refers please. The University of Cincinnati purportedly served interrogatories dated 1/6/05 and requests for production of documents dated 1/6/05 are null and void and not required to be answered because: (1) you were asking me to respond less than the jurisdictional thirty (30) days for response; (2) you and your clients have no stipulation with me or entered court's order reducing the response time less than the mandatory 30 days pursuant to Rules 33 and 34; (3) there is no entered court's order directing you to extend the discovery deadline past 1/31/05; (4) you have no right or authority to unilaterally extend the discovery deadline past 1/31/05; (5) computing from 1/7/05 to 1/31/05 discovery deadline the 30 days response time would be 2/8/05, that is, 8 days past the discovery deadline; and, thus, (6) your interrogatories and documents production requests violate the Case Scheduling Order.

Your letters dated 1/28/05, 2/8/05 and 2/11/05 and thereto attached purported verifications by some of your clients are not only null and void but they are also absolutely unacceptable by me. Rules 33 does not provide for piecemeal fragmented responses to interrogatories. Responses must simultaneously be made, signed by the answering defendants and notarized by a notary public within the 30 days as mandated by the Rule 33. Thus, all your clients are in defaults of responses to my interrogatories and in violation of Rule 33 requirements.
Your severed, unsworn and belated verifications constitute evidence that your clients did not make the responses, which you (Mr Flamm) illegally answered thereby working naked fraud upon the court and me.

Needless to restate all your discovery abuses, obstructions, and failure to make full, complete, and non-evasive responses to my discovery requests, however, I refer you to all my previous letters to you to make full and complete responses to my discovery requests, which to date you have failed to do so.

Sincerely,

Darlington Amadasu

CC: Ramiro Canales by fax

Ex. 160

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800
CINCINNATI, OHIO 45202-3957
513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

DAYTON, OHIO OFFICE
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 46402-1786
937-228-2838
FAX: 937-228-2816

JUSTIN D. FLAMM
(513) 357-9667
flamm@taftlaw.com

27 April 2005

**CERTIFIED MAIL & U.S. MAIL**

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

Re:   Amadasu v. Donovan et al.

Dear Mr. Amadasu:

It has recently come to our attention that you have visited the University of Cincinnati in the past two weeks and have sought information and materials relating to your case from University personnel. Your actions are inappropriate and need to cease.

As you will recall, we provided you with every opportunity to obtain discoverable documents and information in response to your voluminous discovery requests in this case. As you will further recall, in a series of letters written during the now-expired discovery period, I personally notified you that certain responsive discovery documents resided at the University of Cincinnati and that counsel for the Ohio Defendants' would accompany you to the University at a mutually agreeable time to review those documents. However, you simply ignored this opportunity and you never once requested to review those documents at the University. Your eleventh-hour attempts to do so now are not proper. Please refrain from any further efforts to circumvent the discovery process by contacting University personnel.

Call me if you wish to discuss this matter.

Very truly yours,

Justin D. Flamm

JDF:mkv
cc:   John M. Grey

Ex. 161

{W0424037.1}



University of Cincinnati
Medical Center

Department of Environmental Health
Occupational and Environmental Medicine Divison
University of Cincinnati
PO Box 670056
Cincinnati OH 45267-0056

Delivery Address:
3223 Eden Avenue
Cincinnati OH 45267

July 14, 2000

TO:    Darlington Amadasu, M.D.

RE:    CERTIFICATION OF DOCUMENTS IN THE FILE

I hereby certify that the attached documents, consisting of ninety six (96) numbered pages are the true and complete reproductions of any and all of the original documents in file pertaining to Dr Darlington Amadasu that are kept in Amadasu's personnel's file in the Occupational and Environmental Medicine Division as of today's date. Dr Donovan affirmed to me that he had no other documents in his possession relating to and concerning Dr Amadasu for Dr Amadasu's file and to copy for Dr Amadasu.

Sincerely,

*Connie Thrasher*
Connie Thrasher
Administrative Assistant
558-0030

Ex. 162



UNIVERSITY OF CINCINNATI
DEPARTMENT OF ENVIRONMENTAL HEALTH

Receipt       3/23/01

For Dr. Amadasu

for copies   103 pages

$6.18 total                    PAID in cash

Brandy
      Student Ast.

Ex. 163

## CERTIFICATION AND RELEASE

DATE APRIL 4TH 2001   TIME 11:10 AM

AS OF TODAY THERE ARE FOURTEEN PRINTED PAGES (FRONT & BACK) OF DOCUMENTS IN DR DARLINGTON AMADASU'S FILE KEPT AT GRADUATE MEDICAL EDUCATION UNIVERSITY HOSPITAL/University of Cincinnati College of Medicine. IT IS CERTIFIED THAT AS OF TODAY THERE ARE NO OTHER DOCUMENTS RELATING AND PERTAINING TO DR D. AMADASU IN THIS GME DEPT. DR AMADASU REVIEWED THIS FILE AND OBTAINED COPIES OF THE ONLY FOURTEEN PRINTED PAGES OF THE ORIGINAL DOCUMENTS IN HIS FILE.

(margin note: 7 pages, 7 pages with information printed on the back for a total of 14 pages)

_____
Dr D. AMADASU

_____
Christine Rupkey
CHRIS RUPKEY,
SUPERVISOR GME.

Ex. 164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU, | Case No. 1:01-cv-210 |
| Plaintiff, | |
| | Judge Dlott |
| v. | Magistrate Judge Black |
| JAMES R. DONOVAN, M.D., *et al.*, | **OHIO DEFENDANTS' SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES** |
| Defendants. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants University of Cincinnati ("UC") James R. Donovan, Andrew G. Freeman, Debra Ann Middaugh, Muriel Pohl, Dora Jefferson-Gaynor, Ralph Charles Buncher, Judy L. Jarrell, Tracy Herrman, and Andrew T. Filak (collectively "the Ohio Defendants") provide the following supplemental initial disclosures to Plaintiff Darlington Amadasu ("Amadasu").

1. As prescribed by Rule 26(a)(1)(A), the individuals listed below are likely to have discoverable that the Ohio Defendants may use to support their defenses, other than solely for impeachment. The Ohio Defendants reserve the right to supplement this list as the case progresses.

The subjects of information listed are not all-inclusive, each individual may have knowledge of subject other than that stated below:

| | Name | Subject(s) of Information |
|---|---|---|
| 1 | Ralph Charles Buncher<br>Environmental Health<br>Kettering G39<br>P.O. Box 670056<br>Cincinnati, Ohio 45267-0056<br>(513) 558-1410 | Amadasu's participation in UC's residency training program and some of the allegations in the Complaint. |

{W0294416.1}


Ex. 165

|    | Name | Subject(s) of Information |
|----|------|---------------------------|
| 8  | James E. Lockey, M.D.<br>Environmental Health<br>Kettering G12A<br>P.O. Box 670056<br>Cincinnati, Ohio 45267-0056<br>(513) 558-0030 | Amadasu's participation in UC's residency training program and some of the allegations in the Complaint. |
| 9  | Debra Ann Middaugh, M.D<br>Environmental Health<br>Kettering<br>P.O. Box 670056<br>Cincinnati, Ohio 45267-0056<br>(513) 558-0030 | Amadasu's participation in UC's residency training program and some of the allegations in the Complaint. |
| 10 | Muriel Pohl, M.D.<br>(address unknown) | Amadasu's participation in UC's residency training program and some of the allegations in the Complaint. |

    2.    As prescribed by Rule 26(a)(1)(B), documents that are in the possession, custody, or control of the Ohio Defendants, and which the Ohio Defendants may use to support their defenses, other than solely for impeachment, fall within the following categories: (i) Documents from the EEOC file pertaining to Plaintiff's claims; (ii) Documents pertaining to Plaintiff's evaluation, discipline, and dismissal; (iii) Correspondence sent to and from Plaintiff to employees of the University; (iv) Documents pertaining to Plaintiff's background and qualifications; (v) Documents pertaining to Plaintiff's application for enrollment in the University; (vi) Documents provided by Plaintiff to the University; (vii) Documents provided to Plaintiff by the University; and (viii) Other documents on file with the University pertaining to Plaintiff. Copies of these documents are located at the offices of Taft, Stettinius & Hollister at 425 Walnut Street, Suite 1800, Cincinnati, OH 45202, and they are available for inspection at a mutually agreeable time.

Ef. 165(a)

3. As prescribed by Rule 26(a)(1)(D), an insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment will be produced for inspection at the offices of Taft, Stettinius & Hollister at a mutually agreeable time.

          Respectfully submitted,

          James Petro, Attorney General

OF COUNSEL:
Mitchell D. McCrate (0047403)
Associate General Counsel
University of Cincinnati
Office of the General Counsel
300 Administrative Building
Cincinnati, Ohio 45221-0623
(513) 556-3483

By: /s/ Justin D. Flamm
Gregory Parker Rogers (0042323)
Justin D. Flamm (0071575)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Attorneys for the Ohio Defendants

4

{W0294416.1}

Ep. 165(6)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ohio Defendants' Rule 26(a)(1) Disclosures was served upon Darlington Amadasu, Plaintiff Pro Se, at P.O. Box 6263, Cincinnati, Ohio 45206, and upon Ramiro Canales, counsel for Claudia Miller, Roger Perales, and the University of Texas Health Science Center at San Antonio, at Assistant Attorney General for the State of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, TX 78711-2548 via regular United States mail, postage prepaid, this __21st__ day of October, 2004.

/s/ Justin D. Flamm

Ex. 165(c)

{W0294416.1}