UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. C-1-01-210 |
| Plaintiff, | : | Judge Dlott |
| v. | : | Magistrate Judge Black |
| JAMES R. DONOVAN, MD, et al., | : | **UNIVERSITY OF CINCINNATI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR COMBINED PRODUCTION OF DOCUMENTS UPON DEFENDANT** |
| Defendants. | : | |

Defendant University of Cincinnati ("UC") makes the following responses and objections to Plaintiff Darlington Amadasu's ("Plaintiff") request for production of documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure. In accordance with Rule 34, documents to be produced will be made available for Plaintiff's inspection at a mutually agreeable time and place.

## STATEMENT AND GENERAL OBJECTIONS

1. UC objects to the requests including the definitions and instructions to the extent that they require or purport to impose any requirement or burden beyond that imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Ohio.

2. UC objects to the requests to the extent that they call for information that is protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity. Any response UC makes of such information is inadvertent and shall not constitute a waiver of the applicable privilege or immunity as to such information.

3. UC objects to the requests to the extent that they seek information that is not relevant to Plaintiff's Title VI or Title VII claims, pursuant to the Court's order that discovery be limited to and focused on those claims.

Ex. 166

4. UC objects to the requests to the extent that they seek information that is not likely to lead to the discovery of admissible evidence for Plaintiff's Title VI or Title VII claims, pursuant to the Court's order that discovery be limited to and focused on those claims.

5. UC objects to the requests to the extent that they are unreasonably vague, overbroad and/or repetitious. UC has responded to such requests to the best of its ability but has not attempted to speculate as to the meaning thereof.

6. UC objects to the requests to the extent that they fail to set forth a relevant time period and, as such, are overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7. The responses herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, admissibility and any and all other objections that would require exclusion of any response hereto, if such response were offered into evidence in court. All such objections and grounds are reserved and may be interposed at the time of trial.

8. To the extent specific general objections are cited in a specific response, those citations are merely provided for convenience and are not to be construed as a waiver of any other general objection applicable to information falling within the scope of the request or any other request. Further, by agreeing to respond, UC is not representing that responsive information necessarily exists.

9. UC has not necessarily completed its investigation into the subject matter of this action or the underlying facts or evidence. UC's responses are therefore made to the best of UC's current knowledge, information and belief after good faith investigation of sources reasonably available to it. UC reserves the right to conduct additional investigation and

2

discovery, to rely on additional facts, information, documents or materials and to supplement its responses as required by the Federal Rules of Civil Procedure and Local Rules of this Court.

### Responses to Requests for Documents and Things

1. **A copy of job descriptions and specifications of any and all positions, inter alia, second year Family Practice Resident and Adjunct Faculty in Health Promotions that Plaintiff applied for in your organization at the times relevant to the subject matter of this action**

**RESPONSE:**

**OBJECTION:** This request is vague, overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and goes outside the Court-ordered limitation of discovery to Plaintiff's Title VI and Title VII claims.

2. **A copy of any report, memoranda, or other writings made by, on behalf of, or to the responding defendants, their agents, servants and employees about or relating to the plaintiff's employment, incidents or occurrences, which are the subjects of this action, and which were made in the regular course of business operations or practices of defendants.**

**RESPONSE:**

**OBJECTION:** This request is vague, overbroad, burdensome, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and goes outside the Court-ordered limitation of discovery to Plaintiff's Title VI and VII claims.

**NOTWITHSTANDING** this objection and the general objections above, without waiving any of them, UC states that it will produce non-privileged documents that are relevant to Plaintiff's Title VI and Title VII claims and that can be produced without annoyance, embarrassment, oppression, or undue burden or expense, if any such documents exist.

3. **A copy of any and all statements in the possession, control or custody of the responding defendant, his agents, servants, and subordinates, actually or allegedly made by or taken of plaintiff regarding the employment and occurrences which are the subjects of the Complaint, or related thereto, by any method and in any form. If responding defendant no longer has such statements in its possession, custody, and control, defendant must state the nature of said statement and its present location, possessor and custodian of**

{W0130023}                                3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.
                                                   Case No. 1:02-cv-210
                                                   (Dlott, J.; Black, (M.J.))

JAMES R. DONOVAN, M.D. et al.,

    Defendants.

## DEFENDANTS CLAUDIA MILLER, ROGER PERALES, AND THE UNIVERSITY OF TEXAS - SAN ANTONIO HEALTH SCIENCE CENTER'S INITIAL DISCLOSURES TO PLAINTIFF

TO:    Mr. Darlington Amadasu, Plaintiff Pro Se, P.O. Box 6263, Cincinnati, OH 45206:

NOW COME Defendants Claudia Miller, Roger Perales, and The University of Texas - San Antonio Health Science Center ("UTHSC") and in accordance with the Federal Rules of Civil Procedure disclose the following to all parties:

### I.
### RULE 26(a)(1) DISCLOSURES

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

Response:

1.    Dr. Claudia S. Miller
      The University of Texas Health Science Center at San Antonio
      7703 Floyd Curl Drive
      San Antonio, Texas 78284-7794

*Defendant's Initial Disclosures*
*June 15, 2004*
*Page 1 of 3*

Ex. 167

7.  Rosario Guerrero
    406 Scott
    Laredo, Texas 78040

    Ms. Guerrero may have relevant knowledge regarding the events relating to Plaintiff's participation in the STEER Program in Laredo, Texas.

8.  Cordelia Bernal
    3600 Cedar
    Laredo, Texas 78040

    Ms. Bernal may have relevant knowledge regarding the events relating to Plaintiff's participation in the STEER Program in Laredo, Texas.

9.  Liz Moran
    Address unknown at this time

    Ms. Moran may have relevant knowledge regarding the events relating to Plaintiff's participation in the STEER Program in Laredo, Texas.

10. Dr. Martinez
    Address unknown at this time

    Dr. Martinez may have relevant knowledge regarding the events relating to Plaintiff's participation in the STEER Program in Laredo, Texas.

B.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Response:

Subject to any legal privileges, the following documentation will be available for inspection and copying at the office of Defendants' legal counsel:

Documentation relating to Plaintiff's participation in the STEER Program.

C.  Any computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

*Defendant's Initial Disclosures*
*July 15, 2004*
*Page 3 of 5*

Ex. 167(a)



# ATTORNEY GENERAL OF TEXAS
## GREG ABBOTT

January 25, 2005

**VIA REGULAR U.S. MAIL**

Darlington Amadasu
PO Box 6263
Cincinnati OH 45206

    RE: *Darlington Amadasu v. Donovan et al.*; Cause No. 1:01-cv-210

Dear Mr. Amadasu:

    Enclosed with this letter, you will find the STEER program information you requested in your requests for production of documents to my clients and that we identified in our initial disclosures. These are the only documents that are responsive to your requests for production that are not privileged or objectionable. If you have further discovery matters you would like me to address, I will be happy to address your concerns if you will detail to me the nature of each of your concerns.

    I look forward to working with you towards an amicable resolution of these matters.

Sincerely,

John M. Gray
Assistant Attorney General
*Attorney for Texas Defendants*

Enclosures
cc:    Justin Flamm (*via regular mail*)
       Esther Hajdar (*via interagency*)

Ex. 16f