UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,
*Plaintiff,*

v.

JAMES R. DONOVAN, M.D. *et al.,*
*Defendants*

Case No. 1:01-cv-210

Judge Dlott
Magistrate Judge Black

**TEXAS DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS TO PLAINTIFF'S MAY 27, 2005 DECLARATION**

**DECLARATION OF CHRISTOPHER COPPOLA ATTACHED**

The Defendants, University of Texas Health Science Center at San Antonio ("UTHSC"), Claudia S. Miller, and Roger Perales (collectively, the "Texas Defendants") submit that their motion to strike specified exhibits from Plaintiff's May 27, 2005 Declaration should be granted in its entirety. (Doc. 114). Specifically, the Texas Defendants moved the Court to strike Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-108, and 110-130 from the May 27, 2005 Declaration because the Plaintiff failed to produce these exhibits in his written discovery responses. Furthermore, at least one of the exhibits included in the Plaintiff's Declaration – Exhibit 118 – appears to be a forgery.

The Plaintiff incorrectly contends that the Texas Defendants provided him with "hundreds of pages of documents, *inter alia*, Exhibits 110-120, 122-123, in the eleventh-hour of discovery cut-off date on January 25, 2005." (Doc. 124, at p. 7). The Plaintiff similarly contends that the Texas Defendants produced Exhibit 118 to the Plaintiff in discovery. (*Id.* at p. 6). The allegation that the

Texas Defendants provided Exhibit 118 to the Plaintiff is false.

The Texas Defendants made a single document production to Plaintiff on January 25, 2005. *See* Affidavit of Christopher Coppola. This production was timely made within the Court's January 31, 2005 deadline for discovery cut-off. The Texas Defendants' January 25, 2005 production did not contain the Plaintiff's Exhibit 118 - which appears to be a forgery. *See* Doc. 114 and accompanying Second Affidavit of Roger Perales. Indeed, the undersigned counsel saw the document labeled Exhibit 118 for the first time after the Plaintiff filed his May 27, 2005 Declaration with the Court. *See* Affidavit of Christopher Coppola.

The Plaintiff also argues that the Court does not have the ability to strike his evidence under Rule 37(c)(1). Rule 37(c)(1) requires absolute compliance with Rule 26(a). *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782. Thus, in the Sixth Circuit, Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation is harmless or substantially justified." *Id.* (citation omitted). Furthermore, the burden is on the potentially sanctioned party to show that the violation is harmless or justifiable. *Id.*

In addition, even before Rule 37 was amended in 2000 to explicitly provide for sanctions, trial courts had the inherent authority to sanction parties who did not comply with discovery requirements - even where no court order had been issued. *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 (6th Cir. 2002). Specifically, the *Toth* court found that "Rule 26 imposes no requirement, express or implied, that a motion to compel precede a court's imposition of a sanction." *Id.* (*citing Alldread v. City of Granada*, 988 F.2d 1425, 1436 (5th Cir. 1993) (internal quotes omitted)). Thus, the trial court has the inherent authority to sanction a litigant by striking his evidence if it finds he did not comply with the strictures of Rule 26.

In the present case, the Court has the ability to impose sanctions on the Plaintiff for failing to disclose all of his evidence as required by Rule 26 or to fully respond to the Texas Defendants' Rule 34 discovery requests. The Court may sanction the Plaintiff under Rule 37(c)(1), which requires compliance with Rule 26, or the Court may sanction the Plaintiff as part of its inherent authority to sanction litigants. The Texas Defendants could not foresee that the Plaintiff would abuse the discovery process by not fully disclosing his evidence and by using apparently forged documents. Accordingly, the Texas Defendants did not file a motion to compel. However, such a motion is not required for the Court to impose sanctions on the Plaintiff. Accordingly, the Court should grant the Texas Defendants' motion to strike and strike the requested evidence from the Plaintiff's May 27, 2005 Declaration.

Finally, the Plaintiff's opposition brief raises several other attacks on the Texas Defendants and their original motion. The Plaintiff asserts that the Texas Defendants have acted in bad faith, improperly colluded with the Court, and omitted the "procedural posture" in their brief. (Doc. 124). These accusations are groundless and are based entirely upon the subjective belief of the Plaintiff.

For the reasons set forth herein and in the Texas Defendants' pending motion, the specified exhibits to the Plaintiff's May 27, 2005 Declaration should be stricken.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

JEFF L. ROSE
Chief, General Litigation Division

TX. BAR NO. 2170 2630

*[signature: Carolyn Clark for]*

CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
300 W. 15th Street, 11th Floor
Austin, Texas 78701
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR TEXAS DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served as indicated below on this 25th day of August, 2005, on:

*Regular Mail & Certified Mail, Return Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Regular United States Mail*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

*[signature]*

CHRISTOPHER COPPOLA
Assistant Attorney General