UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 SEP -6 PM 1:09

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff | Case No: C-1-01-210<br>Black/Dlott |
| -V- | |
| JAMES R. DONOVAN, MD, et al<br>Defendants | REPLY IN SUPPORT OF<br>PLAINTIFF'S OMNIBUS CROSS-MOTION TO STRIKE<br>OHIO & TEXAS DEFENDANTS' ANSWERS,<br>SUMMARY JUDGMENT MOTIONS, FOR DEFAULT<br>JUDGMENT & SANCTIONS; & IN RESPONSE TO<br>TEXAS DEFENDANTS' OPPOSITION THERETO |

Plaintiff submits his Reply in support of Plaintiff's Omnibus Cross-Motion (Doc.126, 127) To Strike Ohio and Texas defendants' Answers (Docs.37, 38, 52, 53), Summary Judgment Motions (Docs.97, 98), for Default Judgment and Sanctions, and in response to Texas defendants' opposition thereto (Doc.131).

The Texas defendants' memorandum (Doc.131) in opposition to the plaintiff' cross-motion (Doc.126, 127) should be rejected because it lacks merits, and basis in facts, law and evidence. Amadasu will now reply in seriatim to defendants' baseless opposition:

1. **Texas defendant's memorandum (Doc.131) in opposition does not contest or confute the various grounds in Plaintiff's motion (Doc.126, 127) for striking their answers, summary judgment motions, & for default judgments and sanctions against them:**

Amadasu has set forth uncontroverted specific true facts and cited and presented unrebutted corroborating best evidentiary and the legal basis for the relief sought in Docs.126, and 127. Thus, needless to rehash herein those facts, evidences and the legal basis already contained in Docs.126, 127, therefore, plaintiff respectfully refers this court to Docs.126-127, which are hereby incorporated by reference.

Because defendants failed to present excusable cause(s) for their misconducts and for failing to

1

rebut plaintiff's presented facts, evidence, legal and case law bases for striking their answers and summary judgment motions, the relief sought in plaintiff's omnibus cross-motion should be granted as a matter of law.

**2. Texas defendants' argument respecting Rule 26(f) report (Doc.60) lacks merits**

Texas defendants argument, (Doc.131, p.1-2) that the Rule 26(f) report filled out by plaintiff lists all parties as being in attendance and that if all parties were not in attendance, as the plaintiff now claims, the plaintiff provides no explanation for why he listed all parties in attendance in the Rule 26(f) report, lacks merits because: (a) Texas defendants' counsel, Mr Christopher Coppola ("Coppola") misread, misunderstood and mis-analyzed the Rule 26(f) report (Doc.60) because if he had understood the report he would not have put up the his baseless argument; (b) defendants conceded that the court ordered the parties to hold Rule 26(f) conference no later than June 11, 2004 (Doc.59) but they did not contradict the true fact that they never attended or participated in the court ordered June 11, 2004 conference thereby violated the court order and Rule 26(f); (c) defendants did not controvert the true fact that they never conferred or helped in development and preparation of a proposed discovery plan or the Rule 26(f) report as required by the rule and the court order; (e) plaintiff did not list defendants as being in attendance at the conference, which they never attended or participated in but he merely wrote the defendants and their counsels on the form; (d) If Mr. Coppola had examined the report (doc.60) he should have found out that defendants, and or their counsels did not sign the report as evidenced by unfilled blanks for defendants or their counsels' signatures at page 4 of the report (Doc.60, p.4). Defendants or their counsels should have signed the report if they had attended or participated in the conference and development of the discovery plan or report; and (f) defendants' argument that plaintiff's complaint about the Rule 26(f) conference was untimely constitutes their acknowledgement of the complaint but it is not untimely since their failure to confer and make the report constitutes part of their pattern of their global discovery abuses and violations of court orders. Defendants proffered no excusable explanation for their failure to participate in Rule 26(f) conference

2

and Rule 26(f) report because they have no justification for their failure. Court may impose dismissal of action [or default] as a sanction for violation of court orders without consideration of lesser sanctions because disobedience of court orders constitutes extreme conduct. See, e.g., Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir.2002). Certainly, defendants violated court order.

Rule 26(f) and the court order (doc.59) command that parties must confer and develop and sign discovery plan or report, to be submitted to the court in writing, addressing the discovery schedule but defendants failed to do so in spite of plaintiff invitations to them to do so. Rule 16(f) authorizes the court to sanction defendants and or their counsels for failure to obey court pretrial order, to participate in making Rule 26(f) conference and report or discovery plan. Rule 16(f) incorporates the discovery sanctions itemized in Rule 37(b)(2)(B, (C), and (D). See, e.g., Ray v. Eyster, 132 F.3d 152, 154 n.2 (3d Cir.1997). It is well established by Sixth Circuit and other Circuit Courts that Rule 37(c)(1) mandates that court shall sanction a party for discovery violations in connection with Rule 26. See, e.g., Salgado v. General Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998)(holding that Rule 37(c)(1) puts teeth into Rule 26).

### 3. Ohio defendants merely rehashed the multitude of their misconduct but failed to controvert any of them

After enumerating their multitudinous misconducts, *inter alia*, discovery abuses, litigation buses, judicial process abuses, dilatoriness, intrinsic and extrinsic frauds, misrepresentations, perjuries, falsehood, fraudulent certification of legal documents, violations of the rules; and violations of court orders; etc, without any discernable rebuttal, defendants argument, that plaintiff did not describe why the documents he cites are improper, that interrogatory responses were improperly signed, how affidavits were perjured, is unavailing and lacks merits. (Doc.131 at p.2).

First, Amadasu Rules 33, 34, and 36 discovery requests are sufficiently detailed, direct, unambiguous and reasonably specific allowing defendants to identify readily what plaintiff wanted. See, (Doc.84 & its attachments; Doc.105 & its attachments).

3

Second, Plaintiff had described why defendants' documents that he cited were improper, that their interrogatory responses were improperly signed and how their declarations or affidavits were perjured. See (Doc.105, attachments-dft's answers to pltf's admissions requests & answers to pltf's interrogatories; (Doc.108), plaintiff's motion to strike declaration of James Donovan and Perales; (Docs.126, 127). Texas defendants' purported responses to plaintiff's Rule 33, and 36 requests speak volumes for plaintiff. For example, defendants Miller's and Perales' responses to plaintiff's admissions requests and interrogatories consist of such answer as: "defendant objects to this request on the grounds that it goes beyond the Title VI & VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence (sic)." An evasive statement to avoid answer to interrogatory is no answer. Bollard v. Volkswagen of America, Inc., 56 FRD 569 (1971). Answers to interrogatories must be responsive, full, complete, and unevasive. Piling v. General Motors Corp., 45 FRD 366 (DC Utah1968). Thus, defendants' responses were no responses.

In avoiding proper responses to plaintiff's discovery requests, defendants in a conclusory manner said that plaintiff's discovery requests were beyond Plaintiff's Titles VI & VII claims and they would not lead to discovery of admissible evidence. Their baseless conclusion violated Rule 26(b)(1), and constitutes failure to answer. Evidence need not be admissible to be relevant, and thus discoverable. Seattle Times Co. v. Rhinehart, 467 US 20, 104 S.Ct. 2199, cert. denied 467 US 1230, 104 S.Ct.2690 (1984). Rule 26(b)(1) states that relevant inadmissible evidence is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence. Glover v. South Carolina Law Enforcement Division, 170 F.3d 411 (4th Cir.1999), cert. dism'd, 528 US 1146 (2000). It has been held that litigants or their counsels cannot decide for themselves discovery issues. It is inappropriate for a party to decide for itself that an interrogatory is improper but it is its responsibility either to answer the interrogatory or to object. United Nuclear Corp. v. General Atomic Co., 629 P.2d 231, 287, 96 NM 155, appeal dismissed, cert. denied 101 S.Ct. 1966, 451 US 901, rehearing denied 452 US 932 (1980)(citing Wright & Miller).

4. **Texas defendants' responses that plaintiff's discovery requests were beyond the Court-ordered limitation of discovery to Amadasu's Title VI & VII were baseless excuse to avoid discovery responses because:**

First, defendants made many bad faith excuses such as the requests were outside court-ordered limitation of discovery to Titles VI & VII and or requests were not admissible, or were improper.

Second, the court-ordered limitation of discovery to Titles VI & VII claims does not relieve defendants of their obligation and responsibility of providing responses to plaintiff's discovery requests.

Third, the burden is upon defendants to show that Amadasu's discovery requests were irrelevant or beyond Title VI & VII claims but they failed to state or describe specific and particular plaintiff's discovery requests that were purportedly irrelevant to or beyond the Titles VI & VII claims

Fourth, if plaintiff's discovery requests were irrelevant to or beyond Title VI & VII claims, (which are not), defendants have no authority, power or discretion to determine relevancy because defendants could not be judges in their disputes. "The court, and not adverse party, determines the question of competency, or relevancy." Ex parte Rowell, 248 Ala.80, 26 So.2d 554 (1946)

Fifth, Amadasu's discovery requests were unambiguous, direct, non-vague, within and specific to Titles VI & VII claims. For example, *inter alia*, Amadasu requested a copy of job descriptions and specifications of positions of defendants Miller and Perales. Defendants' responses were: "defendant objects to this request on the grounds that it is vague, goes beyond the Title VI & VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence (sic)". Plaintiff's discovery requests are absolutely related to and within Title VI & VII claims. See, Texas defendants' Responses and Objections to Plaintiff's First Requests for Combined Production of Documents Upon Defendants, excerpt of which is hereto annexed as (Ex.173, p.15-16). Defendants provided the same pattern of responses to almost all of plaintiff's discovery requests (Doc.105, attached exhibits—defendants' responses to plaintiff's Rule 33, 36 discovery requests; see also, Doc.84). It has been held, "The burden is upon objector to interrogatory to show that answer sought is privileged, not relevant, or some other way, is not proper subject of an interrogatory. See, e.g., Bowles v. Safeway Stores, Inc., 4 FRD 469 (1945). Here, defendants failed to meet their burden.

5

5. **Texas defendants acknowledged that plaintiff has legitimate complaint about their discovery responses and that they provided Amadasu documents in 2004 or early 2005 but they failed to state the description and the quantity of documents provided**

First, the partial provision and late timing—the last-minute of the eleventh hour of discovery deadline—of providing Amadasu with the partial documents by defendants prejudiced Amadasu because Amadasu was prevented from prosecuting his claims, preparing and making dispositive motion, and responding to defendants' dispositive motions.

Second, Plaintiff put defendants on notice by the commencement of this action and through their Counsels, regarding the pertinent and specific documents he would want them submit to plaintiff to enable him efficiently and adequately prepare his case for resolution of this matter on merits. In Telecom Intern. America, Ltd. v. AT & T Corp., 189 F.R.D. 76 (S.D.N.Y., 1999) the court ruled " party is put on notice of its duty to preserve evidence when an opponent has made a specific request. …such notice is usually provided when suit has been filed, which provides party responsible …with express notice, but also may arise in other circumstances, such as when a party should have known that the evidence may be relevant to future litigation. Once notice of duty to preserve evidence is provided, *obligation runs first to counsel*, who then has a duty to advise and explain to the client its obligations to retain pertinent document that may be relevant to the litigation" Here in this case defense counsels have affirmative duty to advise their clients to cooperate fully in discovery and to provide plaintiff with all discoverable documents' but breached that duty that they owe to plaintiff.

Third, Texas defendant's belated production of partial documents prejudiced Amadasu, abused discovery, and violated discovery Rules 26-37 and cannot cure the prejudice to plaintiff. Belated compliance with the rules of discovery does not purge a failure to comply with the rules. See, e.g., Henry, 983 F.2d at 947. "Last minute tender" of relevant documents does not cure effects of discovery misconduct, G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)

6

Fourth, defendants' deliberate and egregious obstruction of discovery and violations of the rules and court scheduling orders are not cured by defendants' belated partial production of documents. Continuous pattern of delay and obfuscation on part of employer's counsel (and employer per se) during discovery warranted order precluding employer from introducing evidence in opposition to former employee's claims. See, e.g., Jankins v. TDC Management Corp., Inc., 131 FRD 629 (DDC 1989). However, defendants failed to demonstrate that they have any evidences in support of their non-existent defenses or rebuttal to plaintiff's claims

6. **Texas defendants' Opposition (Doc.131), is frivolous in part; and in other part laced with their concessions, acknowledgement, admissions vindicating Amadasu's claims and his motions for relief and oppositions to defendants' barraged frivolous motions because:**

First, defendants failed to set forth facts, present evidence, or cite any rule, law or case law in support of their opposition to plaintiff's cross-motion and declaration (Docs.126, 127).

Second, defendants failed to contest, rebut or confute any of the grounds for the relief sought by plaintiff in his cross-motion and declaration (Docs.126, 127)

Third, defendants acknowledged, conceded and admitted (Doc.131, p.2; Doc.133, p.2) that they provided Amadasu with documents that compose some of the Exhibits 1-172 attached to plaintiff's declarations (Docs.104, 105, 108, 127)

Fourth, defendants acknowledged that some of the Exhibits 1-172 were already in their possession, custody and control before, during and after (i) their summary judgment motions (Docs. 97, 98); and (ii) their motions to strike Declarations of Amadasu and attached Exhibits

Fifth, defendants' acknowledgement of providing plaintiff with partial documents proved that Amadasu was/is not obligated to provide defendants with information, materials or documents already in their possession, custody and control or readily available to them. It has been held that it is not the purpose of discovery for a party to supply information already under the control or readily available to the opposing party. See, e.g., Boyle v. Steinman, 429 Pa. Super.1, 631 A.2d 1025 (1993).

7

Sixth, defendants' acknowledgement defeated their very illegalities—fraud, misrepresentations, omissions, perjuries, manipulations, lies, discovery abuses, violations of Rules 26-37, violations of court orders, falsehood, deceptions, concealment, maneuvering of counsels, collusions, etc, --that they purposefully designed to defeat Amadasu's meritorious claims. "Laudable ends do not justify precipitate means." R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11, 18 (1st Cir.1991).

Seventh, defendants attempted to use the court as "shield and sword" to prevent discovery and to defeat plaintiff's claims by (i) use of court-ordered limitation of discovery to Amadasu's Titles VI & VII claims as "shield" to prevent discovery of the truth; (ii) use the court as "sword" to prevent admissibility of relevant, probative and credible Exhibits as evidence that they provided Amadasu, and necessary for this court determination of issues in Amadasu's claims. A client cannot use the advice of counsel as a sword to prove his case while also raising the attorney-client privilege as a shield to prevent the disclosure of harmful information. See, e.g., ST Systems Corp. v. Maryland Nat. Bank, 112 Md. App.20, 684 A.2d 32 (1996); thus, applying this holding to this instant action, defendants cannot use court-ordered limitation of discovery to Amadasu's Titles VI & VII claims as "shield" to prevent discovery of the truth while using the court as sword to prevent discovered documents from admissibility into evidence to bring out the truth against them or in favor of the plaintiff. After all, the court's paramount goal is truth, and the broad rules of discovery are essential to finding truth. See. e.g., Golf Kroger Co., 121 FRD 61, 62 (SD Ohio 1988)(Weber, J.). In employment discrimination cases, employers have most of the evidence of whether they discriminated against a particular plaintiff or engaged in a pattern and practice of discrimination against their employees in general. Particularly, in cases based on federally protected civil rights, full discovery is warranted. Irvine v. Airco Carbide, (837 F.2d 724, 726 (6th Cir. 1987).

Eighth, defendants acknowledged that they possessed relevant discoverable documents in their custody and control that they have refused to provide to the court when they made their frivolous unsupported summary judgment motions. Failure to disclose or produce materials requested in

8

discovery can constitute misconduct within the purview of Rule 60(b)(3). See, e.g., Jones, 921 F.2d 879; Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir.1988).

7.  **Obligation of the court:**

The trial court has an obligation to see that discovery rules are followed, Whitworth v. Whitworth, 878 S.W.2d 479 (1994); Court has broad powers to control the use of the discovery process to prevent its abuse by any party. Jack's Restaurant v. Turnbow, 674 So.2d 573 (1995)

Every, any and the totality of misconduct of defendants and totality of circumstances warrant striking defendants' answers, defendants' summary judgment motions; granting default judgment and other sanctions against defendants and their counsels as matter of law.

7.  **Texas defendants' continuing pattern of deliberate misrepresentations, contortions, & falsehood warrants the sanctions that plaintiff sought against them because:**

First, Texas defendants misrepresented and lied that plaintiff failed to timely seek or should have timely sought appropriate redress with Texas defendants' counsel, and failing that, with the court. Mr Coppola has shown his gross ignorance of the courses of the proceedings held in this action. Plaintiff's good faith efforts to redress defendants' discovery abuses are evidenced by plaintiff's filed and served Discovery Notices (Docs.80-82, 87, 92, 96) and (Docs.127, Ex.149-158).

Second, Texas defendants lied, misrepresented and contorted that "the plaintiff argues that he did not need to comply with the court's scheduling order deadlines (sic)" (Doc.132, p.1). Plaintiff did not implicitly or explicitly argue in (Doc.125) that he did not need to comply with the court's scheduling order. Mr Coppola purposefully misread, misunderstood and contorted plaintiff's arguments in Doc.125 so as to mislead the court.

Third, Texas defendants lied, misrepresented and contorted that: "The plaintiff argues that he did not have to comply because, in another case, he had previously been allowed to file an untimely dispositive motion. Although the judge in *Amadasu v. The Christ Hospital, et al.*, No.C-1-01-284 found that it would serve the 'efficient administration of justice' to allow the plaintiff to untimely file his motion... (sic)" (Doc.132, p.1-2). Again, Mr Coppola purposefully and knowingly misread, misunderstood and contorted plaintiff's arguments in (Doc.125) so as to mislead the court. The truth is that: (a) plaintiff argues that in another case, the court allowed **the defendant** (and not the plaintiff) to file an untimely dispositive motion. See (Doc.125, p.4, #3); (b) In *Amadasu v. The Christ Hospital, et al.*, No.C-1-01-284 (S.D. Ohio 2004), this court ruled: "while the acknowledges the untimeliness of

9

**defendants'** motion, [not plaintiff's motion], the efficient administration of justice requires the court to consider the merits of the motion.) Id. Thus, the court allowed the defendants, and not plaintiff as Mr Coppola contorted, to untimely file their summary judgment motion.

Fourth, Texas defendants by Coppola baselessly argued that because "where the docket stands at 139 pleadings and growing" this court ruling in *Amadasu v. The Christ Hospital, et al.*, No.C-1-01-284 (SD Ohio 2004) should not apply to this present case. (Doc.132, p.2). Mr Coppola, purporting to be a licensed professional lawyer and the Assistant Attorney General for Texas State is grossly ignorant of the definition of pleadings and the distinction between pleadings and non-pleadings. In the present case Docket, pursuant to Rule 7(a), there are only two (2) legally cognizable pleadings, to wit, the plaintiff's complaint and defendants' answers. All other proceedings in the docket constitute motions and other papers pursuant to Rule 7(b); and thus, there are no 130 pleadings in the docket for this present case.

Fifth, Texas defendants conclusory argument that they were prejudiced by having to defend against dispositive motions that are filed more than two months after a court imposed deadline, lacks merits because plaintiff's summary judgment cross-motion is founded upon and entwined with timely plaintiff's opposition to defendants' frivolous summary judgment motions; thus, plaintiff's meritorious summary judgment motion is timely and defendants suffered no harm thereby.

Sixth, Texas defendants by Coppola lied, misrepresented and falsely argued in (Doc.133, p.2) that they made "a single document production to plaintiff on January 25, 2005 because they are self-contradicted by their own January 25, 2005 letter, which states in pertinent part: " These are the only documents that are responsive to your requests for production..." thus, Texas defendants and their counsel, Coppola, are compulsive liars and lack trustworthiness.

For these and previously stated reasons Texas and Ohio defendants should be sanctioned consistent with the relief sought by plaintiff in his cross-motion (Docs.126, 127)

Respectfully submitted,

Darlington Amadasu, Lay pro se plaintiff

**CERTIFICATE OF SERVICE:**
I certify that the true copies of the foregoing was served upon Justin D. Flamm via receptionist and Christopher Coppola by regular USPS mail to his address on record on 09/06/05

10