**REQUEST FOR PRODUCTION NO. 32:** A copy of DFP and STEER Center Employees' manual or Handbook during the relevant period.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence. Further, Defendants object to this request on the ground that Plaintiff was never employed by any of the Texas Defendants.

Subject to and without waiving said objections, Defendants respond:

None.

**REQUEST FOR PRODUCTION NO. 33:** Copies of notes, letters, emails, memos, statements and other communications exchanged between each and every one of the Texas defendants relating, referring to or concerning plaintiff in any way and matter.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence. Further, Defendants object to this request on the ground that Plaintiff was never employed by any of the Texas Defendants.

Subject to and without waiving said objections, Defendants respond:

See Response to Request for Production 13.

**REQUEST FOR PRODUCTION NO. 34:** A copy of job descriptions and specifications of Director STEER program.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence

*Texas Defendants Responses to Plaintiff's*
*First Request for Combined Production*
*December 31, 2004*
*Page 15 of 24*

Ex. 173

**REQUEST FOR PRODUCTION NO. 35**: Copy of job descriptions and specifications of Dean of Graduate Medical Education.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence

**REQUEST FOR PRODUCTION NO. 36**: Copy of job descriptions and specifications of the Faculty of the DFP.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence

**REQUEST FOR PRODUCTION NO. 37**: Copy of job descriptions and specifications of defendant Roger B. Perales.

**RESPONSE:**

Defendants object to this request on the grounds that it goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence. Further, Defendants object to this request on the ground that Plaintiff was never employed by any of the Texas Defendants.

**REQUEST FOR PRODUCTION NO. 38**: Copies of all written communications between Donovan and Miller relating, referring to or concerning plaintiff in any way and matter.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague, goes beyond the Title VI and Title VII discovery limits established by the court in two previous orders and will not lead to the discovery of admissible evidence. Further, Defendants object to this request on the ground that Plaintiff was never employed by any of the Texas Defendants.

*Texas Defendants Responses to Plaintiff's*
*First Request for Combined Production*
*December 31, 2004*
*Page 16 of 24*

/Ex. 173/