FILED
JAMES BONINI
CLERK

06 FEB -3 PM 4: 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU | Case No: C-1-01-210 |
| Plaintiff | J. DLOTT |
| | TO THE DISTRICT COURT CHIEF JUDGE |
| | JUDGE SANDRA S. BECKWITH |
| -V- | |
| | PETITION FOR |
| JAMES R. DONOVAN, MD, et al | 1. APPOINTMENT OF A SPECIAL MASTER |
| Defendants | UNDER 42 USC 2000e-5(f)(5); FRCP 53 et seq.; |
| | 2. CONFERENCE UNDER FRCP 16 et seq. |
| | 3. FOR HEARING, 42 USC 2000e-5(f), FRCP 38/40 |
| | 4. EXPEDITION OF THE PROCEEDING |

Plaintiff Darlington Amadasu (Amadasu) hereby files this petition pursuant to First and Seventh Amendments, the enforcement provisions of 42 U.S.C. 2000e-5(f)(2), (3), (4) and (5), FRCP 16 et seq., FRCP 38, 40 & 53, and other applicable due process statutes for the following relief:

1. Appointment of a special master pursuant to 42 U.S.C. 2000e-5(f)(5) and FRCP 53 et seq.;

2. In person parties' pre-hearing conference(s) pursuant to FRCP 16 et seq. to be presided by a special master under FRCP 53 et seq.

3. Jury trial/hearing pursuant to 42 U.S.C. 2000e-5(f) et seq.; FRCP 38 and 40; and First and Seventh Amendments

4. Expedition of the proceeding pursuant to 42 U.S.C. 2000e-5(f)(2), (4) & (5)

**EXPEDITED HEARING MANDATED BY 42 U.S.C. 2000e-5(f) et seq.**

42 U.S.C. 2000e-5(f)(2) provide in pertinent part:

> It shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited

42 U.S.C. 2000e-5(f)(4) provides in pertinent part:

> It shall be the duty of the chief judge (or in his absence, the acting chief judge) of the

1

> District in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case be, shall certify this fact to the chief judge of the circuit (or in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case

42 U.S.C. 2000e-5(f)(4) provides in pertinent part:

> It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited.

42 U.S.C. 2000e-5(f)(5) provides in pertinent part:

> It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issues has been joined, that judge may **appoint a master pursuant to Rule 53 of the Federal Rules of Civil Procedure**

FRCP 53 provides in pertinent part:

> (a) The court in which any action is pending may appoint a special master therein...; etc
> (b) A reference to a master shall be the exception and not the rule...; etc
> (c) The order of reference to the master may specify or limit the master's power...; etc
> (d) When a reference is made...the master shall forthwith set a time and place for the first meeting of the parties or their attorneys to be held within 20 days after the date of order of reference...It is the duty of the master to proceed with all reasonable diligence...; etc
> (e)(3) The master shall prepare a report upon the matters submitted to the master...; etc

FCRP 38 provides in pertinent part:

> The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

FCRP 40 provides in pertinent part:

> The district courts shall provide by rule for placing of actions upon the trial calendar (1) without request of the parties or (2) upon request of a party and notice to other parties.

FRCP 16(a) and (c) provides in pertinent part:

> In any action, the court may ...direct attorneys for parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes...; At any conference under this rule consideration may be given, and the court may take Appropriate action respect to items (c)(1-16) of the subsection.

## MEMORANDUM

Essentially, the complaint and answers were filed. The issues had been joined for more than four (4) years more than 120 days after issue was joined. Discovery has been had. Defendants' motions

2

and Plaintiff's Cross-motion with supporting evidentiary exhibits for summary judgment and associated parties' motions had been filed pending consideration and decision. The plaintiff's evidentiary documentations are in the record. On 6/7/05 the court had vacated the Calendar Order (Doc.107) therefore, this case is not on trial calendar, undue delay is continuing, and it is ripe for jury trial.

Without justification, Ohio defendants continuously withholding letters of recommendation, plaintiff's transcript, and verification of attendance that plaintiff needs to secure employment and or set up his practice continues to prevent plaintiff from being gainfully employed, practice his trade and obtain other economic advantages. Plaintiff's needs for letter of recommendation, transcript and validation of attendance from defendants and to resolve this action warrant expedition of the proceeding to resolve the case. The expedition of this case is also mandated by the enforcement clause of Title VII, 42 USC 2000e-5(f) et seq.

Plaintiff's demand for jury trial under FRCP 38 and 40 and the Seventh Amendment as well as the expedited hearing mandated by 42 USC 2000e-5(f) et seq to resolve the Title VII case issues will be facilitated by appointment of a special master under FRCP 53 as mandated by subsection, 42 USC 2000e-5(f) et seq by conducting conferences and making reports on the issues and conferences.

Appointment of a special master should be accompanied by ordering parties' conference(s) pursuant to FRCP 16 et seq. to be presided and directed by the special master consistent with FRCP 53 and will ensure the fulfillment of the subjects and objectives of FRCP 16(c) and 53.

FRCP 53 contains list of objectives that the court will direct the special master to accomplish, *inter alia*, conducting parties' conferences, narrowing issues, eliminating frivolous claims and defenses, the report of master's findings upon the issues under FRCP 53(e)(1, 3, 4, 5).

Neither consent of parties nor exceptional conditions were required for district judge to refer Title VII case to magistrate acting as special master, where case had not been set for trial within 120 days after issue was joined. See. e.g., Gonzales v. Carlin, (5th Cir.1990) 907 F.2d 573. Title VII case

3

could be referred to magistrate, without parties' consent, to prepare findings of fact and recommendations of law in his capacity as master, where case could not be scheduled before judge to whom it was assigned within 120 days after issue was joined. See, e.g., Morse v. Marsh, (ND.Ill.1987) 656 F. Supp. 939. Authority of the district court to assign a master to a racial discrimination civil action after 120 days applies to federal employee's civil actions as well as to private sector employee's civil actions, Hackley v. Roudebush, (C.A.D.C.1975) 520 F.2d 108, 171 U.S.App.D.C. 376

Amadasu, respectfully requests FRCP 16(c) conference under a court appointed Special Master for issues formulation, facts findings, and evidentiary hearing in this matter.

The objectives of the conference(s) are as set forth under FRCP 16(c) and 53, *inter alia*, should be to focus on formulating issues, facts findings, rather than to dissipate resources through general discovery. This will enable parties and the court to make informed judgments whether parties have overcome their respective burden of establishing offensive or defensive prima facie case and evidentiary production; Discussion at such conferences can also help to find ways of obtaining relevant information by more expeditious and less costly methods than conventional discovery, such as by voluntary or court ordered exchanges of files and documents, informal interviews, or stipulations. The conference will enable the court to eliminate frivolous claims and defenses and narrow issues.

The court has obligation to define those issues. Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 769 F.2d 561, 564 (9th Cir. 1985); Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir. 1985), cert. denied, 106 S. Ct. 1513 (1986). The parties may seek a pretrial conference either by informal request or by motion. See, e.g., DiDomenico v. New York Life Insurance Co., 837 F.Supp 1203, 1206 (M.D.Fla.1993)

Rule 16(c) contains a list of topics that the court may consider at FRCP 16 conferences. FRCP 16(c) also allows for the consideration of any other matters that may facilitate the "just, speedy, and inexpensive disposition of the action." During a pretrial conference, the court may seek to define and simplify the contested facts, theories, and issues, eliminate frivolous claims or defenses, Chavez v.

4

Illinois State Police, 251 F.3d 612 (7th Cir.2001); address disclosure and discovery issues, seek the admission or denial of facts or documents, Tucker v. Ohtsu Tire & Rubber Co, Ltd, 49 F.Supp.2d 456 (D.Md.1999).

**This court must adhere to the Congressional legislation and Intent in 42 USC 2000e-5(f)**

The Congress legislated 42 USC 2000e-5(f) as a specific subsection mandating expedited hearing and for procedural enforcement of provisions for the rights and liabilities under Title VII cases. It is a clear intent of Congress that district courts must use 42 USC 2000e-5(f) et seq. as the sole statute for proceedings respecting cases under the Title VII. It is clear intent of Congress to allow Title VII lawsuits to only be conducted under this subsection and that hearing must be afforded and conducted expeditiously. It has been held that: "Courts should presume that Congress intended that enforcement mechanism provided in statute be exclusive." Alsbrook v. City of Maumelle, (8th Cir.1999) 184 F.3d 999.

## CONCLUSION

For the foregoing, Amadasu prays the court by and through the Chief Judge to confirm, enforce and order grant of the relief sought herein as well as other legal and equitable relief as just.

**"JUSTICE DELAYED IS JUSTICE DENIED"**

Respectfully submitted,

Darlington Amadasu
Plaintiff Pro se
513-884-5155

**CERTIFICATE OF SERVICE**
I hereby certify that true copy of the foregoing were served on Justin D. Flamm by fax 513-381-0205/delivery to receptionist at his address on record and on Christopher Coppola by 1st class USPS mail on 2/3/06