UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

       Plaintiff,                              Case No.  1:01-cv-210

vs.                                         Dlott, J.
                                           Black, M.J.

JAMES R. DONOVAN, M.D., *et al.*,

       Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO STRIKE (Docs. 110, 114)**

This matter is before the Court on Defendants' motions to strike Plaintiff's exhibits filed in support of his response to Defendants' motions for summary judgment (docs. 110, 114), and the parties' responsive memoranda (docs. 124, 128, 130).  Defendants' motions are also supported by the Affidavits of Dr. James R. Donovan and Roger Perales.

**I.**

On May 31, 2005, Plaintiff filed the Declaration of Darlington Amadasu in support of Plaintiff's combined cross-motion for summary judgment and in opposition to Defendants' motions for summary judgment.  (Doc. 104.)  Plaintiff attached 130 exhibits to his declaration.  Defendants are seeking an Order striking Exhibits 1-3, 5-69, 71-75, 77, 79, 81, 83-84, 86-87, 89-91, 93, 95-104, 107-08, and 110-130.  Defendants assert that Plaintiff failed to provide any of these documents as part of his initial disclosures and/or produce them in response to Rule 34 document requests.  Defendants further assert that exhibits 26, 27, and 118 appear to be forged documents and, therefore, should be stricken.

**II.**

The Court may, in its discretion, strike all improper portions of an affidavit used to support or oppose a motion for summary judgment. *See Collazos-Cruz v. United States*, No. 96-5452, 1997 WL 377037, at \*2 (6th Cir. July 3, 1997) (*per curiam*) (citing *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1203 (7th Cir. 1995)). The moving party, however, bears a heavy burden as courts generally disfavor motions to strike. *See Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991).

"It is well established that unauthenticated documents cannot be considered on a motion for summary judgment." *Hal Roach Studios v. Richard Feiner*& Co., 896 F.2d 1542, 1550 (9th Cir. 1989). "To be considered by the court documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* (citation and internal quotations omitted).

A.    Exhibits 26, 27 and 118

Exhibit 26 purports to be a December 20, 1999 letter from Dr. James R. Donovan to Plaintiff. The letter states:

> In our meeting on November 30, 1999 you expressed your concern that I was falsely accusing you that you sexually harassed two female employees. Ms. Dora Jefferson-Gaynor had informed me that you were sexually harassing her and a her female co-worker. I write to confirm that during our meeting I told you that after my investigation and upon the advice of legal counsel, there were no credible evidence in support of the information. Therefore, I concluded that the information of the sexual harassment was a hoax and you had no sexually harassed those to women or any other persons. This matter is hereby closed.

(Doc. 104, ex. 26).

Dr. Donovan states that he neither wrote, nor signed, the letter, and that he had not seen the document until Plaintiff submitted it to the Court. (Doc. 110, Ex. 3, ¶ 2).

Similarly, Exhibit 27 purports to be a May 21, 2000 memorandum from Dr. Donovan to Plaintiff, which states:

> SUBJECT:
>> (1) NON-MEDICAL INDIVIDUAL ALLEGATION
> I have no factual foundation to have placed you on chaperon.
>> (2) TWO FEMALE STAFF SEXUAL HARASSMENT
>> ALLEGATION
> After consultation with the legal counsel and the administration, there are no credible facts to support the allegation believed to be a hoax.
>> (3) UNIVERSITY OF TEXAS MATTER
> Again there is no factual foundation from Dr. Miller to have placed you on probation.

(Doc. 104. Ex. 27).

Dr. Donovan states that he neither wrote nor signed the document and had not seen it prior to its presentation by Plaintiff. (Doc. 110, Ex. 3, ¶ 3.) Dr. Donovan further states that the spelling and grammar used in Exhibit 27 are entirely inconsistent with his writing style. Moreover, the letterhead used in Exhibit 27 is from the University of Cincinnati's Division of Biostatistics and Epidemiology, and Dr. Donovan states that he "did not and do not work in that Division, and . . . did not and do not use their letterhead." *Id.*

Furthermore, in Exhibit 27, the word chaperone is misspelled. "Chaperon" – the version used in Exhibit 27 -- is the same spelling used repeatedly throughout Plaintiff's pleadings and exhibits in this case. (*See* Doc. 104, ¶ 42; Doc. 104, Ex. 47).

Exhibit 118 purports to be a fax cover sheet and letter from defendant Roger

Perales to defendant Claudia Miller, with a carbon copy to defendant Dovovan, dated

April 19, 2000.  The body of the letter states:

> ### Re:  <u>TERMINATION OF DARLINGTON AMADASU, M.D.</u>
>
> This is to confirm my telephone report to you today regarding my recommendation that Dr. Darlington Amadasu be terminated immediately from the STEER- Laredo program for the following reasons:
>
> 1. He continuously engaged in harassment of women here.
> 2. He complained of racial discrimination in the program.
> 3. He complained of the program not fulfilling promises that were made to him before he left Ohio for Texas.
> 4. He complained of other things we discussed today and he is definitely not happy with the program.

(Doc. 104, Ex. 118)

Defendant Perales asserts that he neither authorized the letter, nor sent the fax.

(Doc. 114, Ex. 1).  Defendant Perales further asserts that "the syntax in the letter is not

similar to the wording or grammar that I typically use . . . .  As a general practice I did not

send carbon copies of correspondence to people outside of the STEER Program."  (*Id*. at

¶ 3).

Accordingly, based on this evidence, the undersigned finds Exhibits 26, 27 and

118 to be forged documents, and, therefore, the Court hereby orders them stricken from

consideration.

B.  Plaintiff's Remaining Exhibits

Defendants object to the remaining exhibits based on Plaintiff's failure to provide any of these documents as part of his initial disclosures or to produce them in response to Rule 34 document requests or to authenticate them properly.  In response, Plaintiff asserts that the Ohio and Texas Defendants "are authors, custodians, possessors, or controllers of the vast majority of the very exhibits they seek to strike," and, as a result, the exhibits should not be stricken.  (Doc. 124, p. 7).

A review of the remaining exhibits reveal that the majority of the documents were authored by Defendants and relate to the UC residency program or are documents authored by Plaintiff.  Under these circumstances, Defendants have not shown that they have suffered actual harm or prejudice as a result of Plaintiff's failure to comply with his initial disclosures and discovery.  Moreover, the Court is disinclined to re-open discovery for the purposes of Plaintiff authenticating the exhibits at issue.  Accordingly, and in an abundance of caution, Defendants' motions to strike as to all other exhibits are denied.

**IT IS THEREFORE ORDERED THAT:**

1.  Defendants motions to strike (docs. 110. 114) are **GRANTED in part** and **DENIED in part**; and

2.  Plaintiff's Exhibits 26, 27, and 118, attached to his May 27, 2005 Declaration, are hereby **STRICKEN** from consideration.


Date:  March 2, 2006                                      s/Timothy S. Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge