UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU | Case No: 1-01-cv-210 |
| Plaintiff | Judge: Dlott |
| | Magistrate: Black |
| -V- | PLAINTIFF'S REPLY IN SUPPORT OF HIS RENEWED PETITION, MOTIONS FOR EXTENSION/STAY & DEFINITION |
| JAMES R. DONOVAN, MD, et al | |
| Defendants | |

Darlington Amadasu, plaintiff pro se submits his Reply: (A) in support of: (1) Renewed petition for appointment of a special master, conference, and expedition of the proceeding (Doc.139); (2) Motion for definition of elements of properly supported motion for summary judgment (Doc.140); (3) Motion for stay of plaintiff's objections, to enlarge time, and to sustain plaintiff's right to object to report and recommendation; and strike order (Doc.141); and (B) in response to Ohio Defendants' partial opposition, specifically to "stay" pending decisions on (Docs.139, & 140).

### Defendants and Plaintiff Unanimously Agreed on and Had Requested Hearing

Defendants specifically requested or demanded hearing (Docs.110 & 114) and plaintiff did not oppose their demand because plaintiff, in accord with them, actually wanted hearing. In agreement with and in support of defendants' request for hearing, plaintiff filed petition for, inter alia, hearing pursuant to the federal law that specifically mandates hearing (Doc.137) and defendants did not oppose it thus evidencing their waiver and forfeiture of their opposition and concord with plaintiff's hearing request.

### U.S. Constitution and Federal Laws, *inter alia*, First & Seventh Amendments; 42 U.S.C. 2000e-5(f)(2), (3), (4), and (5); FRCP 38, 40, & 53; Mandate Petition, Jury Trial, Conference, Master-appointment, Right to be heard, and Hearing

The provisions of the above U.S. Constitution, and Federal Laws are well known to the court, the judges, defendants and their counsels, and had been set forth in plaintiff's petitions (Docs.137, 139) thus, needless to re-write them herein. The First Amendment protects right to petition the government. Citizens Against Rent Control v. Berkeley (1981) 454 U.S. 290, 94. This court is a branch of the government to which plaintiff petition to afford him the right to hearing mandated by federal law.

U.S. Supreme Court has held that the plainness or ambiguity of statutory language is

determined by reference to the language itself, the specific context of in which that language is used, and the broader context of the statute as a whole. See, e.g., Eastate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 477 (1992); McCarthy v. Bronson, 500 U.S. 136, 139 (1991). In this case, the statutory language in the context of a hearing is specific and the Congress' specific mandate of hearing in actions under Title VII is unambiguous as to whether there should be hearing. Accordingly, this Court is under obligation, duty and responsibility pursuant to these laws to appoint special master, conduct conference, conduct hearing and afford plaintiff jury trial.

### The Judges are bound by the Constitution, Laws; and Their Oath or Affirmation

Article VI of the United States Constitution provide that the Constitution, and the Laws of the United States shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State; and judicial officers, both of the United States and of several States, shall be bound by Oath or Affirmation, to support this Constitution. Accordingly, the court and or the judicial officers are bound to adhere to the provisions and perform the duties imposed upon them by the First & Seventh Amendments; 42 U.S.C. 2000e-5(f)(2), (3), (4), and (5); FRCP 38, 40, & 53, all of which are constitutional.

### The Judges have no discretion to exercise as to conducting hearing mandated by federal law

Federal Law, 42 USC 2000e-5(f) et seq. specifically and plainly mandate the court and or the judges to conduct hearing in and to expedite this action brought under Title VII thus obviating discretionary function exception. In order to determine whether conduct falls within the discretionary function exception, the courts must apply a two-part test established in Berkovitz v. U.S., 486 U.S. 531, 536 (1988); Kennewick Irrigation District v. U.S., 880 F.2d 1018, 1025 (9th Cir.1989).

First, the question must be asked whether the conduct involved 'an element of judgment or choice' that is, whether the judge has a choice or judgment as to whether or not to conduct hearing mandated by federal law. See, e.g., U.S. v. Gaubert, 499 U.S. 315, 322 (1991) (quotation omitted). Here in this case, "The discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action (conducting hearing) for an employee (judge) to follow. In this event, the employee (judge) has no rightful option but to adhere to the directive" Berkovitz, at 535.

Once the element of judgment or choice is established, the next inquiry must be 'whether that judgment is of the kind that discretionary function exception was designed to shield' in that it involves considerations of "social, economic, and political policy.' Gaubert, at 322-23. Thus, the discretionary function exception protects only broad policy-based actions or decisions by government employees.

A 'decision not to warn of a specific, known hazard for which the acting agency is responsible is not the kind of broader social, economic or political policy decision that the discretionary function exception is intended to protect.' Sutton, 26 F.3d at 910. Likewise in this case, a decision by the judge or the court not to conduct a hearing for which the court/judge is obligated, commanded by, and responsible under federal laws is not the kind of broader social, economic, political, or judicial decision that the discretionary function exception is intended to protect. Id, Sutton, *supra*. The judge's duty to conduct hearing is not discretionary but it is ministerial and compulsory under the federal law.

### Ohio Defendants' Argument that Stay of Plaintiff's Objection to "R&R" would delay this action is baseless

Ohio Defendants' argument that stay of Plaintiff's objection to the fraudulent Report and Recommendation ("R&R") would cause indefinite delay of this action is baseless because defendants failed to understand that plaintiff's petition (Doc.139) for appointment of a special master, conduct of conference and hearing mandated by federal laws constitute further activities in this case that the Congress intended would expedite this case. See, 42 USC 2000e-5(f) et seq. Plaintiff's pending motion (Doc.140) is also further activity to expedite this case. However, defendants did not argue that hearing mandated by federal law would cause indefinite delay in this case. Accordingly, defendants impliedly agreed that hearing would definitely facilitate and expedite this case.

### Plaintiff's original petition for hearing and to appoint a special master is not moot

Plaintiff's original petition for hearing and to appoint a special master was directed to the Chief Judge Beckwith thus, the magistrate judge has no authority to declare it moot and doing so was invalid because his conduct was ultra vires. Plaintiff's right to petition is protected by First Amendment.

Respectfully submitted,

*[signature]*

Darlington Amadasu

Plaintiff Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing were served on Justin D. Flamm and on Christopher Coppola by USPS 1st Mail on 3/28/06    *[signature]*