UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



06 MAY 12 PM 3: 12

| | |
|---|---|
| DARLINGTON AMADASU | Case No:  C - 1- 01 - 210 |
| Plaintiff | Judge: Dlott |
| | Magistrate:  Black |
| -V- | |
| | PLAINTIFF'S PARTIAL OBJECTIONS TO |
| | ORDER GRANTING IN PART & DENYING IN PART |
| JAMES R. DONOVAN, MD, et al | DEFENDANTS' MOTIONS TO STRIKE (Doc.137) |
| Defendants | |

Darlington Amadasu, plaintiff pro se submits his objections to the Order Granting in Part and Denying in Part Defendants' Motions to Strike (Doc.137), particularly striking Plaintiff's Exhibits 26, 27 and 118 on the grounds that:

1. Defendants failed to carry their burden of providing evidentiary proof of their claims as to Exhibits 26, 27, and 118.
2. The Order striking the Exhibits 26, 27, and 28 is arbitrary, capricious and baseless in facts, law and proof. It is erroneous, contrary to legal standards and based on wrong findings of fact.

### MEMORANDUM

**Defendants failed to carry their burden of providing evidentiary
proof of their subjective claims of forgery of Exhibits 26, 27, and 118.**

Party moving to strike carries a heavy burden. See <u>All America Ins. Co. v. Broeren Russo Const., Inc.</u>, 112 F.Supp.2d 723, 729 (C.D.Ill.2000). Defendants failed to carry their burden: (1) of proof that the statements in those exhibits were clearly unrelated to the claims or defenses <u>Hughes v. Amerada Hess Corp.</u>, 187 FRD 682 (M.D. Fla.1999), (2) proof of defendants' styles, grammar, and syntax of their English language written expressions were different from the expressions on the Exhibits, (3) proof of forgery. Defendants' mere allegations of forgery without jurisdictional proofs preclude strike of the exhibits.

**The Order striking the Exhibits 26, 27, and 118 is arbitrary, capricious
and baseless in facts, law and proof; is not comporting with legal standard.**

Motions to strike are disfavored by the courts. <u>Lakits v. York</u>, 258 F.Supp.2d 401, 409 (E.D.Pa.2003). In considering a motion to strike, courts will generally apply the same legal test used to

1

determine a Rule 12(b)(6) Siegel ex rel. Lathan v. J.H. Marsh & McLennon, Inc., 159 F.Supp.2d 1118, 1125 n.1 (N.D.Ill.2001). The courts will deem as admitted [true] all of the non-moving party's well-pleaded facts, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 FRD 681, 683 (M.D.Fla.2002). If disputed questions of fact or law remain as to the challenged material or defense, the motion to strike must be denied. Bristol-Meyers Squibb Co. v. IVAX Corp., 77 F.Supp.2d 606, 619 (D.N.J.2000) (commenting that motion should not be used as vehicle to determine disputed and substantial questions of law or fact).

### Motion to strike is not available to strike documents annexed to motions, briefs, memoranda, or affidavits, for summary judgment

Motions to strike are directed to "pleadings" only. Consequently, these motions are technically not available to strike material contained in motions, briefs, memoranda, or affidavits. See Pilgrim v. Trustees of Tufts College, 118 F.3d 864 (1st Cir.1997) (rules does not apply to motion papers or supporting affidavits); Bovee v. Coopers & Lybrand, LLP., 216 FRD 596 (S.D.Ohio 2003) (affidavits with exhibits not subject to motion to strike;

Plaintiff's opposition memorandum not subject to motion to strike. VanDanacker v. Main Motor Sales Co., 109 F.Supp.2d 1045, 1047 (D.Minn.2000). Only pleadings can be stricken. Lowery v. Hoffman, 188 FRD 651, 653 (M.D. Ala.1999);

Declarations and exhibits attached to…motion cannot be struck under Rule 12(f). Transamerica Leasing, Inc. v. La Republica de Venezuela, 21 F.Supp.2d 47, 55-56 (D.D.C.1998).

Motion to strike cannot be used to strike a motion for summary judgment or supporting affidavit with exhibits. EEOC v. Admiral Maintenance Serv., L.P., 174 FRD 643, 645-46 (N.D.Ill.1997). No authority for "striking" summary judgment motion and annexed exhibits. Cobb v. Monarch Fin. Corp., 913 F.Supp. 1164, 1181 (N.D.Ill.1995).

### Magistrate improperly ignored plaintiff's version of evidentiary facts regarding Exhibits 26, 27, 118 thus evidencing partiality

There are generally at least two-sided stories to dispute. Magistrate merely recited, believed and relied on unsupported and unproven defendants' allegations only without reciting plaintiff's version of the dispute (Doc.124). Accordingly, Magistrate has exhibited partiality that is prejudicial to plaintiff.

**There is nowhere in the language of Rule 56(e) is the phrase "documents must be authenticated" as Magistrate has improperly tried to inject into the Rule**

Rule 56(e) in pertinent part provides that: "Sworn or certified copies of all papers or part thereof referred to in an affidavit shall be attached thereto or served therewith" Thus, by attaching documents to an affidavit, that is, in effect is authentication of the documents.

**The Magistrate should have verified the spelling of "chaperon," a.k.a. "chaperone" in a dictionary before relying on Donovan's misrepresentation, and striking Exhibit 27**

Donovan's assertion and Magistrate's adoption thereof that in Exhibit 27, the word "chaperone" is misspelled thereby constituted a proof of alleged forgery, is absolutely false and violates substantive justice rule. *Webster's New American Dictionary (1995) page 87* provides the word spelling as follows: "chaperon or chaperone" i.e., chaperon can be spelt chaperone, vice versa.

**There is a pattern of forgery and credibility problem on party of Donovan, *inter alia*:**

Donovan declared that UC did not employ nor had contract with plaintiff, paradoxically Donovan placed plaintiff on personnel list and payroll of UC (Cf. doc.97 Donovan Dec. p.2 and doc.127 Ex.133, 136, 137-148); Donovan declared that he placed plaintiff on fourth academic accelerated track (doc.97 Donovan Dec. p.2) thus not eligible for chief resident position but Donovan had certified that he placed plaintiff on Resident Level-3 (Ex.174-176), later Donovan changed his assertion that he had placed plaintiff on practicum phase (3rd Donovan Dec. p.1); Donovan declared that plaintiff completed his program in June 2000 in summer quarter of 2000 and owed no debt to UC (doc.97 Donovan Dec. p.2); doc.104. Ex.72, 87, 90) but Donovan and UC forged a bill (doc.97 Ex. D) purporting that plaintiff owed instruction fee for 1/16/2001 in winter quarter of 2001.

**WHEREFORE,** plaintiff prays that the order striking Exhibits 26, 27 and 118 be set aside and vacated.

*(signature)*
Darlington Amadasu
Plaintiff Pro se

**CERTIFICATE OF SERVICE**
I hereby certify that true copy of the foregoing were served on Justin D. Flamm by delivering to receptionist and on Christopher Coppola by USPS 1st class mail on 5/12/06 *(signature)*

3