IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Darlington Amadasu, | : | Case No. 1:01-cv-210 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Magistrate Judge Timothy S. Black |
| | : | |
| James R. Donovan, M.D., et al., | : | ORDER ADOPTING REPORT AND |
| | : | RECOMMENDATION; GRANTING |
| Defendants. | : | DEFENDANTS' MOTIONS FOR |
| | : | SUMMARY JUDGMENT; DENYING |
| | : | PLAINTIFF'S MOTION FOR |
| | : | SUMMARY JUDGMENT AND |
| | : | OTHER PENDING MOTIONS; AND |
| | : | DISMISSING CASE WITH |
| | : | PREJUDICE |

This matter comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (doc. #138), Plaintiff Darlington Amadasu's objections[1] to the R&R (doc. #148), and all associated ripe motions and papers.[2] In his R&R, the Magistrate

---

[1] This document, docket number 148, is captioned "Plaintiff's Motion to Review 1. Plaintiff's Cross-Motion for Summary Judgment; and 2. Report and Recommendation; [and] 3. Request for Hearing Under 42 USC 2000e-5(f)." With respect to the latter request, the Court sees no reason to depart from its earlier determination that no evidentiary hearing is necessary to resolve the material issues in this case. (See doc. #143 (denying in part Plaintiff's Motion for Hearing (doc. #139)).)

[2] The Court has twice extended Plaintiff's time to object to the Magistrate's R&R. (See docs. ##s 143, 146.) In the wake of these extensions, Plaintiff has lodged not only his substantive objections to the R&R (doc. #148), but also some additional pleadings that do not merit any independent consideration at this time. Plaintiff's "Reply in Support of His Renewed Motion, Motions for Extension / Stay & Definition" (doc. #144) simply reargues motions and issues either previously decided by this Court or (in the case of Plaintiff's request for a Special Master appointment) addressed in the R&R. (See docs. ##s 138 at 22 (R&R), 139-141 (motions), 142 (Order).) Plaintiff's "Partial Objections to Order Granting in Part and Denying in Part Defendants' Motions to Strike" (doc. #147) addresses an Order of the Magistrate's (doc. #137) to which Plaintiff was never granted leave to object out of time. (Compare doc. # 141

recommends that the Court grant all of Defendants' pending Motions for Summary Judgment (docs. ##s 97, 98); deny as moot all other pending motions; and dismiss Plaintiff's case. (See generally doc. #138.) Plaintiff, in his objections, contends that the R&R does not address the merits of Plaintiff's cross-motion for summary judgment or other pleadings; misstates facts material to Plaintiff's claims; and applies the incorrect standard of review. (See generally doc. #148.)

Having reviewed the R&R and all associated pleadings *de novo*, the Court finds Plaintiff's objections to be unsupported by the law and record,[3] and also concurs with the Magistrate's substantive analysis and conclusions. The Court therefore **OVERRULES** Plaintiff's objections (doc. #148) and **ADOPTS** the R&R (doc. #138) in its entirety. Accordingly, Defendants' Motions for Summary Judgment (docs. ##s 97, 98) are **GRANTED** on their merits; Plaintiff's Cross-Motion for Summary Judgment (doc. #105) is **DENIED** on its merits; the parties' other pending motions (docs. ##s 113, 115, 126, 136, 144, 147) are **DENIED**

---

(requesting extensions of time to object to both Magistrate's Strike Order (doc. #137) and R&R (doc. #138)) and doc. #143 (granting 30-day extension to object to R&R only (doc. #138)).)

[3] The Court specifically rejects Plaintiff's suggestion that Federal Rule 56 required the Magistrate to conduct some independent analysis of Plaintiff's cross-motion for summary judgment (doc. #105) before recommending that it be denied and Defendants' motions for summary judgment (docs. ##s 97, 98) granted. (See doc. #148 at 1-2.) The Magistrate found in his R&R that there was no genuine dispute of material fact and that Defendants were entitled to judgment as a matter of law. (See generally doc. #138.) In so doing, the Magistrate was forced to consider the facts and legal issues material to each of Plaintiff's claims. Moreover, the Magistrate's finding that Defendants were entitled to judgment as a matter of law – once made – was logically opposed to any finding that *Plaintiff* was entitled to judgment as a matter of law. It would therefore have been unnecessary and redundant for the Magistrate, having analyzed and discussed the former question at length, to engage in any separate discussion of the latter.

as moot or otherwise untimely;[4] and this case is **DISMISSED WITH PREJUDICE**.

    IT IS SO ORDERED.

                                                                                    s/Susan J. Dlott  
                                                                                    Susan J. Dlott  
                                                                                    United States District Judge

---

[4] In addition to the pleadings discussed at note 2, supra, these documents consist of Defendants Claudia S. Miller, Roger B. Perales and University of Texas' motions to strike certain supplemental memoranda and exhibits (docs. ##s 113, 115); Plaintiff's Motion for Default Judgment, Sanctions, and to Strike Defendants' Answers and Summary Judgment Motions (doc. #126); and Plaintiff's Motion for Appointment of Special Master, for Conference, for Hearing, and for Expedition of the Proceeding (doc. #136).

For the purposes of issuing this order, the file can be found at:

J:\Lawclerks\Kyle\Civil\Amadasu v. Donovan\OrderAdoptingR&RandDismissingCase.doc