UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 OCT -6 PM 3:47

| | |
|---|---|
| DARLINGTON AMADASU | Case No: C - 1- 01 - 210 |
| Plaintiff | Judge: Dlott |
| | Magistrate: Black |
| -V- | |
| JAMES R. DONOVAN, MD, et al | PLAINTIFF'S MOTION FOR RULE 27(b) |
| Defendants | PERPETUATION OF TESTIMONY |

Pursuant to Rule 27(b) of Federal Rules of Civil Procedure plaintiff Darlington Amadasu moves this Court for Order for leave

1. To perpetuate testimony by Rule 31 deposition of some defendants listed below and
2. Rule 34 of the Federal Rules of Civil Procedure (FRCP 34) for production of documents

## MEMORANDUM

During the summary judgment proceedings in this case at this court many confusions and issues evolved and remained unresolved. The confusions and issues include among others

1. The question of whether either the University of Cincinnati (UC) or the University Hospital, Inc. (UH) was plaintiff's employer from July 1999 through June 2000 because UC by and through defendant Donovan's declaration asserted that "Amadasu was not employed and did not have a contract with UC" yet on the contrary UC enrolled Plaintiff as one of its employees and partially paid him stipend or salary and UC has not provided explanation for this contradiction, issue or confusion

2. The question of whether either the University of Cincinnati (UC) or the University Hospital, Inc. (UH) appointed plaintiff as Occupational Medicine Resident (OMR) from July 1999 through June 2000 because one hand, UC claimed or titled plaintiff as its "Environmental Health Resident (HER)" in its Dept. of Environmental Health, whereas, on the other hand, UH claimed or titled plaintiff as its "Occupational Medicine Resident (OMR)" in its Dept. of Occupational Medicine and as " a member of its medical staff"

3. The question whether UC's 'Environmental Health Residency Training Program (EHRTP)" actually exist, legally recognized by Ohio State Medical Board (OSMB) and/or accredited by Accreditation Council for Graduate Medical Education (ACGME), and the proof thereof

4. The question of whether the OSMB and ACGME authorize either UC or UH to be the one sponsoring institution for, and exercising ultimate authority, control and responsibilities over the Occupational

1

Medicine Residency Training Program (OMRTP) so as determine who has the ultimate responsibility over the release of plaintiff's transcript withheld by UC for non-existent debt

5. The question of the nature, substance, terms and conditions of the affiliation contract between UC and UH regarding OMRTP as to warrant UC (a) putting plaintiff on its payroll and paying him $29,000 instead of $40,000 plus that UH paid other similarly situated residents, (b) withholding plaintiff's transcript for non-existent tuition debt

6. The question as to whether plaintiff had any contract with UC to be tuition- and fees-paying 'student' and Occupational Medicine Resident as to owe tuition debt and whether plaintiff actually owed and how he owed tuition debt to UC so as to withhold plaintiff's transcript

7. The question of whether Federal Government, the owner and financier of the OMRTP, requires OMR to pay for any portion of OMRTP and to be a resident of Ohio in order to pay in-state resident tuition fee

8. The University of Texas is yet to articulate legitimate non-discriminatory reason or explanation for the sudden termination of plaintiff's participation in its federally funded training program

Upon this Court's final order dismissing the action plaintiff took appeal to the Sixth Circuit where the appeal is pending. Without discovery of the facts from the adverse parties and other relevant persons, plaintiff has been and would be handicapped in prosecuting his appeal. Therefore, the reasons for leave to perpetuate testimony under FRCP 27(b), FRCP 31 and FRCP 34, are to discover facts, documents and materials that are central to the resolution of the unresolved confusions, issues, matters and to enable plaintiff perfect his brief adequately to the court of appeals.

The plaintiff will likely seek documents from and seek to depose the following individuals or entities:

1. James R. Donovan, c/o Justin D. Flamm, 425 Walnut Street, Cincinnati, OH 45202
   Will testify on the employment or appointment of plaintiff by UC or UH; Payment and in-state residence requirements and for OMRTP; the tuition debt

2. James Lockey, c/o Justin D. Flamm, 425 Walnut Street, Cincinnati, OH 45202
   Will testify on relationship between UC- Dept. of Environmental Health and UH-Dept. of OM

3. Andrew Filak, c/o Justin D. Flamm, 425 Walnut Street, Cincinnati, OH 45202
   Will testify on contract between UC-College of Medicine and UH; custody, possession and control of plaintiff's documents and transcript relating to his participation in the OMRTP, release of transcripts

4. Dr. Nancy Zimpher, President, University of Cincinnati, P.O. Box 210623, Cincinnati, OH 45221

2

Will testify on contract between UC and UH relative to OMRTP; authority, control and responsibility over OMRTP; accreditation of 'EHRTP'; payment for courses offered as part of OMRTP; the debt; and the transcript issues.

5. Dr. James Kingsberry, President, University Hospital, Inc., 234 Goodman Avenue, Cincinnati, OH 45219

    Will testify on contract between UH and UC relative to OMRTP; authority, control and responsibility over OMRTP; accreditation of 'EHRTP' and OMRTP; third-year resident's stipend and benefits Payment for OMRTP; the debt and the transcript; Federal participation requirements and funding of the OMRTP.

6. Claudia S. Miller, c/o Christopher Coppola, 300 W. 15th Street, 11th Fl. Austin, TX78701

    Will testify on plaintiff's participation and termination from the federally funded University of Texas program

7. Roger B Morales, c/o Christopher Coppola, 300 W. 15th Street, 11th Fl. Austin, TX78701

    Will testify on plaintiff's participation and termination from the federally funded University of Texas program

FRCP 27(b) permits appellant to make a motion to perpetuate testimony after a judgment has been entered in an action and while the action is on or awaiting appeal. FRCP 27(c) provides that "this rule does not limit the power of a court to entertain an action to perpetuate testimony"

"A determination that the evidence is absolutely unique is not necessary", In re Bay County Middlegrounds Landfill Site, 171 F.3d 1044 (6th Cir.1999)

## CONCLUSION

For the foregoing reasons, plaintiff prays the court to grant the relief sought in the interest of justice.

Respectfully submitted,

Darlington Amadasu
Plaintiff Pro se

3

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing were served on Justin D. Flamm, 425 Walnut Street, Cincinnati, OH 45202 by USPS mail and on Christopher Coppola, 300 W. 15th Street, 11th Fl. Austin, TX78701 by USPS mail on 10/6/06