UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, *Plaintiff,* | : : : | Case No. 1:01-cv-210 |
| v. | : : : : : : : | Judge Dlott Magistrate Judge Black |
| JAMES R. DONOVAN, M.D. *et al.,* *Defendants.* | : : : : | **TEXAS DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 27(b) PERPETUATION OF TESTIMONY** |

The Defendants, University of Texas Health Science Center at San Antonio ("UTHSC"), Claudia S. Miller, and Roger Perales (collectively, the "Texas Defendants"), hereby respond to Plaintiff's Motion for Rule 27(b) Perpetuation of Testimony.

## BACKGROUND

Amadasu filed his Notice of Appeal on June 12, 2006, *(Doc. #152),* as to the Court's dismissal of State of Texas Defendants. Since that time, Amadasu has asked the Court of Appeals for an extension of time in which to file his brief. The Court granted the extension. However, the Court stated on August 30, 2006 that the ***final*** extension had been granted, and Plaintiff's/Appallant's brief must be filed on or before October 6, 2006.

Rather than filing his appellate brief as required, Amadasu chose to revise history by filing a meritless motion in the lower court on October 6 *(Doc. #154)*, seeking to stay the appeal so that he could indulge in discovery, specifically, the production of certain documents and depositions of certain of Defendants' fact witnesses. Amadasu cites Rule 27(b), Federal Rules of Civil Procedure, as basis for his request. Amadasu has never been diligent in conducting discovery. He filed his lawsuit on April 11,

2001, but neglected to serve any discovery requests until November 2004; he has never noticed any depositions. Texas Defendants assert that Amadasu has misinterpreted Rule 27(b) at the very least and moreover, has had over five years to determine the extent of discovery necessary to litigate his suit. Finally, Amadasu's perception of the appropriate grounds for appeal is glaringly deficient, which is clearly illustrated by the fact that he is filing a motion seeking to conduct discovery before he can file his appellate brief, specifically, the eight (8) points he asserts therein. *(Doc. #154.)* At the very least, he has had over five years to glean this information in routine discovery requests and depositions. At the very most, he should have raised these issues in his responses to Defendants' Motions to Dismiss.

The Texas Defendants oppose Amadasu's motion to re-open this case and take additional discovery.

## ARGUMENT AND AUTHORITIES

While invoking Rule 27(b), Amadasu has neglected to research the applicable scope of the rule. The Sixth Court of Appeals has stated, "Under the standard of 'prevent the failure or delay of justice,' we hold that the best interpretation of the rule is that the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *In re Bay Cty. Middle grounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999). Two points emerge here: 1) By filing his notice of appeal (which was over 4 months ago), Amadasu removed the jurisdiction from the "finder of fact;" and 2) It is highly doubtful that any discovery or deposition testimony likely to be disclosed at this stage would be relevant, otherwise, Amadasu would have deemed the importance of such information years ago as vital to support his allegations.

Apparently, Amadasu's rationale to 'prevent the failure or delay of justice,' is that without the requested information, he will be "handicapped in prosecuting his appeal." *(Doc. #154)*. Indeed, were

Amadasu permitted to re-open discovery at this point, Defendants would be unduly prejudiced because they timely responded to Amadasu's discovery requests almost two years ago, filed a Motion to Dismiss to which Amadasu had ample time to respond, and upon which the Court ruled in favor of Defendants. To re-open discovery would be unduly burdensome and totally without foundation.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff/Appellant's *Motion for Extension To Conduct Deposition to Perpetuate & To Stay Appeal Pending Completion of the Perpetuation of Testimony*. The Defendants also request any additional relief, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General of Litigation

ROBERT R. O'KEEFE
Chief, General Litigation Division

/s/Wylie E. Kumler
WYLIE E. KUMLER
Assistant Attorney General
Texas Bar No. 24050896

/s/Christopher Coppola
CHRISTOPHER COPPOLA
Assistant Attorney General
Texas Bar No. 24036401
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served as indicated below on this 16th day of October, 2006, on:

*Regular Mail & Certified Mail, Return Receipt Requested*
Mr. Darlington Amadasu
*Pro Se* Plaintiff
P O Box 6263
Cincinnati, Ohio 45206

*Certified Mail, Return Receipt Requested*
Mr. Justin Flamm
Taft, Stettinius & Hollister
425 Walnut
Cincinnati, Ohio 45202

/s/ Wylie E. Kumler
_____
WYLIE E. KUMLER
Assistant Attorney General